UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
OCEAN RIDGE CAPITAL ADVISORS, LLC, as :
Litigation Trustee of THE MAS LITIGATION TRUST :
:
       Plaintiff, : Case No. 07 CV 3213
-against- :
: Honorable Shira A. Scheindlin
METROPOLITAN LIFE INSURANCE COMPANY; :
THE NORTHWESTERN MUTUAL LIFE INSURANCE :
COMPANY; CAPITAL D'AMERIQUE CDPQ INC.; :
CAISSE DE DEPOT ET PLACEMENT DU QUEBEC; :
CSFB LP HOLDING; SKOOG FAMILY INVEST- :
MENTS, LLC; BANCAMERICA CAPITAL :
INVESTORS II, L.P.; WINDWARD/PARK AB III, :
L.L.C.; WINDWARD CAPITAL PARTNERS L.P.; :
WINDWARD CAPITAL ASSOCIATES, L.P.; SUEZ :
CAPITAL PARTNERS II, L.P.; INDOSUEZ CAPITAL :
CO-INVEST PARTNERS, L.P.; SCP II ASSOCIATES; :
CREDIT SUISSE FIRST BOSTON (USA), INC.; :
CREDIT SUISSE FIRST BOSTON; GOLDMAN :
SACHS CREDIT PARTNERS L.P.; JEFFREY A. :
ANDERSON; JON F. BAKER; JOSE R. GARCIA; :
ROBERT H. BARTON III; H.H. WACASER; PETER :
S. MACDONALD; GARY SWENSON; JOHN F. :
MAYPOLE; THOMAS GRAHAM; DONALD A. :
MCKAY; HENRY A. NICKOL; JEFFREY HODGMAN; :
A. KIPP KOESTER; CRAIG VAN ESS; GURMINDER :
S. BEDI; THOMAS WALKER; JACK SKOOG; and :
DEAN VANEK, :
:
       Defendants. :
------------------------------------------------------------------x

**DEFENDANT DEAN VANEK'S UNOPPOSED MOTION FOR CERTAIN RELIEF FROM THE REQUIREMENTS OF RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

<u>PRELIMINARY STATEMENT</u>

    Defendant Dean Vanek ("Vanek") respectfully submits this Memorandum of Law in support of his unopposed motion for certain relief from the requirements of Rule 12 of the Federal Rules of Civil Procedure as more fully described below.

[810534-1]

## ARGUMENT

### RELIEF FROM THE REQUIREMENTS UNDER FED. R. CIV. P. 12 IS APPROPRIATE AS SUCH RELIEF IS UNOPPOSED BY PLAINTIFF AND WITHIN THE COURT'S DISCRETION

On April 20, 2007, plaintiff filed its ten-count, 172 paragraph complaint, naming Vanek and thirty-three (33) other individuals or institutions as defendants. The parties have agreed in their proposed scheduling order that all defendants are to respond to plaintiff's complaint by July 31, 2007.

Vanek, a resident of Illinois, is preparing his 12(b)(2) motion to dismiss plaintiff's complaint for lack of personal jurisdiction as to him, which motion will be filed on or before the July 31, 2007 response date. In addition to his motion to dismiss for lack of personal jurisdiction, Vanek believes plaintiff's complaint may be subject to dismissal on other grounds pursuant to Rule 12 of the Federal Rules of Civil Procedure. If the Court determines that it cannot exercise personal jurisdiction over Vanek and grants his motion to dismiss on that ground, the ruling will dispose of the plaintiff's entire action against Vanek. For the sake of judicial economy and preservation of all parties' resources, Vanek respectfully requests that he be permitted to refrain from including other potential grounds for dismissal of the complaint in his motion to dismiss under Fed. R. Civ. P.12(b)(2) until that motion is decided.

In the event this Court denies the Rule 12(b)(2) motion, Vanek requests leave to file a motion to dismiss pursuant to other grounds available under Rule 12, if any, within fourteen (14) days after such a decision denying his Rule 12(b)(2) motion and that his obligation to file a responsive pleading be stayed until the determination of such additional motion. It is appropriate for the Court to rule on Vanek's 12(b)(2) motion to dismiss for lack of personal jurisdiction prior to considering his other potential 12(b) motions, as district courts have broad discretion in

determining how to manage their dockets for the sake of judicial and litigant economy. <u>See</u>, <u>e.g.</u>, <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); <u>Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., Inc.</u>, 339 F.2d 440, 441 (2d Cir. 1964) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Counsel for Vanek and plaintiff met on July 13, 2007 to discuss the substance of this motion at which time plaintiff's counsel advised that plaintiff had no opposition to the granting of the relief requested in this motion.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that this Court grant Defendant Dean Vanek's motion (a) to permit Vanek to refrain from including other potential grounds for dismissal of the complaint in his motion to dismiss under Fed. R. Civ. P.12(b)(2) until that motion is decided; (b) in the event this Court denies the Rule 12(b)(2) motion, to permit Vanek to file a motion to dismiss pursuant to other grounds available under Rule 12 motion, if any, within fourteen (14) days after such a decision denying his Rule 12(b)(2) motion and to stay Vanek's obligation to file a responsive pleading until the determination of such additional motion; and (c) for such other and further relief which the Court deems just and proper.

Respectfully submitted,

TANNENABUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: _____
Ralph A. Siciliano (RS-2511)
*Attorneys for Defendant, Dean Vanek*
900 Third Avenue
New York, New York 10022
(212) 508-6700
(646) 390-6971 (fax)
　　　　-and-
Timothy G. Nickels, Esq.
Thomas J. Verticchio, Esq.
Kathleen A. Kelley, Esq.
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 (fax)