UNITED STATES DISTRICT COURT –
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

OCEAN RIDGE CAPITAL ADVISORS, LLC, :

        Plaintiff(s)             :

     - against -                  :

METROPOLITAN LIFE INSURANCE CO., :

        Defendant(s)        :

------------------------------x

SCHEDULING ORDER

07 Civ. 3213(SAS)
Conference Date: July 17, 2007

    WHEREAS, the Court issued an order for a Conference in accordance with Fed. R. Civ. P. 16(b) on May 24, 2007 (the "Order"); and

    WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

    NOW, THEREFORE, the parties hereby submit the following agreed order, including information as required by the Order:

    (1)     The following parties, through listed counsel, held a scheduling conference on June 20, 2007 and have agreed to the proposed schedule contained herein:

For Plaintiff Ocean Ridge Capital Advisors, LLC, as Litigation Trustee of The MAS Litigation Trust: Neal Cohen, James B. Heaton, Steven J. Nachtwey, John D. Byars

For Defendant BancAmerica Capital Investors II, LP, Suez Capital Partners II, LP, Indosuez Capital Co-Invest Partners, L.P. and SCP II Associates: Mary J. Hackett

For Defendants Robert H. Barton, III and H.H. Wacaser: John R. O'Keefe, Jr.

For Defendants CSFB LP Holding, Credit Suisse First Boston, Inc., Credit Suisse First Boston (USA), and Goldman Sachs Credit Partners, L.P.: R. Paul Wickes, Esq.

For Defendants Peter S. MacDonald, Gary L. Swenson, John F. Maypole, Jeffrey J. Hodgman,

Thomas Graham, Donald A. McKay and Henry A. Nickol; David S. Versfelt[1]

For Defendants Metropolitan Life Insurance Company and Northwestern Mutual Life Insurance Company: Reid L. Ashinoff

For Defendants Skoog Family Investments, LLC, Jack Skoog, and Craig Van Ess: Ronald G. DeWard, Aaron M. Phelps

For Defendant Dean Vanek: Timothy G. Nickels, L. Donald Prutzman

For Defendants Windward/Park AB III, Windward Capital Partners, L.P. and Windward Capital Associates, L.P: Steven I. Levin, Rosemary B. Boller

For Defendants Capital D'Amerique CDPQ, Inc., Caisse De Depot Et Placement Du Quebec: Yosef Reimer (Mr. Reimer participated in the discussions call as an observer while Kirkland & Ellis LLP performed its conflicts of interest analysis)

The following Defendants did not participate in the scheduling conference:

Jose R. Garcia
Thomas Walker
A. Kipp Koester
Gurminder Bedi

    (2)    The parties agree on the following concise statement of the issues in the case:

Plaintiff is the Litigation Trustee for The MAS Litigation Trust, a litigation trust created under the Confirmation Order in the bankruptcy of Meridian Automotive Systems, Inc. ("Meridian"). Meridian filed for bankruptcy on April 26, 2005.

Defendants were investors in Meridian, investment banks, and/or members of Meridian's management and board of directors.

Plaintiff's claims relate to payments that Meridian made to Defendants, just short of one year before Meridian's bankruptcy filing, after raising $485 million in the form of a secured debt (the "2004 Refinancing"). Plaintiff contends that Meridian was insolvent before and after the 2004 Refinancing, that this insolvency was known to Defendants, and that the payments made to various Defendants violate state and federal fraudulent conveyance laws, preference laws, and other related causes of action. Plaintiffs also contend that Meridian's directors breached their fiduciary duty of loyalty to Meridian in approving and facilitating payments to certain Defendants, and that certain Defendants aided and abetted those breaches of fiduciary duty.

Defendants contend, among other things, that Plaintiffs cannot plead or prove some or all of the causes of action asserted in the Complaint. In addition, Defendants contend that Meridian

---

[1] These defendants are now represented by Gary P. Naftalis and Arthur H. Aufses III of Kramer Levin Naftalis & Frankel LLP.

was not insolvent at the time of the 2004 Refinancing and that various other defenses apply against the claims that Plaintiffs assert.

(3)  The parties that participated in the scheduling conference on June 20, 2007 have agreed to the proposed schedule attached as **Exhibit A** to this Scheduling Order which with respect to the points required in the Court's prior Order, provides:

(a) Depositions: The parties will complete fact witness depositions by the proposed end of fact discovery on January 30, 2009.

(b) Documents: The parties will serve subpoenas on Meridian, a non-party in this action, by September 10, 2007, and expect that Meridian will provide its responses and the documents requested in the subpoenas by October 15, 2007 (although no party represents that it speaks for Meridian or can compel its compliance with this deadline).

The parties will exchange documents required as initial disclosures by September 30, 2007.

The parties will respond to initial document requests and complete their production of the initially requested documents by January 30, 2008.

(c) Expert discovery: The parties will exchange expert reports for which they bear the burden of proof by March 13, 2009. The parties will exchange rebuttal expert reports by April 27, 2009. The parties will engage in expert depositions beginning on May 21, 2009 and ending on July 11, 2009.

(d) Discovery completion: The parties will complete fact discovery by January 30, 2009, and expert discovery by July 11, 2009.

(e) Plaintiff's pre-trial order matters to defendant: Plaintiff will supply its pre-trial order to the defendants within 60 days from the entry on the docket of this Court's ruling on dispositive motions.

(f) Joint pre-trial order: The parties will submit a pre-trial order, including trial briefs and proposed findings of fact and conclusions of law (non-jury trial) or proposed voir dire questions and proposed jury instructions (jury trial) 30 days after the plaintiff submits is pre-trial order matters to the defendants.

(g) The date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) shall be _August 12, 2008 at 4:30_

(4) The parties have agreed to negotiate a protective/confidentiality order related to documents produced by the parties and third-party Meridian.

(5) The parties currently have no discovery issues on which counsel, after a good faith effort, were unable to reach agreement.

(6) The parties agree that a discussion of the fields of expert testimony is premature.

(7) The parties anticipated length of trial, at this point, is 5-6 weeks. *jury*

(8) This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the parties' conference or when justice so requires; and

(9) The names, addresses, phone numbers and signatures of counsel are as follows:

For Plaintiff:

_____
Neal Cohen
Halperin Battaglia Raicht, LLP
555 Madison Avenue
9th Floor
New York, NY 10022
Telephone: (212) 765-9100
Facsimile:  (212) 765-0964

James B. Heaton
Steven J. Nachtwey
John D. Byars
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard St.
Chicago, IL 60610
Telephone: 312-494-4400
Facsimile:  312-494-4440


For Defendant BancAmerica Capital Investors II, LP, Suez Capital Partners II, LP, Indosuez Capital Co-Invest Partners, LP, and SCP II Associates:

_____
Mary J. Hackett
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3250
Facsimile:  (412) 288 3063

For Defendants Robert H. Barton, III and H.H. Wacaser:

_____
John R. O'Keefe, Jr., Esq.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

7/17/07