UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OCEAN RIDGE CAPITAL ADVISORS, LLC,
AS LITIGATION TRUSTEE OF
THE MAS LITIGATION TRUST,

Plaintiff,

against

METROPOLITAN LIFE INSURANCE
COMPANY, *et al.*,

Defendants.

**Case No.: 07 Civ. 3213 (SAS)**

---

## DEFENDANTS CAPITAL D'AMÉRIQUE CDPQ, INC. AND CAISSE DE DÉPÔT ET PLACEMENT DU QUÉBEC'S ANSWER AND DEFENSES

Defendants Capital D'Amérique CDPQ, Inc. and Caisse de dépôt et placement du Québec (collectively and, as appropriate, individually, "Caisse"), by and through their undersigned attorneys, hereby respond to Plaintiff's Complaint (the "Complaint") as follows.

Caisse denies each and every matter, allegation or thing contained in the Complaint except as may be affirmatively admitted or alleged herein. Moreover, to the extent that any of the headings used by Plaintiffs in their Complaint constitute allegations of fact to which a response is required, Caisse further denies all the allegations contained in those headings.

1. Caisse admits that it entered into the fourth amended and restated subordinated note agreement, the 2004 refinancing implementation agreement, and the intercreditor agreement, all dated April 28, 2004 (the "2004 Refinancing Agreements"). The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and on that basis denies them.

2.      Caisse admits the allegations in the first three sentences of paragraph 2.  With respect to the remaining allegations, Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

3.      Caisse denies the allegations in the first sentence of paragraph 3.  Caisse states that no response is required to the allegations in the second and third sentences of paragraph 3 because they make no allegations against Caisse.  With regard to the allegations in the fourth sentence of paragraph 3, Caisse admits that it entered into the 2004 Refinancing Agreements. The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 3 with respect to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

4.      Caisse denies the allegations in paragraph 4 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

5.      Caisse denies the allegations in paragraph 5 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

6.      Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and on that basis denies them.  Caisse admits that Meridian[1] declared bankruptcy on April 26, 2005 but otherwise denies the allegations in paragraph 6.

---

[1]    Meridian refers to the following entities: Meridian Automotive Systems - Composites Operations, Inc., Meridian Automotive Systems, Inc., Meridian Automotive Systems - Angola Operations, Inc., Meridian
(Continued...)

7.     Caisse admits that plaintiffs purport to bring this action as stated in the first sentence of paragraph 7. Caisse denies the remaining allegations in paragraph 7 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

8.     The allegations of this paragraph call for conclusions of law to which no response is required. To the extent that a response is deemed necessary, Caisse denies the allegations in paragraph 8.

9.     The allegations of this paragraph call for conclusions of law to which no response is required. To the extent that a response is deemed necessary, Caisse denies the allegations in paragraph 9.

10.     Caisse is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10 and on that basis denies them.

11.     Caisse admits that the Fourth Amended Joint Plan of Reorganization by Meridian (the "Plan") was confirmed by the United States Bankruptcy Court for the District of Delaware on December 6, 2006 and that a Litigation Trust Agreement was executed in connection with the Plan dated December 29, 2006. The Plan and Litigation Trust Agreement speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 and on that basis denies them.

---

Automotive Systems - Construction, Inc., Meridian Automotive Systems - Detroit Operations, Inc., Meridian Automotive Systems - Grand Rapids Operations, Inc., Meridian Automotive Systems. Heavy Truck Operations, Inc., Meridian Automotive Systems - Shreveport Operations, Inc., and Meridian Automotive Systems - Mexico Operations, LLC.

12.    Caisse admits that the Plan was confirmed and the Litigation Trust Agreement was executed. The Plan and Litigation Trust Agreement speak for themselves and Caisse denies any allegations inconsistent therewith.

13.    With regard to the allegations in paragraph 13, Caisse admits that it entered into the 2004 Refinancing Agreements. The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse denies the remaining allegations in paragraph 13 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

14.    Caisse denies the allegations in paragraph 14 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

15.    Caisse states that no response is required to the allegations in paragraph 15 because it makes no allegations against Caisse.

16.    Caisse states that no response is required to the allegations in paragraph 16 because it makes no allegations against Caisse.

17.    Caisse admits the first four sentences of paragraph 17 and that Plaintiffs refer to Capital d'Amérique CDPQ Inc. and Caisse de dépôt et placement du Québec in this complaint as "Caisse." Caisse further admits that it entered into the shareholder agreement in or about 1999 and into amendments to that agreement thereafter (the "Shareholder Agreement and Amendments"). The Shareholder Agreement and Amendments speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse further admits that Caisse representatives attended Meridian board meetings from time to time as observers and denies the remaining allegations in paragraph 17.

18.    Caisse states that no response is required to the allegations in paragraph 18 because it makes no allegations against Caisse.

19.    Caisse states that no response is required to the allegations in paragraph 19 because it makes no allegations against Caisse.

20.    Caisse states that no response is required to the allegations in paragraph 20 because it makes no allegations against Caisse.

21.    Caisse states that no response is required to the allegations in paragraph 21 because it makes no allegations against Caisse.

22.    Caisse states that no response is required to the allegations in paragraph 22 because it makes no allegations against Caisse.

23.    Caisse states that no response is required to the allegations in paragraph 23 because it makes no allegations against Caisse.

24.    Caisse states that no response is required to the allegations in paragraph 24 because it makes no allegations against Caisse.

25.    Caisse states that no response is required to the allegations in paragraph 25 because it makes no allegations against Caisse.

26.    Caisse states that no response is required to the allegations in paragraph 26 because it makes no allegations against Caisse.

27.    Caisse admits that Plaintiffs refer to certain defendants in this complaint as "Institutional Insider Defendants," but denies that Plaintiffs' reference is accurate or appropriate.

28.    Caisse admits that it entered into the Shareholder Agreement and Amendments. The Shareholder Agreement and Amendments speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 28 as to

itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

29.    Caisse admits that it entered into the Shareholder Agreement and Amendments. The Shareholder Agreement and Amendments speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse denies the remaining allegations in paragraph 29 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

30.    Caisse admits that it entered into the Shareholder Agreement and Amendments. The Shareholder Agreement and Amendments speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse denies the remaining allegations in paragraph 30 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

31.    Caisse states that no response is required to the allegations in paragraph 31 because it makes no allegations against Caisse.

32.    Caisse states that no response is required to the allegations in paragraph 32 because it makes no allegations against Caisse.

33.    Caisse states that no response is required to the allegations in paragraph 33 because it makes no allegations against Caisse.

34.    Caisse states that no response is required to the allegations in paragraph 34 because it makes no allegations against Caisse.

35.    Caisse states that no response is required to the allegations in paragraph 35 because it makes no allegations against Caisse.

36.    Caisse states that no response is required to the allegations in paragraph 36 because it makes no allegations against Caisse.

37.    Caisse states that no response is required to the allegations in paragraph 37 because it makes no allegations against Caisse.

38.    Caisse states that no response is required to the allegations in paragraph 38 because it makes no allegations against Caisse.

39.    Caisse states that no response is required to the allegations in paragraph 39 because it makes no allegations against Caisse.

40.    Caisse states that no response is required to the allegations in paragraph 40 because it makes no allegations against Caisse.

41.    Caisse states that no response is required to the allegations in paragraph 41 because it makes no allegations against Caisse.

42.    Caisse states that no response is required to the allegations in paragraph 42 because it makes no allegations against Caisse.

43.    Caisse states that no response is required to the allegations in paragraph 43 because it makes no allegations against Caisse.

44.    Caisse admits that Plaintiffs refer to Defendants Maypole, Hodgman, Koester, Swenson, MacDonald, Graham, McKay, Nickol, Van Ess, Bedi, Walker, Barton and Wacaser in this complaint as the "Director Defendants."

45.    Caisse states that no response is required to the allegations in paragraph 45 because it makes no allegations against Caisse.

46.    Caisse states that no response is required to the allegations in paragraph 46 because it makes no allegations against Caisse.

47.     Caisse states that no response is required to the allegations in paragraph 47 because it makes no allegations against Caisse.

48.     Caisse states that no response is required to the allegations in paragraph 48 because it makes no allegations against Caisse.

49.     Caisse states that no response is required to the allegations in paragraph 49 because it makes no allegations against Caisse.

50.     Caisse admits that Plaintiffs refer to Defendants Baker, Garcia, Anderson, Jack Skoog and Vanek in this complaint as the "Individual Insider Defendants," but denies that Plaintiffs' definition is accurate or appropriate.

51.     Caisse states that no response is required to the allegations in paragraph 51 because it makes no allegations against Caisse.

52.     Caisse states that no response is required to the allegations in paragraph 52 because it makes no allegations against Caisse.

53.     Caisse states that no response is required to the allegations in paragraph 53 because it makes no allegations against Caisse.

54.     Caisse admits that Plaintiffs refer to Defendants CSFB and Goldman Sachs in this complaint as the "Arranger Defendants," but denies that Plaintiffs' definition is accurate or appropriate.

55.     Caisse denies the allegations in the first sentence of paragraph 55 as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants.  Caisse is without knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 55 and on that basis denies them.

56.    Caisse admits that it entered into the amended and restated subordinated note agreement, the stock and mezzanine security unit purchase agreement, both dated May 25, 1999 (the "1999 Refinancing Agreements"). The 1999 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse is without knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 56 and on that basis denies them.

57.    Caisse admits that it entered into the Shareholder Agreement and Amendments. The Shareholder Agreement and Amendments speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse further admits that Caisse representatives attended Meridian board meetings from time to time as observers and denies the remaining allegations in paragraph 57 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

58.    Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and on that basis denies them.

59.    Caisse admits that it entered into the refinancing implementation agreement, the third amended and restated subordinated note agreement, the participation agreements and the intercreditor agreement, all dated March 29, 2001 (the "2001 Refinancing Agreements"). The 2001 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and on that basis denies them.

60.    Caisse admits that it entered into the 2001 Refinancing Agreements. The 2001 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.

61.     Caisse admits that it entered into the 2001 Refinancing Agreements and the 2004 Refinancing Agreements. The 2001 Refinancing Agreements and 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.

62.     Caisse admits that it entered into the 2001 Refinancing Agreements. The 2001 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.

63.     Caisse states that no response is required to the allegations in the first sentence of paragraph 63 because it makes no allegations against Caisse. Caisse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and on that basis denies them.

64.     Caisse admits that on August 20, 2002, Meridian filed a Form S-1 and that on February 25, 2003, Meridian filed an Application for Withdrawal with the Securities Exchange Commission. The Form S-1 and the Application for Withdrawal speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse denies the remaining allegations in Paragraph 64.

65.     Caisse denies the allegations in paragraph 65 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

66.     Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and on that basis denies them.

67.     Caisse admits that the directors of Meridian hired McKinsey & Co. ("McKinsey") to provide an outside analysis. Caisse further admits that a Caisse representative attended

steering committee meetings from time to time and denies the remaining allegations in paragraph 67.

68.     Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 68 and on that basis denies them. Caisse denies the remaining allegations in paragraph 68.

69.     Caisse denies the allegations in paragraph 69 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

70.     Caisse admits that a Meridian Board of Directors meeting took place on February 18, 2004 and that McKinsey made a presentation at that meeting.  The McKinsey presentation speaks for itself and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 70 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

71.     Caisse states that no response is required to the allegations in paragraph 71 because it makes no allegations against Caisse.

72.     Caisse denies the allegations in paragraph 72 as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants.

73.     Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and on that basis denies them.

74.     Caisse denies the allegations in paragraph 74 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

75.     Caisse denies the allegations in the first sentence of paragraph 75 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants. Caisse states that no response is required to the remaining allegations in paragraph 75 because it makes no allegations against Caisse.

76.     Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and on that basis denies them.

77.     Caisse denies the allegations in the first sentence of paragraph 77 as to itself, and with respect to other defendants, Caisse states that no response is required because the allegations are directed to other defendants. Caisse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and on that basis denies them.

78.     Caisse denies the allegations in paragraph 78 as to itself, and with respect to other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

79.     Caisse states that no response is required to the allegations in paragraph 79 because it makes no allegations against Caisse.

80.     Caisse states that no response is required to the allegations in paragraph 80 because it makes no allegations against Caisse.

81.     Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 81 and on that basis denies them. Caisse states that no response is required to the allegations in the second and third sentences of paragraph 81 because they make no allegations against Caisse. Caisse denies the remaining

allegations in paragraph 81 as to itself, and with respect to other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

82.     The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 82.

83.     The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 83.

84.     Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and on that basis denies them.

85.     Caisse denies the allegations in the first sentence of paragraph 85 and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.  Caisse admits that it entered into the 2004 Refinancing Agreements.  The 2004 Refinancing Agreements speak for themselves and Caisse denies allegations inconsistent therewith.

86.     Caisse admits that it entered into the 2004 Refinancing Agreements.  The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 86 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

87.     Caisse admits that it entered into the 2004 Refinancing Agreements.  The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse further admits that it received $7,171,046.58 in connection with the 2004 Refinancing Agreements.  Caisse denies the remaining allegations in paragraph 87 as to itself,

and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

88.     Caisse states that no response is required to the allegations in paragraph 88 because it makes no allegations against Caisse.

89.     Caisse states that no response is required to the allegations in paragraph 89 because it makes no allegations against Caisse.

90.     Caisse states that no response is required to the allegations in paragraph 90 because it makes no allegations against Caisse.

91.     Caisse states that no response is required to the allegations in paragraph 91 because it makes no allegations against Caisse.

92.     Caisse states that no response is required to the allegations in paragraph 92 because it makes no allegations against Caisse.

93.     Caisse states that no response is required to the allegations in paragraph 93 because it makes no allegations against Caisse.

94.     Caisse states that no response is required to the allegations in paragraph 94 because it makes no allegations against Caisse.

95.     Caisse states that no response is required to the allegations in paragraph 95 because it makes no allegations against Caisse.

96.     Caisse states that no response is required to the allegations in paragraph 96 because it makes no allegations against Caisse.

97.     Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

98.     Caisse denies the allegations in paragraph 98.

99.    Caisse admits that it entered into the 2004 Refinancing Agreements.  The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 99 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

100.    Caisse admits that it owned shares of Meridian on April 28, 2004 and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

101.    Caisse denies the allegations in paragraph 101 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

102.    Caisse denies the allegations in paragraph 102 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

103.    Caisse states that no response is required to the allegations in paragraph 103 because it makes no allegations against Caisse.

104.    Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

105.    Caisse states that no response is required to the allegations in paragraph 105 because it makes no allegations against Caisse.

106.    Caisse states that no response is required to the allegations in paragraph 106 because it makes no allegations against Caisse.

107.    Caisse states that no response is required to the allegations in paragraph 107 because it makes no allegations against Caisse.

108.    Caisse states that no response is required to the allegations in paragraph 108 because it makes no allegations against Caisse.

109.    Caisse states that no response is required to the allegations in paragraph 109 because it makes no allegations against Caisse.

110.    Caisse states that no response is required to the allegations in paragraph 110 because it makes no allegations against Caisse.

111.    Caisse states that no response is required to the allegations in paragraph 111 because it makes no allegations against Caisse.

112.    Caisse states that no response is required to the allegations in paragraph 112 because it makes no allegations against Caisse.

113.    Caisse states that no response is required to the allegations in paragraph 113 because it makes no allegations against Caisse.

114.    Caisse denies the allegations in paragraph 114 as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants.

115.    Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

116.    Caisse states that no response is required to the allegations in the first sentence of paragraph 116 because it makes no allegations against Caisse.  Caisse denies the remaining allegations in paragraph 116 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

16

117.    Caisse states that no response is required to the allegations in the first two sentences of paragraph 117 because they make no allegations against Caisse.  Caisse denies the remaining allegations in paragraph 117 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

118.    Caisse denies the allegations in paragraph 118 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

119.    Caisse admits that it entered into the 2004 Refinancing Agreements.  The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 119 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

120.    Caisse denies the allegations in paragraph 120 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

121.    Caisse denies the allegations in paragraph 121 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

122.    Caisse denies the allegations in paragraph 122 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

123.    Caisse denies the allegations in paragraph 123.

124.    Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

125.    Caisse denies the allegations in paragraph 125 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

126.    Caisse denies the allegations in paragraph 126 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

127.    Caisse admits that it entered into the Shareholder Agreement and Amendments. The Shareholder Agreement and Amendments speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 127 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

128.    Caisse denies the allegations in paragraph 128 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

129.    Caisse denies the allegations in paragraph 129 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

130.    Caisse denies the allegations in paragraph 130.

131.    Caisse denies the allegations in paragraph 131.

132.    Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

18

133.    Caisse denies the allegations in paragraph 133 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

134.    Caisse denies the allegations in paragraph 134.

135.    Caisse denies the allegations in paragraph 135.

136.    Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

137.    Caisse denies the allegations in paragraph 137 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

138.    Caisse admits that it entered into the 2004 Refinancing Agreements. The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse further admits that it received $7,171,046.58 in connection with the 2004 Refinancing Agreements. Caisse denies the remaining allegations in paragraph 138 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

139.    Caisse denies the allegations in paragraph 139.

140.    Caisse denies the allegations in paragraph 140 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

141.    Caisse admits that it entered into the 2004 Refinancing Agreements. The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith. Caisse further admits that it received $7,171,046.58 on or after April 28, 2004 in

connection with the 2004 Refinancing Agreements. Caisse further admits that Meridian declared bankruptcy on April 26, 2005. Caisse denies the remaining allegations in paragraph 141 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

142.    Caisse denies the allegations in paragraph 142 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

143.    Caisse denies the allegations in paragraph 143 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

144.    Caisse denies the allegations in paragraph 144 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

145.    Caisse denies the allegations in paragraph 145.

146.    Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

147.    Caisse denies the allegations in paragraph 147 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

148.    Caisse denies the allegations in paragraph 148.

149.    Caisse denies the allegations in paragraph 149.

150.     Caisse denies the allegations in paragraph 150 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

151.     Caisse denies the allegations in paragraph 151 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

152.     Caisse denies the allegations in paragraph 152.

153.     Caisse denies the allegations in paragraph 153.

154.     Caisse denies the allegations in paragraph 154 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

155.     Caisse admits that it entered into the 2004 Refinancing Agreements.  The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse denies the remaining allegations in paragraph 155 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

156.     Caisse denies the allegations in paragraph 156.

157.     Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

158.     Caisse denies the allegations in paragraph 158 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

159.    Caisse admits that it entered into the 2004 Refinancing Agreements.  The 2004 Refinancing Agreements speak for themselves and Caisse denies any allegations inconsistent therewith.  Caisse further admits that it received $7,171,046.58 in connection with the 2004 Refinancing Agreements.  Caisse denies the remaining allegations in paragraph 159 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

160.    Caisse denies the allegations in paragraph 160 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

161.    Caisse denies the allegations in paragraph 161.

162.    Caisse denies the allegations in paragraph 162 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

163.    Caisse denies the allegations in paragraph 163 as to itself, and with respect to the other defendants, Caisse states that no response is required because the allegations are directed to other defendants.

164.    Caisse denies the allegations in paragraph 164.

165.    Caisse is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 and on that basis denies them.

166.    Caisse states that no response is required to paragraph 166 because it makes no allegations against Caisse.

167.    Caisse denies the allegations in paragraph 167.

168.    Caisse denies the allegations in paragraph 168.

169.    Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

170.    Caisse denies the allegations in paragraph 170.

171.    Caisse incorporates herein by reference its responses to the allegations in all preceding paragraphs.

172.    Caisse denies the allegations in paragraph 172.

### ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Caisse also asserts the following additional defenses:

### FIRST DEFENSE

The Complaint and each claim therein fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, undue delay, waiver, estoppel, unclean hands, *in pari delicto*, unjust enrichment, and/or ratification.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks the requisite standing.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged damages were not mitigated.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any loss as a result of any improper conduct of Caisse.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, were caused by an intervening or superceding cause, including without limitation, the conduct of Meridian, market conditions, lack of due diligence, and/or persons and/or entities outside of the control of Caisse.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Debtors in the underlying action were solvent when Meridian entered into the 2004 Refinancing Agreements and did not become insolvent as a result of entering into those contracts.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Meridian retained the ability to pay its debts as the debts became due in the usual course of business after giving effect to the 2004 Refinancing Agreements.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because at the time of the 2004 Refinancing Agreements, Meridian's total assets exceeded the sum of its total liabilities plus the

amount that would be needed, if Meridian were dissolved, to satisfy any preferential rights upon dissolution.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the transfer to Caisse was made in payment of a debt incurred by Meridian in the ordinary course of business or financial affairs of Meridian, in the ordinary course of business or financial affairs of Meridian and according to ordinary business terms.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse was not an insider as defined in 11 U.S.C. § 101(A)(31), Mich. Comp. Law § 566.31, or New York case law.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse did not receive any preferential transfer pursuant to 11 U.S.C. § 547 as it is not an insider pursuant to 11 U.S.C. § 101(A)(31) and the transfer by Meridian to Caisse did not occur on or within 90 days before the date of the filing of the petition.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse did not receive any preferential transfer pursuant to 11 U.S.C. § 547 as the transfer from Meridian to Caisse was intended by Meridian and Caisse to be, and was in fact, a contemporaneous exchange for new value given to Meridian and not in satisfaction of preexisting debt.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse did not receive any preferential transfer as the alleged preferential transfers were not an interest of Meridian in property because such transfer originated from funds that were earmarked for Caisse under the 2004 Refinancing Agreements.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp. Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, as Meridian received reasonably equivalent value, whether measured by its satisfaction of debt, receipt of more favorable creditor terms, and/or extension of maturities in exchange for the transfer to Caisse, or otherwise.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse did not receive a fraudulent transfer as Meridian was not left with an unreasonably small amount of capital immediately after the execution of the 2004 Refinancing Agreements.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Meridian's transfer to Caisse in connection with the 2004 Refinancing Agreements was in good faith and was fair and equitable.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the payment to Caisse in connection with the 2004 Refinancing Agreements was not the property of Meridian pursuant to 11 U.S.C. § 550.

## TWENTIETH DEFENSE

Caisse did not violate Mich. Comp. Law § 450.1345 because the payments in connection with the 2004 Refinancing Agreements were not prohibited under Mich. Comp. Law § 450.1345.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse did not owe any fiduciary duties to Meridian.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse did not knowingly induce, substantially assist, or participate in any breach of fiduciary duty.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse cannot be found to have aided and abetted any breach of fiduciary duty or to have committed conspiracy to commit any breach of fiduciary duty because there was no underlying breach of fiduciary duty by Meridian's directors.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Caisse did not participate or intend to participate in a conspiracy to commit breaches of fiduciary duty.

## TWENTY-FIFTH DEFENSE

Plaintiff has no claim from gross negligence because Caisse owned no duty to Meridian.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times, Caisse conducted itself in good faith, in conformity with applicable law, and without notice of any improper conduct.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged losses for which the Plaintiff seeks recovery were not proximately caused by Caisse and, regardless, there was no reasonable reliance on any action of Caisse.

### TWENTY-EIGHTH DEFENSE

Plaintiff has no valid claim for attorneys' fees, costs or interest.

### TWENTY-NINTH DEFENSE

Plaintiff has no valid claim for exemplary or punitive damages, nor for any damages that are disproportionate to the compensatory damages alleged.

### THIRTIETH DEFENSE

Plaintiff's demand for a trial by jury is improper and should be stricken because the parties in interest expressly waived their right to a trial by jury.

### THIRTY-FIRST DEFENSE

The Complaint fails because it does not plead fraud with particularity required by the Federal Rules of Civil Procedure and applicable law.

### THIRTY-SECOND DEFENSE

Caisse adopts by reference any applicable defense pleaded by any other Defendant not expressly set forth herein.

## THIRTY-THIRD DEFENSE

Caisse reserves the right to assert other defenses as discovery proceeds.

## CONCLUSION

WHEREFORE, Capital D'Amérique CDPQ, Inc. and Caisse de dépôt et placement du

Québec respectfully requests judgment:

(i)   Dismissing the Complaint and all claims against Capital D'Amérique CDPQ, Inc.
      and Caisse de dépôt et placement du Québec with prejudice;

(ii)  Award Capital D'Amérique CDPQ, Inc. and Caisse de dépôt et placement du
      Québec their attorneys' fees, costs and interest; and

(iii) Such other relief as the Court deems just.


Dated:  August 17, 2007                    Respectfully submitted,
        New York, New York



                                           _____
                                           Yosef J. Riemer (YR 5974)
                                           Matthew Solum (MS 1616)
                                           KIRKLAND & ELLIS LLP
                                           Citigroup Center
                                           153 East 53rd Street
                                           New York, New York  10022-4611
                                           Telephone:    (212) 446-4800
                                           Facsimile:    (212) 446-6460

                                           *Counsel for Capital D'Amérique CDPQ, Inc.
                                           and Caisse de dépôt et placement du Québec*