IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCEAN RIDGE CAPITAL ADVISORS, LLC, as Litigation Trustee of THE MAS LITIGATION TRUST,<br><br>                Plaintiff,<br><br>        -against-<br><br>METROPOLITAN LIFE INSURANCE COMPANY, THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, CAPITAL D'AMERIQUE CDPQ INC., CAISSE DE DEPOT ET PLACEMENT DU QUEBEC, CSFB LP HOLDING, SKOOG FAMILY INVESTMENTS, LLC, BANCAMERICA CAPITAL INVESTORS II, L.P., WINDWARD/PARK AB III, L.L.C., WINDWARD CAPITAL PARTNERS L.P., WINDWARD CAPITAL ASSOCIATES, L.P., SUEZ CAPITAL PARTNERS II, L.P., INDOSUEZ CAPITAL CO-INVEST PARTNERS, L.P., SCP II ASSOCIATES, CREDIT SUISSE FIRST BOSTON (USA), INC., CREDIT SUISSE FIRST BOSTON, GOLDMAN SACHS CREDIT PARTNERS L.P., JEFFREY A. ANDERSON, JON F. BAKER, JOSE R. GARCIA, ROBERT H. BARTON III, H.H. WACASER, PETER S. MACDONALD, GARY SWENSON, JOHN F. MAYPOLE, THOMAS GRAHAM, DONALD A. MCKAY, HENRY A. NICKOL, JEFFREY HODGMAN, A. KIPP KOESTER, CRAIG VAN ESS, GURMINDER S. BEDI, THOMAS WALKER, JACK SKOOG AND DEAN VANEK<br><br>               Defendants. | Case No. 07 CV 3213 (SAS)<br><br>**ANSWER** |

Defendant, The Northwestern Mutual Life Insurance Company ("NM"), by its counsel, Sonnenschein Nath & Rosenthal LLP, as and for its Answer and Defenses to the Complaint, hereby:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except admits that on April 28, 2004, Meridian replaced its previous bank debt facility from Bank of America, N.A. ("Bank of America") with $337 million of the proceeds of the 2004 Refinancing.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that Meridian supplied front and rear end modules, bumper systems, exterior composite plastic modules, structural components, and interior and lighting components to the automotive industry, that Meridian supplied its products to Ford, GM, Daimler-Chrysler, and other automobile manufacturers, and that Meridian was incorporated under the laws of Michigan and headquartered in Dearborn, Michigan.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Denies the allegations contained in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Denies the allegations contained in paragraph 6 of the Complaint, except admits that on April 26, 2005, Meridian declared bankruptcy.

7.      Denies the allegations contained in paragraph 7 of the Complaint, except admits that the Liquidating Trustee purports to "bring[] this action, pursuant to its [purported] statutory and contractual authority, against" the defendants therein to recover damages under the causes of action in the Complaint.

8.      States that paragraph 8 asserts a legal conclusion as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 8.

9.      States that paragraph 9 asserts a legal conclusion as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 9.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     States that the first sentence of paragraph 11 asserts a legal conclusion as to which no response is required.  NM further states that the second sentence and block quoted material in paragraph 11 references documents which speak for themselves, and respectfully refers the Court thereto for their complete terms.

12.     States that paragraph 12 references a document which speaks for itself, and respectfully refers the Court thereto for its complete terms.

13.     Denies the allegations contained in paragraph 13 of the Complaint, except admits that certain proceeds from the 2004 Refinancing were used to pay down a portion of the preexisting debt.  NM further states that the fourth and fifth sentences of paragraph 13 assert legal conclusions as to which no response is required.  To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 13.

14.     States that paragraph 14 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admits that: Jeffrey Hodgman and John F. Maypole served on Meridian's board of directors at the time of the 2004 Refinancing; and Susan Garrett served as MetLife's board observer at the time of the 2004 Refinancing.  NM further states that the second sentence of paragraph 15 asserts a legal conclusion as to which to no response is required.  To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 15.

16.     Denies the allegations contained in paragraph 16 of the Complaint, except: admits that NM is a Wisconsin corporation with its principal place of business at 720 East

Wisconsin Avenue, Milwaukee, Wisconsin 53202; denies that Tim Wegener served as MetLife's board observer at the time of the 2004 Refinancing; admits that A. Kipp Koester served on Meridian's board of directors at the time of the 2004 Refinancing; and states that the second sentence of paragraph 16 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 16.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admits that Luc Houle was a board observer. NM further states that the sixth sentence of paragraph 17 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 17.

18.    Denies knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 18 of the Complaint, except admits that Craig Van Ess served on Meridian's board of directors at the time of the 2004 Refinancing. NM further states that the second sentence of paragraph 18 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 18.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admits: that Adam Gruber and Scott Spielvogel were board observers; and that Peter MacDonald and Gary Swenson served on Meridian's board of directors at the time of the 2004 Refinancing. NM further states the second sentence of paragraph 19 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 19.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admits that Alan Freudenstein and Greg Grimaldi were board observers.  NM further states that the second sentence of paragraph 20 asserts a legal conclusion as to which no response is required.  To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admits that Cheryl Bartol and Jason Mehring were board observers.  NM further states that the second sentence of paragraph 21 asserts a legal conclusion as to which no response is required.  To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 21.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admits that Adam Gruber and Scott Spielvogel were board observers; and that Peter MacDonald and Gary Swenson served on Meridian's board of directors at the time of the 2004 Refinancing.  NM further states that the second sentence of paragraph 22 asserts a legal conclusion as to which no response is required.  To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 22.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.  NM further states that the second sentence of paragraph 23 asserts a legal conclusion as to which no response is required.  To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except admits that Adam Gruber and Scott Spielvogel were board observers; and that Peter MacDonald and Gary Swenson served on

Meridian's board of directors at the time of the 2004 Refinancing. NM further states that the second sentence of paragraph 24 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 24.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except admits that Kathleen Sweeney and Thierry De Vergness were board observers. NM further states that the second sentence of paragraph 25 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 25.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint. NM further states that the second sentence of paragraph 26 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 26.

27.    States that paragraph 27 contains no factual averments as to which a response is required. To the extent that a response is required, NM denies that it was an "Institutional Insider" as that term is used in relationship to Meridian Automotive Services.

28.    Denies the allegations contained in paragraph 28 of the Complaint, and states that the first sentence of paragraph 28 refers to a document which speaks for itself, and refers the court thereto for its complete terms. NM further states that the third sentence of paragraph 28 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 28.

29.    States that paragraph 29 references a document which speaks for itself, and respectfully refers the Court thereto for its complete terms.

30.    Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, except admits that John F. Maypole was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 31 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except admits that Jeffrey Hodgman was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 32 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 32.

33.     Denies that A. Kipp Koester resides at 5842 N. Maitland Court, Milwaukee, Wisconsin, admits that A. Kipp Koester was a director of Meridian at the time of the 2004 Refinancing, and denies that he was a former employee of NM. NM further states that the remaining allegations in the second sentence of Paragraph 33 assert a legal conclusion as to which no response is required. All remaining allegations are denied.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admits that Gary Swenson was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 34 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, except admits that Peter S. MacDonald

was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 35 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admits that Thomas Graham was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 36 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, except admits that Donald A. McKay was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 37 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admits that Henry A. Nickol was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 38 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, except admits that Craig Van Ess was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining

allegations in the second sentence of paragraph 39 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 39.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, except admits that Gurminder S. Bedi was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 40 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 40.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, except admits that Thomas K. Walker was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of Paragraph 41 asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 41.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except admits that Robert H. Barton III was a director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 42 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 42.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except admits that H.H. Wacaser was an officer and director of Meridian at the time of the 2004 Refinancing. NM further states that the remaining allegations in the second sentence of paragraph 43 assert a legal conclusion as to

which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 43.

44.     States that paragraph 44 contains no factual averments as to which a response is required.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint. NM further states that the remaining allegations in the third sentence of paragraph 45 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 45.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint. NM further states that the remaining allegations in the third sentence of paragraph 46 assert a legal conclusion as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint. NM further states that the remaining allegations in the third sentence of paragraph 47 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 47.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, except admits that Craig Van Ess served on Meridian's board of directors at the time of the 2004 Refinancing. NM further states that the allegations in the second sentence of paragraph 48 assert a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 48.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50.     States that paragraph 50 contains no factual averments as to which a response is required.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     States that paragraph 54 contains no factual averments as to which a response is required.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint as they relate to NM, except admits: that certain defendants had the power to appoint, and did appoint, directors to Meridian's board of directors; that certain defendants had observers at Meridian board meetings; and that certain board observers served on committees set up by the board of directors. NM denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint as they relate to other defendants.

58.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.    States that paragraph 59 refers to the terms and conditions of the 2001 Refinancing transactional documents and respectfully refers the Court thereto for their complete terms.

60.    Denies the allegations contained in paragraph 60 of the Complaint. NM further states that paragraph 60 refers to documents which speak for themselves, and respectfully refers the Court thereto for their complete terms.

61.    Denies the allegations contained in paragraph 61 of the Complaint, except admits that: the Series A Notes, Series B Notes and the Skoog Note have been collectively referred to as "mezzanine debt."

62.    States that paragraph 62 refers to the terms and conditions of the 2004 Refinancing transactional documents, and respectfully refers the Court thereto for their complete terms.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint. NM further states that paragraph 63 refers to the terms and conditions of the 2004 Refinancing transactional documents, and respectfully refers the Court thereto for their complete terms.

64.    Denies the allegations contained in paragraph 64 of the Complaint, except admits that in August 20, 2002, Meridian filed a registration statement for an initial public offering and on February 25, 2003, Meridian filed a registration withdrawal request. NM further states that paragraph 64 refers to a document which speaks for itself, and respectfully refers the Court thereto for its complete terms.

65.    Denies the allegations contained in paragraph 65 of the Complaint.

66.    Denies the allegations contained in paragraph 66 of the Complaint.

67.    Denies the allegations contained in paragraph 67 of the Complaint, except admits that the board approved the retention of McKinsey & Co. NM further states that paragraph 67

refers to a document which speaks for itself, and respectfully refers the Court thereto for its complete terms.

68.    Denies the allegations contained in paragraph 68 of the Complaint, except admits that McKinsey reported to the Steering Committee on January 8, 2004 and January 16, 2004. NM further states that paragraph 68 refers to a document which speaks for itself, and respectfully refers the Court thereto for its complete terms.

69.    Denies the allegations contained in paragraph 69 of the Complaint.

70.    Denies the allegations contained in paragraph 70 of the Complaint, except admits that on February 18, 2004, McKinsey gave a presentation to the board.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, except denies that McKinsey conducted an analysis "setting forth Meridian's insolvency." NM further states that paragraph 73 refers to a document which speaks for itself, and respectfully refers the Court thereto for its complete terms.

74.    Denies the allegations contained in paragraph 74 of the Complaint.

75.    Denies the allegations contained in paragraph 75 as they relate to NM, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 as they relate to other defendants.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, except denies that any director was "beholden" to NM.

78.    Denies the allegations contained in paragraph 78 of the Complaint as they relate to NM and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint as they relate to other defendants.

79.    States that paragraph 79 refers to a document which speaks for itself, and respectfully refers the Court thereto for its complete terms.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82.    Denies the allegations contained in paragraph 82 of the Complaint.

83.    States that paragraph 83 references documents which speak for themselves, and respectfully refers the Court thereto for their complete terms.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85.    Denies the allegations contained in paragraph 85 of the Complaint as they relate to NM and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint as they relate to other defendants, except admits that the closing of the 2004 Refinancing:  took place on April 28, 2004, in New York City; raised $485 million in new credit facilities; comprised (i) a $75 million first lien revolving loan, (ii) a $235 million first lien term loan, and (iii) a $175 million second lien term loan; and $337 million in proceeds was used to repay existing secured bank debt under the Bank of America credit facility.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, except admits that on or about April 28, 2004, Meridian paid approximately $16,775,525.36 as a partial prepayment on subordinated debt held by NM.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint. NM further states that paragraph 88 refers to a document which speaks for itself, and respectfully refers the Court thereto for its complete terms.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

### As to the First Claim for Relief
### Unlawful Distribution In Violation of Mich. Comp. Law § 450.1345
(Against Defendants MetLife, Northwestern Mutual, Caisse, Skoog, Windward/Park, CSFB Holding, BACI, Suez Capital, WCA, Indosuez, SCP II, Baker, Wacaser, Garcia, Anderson and Barton)

97.    Incorporates all of its responses to paragraphs 1-96 as if fully set forth herein.

98.    Denies the allegations contained in paragraph 98 of the Complaint.

99.    Denies the allegations contained in paragraph 99 of the Complaint. NM further states that the last sentence of paragraph 99 of the Complaint asserts a legal conclusion as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 99.

100.    Denies the allegations contained in paragraph 100 of the Complaint, except admits that NM owned shares of Meridian on April 28, 2004. NM further denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Defendants other than NM.

101.    Denies the allegations contained in paragraph 101 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge of Defendants other than NM.

102.    States that paragraph 102 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 102.

103.    States that paragraph 103 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 103.

**As to the Second Claim for Relief**
**Breach of Fiduciary Duty of Loyalty**
(Against Director Defendants and Defendant Vanek)

104.    Incorporates all of its responses to paragraphs 1-103 as if fully set forth herein.

105.    States that the allegations contained in paragraph 105 of the Complaint are not alleged against NM and no response is required.  NM further states that paragraph 105 asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 105.

106.    States that the allegations contained in paragraph 106 of the Complaint are not alleged against NM and no response is required.

107.    States that the allegations contained in paragraph 107 of the Complaint are not alleged against NM and no response is required.

108.    States that the allegations contained in paragraph 108 of the Complaint are not alleged against NM and no response is required.

109.    States that the allegations contained in paragraph 109 of the Complaint are not alleged against NM and no response is required.

110.    States that the allegations contained in paragraph 110 of the Complaint are not alleged against NM and no response is required.

111.    States that the allegations contained in paragraph 111 of the Complaint are not alleged against NM and no response is required.

112.    States that the allegations contained in paragraph 112 of the Complaint are not alleged against NM and no response is required.

113.    States that the allegations contained in paragraph 113 of the Complaint are not alleged against NM and no response is required.  NM further states that paragraph 113 asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 113.

114.    States that the allegations contained in paragraph 114 of the Complaint are not alleged against NM and no response is required. NM further states that paragraph 114 asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 114.

### As to the Third Claim for Relief
### Aiding and Abetting Breaches of Fiduciary Duties
(Against the Institutional Insider Defendants and the Arranger Defendants)

115.    Incorporates all of its responses to paragraphs 1-114 as if fully set forth herein.

116.    Denies the allegations contained in paragraph 116 of the Complaint, except admits that NM nominated board members and exercised observation rights. NM denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge or actions of Defendants other than NM. NM further states that the first sentence of paragraph 116 of the Complaint asserts legal conclusions as to which no response is required. To the extent that any further response is required, NM denies the remaining allegations contained in paragraph 116.

117.    Denies the allegations contained in paragraph 117 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge or actions of Defendants other than NM.

118.    Denies the allegations contained in paragraph 118 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge or actions of Defendants other than NM.

119.    Denies the allegations contained in paragraph 119 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge of Defendants other than NM.

120.    Denies the allegations contained in paragraph 120 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge or actions of Defendants other than NM.

121.    States that paragraph 121 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 121.

122.    States that paragraph 122 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 122.

123.    States that paragraph 123 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 123.

**As to the Fourth Claim for Relief**
**Civil Conspiracy to Commit Breaches of Fiduciary Duties**
(Against all Defendants)

124.    Incorporates all of its responses to paragraphs 1-123 as if fully set forth herein.

125.    States that paragraph 125 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 125.

126.    Denies allegations contained in paragraph 126 of the Complaint.

127.    Denies the allegations contained in paragraph 127, except admits that NM entered into a Shareholders Agreement and its subsequent amendments. NM further states that the Shareholders Agreement and the amendments thereto are documents which speak for themselves, and NM respectfully refers the Court thereto for their complete terms

128.    Denies the allegations contained in paragraph 128 of the Complaint.

129.    Denies the allegations contained in paragraph 129 of the Complaint.

130.    States that paragraph 130 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 130.

131.    States that paragraph 131 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 131.

### As to the Fifth Claim for Relief
### Gross Negligence
(Against All Defendants)

132.    Incorporates all of its responses to paragraphs 1-131 as if fully set forth herein.

133.    States that paragraph 133 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 133.

134.    States that paragraph 134 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 134.

135.    States that paragraph 135 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 135.

### As to the Sixth Claim for Relief
### Preferential Transfers:  11 U.S.C. §§ 544 and 547
(Against the Institutional Insider Defendants, Individual Insider Defendants, and Director Defendants)

136.    Incorporates all of its responses to paragraphs 1-135 as if fully set forth herein.

137.    States that paragraph 137 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 137.

138.    Admits that Meridian transferred $16,775,525.36 to NM for or on account of an antecedent debt, in connection with the 2004 Refinancing, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Defendants other than NM.

139.    States that paragraph 139 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 139.

140.    States that paragraph 140 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 140.

141.    Admits the allegations contained in paragraph 141 of the Complaint as they apply to NM and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Defendants other than NM.

142.    Denies the allegations contained in paragraph 142 of the Complaint.

143.    Denies the allegations contained in paragraph 143 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge of Defendants other than NM.

144.    Denies the allegations contained in paragraph 144 of the Complaint.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the Complaint.

**As to the Seventh Claim for Relief**
**Intentional Fraudulent Transfers: 11 U.S.C. §§ 544 and 548**
(Against Defendants MetLife, Northwestern Mutual, Caisse, Skoog, Windward/Park, CSFB
Holding, BACI, Suez Capital, WCA, Indosuez, SCP II, Baker, Wacaser, Garcia, Anderson,
Barton, CSFB, and Goldman Sachs)

146.    Incorporates all of its responses to paragraphs 1-145 as if fully set forth herein.

147.    Denies the allegations contained in paragraph 147 of the Complaint.

148.    Denies the allegations contained in paragraph 148 of the Complaint.

149.    States that paragraph 149 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 149.

150.    States that paragraph 150 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 150.

151.    Denies the allegations contained in paragraph 151 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge of Defendants other than NM.

152.    Denies the allegations contained in paragraph 152 of the Complaint, except admits that NM received a partial payment in connection with the 2004 Refinancing.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the Complaint.

154.    Denies the allegations contained in paragraph 154 of the Complaint.

155.    Denies the allegations contained in paragraph 155 of the Complaint, except admits that NM received a partial payment in connection with the 2004 Refinancing.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the Complaint.

### As to the Eighth Claim for Relief
### Constructive Fraudulent Transfers:  11 U.S.C. §§ 544 and 548
(Against All Defendants)

157.    Incorporates all of its responses to paragraphs 1-156 as if fully set forth herein.

158.    States that paragraph 158 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 158.

159.    Denies the allegations contained in paragraph 159 of the Complaint, except admits that NM received $16,775,525.36 in connection with the 2004 Refinancing. NM denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Defendants other than NM.

160.    States that paragraph 161 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 160.

161.    States that paragraph 161 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 161.

162.    Denies the allegations contained in paragraph 162 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Defendants other than NM.

163.    Denies the allegations contained in paragraph 163 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the knowledge of Defendants other than NM.

164.    Denies the allegations contained in paragraph 164 of the Complaint.

165.    Denies the allegations contained in paragraph 165 of the Complaint.

166.    States that paragraph 166 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, NM denies the allegations contained in paragraph 166.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the Complaint.

168.    States that paragraph 168 of the Complaint contains legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 168.

### As to the Ninth Claim for Relief
### Turnover of Avoided Transfers:  11 U.S.C. §§ 550
(Against All Defendants)

169.    Incorporates all of its responses to paragraphs 1-168 as if fully set forth herein.

170.    States that paragraph 170 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 170.

### As to the Tenth Claim for Relief
### Attorney Fees
(Against All Defendants)

171.    Incorporates all of its responses to paragraphs 1-170 as if fully set forth herein.

172.    States that paragraph 172 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, NM denies the allegations contained in paragraph 172.

### GENERAL DENIAL

NM denies all allegations and inferences of the Complaint except those that are expressly admitted in this Answer.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint, and each purported claim for relief therein, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint does not plead fraud with the requisite particularity required by the rules of procedure applicable here.

**THIRD DEFENSE**

This action is barred, in whole or in part, by the doctrine of *in pari delicto*.

**FOURTH DEFENSE**

This action is barred, in whole or in part, because the Plaintiff lacks standing.

**FIFTH DEFENSE**

This action is barred, in whole or in part, by the statute of limitations.

**SIXTH DEFENSE**

NM did not violate Mich. Comp. Law § 450.1345 because Meridian retained the ability to pay its debts as the debts became due in the usual course of business after giving effect to the 2004 Refinancing.

**SEVENTH DEFENSE**

NM did not violate Mich. Comp. Law § 450.1345 because Meridian's total assets exceeded the sum of its total liabilities plus the amount that would be needed, if Meridian were dissolved at the time of the payments in connection with the 2004 Refinancing, to satisfy the preferential rights upon dissolution of shareholders whose preferential rights were superior to NM.

**EIGHTH DEFENSE**

NM did not violate Mich. Comp. Law § 450.1345 because the payments in connection with the 2004 Refinancing were not prohibited under Mich. Comp. Law § 450.1345(3) as provided in § 450.1345(4).

**NINTH DEFENSE**

NM did not violate Mich. Comp. Law § 450.1345 because Meridian was not insolvent when payments in connection with the 2004 Refinancing were authorized or made.

## TENTH DEFENSE

NM was a creditor of Meridian and therefore did not owe any fiduciary duties to Meridian.

## ELEVENTH DEFENSE

NM did not knowingly induce, substantially assist, or participate in any breach of fiduciary duty.

## TWELFTH DEFENSE

NM cannot be found to have aided and abetted breach of fiduciary duty because there was no underlying breach of fiduciary duty by Meridian's directors.

## THIRTEENTH DEFENSE

NM cannot be found to have aided and abetted breach of fiduciary duty because Meridian's directors authorized Meridian to enter into the 2004 Refinance in accordance with their business judgment and therefore, there was no underlying breach of fiduciary duty.

## FOURTEENTH DEFENSE

NM cannot be found to have committed conspiracy to commit breaches of fiduciary duty because there was no underlying breach of fiduciary duty by Meridian's directors.

## FIFTEENTH DEFENSE

NM did not intend to participate in a conspiracy, and did not conspire to commit breaches of fiduciary duty.

## SIXTEENTH DEFENSE

Plaintiff has no claim for gross negligence because NM owed no duty to Plaintiff.

## SEVENTEENTH DEFENSE

NM was not an insider as defined in 11 U.S.C. § 101(A)(31), Mich. Comp. Law § 566.31, or New York case law.

### EIGHTEENTH DEFENSE

NM did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because it is not an insider pursuant to 11 U.S.C. § 101(A)(31) and the transfer by Meridian to NM did not occur on or within 90 days before the date of the filing of the petition.

### NINETEENTH DEFENSE

NM did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because the transfer from Meridian to NM was intended by Meridian and NM to be, and was in fact, a contemporaneous exchange for new value given to Meridian.

### TWENTIETH DEFENSE

NM did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because the transfer from Meridian to NM did not enable NM to receive more than it would have received in a Chapter 7 proceeding, pursuant to the provisions of 11 U.S.C. § 101 *et seq.*

### TWENTY-FIRST DEFENSE

NM did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because the alleged preferential transfers were not an interest of Meridian in property because such transfer originated from funds that were earmarked for NM under the 2004 Refinancing.

### TWENTY-SECOND DEFENSE

NM did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian received reasonably equivalent value, whether measured by its satisfaction of debt, receipt of more favorable credit terms, and extension of maturities in exchange for the transfer to NM, or otherwise.

### TWENTY-THIRD DEFENSE

NM did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian was not insolvent either prior to, or immediately after, the 2004 Refinancing.

### TWENTY-FOURTH DEFENSE

NM did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian was not left with an unreasonably small amount of capital immediately after the 2004 Refinancing.

### TWENTY-FIFTH DEFENSE

NM did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian retained the ability to pay its debts as they became due immediately after the 2004 Refinancing.

### TWENTY-SIXTH DEFENSE

Meridian's transfer to NM in connection with the 2004 Refinancing was in good faith and was fair and equitable.

### TWENTY-SEVENTH DEFENSE

The payment to NM in connection with the 2004 Refinancing was not property of Meridian pursuant to 11 U.S.C. § 550.

### TWENTY-EIGHTH DEFENSE

The Plaintiff has no valid claim for attorneys' fees.

### TWENTY-NINTH DEFENSE

The Plaintiff has no valid claim for exemplary or punitive damages, nor for any damages that are disproportionate to the compensatory damages alleged.

**THIRTIETH DEFENSE**

The Plaintiff's demand for a trial by jury is improper and should be stricken because the parties in interest waived their right to a trial by jury in their agreements.

**THIRTY-FIRST DEFENSE**

NM reserves the right to amend its pleadings and to assert additional or different defenses based upon information or evidence developed in discovery or otherwise.

**CONCLUSION**

WHEREFORE, NM respectfully requests judgment:

    (i)      Dismissing the Complaint and all claims therein with prejudice; and

    (ii)     Such other relief as the Court deems just.

Dated: New York, New York
       August 17, 2007

                            Respectfully submitted,

                              /s/D. Farrington Yates

                            Reid L. Ashinoff (RA-0281)
                            Gary Meyerhoff (GM-8267)
                            D. Farrington Yates (DY-8383)
                            Benito Delfin, Jr. (BD-1216)

                            Sonnenschein Nath & Rosenthal, LLP
                            1221 Avenue of the Americas
                            New York, New York  10020
                            (Tel).: (212) 768-6700
                            (Fax).: (212) 768-6800

                            *Attorneys for Defendants*
                            *The Northwestern Mutual Life*
                            *Insurance Co.*