UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OCEAN RIDGE CAPITAL ADVISORS, LLC, as
Litigation Trustee of THE MAS LITIGATION TRUST,

                                Plaintiff,

    -against-

07 Civ. 3213 (SAS)

METROPOLITAN LIFE INSURANCE COMPANY, THE
NORTH WESTERN MUTUAL LIFE INSURANCE
COMPANY, CAPITAL D'AMERIQUE CDPQ INC.,
CAISSE DE DEPOT ET PLACEMENT DU QUEBEC,
CSFB LP HOLDING. SKOOG FAMILY
INVESTMENTS, LLC, BANCAMERICA CAPITAL
INVESTORS II, L.P., WINDWARD/PARK AB III, L.L.C.,
WINDWARD CAPITAL PARTNERS L.P., WINDWARD
CAPITAL ASSOCIATES, L.P., SUEZ CAPITAL
PARTNERS II, L.P., INDOSUEZ CAPITAL CO-INVEST
PARTNERS, L.P., SCP II ASSOCIATES, CREDIT
SUISSE FIRST BOSTON (USA), INC., CREDIT SUISSE
FIRST BOSTON, GOLDMAN SACHS CREDIT
PARTNERS L.P., JEFFREY A. ANDERSON, JON F.
BAKER, JOSE R. GARCIA, ROBERT H. BARTON III,
H.H. WACASER, PETER S. MACDONALD, GARY
SWENSON, JOHN F. MAYPOLE, THOMAS GRAHAM,
DONALD A. MCKAY, HENRY A. NICKOL, JEFFREY
HODGMAN, A. KIPP KOESTER, CRAIG VAN ESS,
GURMINDER S. BEDI, THOMAS WALKER, JACK
SKOOG AND DEAN VANEK,

                                Defendants.

---

## SKOOG FAMILY INVESTMENTS, LLC'S
## AND JACK SKOOG'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COME Defendants, Skoog Family Investments, LLC ("SFI") and Jack Skoog
("Skoog"), by and through their counsel of record, and for their answer and affirmative defenses
to Plaintiffs' Complaint state as follows:

**NATURE OF THE ACTION**

1.      SFI and Skoog specifically deny that the Meridian Debtors[1] were insolvent "before and after [they] received the proceeds of" a financing package Meridian Automotive Systems, Inc. obtained in or around April, 2004 (the "2004 Refinancing"). SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and thus can neither admit nor deny the same.

2.      SFI and Skoog admit that certain of the Meridian Debtors supplied components to the automotive industry which were installed in certain vehicles. SFI and Skoog further admit that certain of the Meridian Debtors were incorporated under the laws of Michigan and headquartered in Dearborn, Michigan. SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and thus can neither admit nor deny the same.

3.      SFI and Skoog deny that the 2004 Refinancing "came at a high cost" to the Meridian Debtors insofar as Skoog and SFI were concerned. SFI and Skoog deny that the Meridian Debtors "paid more than $60 million of the proceeds from the 2004 Refinancing as a massive payout" to Skoog or SFI. SFI and Skoog deny that they exercised "control" over the board of any Meridian Debtor. SFI and Skoog deny that any proceeds paid to Skoog or SFI "rightfully should have been available to benefit all of" the Meridian Debtors' creditors. SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the

---

[1] As used herein, "Meridian Debtors" include all of the bankruptcy debtors, including Meridian Automotive Systems – Composites Operations, Inc., Meridian Automotive Systems, Inc., Meridian Automotive Systems – Construction, Inc., Meridian Automotive Systems – Detroit Operations, Inc., Meridian Automotive Systems – Heavy Truck Operations, Inc., Meridian Automotive Systems – Shreveport Operations, Inc., and Meridian Automotive Systems – Mexico Operations, LLC.

remaining allegations contained in Paragraph 3 and thus can neither admit nor deny the same. By way of further response, SFI and Skoog state that neither SFI nor Skoog attended the closing dinner referred to in Paragraph 3.

4.    SFI and Skoog deny the allegations contained in Paragraph 4.

5.    SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and thus can neither admit nor deny the same.  By way of further response, SFI and Skoog state that neither SFI nor Skoog attended the closing dinner referred to in Paragraph 5.

6.    SFI and Skoog admit that one or more of the Meridian Debtors filed a petition for bankruptcy protection on April 26, 2005.  Except as admitted, denied.

7.    SFI and Skoog deny the allegations contained in Paragraph 7.

## JURISDICTION AND VENUE

8.    Paragraph 8 contains legal conclusions for which no answer is required.  To the extent that a response is required, SFI and Skoog deny the allegations contained in Paragraph 8.

9.    Paragraph 9 contains legal conclusions for which no answer is required.  To the extent that a response is required, SFI and Skoog deny the allegations contained in Paragraph 9.

## THE PARTIES

### *The Plaintiff*

10.    SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and thus can neither admit nor deny the same.

11.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and thus can neither admit nor deny the same, and refer to the Litigation Trust Agreement and the Plan for their content, true intent and meaning.

12.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and thus can neither admit nor deny the same, and refer to the Litigation Trust Agreement and the Plan for their content, true intent and meaning.

### The Institutional Insider Defendants

13.     Paragraph 13 contains legal conclusions for which no answer is required.  To the extent that the allegations state or imply factual matters pertaining to SFI and Skoog, SFI and Skoog specifically deny that they were "insiders," deny that they controlled Meridian, deny that they received "preferences," deny that they caused Meridian to "transfer" money "in an effort to hinder, delay and defraud" the creditors of the Meridian Debtors.  To the extent that any further response is required, SFI and Skoog deny the remaining allegations contained in Paragraph 13.

14.     Paragraph 14 contains legal conclusions for which no answer is required.  To the extent that a response is required, SFI and Skoog deny the allegations contained in Paragraph 14.

15.     Paragraph 15 contains legal conclusions for which no answer is required.  As to the averments regarding MetLife's right to make appointments to the board, appointment of board observers and stock ownership, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 15.

16.     Paragraph 16 contains legal conclusions for which no answer is required.  As to the averments regarding Northwestern Mutual's right to make appointments to the board, appointment of board observers and stock ownership, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations in contained in Paragraph 16.

17.     Paragraph 17 contains legal conclusions for which no answer is required.  As to the averments regarding Caisse's right to make appointments to the board, appointment of board observers and stock ownership, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 17.

18.     SFI and Skoog admit that SFI is a Michigan limited liability company with its principal place of business at 111 Lyon Street, NW, Grand Rapids, Michigan 49503.  SFI and Skoog further admit that the Skoog Family Limited Partnership had the right to appoint a single director to Meridian Automotive System Inc.'s Board of Directors, and that the Skoog Family Limited Partnership appointed Mr. Craig Van Ess to serve on Meridian Automotive System Inc.'s Board of Directors.  SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegation that Van Ess was on the Board of Directors of Meridian Automotive Systems, Inc. at the actual time of the 2004 Refinancing.  Except as admitted, denied.

19.     Paragraph 19 contains legal conclusions for which no answer is required.  As to the averments regarding Windward/Park's right to make appointments to the board and appointment of board observers, SFI and Skoog are without knowledge or information sufficient

to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 19.

20.    Paragraph 20 contains legal conclusions for which no answer is required. As to the averments regarding CSFB Holding's right to make appointments to the board, appointment of board observers and stock ownership, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 20.

21.    Paragraph 21 contains legal conclusions for which no answer is required. As to the averments regarding BACI's right to make appointments to the board and appointment of board observers, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 21.

22.    Paragraph 22 contains legal conclusions for which no answer is required. As to the averments regarding WCP's right to make appointments to the board and appointment of board observers, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 22.

23.    Paragraph 23 contains legal conclusions for which no answer is required. As to the averments regarding Suez Capital's right to make appointments to the board, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 23.

24.     Paragraph 24 contains legal conclusions for which no answer is required.  As to the averments regarding WCA's right to make appointments to the board and appointment of board observers, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 24.

25.     Paragraph 25 contains legal conclusions for which no answer is required.  As to the averments regarding Indosuez's right to make appointments to the board and appointment of board observers, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 25.

26.     Paragraph 26 contains legal conclusions for which no answer is required.  As to the averments regarding SCP II's right to make appointments to the board, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 26.

27.     Paragraph 27 contains no factual averments for which an answer is required.  To the extent that the allegations state or imply factual matters, SFI and Skoog deny that SFI was an "Institutional Insider" as that term is used in relation to Skoog Family Investments LLC.

28.     SFI and Skoog specifically deny that SFI or Skoog were "insiders" and refer to the Shareholder Agreement and amendments for their content, true intent, and meaning.  To the extent that any further response is required, SFI and Skoog and deny the remaining allegations contained in Paragraph 28.

29.     SFI and Skoog specifically deny that SFI or Skoog were "insiders" and refer to the Shareholder Agreement and amendments for their content, true intent, and meaning.  To the extent that any further response is required, SFI and Skoog deny the remaining allegations contained in Paragraph 29.

30.     SFI and Skoog deny the allegations contained in Paragraph 30.

**The Director Defendants**

31.     Paragraph 31 contains legal conclusions for which no answer is required.  As to the averments regarding Maypole's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 31.

32.     Paragraph 32 contains legal conclusions for which no answer is required.  As to the averments regarding Hodgman's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 32.

33.     Paragraph 33 contains legal conclusions for which no answer is required.  As to the averments regarding Koester's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 33.

34.     Paragraph 34 contains legal conclusions for which no answer is required.  As to the averments regarding Swenson's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 34.

35.     Paragraph 35 contains legal conclusions for which no answer is required.  As to the averments regarding MacDonald's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 35.

36.     Paragraph 36 contains legal conclusions for which no answer is required.  As to the averments regarding Graham's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 36.

37.     Paragraph 37 contains legal conclusions for which no answer is required.  As to the averments regarding McKay's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 37.

38.     Paragraph 38 contains legal conclusions for which no answer is required.  As to the averments regarding Nickol's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither

admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 38.

39.     Paragraph 39 contains legal conclusions for which no answer is required.  To the extent that the allegations state or imply factual matters, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegation that Van Ess was a director of Meridian Automotive Systems, Inc. at the time of the 2004 Refinancing and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 39.

40.     Paragraph 40 contains legal conclusions for which no answer is required.  As to the averments regarding Bedi's address and director status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 40.

41.     Paragraph 41 contains legal conclusions for which no answer is required.  As to the averments regarding Walker's address and director status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 41.

42.     Paragraph 42 contains legal conclusions for which no answer is required.  As to the averments regarding Barton's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 42.

43.     Paragraph 43 contains legal conclusions for which no answer is required.  As to the averments regarding Wacaser's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 43.

44.     Paragraph 44 contains no factual averments for which an answer is required.  To the extent that the allegations state or imply factual matters, SFI and Skoog deny the allegations contained in Paragraph 44.

### *The Individual Insider Defendants*

45.     Paragraph 45 contains legal conclusions for which no answer is required.  As to the averments regarding Baker's address and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 45.

46.     Paragraph 46 contains legal conclusions for which no answer is required.  As to the averments regarding Garcia's address and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 46.

47.     Paragraph 47 contains legal conclusions for which no answer is required.  As to the averments regarding Anderson's address and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit

nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 47.

48.    Paragraph 48 contains legal conclusions for which no answer is required.  To the extent that the allegations state or imply factual matters, SFI and Skoog admit that Jack Skoog resides at 326 Seabreeze Dr., Marco Island, Florida 34145.  SFI and Skoog further admit that Van Ess served on Meridian Automotive Inc.'s Board of Directors beginning in or around February 2003.  SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegation that Van Ess was a director of Meridian Automotive Systems, Inc. at the time of the 2004 Refinancing and thus can neither admit nor deny the same.  Except as admitted, denied.

49.    Paragraph 49 contains legal conclusions for which no answer is required.  As to the averments regarding Vanek's address and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 49.

50.    Paragraph 50 contains no factual averments for which an answer is required.  To the extent that the allegations state or imply factual matters, SFI and Skoog deny that Skoog was an "Individual Insider Defendant" as that term is used in relation to Skoog.

*Arranger Defendants*

51.    SFI and Skoog deny the allegations contained in Paragraph 51.

52.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and thus can neither admit nor deny the same.

53.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and thus can neither admit nor deny the same.

54.     Paragraph 54 contains no factual averments for which an answer is required.  To the extent that the allegations state or imply factual matters, SFI and Skoog deny the allegations contained in Paragraph 54.

55.     SFI and Skoog admit that Jack Skoog founded American Bumper & Mfg. Co. SFI and Skoog further admit that a group of investors acquired an interest in that company on or about April 30, 1997.  SFI and Skoog further admit that on or about April 30, 1997, Meridian Automotive Systems, Inc. issued to the Skoog Family Limited Partnership a $15 million note (the "$15 M Note"), and refer to the $15 M Note for its content, true intent and meaning.  Except as admitted, denied.

56.     SFI and Skoog admit that Meridian Automotive Systems, Inc. acquired other automotive suppliers.  SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Meridian Automotive Systems, Inc.'s incurred debt and thus can neither admit nor deny the same.  Except as admitted, denied.

57.     Paragraph 57 contains legal conclusions for which no answer is required.  To the extent that Paragraph 57 contains allegations directed to SFI and Skoog, SFI and Skoog specifically deny that SFI or Skoog were "insiders" or "controlled" any Meridian Debtor and

13

deny the remaining allegations contained in Paragraph 57. To the extent that any further response is required, SFI and Skoog state the remaining allegations contained in Paragraph 57 do not pertain to SFI and Skoog and, therefore, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

58.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and thus can neither admit nor deny the same.

59.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the terms and conditions of the March 2001 refinancing and thus can neither admit nor deny the same, and refer to the March 2001 transactional documents for their content, true intent, and meaning.

60.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegation that Meridian raised $40,000,000 in "additional equity" and thus can neither admit nor deny the same, and refer to the Series B Notes for their content, true intent, and meaning.

61.     SFI and Skoog specifically deny that the $15 M Note is "equity" and refer to the $15 M Note, the Series A Notes and Series B Notes for their content, true intent, and meaning. To the extent that any further response is required, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegation that the $15 M Note, the Series A Notes and Series B Notes were referred to as "mezzanine debt" and thus can neither admit nor deny the same.

62.     Paragraph 62 contains legal conclusions for which no answer is required.  To the extent that any further response is required, SFI and Skoog deny that Meridian Automotive Systems, Inc. incurred any "prepayment penalty" whatsoever in connection with payment of the $15 M Note, and refer to the $15 M Note for its content, true intent, and meaning.  SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the 2004 Refinancing and thus can neither admit nor deny the same and refer to the 2004 Refinancing transactional documents for their content, true intent, and meaning.

63.     Paragraph 63 contains legal conclusions for which no answer is required.  To the extent that any further response is required, SFI and Skoog deny that the $15 M Note is "equity" and refer to the $15 M Note for its content, true intent, and meaning.  SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the 2004 Refinancing and thus can neither admit nor deny the same, and refer to the 2004 Refinancing transactional documents for their content, true intent, and meaning.  By way of further response, SFI and Skoog state that neither SFI nor Skoog attended the closing dinner referred to in Paragraph 63.

64.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the registration statement and thus can neither admit nor deny the same, and refer to the registration statement for its content, true intent, and meaning. To the extent that further answer is required, SFI and Skoog deny the remaining allegations contained in Paragraph 64.

65.     SFI and Skoog deny the allegations contained in Paragraph 65.

66.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and thus can neither admit nor deny the

same.  By way of further response, SFI and Skoog state that neither SFI nor Skoog attended the closing dinner referred to in Paragraph 66.

67.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the board minutes and thus can neither admit nor deny the same and refer to the board minutes for their content, true intent, and meaning.  To the extent that further answer is required, SFI and Skoog deny the remaining allegations contained in Paragraph 67.

68.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the McKinsey presentation and thus can neither admit nor deny the same, and refer to the McKinsey presentation for its content, true intent, and meaning.  To the extent that further answer is required, SFI and Skoog deny the remaining allegations contained in Paragraph 68.

69.     SFI and Skoog deny the allegations contained in Paragraph 69.

70.     SFI and Skoog specifically deny that they were told the Meridian Debtors were insolvent either in February or April 2004.  SFI and Skoog further deny that they attended any meetings concerning the Meridian Debtors in February or April 2004.  SFI and Skoog further deny that the Meridian Debtors' "insolvency was well known" by SFI and Skoog "before the 2004 Refinancing was completed."  As to the averments regarding the alleged representations made to other defendants, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that further answer is required, SFI and Skoog deny the remaining allegations contained in Paragraph 70.

71.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and thus can neither admit nor deny the same.

72.     SFI and Skoog deny the allegations contained in Paragraph 72.

73.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the letter and thus can neither admit nor deny the same, and refer to the letter for its content, true intent, and meaning.  To the extent that further answer is required, SFI and Skoog deny the remaining allegations contained in Paragraph 73.

74.     SFI and Skoog deny the allegations contained in Paragraph 74.

75.     To the extent the allegations contained in Paragraph 75 are directed to SFI and Skoog, SFI and Skoog deny the allegations contained in Paragraph 75.  To the extent that any further response is required,  SFI and Skoog state the remaining allegations contained in Paragraph 75 do not pertain to SFI and Skoog and, therefore, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

76.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and thus can neither admit nor deny the same.

77.     To the extent the allegations contained in Paragraph 77 are directed to SFI and Skoog, SFI and Skoog deny the allegations contained in Paragraph 77.  To the extent that any further response is required,  SFI and Skoog state the remaining allegations contained in Paragraph 77 do not pertain to SFI and Skoog and, therefore, SFI and Skoog are without

knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

78.     SFI and Skoog deny the allegations contained in Paragraph 78.

79.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Authorization Letter and thus can neither admit nor deny the same, and refer to the Authorization Letter for its content, true intent, and meaning.  To the extent that further answer is required, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 and thus can neither admit nor deny the same.

80.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and thus can neither admit nor deny the same.

81.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and thus can neither admit nor deny the same.

82.     SFI and Skoog deny the allegations contained in Paragraph 82.

83.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the 2004 Refinancing transactional documents and thus can neither admit nor deny the same, and refer to the 2004 Refinancing transactional documents for their content, true intent, and meaning.  To the extent that further answer is required, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 and thus can neither admit nor deny the same.

84.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and thus can neither admit nor deny the same.  By way of further response, SFI and Skoog state that neither SFI nor Skoog attended the closing dinner referred to in Paragraph 84.

85.     To the extent the allegations contained in Paragraph 85 are directed to SFI and Skoog, SFI and Skoog deny the allegations contained in Paragraph 85.  To the extent that Paragraph 85 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

86.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and thus can neither admit nor deny the same.

87.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and thus can neither admit nor deny the same.

88.     SFI and Skoog admit that on or about April 28, 2004, Meridian Automotive Systems, Inc. paid $6.7 million to SFI and also paid Skoog $175,000 in exchange for, among other consideration: (1) surrender of the amended and restated $15 M Note (which as of April 28, 2004 had a value of $23,092,452.45); (2) forfeiture of the right to have a nominee serve on the board of directors of Meridian Automotive Systems, Inc.; and (3) the execution of  a General Release.  Except as admitted, denied.

89.    SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and thus can neither admit nor deny the same.

90.    SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and thus can neither admit nor deny the same.

91.    SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and thus can neither admit nor deny the same.

92.    SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and thus can neither admit nor deny the same.

93.    SFI and Skoog admit that on or about April 28, 2004, Meridian Automotive Systems, Inc. paid $6.7 million to SFI and also paid Skoog $175,0000 in exchange for, among other consideration: (1) surrender of the amended and restated $15 M Note (which as of April 28, 2004 had a value of $23,092,452.45); (2) forfeiture of the right to have a nominee serve on the board of directors of Meridian Automotive Systems, Inc.; and (3) the execution of a General Release. To the extent that Paragraph 93 contains additional allegations directed to SFI and Skoog, they are denied. By way of further response, SFI and Skoog state to the extent Paragraph 93 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

94.     SFI and Skoog admit that on or about April 28, 2004, Meridian Automotive Systems, Inc. paid $6.7 million to SFI and also paid Skoog $175,0000 in exchange for, among other consideration: (1) surrender of the amended and restated $15 M Note (which as of April 28, 2004 had a value of $23,092,452.45); (2) forfeiture of the right to have a nominee serve on the board of directors of Meridian Automotive Systems, Inc.; and (3) the execution of a General Release.  To the extent that Paragraph 94 contains additional allegations directed to SFI and Skoog, they are denied.  By way of further response, SFI and Skoog state to the extent Paragraph 94 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

95.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and thus can neither admit nor deny the same.

96.     SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and thus can neither admit nor deny the same.

## CAUSES OF ACTION

### First Claim for Relief
### Unlawful Distribution In Violation Of Mich. Comp. Law § 450.1345
(Against Defendants MetLife, Northwestern Mutual, Caisse, Skoog, Windward/Park. CSFB Holding, BACI, Suez Capital, WCA, Indosuez, SCP II, Baker, Wacaser, Garcia, Anderson and Barton)

97.     SFI and Skoog reallege and incorporate by reference their answers to Paragraphs 1 through 96 as though fully set forth herein.

98.     SFI and Skoog deny the allegations contained in Paragraph 98.

99.    SFI and Skoog deny the allegations contained in Paragraph 99.

100.    To the extent the allegations contained in Paragraph 100 are directed to SFI and Skoog, SFI and Skoog deny that they owned shares of the Meridian Debtors on April 28, 2004. To the extent Paragraph 100 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

101.    To the extent the allegations contained in Paragraph 101 are directed to SFI and Skoog, they are denied.  To the extent Paragraph 101 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

102.    SFI and Skoog deny the allegations contained in Paragraph 102.

103.    SFI and Skoog deny the allegations contained in Paragraph 103.

### Second Claim for Relief
Breach of Fiduciary Duty of Loyalty
(Against Director Defendants and Defendant Vanek)

104-114.    The allegations of these Paragraphs are not directed to SFI and Skoog and, therefore, no response is required.

### Third Claim for Relief
### Aiding and Abetting Breaches of Fiduciary Duties
(Against the Institutional Insider Defendants and the Arranger Defendants)

115.    SFI and Skoog reallege and incorporate by reference their answers to paragraphs 1 through 114 as though fully set forth herein.

116.    To the extent the allegations contained in Paragraph 116 are directed to SFI and Skoog, they are denied.  To the extent Paragraph 116 contains additional allegations that do not

pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

117.    To the extent the allegations contained in Paragraph 117 are directed to SFI and Skoog, they are denied.  To the extent Paragraph 117 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

118.    To the extent the allegations contained in Paragraph 118 are directed to SFI and Skoog, they are denied.  To the extent Paragraph 118 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

119.    To the extent the allegations contained in Paragraph 119 are directed to SFI and Skoog, they are denied.  To the extent Paragraph 119 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

120.    To the extent the allegations contained in Paragraph 120 are directed to SFI and Skoog, they are denied.  To the extent Paragraph 120 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

121.    Paragraph 121 contains legal conclusions for which no answer is required.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 121.

122.    Paragraph 122 contains legal conclusions for which no answer is required.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 122.

123.    Paragraph 123 contains legal conclusions for which no answer is required.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 123.

### Fourth Claim for Relief
### Civil Conspiracy to Commit Breaches of Fiduciary Duties
(Against all the Defendants)

124.    SFI and Skoog reallege and incorporate by reference their answers to Paragraphs 1 through 123 as though fully set forth herein.

125.    Paragraph 125 contains legal conclusions for which no answer is required.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 125.

126.    SFI and Skoog deny the allegations contained in Paragraph 126.

127.    SFI and Skoog specifically deny that SFI or Skoog were "insiders" and refer to the Shareholder Agreement and amendments for their content, true intent, and meaning.  To the extent that any further response is required, SFI and Skoog deny the remaining allegations contained in Paragraph 127.

128.    SFI and Skoog deny the allegations contained in Paragraph 128.

129.    SFI and Skoog deny the allegations contained in Paragraph 129.

130.    Paragraph 130 contains legal conclusions for which no answer is required.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 130.

131.    SFI and Skoog deny the allegations contained in Paragraph 131.

**Fifth Claim for Relief**
**Gross Negligence**
(Against all the Defendants)

132.    SFI and Skoog reallege and incorporate by reference their answers to Paragraphs 1 through 131 as though fully set forth herein.

133.    Paragraph 133 contains legal conclusions for which no answer is required.  To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 133.

134.    Paragraph 134 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 134.

135.    SFI and Skoog deny the allegations contained in Paragraph 135.

**Sixth Claim for Relief**
**Preferential Transfers: 11 U.S.C. §§547 and §544**
(Against the Institutional Insider Defendants, Individual Insider Defendants, and Director Defendants)

136.    SFI and Skoog reallege and incorporate by reference their answers to paragraphs 1 through 135 as though fully set forth herein.

137.    Paragraph 137 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 137.

138.    SFI and Skoog admit that on or about April 28, 2004, Meridian Automotive Systems, Inc. paid $6.7 million to SFI and also paid Skoog $175,0000 in exchange for, among other consideration: (1) surrender of the amended and restated $15 M Note (which as of April 28, 2004 had a value of $23,092,452.45); (2) forfeiture of the right to have a nominee serve on the board of directors of Meridian Automotive Systems, Inc.; and (3) the execution of a General Release.  To the extent that Paragraph 138 contains additional allegations directed to SFI and Skoog, they are denied.  By way of further response, SFI and Skoog state to the extent Paragraph 138 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

139.    Paragraph 139 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 139.

140.    Paragraph 140 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 140.

141.    Paragraph 141 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog admit that on or about April 28, 2004, Meridian Automotive Systems, Inc. paid $6.7 million to SFI and also paid Skoog $175,0000 in exchange for, among other consideration: (1) surrender of the amended and restated $15 M Note (which as of April 28, 2004 had a value of $23,092,452.45); (2) forfeiture of the right to have a nominee serve on the board of directors of Meridian Automotive Systems, Inc.; and (3) the execution of a General Release.  To the extent that Paragraph 141 contains additional allegations directed to SFI and Skoog, they are denied.  By way of further response, SFI and Skoog state to the extent Paragraph 141 contains additional allegations that do not pertain to SFI and Skoog, SFI and

Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

142.     Paragraph 142 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 142.

143.     To the extent that Paragraph 143 contains allegations directed to SFI and Skoog, they are denied.  To the extent Paragraph 143 contains allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

144.     SFI and Skoog deny the allegations contained in Paragraph 144.

145.     To the extent that Paragraph 145 contains allegations directed to SFI and Skoog, they are denied.  To the extent Paragraph 145 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

### Seventh Claim for Relief
**Intentional Fraudulent Transfers: 11 U.S.C. §~ 548 and 544**
(Against Defendants MetLife, Northwestern Mutual, Caisse, Skoog, Windward/Park, CSFB
Holding, BACI, Suez Capital, WCA, Indosuez, SCP II, Baker, Wacaser, Garcia, Anderson,
Barton, CSFB and Goldman Sachs)

146.     SFI and Skoog reallege and incorporate by reference their answers to Paragraphs 1 through 145 as though fully set forth herein.

147.     Paragraph 147 states a legal conclusion to which no response is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 147.

148.     SFI and Skoog deny the allegations contained in Paragraph 148.

149.    Paragraph 149 states a legal conclusion to which no response is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 149.

150.    Paragraph 150 states a legal conclusion to which no response is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 150.

151.    To the extent that Paragraph 151 contains allegations directed to SFI and Skoog, they are denied.  To the extent Paragraph 151 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

152.    SFI and Skoog deny the allegations contained in Paragraph 152.

153.    SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and thus can neither admit nor deny the same.

154.    Paragraph 154 states a legal conclusion to which no response is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 154.

155.    Paragraph 155 states a legal conclusion to which no response is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 155.

156.    Paragraph 156 states a legal conclusion to which no response is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 156.

**Eighth Claim for Relief**
Constructive Fraudulent Transfers: 11 U.S.C. §~ 548 and 544
(Against All Defendants)

157.    SFI and Skoog reallege and incorporate by reference their answers to Paragraphs 1 through 156 as though fully set forth herein.

158.    Paragraph 158 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 158.

159.    Paragraph 159 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 159.

160.    Paragraph 160 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 160.

161.    Paragraph 161 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 161.

162.    Paragraph 162 states a legal conclusion to which no answer is required.  To the extent answer is required, SFI and Skoog deny the allegations contained in Paragraph 162.  To the extent Paragraph 162 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

163.    Paragraph 163 states a legal conclusion to which no answer is required.  To the extent answer is required, SFI and Skoog deny the allegations contained in Paragraph 163.  To the extent Paragraph 163 contains additional allegations that do not pertain to SFI and Skoog, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

164.    SFI and Skoog deny the allegations contained in Paragraph 164.

165.    SFI and Skoog deny the allegations contained in Paragraph 165.

166.    Paragraph 166 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 166.

167.    Paragraph 167 states a legal conclusion to which no response is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 167.

168.    Paragraph 168 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 168.

**Ninth Claim for Relief**
**Turnover of Avoided Transfers: 11 U.S.C. * 550**
(Against All Defendants)

169.    SFI and Skoog reallege and incorporate by reference their answers to Paragraphs 1 through 168 as though fully set forth herein.

170.    Paragraph 170 states a legal conclusion to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 170.

**Tenth Claim for Relief**
**Attorney Fees**
(Against All Defendants)

171.    SFI and Skoog reallege and incorporate by reference their answers to Paragraphs 1 through 170 as though fully set forth herein.

172.    Paragraph 172 contains legal conclusions to which no answer is required.  To the extent an answer is required, SFI and Skoog deny the allegations contained in Paragraph 172.

WHEREFORE, Defendants, Jack Skoog and Skoog Family Investments, LLC, respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, or alternatively, enter judgment of no cause of action in favor of Defendants and against Plaintiff, and award all such other relief to which Defendants may be entitled.

**<u>GENERAL DENIAL</u>**

SFI and Skoog deny all allegations and inferences of the Complaint except those that are

expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

The Affirmative Defenses of SFI and Skoog to Plaintiff's Complaint are set forth below. By setting forth the following allegations and defenses, SFI and Skoog do not assume the burden of proof on matters and issues other than those on which SFI and Skoog have the burden of proof as a matter of law.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint does not plead fraud or conspiracy with the requisite particularity required by the rules of procedure applicable here.

## THIRD DEFENSE

This action is barred, in whole or in part, because Plaintiff lacks standing.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Wagoner* or "*in pari delicto*" doctrines.

## FIFTH DEFENSE

Plaintiff's claims may be barred by the statute of limitations or other limitations, including those contained in 11 U.S.C. § 547.

## SIXTH DEFENSE

SFI and Skoog did not violate Mich. Comp. Law § 450.1345 because Meridian Automotive Systems, Inc. (MAS) retained the ability to pay its debts as debts became due in the usual course of business after giving effect to the 2004 Refinancing.

## SEVENTH DEFENSE

SFI and Skoog did not violate Mich. Comp. Law § 450.1345 because the assets of MAS exceeded the sum of its total liabilities plus the amount that would be needed, if the company were dissolved at the time of the payments in connection with the 2004 Refinancing, to satisfy any preferential rights upon dissolution.

## EIGHTH DEFENSE

SFI and Skoog did not violate Mich. Comp. Law § 450.1345 because the payments to SFI and Skoog were not prohibited under Mich. Comp. Law § 450.1345(3) as provided in § 450.1345(4).

## NINTH DEFENSE

The Meridian Debtors released and/or waived the claims Plaintiff now purports to assert against SFI and Skoog, and those claims are otherwise barred by the terms of the April 28, 2004 "General Release."

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

SFI and Skoog were creditors of MAS and, therefore, did not owe it any fiduciary duties.

## TWELFTH DEFENSE

SFI and Skoog did not knowingly induce, substantially assist, or participate in any breach of fiduciary duty.

## THIRTEENTH DEFENSE

SFI and Skoog cannot be found to have aided and abetted any breach of fiduciary duties because there was no underlying breach of fiduciary duty by MAS's directors.

## FOURTEENTH DEFENSE

SFI and Skoog cannot be found to have aided and abetted any breach of fiduciary duties because MAS's directors authorized it to enter into the 2004 Refinancing in accordance with their business judgment and, therefore, there was no underlying breach of fiduciary duty.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## SIXTEENTH DEFENSE

SFI and Skoog cannot be found to have committed conspiracy to commit breaches of fiduciary duties because there was no underlying breach of fiduciary duty by MAS's directors.

## SEVENTEENTH DEFENSE

Plaintiff has no claim for gross negligence because SFI and Skoog owed no duty to Plaintiff.

## EIGHTEENTH DEFENSE

SFI and Skoog did not receive any preferential transfers pursuant to 11 U.S.C. § 547 because SFI and Skoog are not insiders pursuant to 11 U.S.C. § 101(A)(31) and the transfers by MAS to SFI and Skoog did not occur on or within 90 days before the date of the filing of the bankruptcy petition by the Meridian Debtors.

## NINETEENTH DEFENSE

SFI and Skoog did not receive any preferential transfers pursuant to 11 U.S.C. § 547 because the transfers from MAS to SFI and Skoog were intended by MAS and SFI and Skoog to be, and were in fact, contemporaneous exchanges for new value given to MAS.

## TWENTIETH DEFENSE

MAS's transfers to SFI and Skoog occurred in the ordinary course of business, in order to pay debts incurred in the ordinary course of business, according to ordinary business terms.

## TWENTY-FIRST DEFENSE

MAS was not insolvent at the time of the alleged transfers or transactions.

## TWENTY-SECOND DEFENSE

SFI and Skoog did no receive any preferential transfers pursuant to 11 U.S.C. § 547 because the alleged preferential transfers were not an interest of MAS in property because such transfers originated from funds that were earmarked for SFI and Skoog under the 2004 Refinancing.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by MAS's corporate governance documents, including the Articles of Incorporation.

## TWENTY-FOURTH DEFENSE

SFI and Skoog did not receive fraudulent transfers pursuant to 11 U.S.C. § 548, Mich. Comp. Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because MAS received reasonably equivalent value, whether measured by its satisfaction of debt, receipt of more favorable credit terms, and extension of maturities in exchange for the transfers to SFI and Skoog, or otherwise.

### TWENTY-FIFTH DEFENSE

SFI and Skoog did not receive fraudulent transfers pursuant to 11 U.S.C. § 548, Mich. Comp. Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because MAS was not insolvent either prior to or immediately after the 2004 Refinancing.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred for failure to join necessary parties.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred because one or more of them were discharged in bankruptcy.

### TWENTY-EIGHTH DEFENSE

MAS's transfers to SFI and Skoog in connection with the 2004 Refinancing were in good faith and were fair and equitable.

### TWENTY-NINTH DEFENSE

The payments to SFI and Skoog in connection with the 2004 Refinancing were not property of Meridian pursuant to 11 U.S.C. § 550.

### THIRTIETH DEFENSE

Plaintiff has no valid claim for attorneys' fees.

### THIRTY-FIRST DEFENSE

Plaintiff has no valid claim for exemplary or punitive damages, nor for any damages that are disproportionate to the compensatory damages alleged.

### RESERVATION OF RIGHTS

SFI and Skoog expressly reserve the right to assert additional defenses and/or counterclaims as they become known.

Dated: August 17, 2007
      New York, New York

LATHAM & WATKINS LLP

By:

<u>/s/ Sheri Hametz</u>
Sheri Hametz (SH-4665)
885 Third Avenue
New York, NY 10022-4834
Phone: 212-906-1200
Fax: 212-751-4864

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP

Ronald G. DeWaard (P44117)
Aaron M. Phelps (P64790)
Bridgewater Place,  P.O. Box 352
Grand Rapids, MI 49501-0352
Phone: 616-336-6000
Fax:  616-336-7000

*Attorneys for Skoog Family Investments, LLC and Jack Skoog*