Steven I. Levin (SL 0217)
David J. Nathan (DN 7132)
Rosemary B. Boller (RB 6876)
Levin & Glasser, P.C.
420 Lexington Avenue, Suite 805
New York, NY 10170

Attorneys for Defendants Windward/Park AB III, LLC,
Windward Capital Partners, L.P., and
Windward Capital Associates, L.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

OCEAN RIDGE CAPITAL ADVISORS, LLC,            :
as Litigation Trustee of THE MAS LITIGATION    :       Case No. 07-CV-3213 (SAS)
TRUST,                                          :
                                                :
                                                :       **ECF CASE**
                          Plaintiff,            :
                                                :       ANSWER AND DEFENSES
              - against -                       :       OF THE WINDWARD
                                                :       DEFENDANTS
                                                :
METROPOLITAN LIFE INSURANCE                     :
COMPANY, *et. Al*                               :
                          Defendants.           :
-------------------------------------------------------------x

Defendants Windward/Park AB III, LLC, Windward Capital Partners, L.P., and

Windward Capital Associates, L.P. (the "Windward Defendants") for their answer to Plaintiff's

Complaint, respond as follows:

1.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1 of the Complaint, except admit that in or about April 2004 there was a

financial closing (the "2004 Refinancing") involving Meridian Automotive Systems

("Meridian") and refer to the 2004 Refinancing documents for their terms and import, and deny that Meridian was insolvent.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, except admit that Meridian was a supplier of certain car components, was incorporated under the laws of Michigan, had offices in Michigan, and had manufacturing locations throughout the United States including New York, and in Canada and Mexico and supplied products to many automobile manufacturers which were installed in many vehicles.

3.     Deny the allegations of paragraph 3 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint insofar as they relate to persons or entities other than the Windward Defendants, except admit that Meridian paid certain fees and certain proceeds from the 2004 Refinancing.

4.     Deny the allegations in paragraph 4 of the Complaint.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.     Deny the allegations of paragraph 6 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint insofar as they relate to persons or entities other than the Windward Defendants, except deny that Meridian was insolvent and admit, upon information and belief, that on or about April 26, 2005 Meridian filed for bankruptcy protection.

7.     Deny the allegations of paragraph 7 insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

8.     Deny the allegations in paragraph 8 of the Complaint, except admit that Plaintiff purports to premise the subject matter jurisdiction of the Court on the statutory provisions cited therein.

9.     Deny the allegations of paragraph 9 of the Complaint except admit that Plaintiff purports to assert venue for this action on the statutory provisions cited therein.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, except admit, upon information and belief, that a bankruptcy plan was confirmed on or about December 6, 2006.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and refer to the Litigation Trust Agreement and the Plan for their content, true intent, and meaning.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and refer to the Plan for its content, true intent, and meaning.

13.    Deny the allegations of paragraph 13 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint insofar as they relate to persons or entities other than the Windward Defendants, except admit that pursuant to the 2004

Refinancing, Meridian repaid a portion of the debt held by certain defendants, and refer to the transaction documents for their terms and content.

14. Deny the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

16. Deny the allegations in paragraph 16 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

17. Deny the allegations in paragraph 17 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

18. Deny the allegations in paragraph 18 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

19.     Deny the allegations in paragraph 19 of the Complaint, except admit that Windward/Park is a Delaware limited liability company with offices located at 5 Penn Plaza, New York, New York, that Adam Gruber and Scott Spielvogel attended certain Meridian board meetings, that Gary Swenson and Peter Macdonald served for a period of time as members of Meridian's board of directors, and that Windward/Park had certain rights under the Meridian Shareholders Agreement and/or its amendments, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

20.     Deny the allegations in paragraph 20 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

21.     Deny the allegations in paragraph 21 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

22.     Deny the allegations in paragraph 22 of the Complaint, except admit that WCP is a Delaware limited liability partnership with offices located at 5 Penn Plaza, New York, New York, that Adam Gruber and Scott Spielvogel attended certain Meridian board meetings, and that Gary Swenson and Peter Macdonald served for a period of time as members of Meridian's board of directors, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

23.    Deny the allegations in paragraph 23 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

24.    Deny the allegations of paragraph 24 of the Complaint, except admit that WCA is a Delaware limited liability partnership, that Adam Gruber and Scott Spielvogel attended certain Meridian board meetings, and that Gary Swenson and Peter Macdonald served for a period of time as members of Meridian's board of directors, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

25.    Deny the allegations in paragraph 25 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the allegations in paragraph 25 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

26.    Deny the allegations in paragraph 26 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the 2004 Refinancing documents and the Meridian shareholder agreements for their terms and content.

27.    Deny the allegations in paragraph 27 of the Complaint, except admit that Plaintiff purports to define certain defendants as the "Institutional Insider Defendants."

28.    Deny the allegations in paragraph 28 of the Complaint, except admit that certain defendants were parties to the Meridian Shareholders Agreement entered into in 1997, as amended from time to time, and refer to such documents for their terms, content, and an accurate description of the rights of the parties to the Shareholders Agreement.

29.    Deny the allegations in paragraph 29 of the Complaint, except admit that certain defendants were parties to the Meridian Shareholders Agreement entered into in 1997, as amended from time to time, and refer to such documents for their terms, content, and an accurate description of the rights of the parties to the Shareholders Agreement.

30.    Deny the allegations in paragraph 30 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the Shareholders Agreement for its terms, content, and an accurate description of the rights of the parties to the Shareholders Agreement.

31.    Deny the allegations in paragraph 31 insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that defendant John F. Maypole was an investor in Windward Capital Associates, an entity affiliated with WCP.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     Deny the allegations in paragraph 34 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that at the time of the 2004 Refinancing, defendant Gary Swenson was an officer of one or more of the Windward Defendants and a director of Meridian.

35.     Deny the allegations in paragraph 35 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that at the time of the 2004 Refinancing, defendant Peter Macdonald was a director of Meridian, but deny current information and belief as to his title or position with respect to the Windward Defendants at the time of the 2004 Refinancing.

36.     Deny the allegations in paragraph 36 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that defendant Thomas Graham was an investor in Windward Capital Associates, an entity affiliated with WCP.

37.     Deny the allegations in paragraph 37 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

38.     Deny the allegations in paragraph 38 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that defendant Henry A. Nickol was an investor in Windward Capital Associates, an entity affiliated with WCP.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Deny the allegations in paragraph 42 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     Deny the allegations in paragraph 44 of the Complaint, except admit that Plaintiff purports to define certain defendants as the "Director Defendants."

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49.     Deny the allegations in paragraph 49 insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admits that defendant Dean Vanek was at a certain time a limited partner in Windward Capital Associates.

50.     Deny the allegations in paragraph 50 of the Complaint, except admit that Plaintiff purports to define certain defendants as the "Individual Insider Defendants."

51.     Deny the allegations in paragraph 51 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54.     Deny the allegations in paragraph 54 of the Complaint, except admit that Plaintiff purports to define certain defendants as the "Arranger Defendants."

55.     Deny the allegations in paragraph 55 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 55 insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that in or about 1997 certain investors acquired approximately 74 percent of the outstanding stock of American Bumper & Mfg. Co., and that the company became known as Meridian, and refer to the documents evidencing these transactions for their true intent, terms and import.

56.    Deny the allegations in paragraph 56 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that from time to time Meridian borrowed certain monies, issued certain unsecured notes, issued stock and made certain acquisitions, and refer to the documents evidencing those transactions for their true intent, terms and import.

57.    Deny the allegations in paragraph 57 of the Complaint insofar as they purport to relate to the Windward Defendants,  deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that certain defendants had certain rights involving the appointment of directors and the appointment of board observers, and refer to the Shareholder Agreement and its amendments for their terms, content, and an accurate description of the rights conferred therein.

58.    Deny the allegations in paragraph 58 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that Bank of America and

Meridian entered into certain credit agreements and amendments thereto, and refer to such documents for their terms and content.

59.    Deny the allegations in paragraph 59 of the Complaint, except admit that in or about March 2001, Meridian reissued or exchanged certain notes denominated as "Series A1" and "Series A2", and refer to the notes for their amounts, terms and import.

60.    Deny the allegations in paragraph 60 of the Complaint, except admit that at a certain time, Meridian issued certain notes denominated as "Series B1" and "Series B2", and refer to the notes for their amounts, terms and import.

61.    Deny the allegations in paragraph 61 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the notes for their amounts, terms and import.

62.    Deny the allegations in paragraph 62 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the notes for their amounts, terms and import.

63.    Deny the allegations in paragraph 63 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the  allegations in paragraph 63 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that certain of the debt

instruments that Meridian had issued to investors reflected a maturity date of 2007, and refer to the debt instruments for their terms, conditions, amount, and import.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint, except admit that Meridian filed registration papers and a withdrawal of such on or about August 20, 2002 and February 25, 2003, respectively, and refer to those documents for their content, true intent, and import.

65.     Deny the allegations in paragraph 65 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

66.     Deny the allegations in paragraph 66 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

67.     Deny the allegations in paragraph 67 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that the board approved the retention of McKinsey & Co., a consulting firm, to analyze the business of and strategic options for Meridian, and refer to the referenced Meridian Board Meeting minutes for their true and accurate content.

68.     Deny the allegations in paragraph 68 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 68 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that McKinsey reported to the Steering Committee in 2004, and refer to the McKinsey presentation materials for their true content.

69.    Deny the allegations in paragraph 69 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

70.    Deny the allegations in paragraph 70 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

71.    Deny the allegations in paragraph 71 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

72.    Deny the allegations in paragraph 72 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

73.    Deny the allegations in paragraph 73 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 73 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

74.    Deny the allegations in paragraph 74 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

75.    Deny the allegations in paragraph 75 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that defendants Gary Swenson and Peter Macdonald served for a certain period of time as members of the Meridian Board of Directors.

76.    Deny the allegations in paragraph 76 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

77.    Deny the allegations in paragraph 77 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

78.    Deny the allegations in paragraph 78 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 78 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

79.     Deny the allegations in paragraph 79 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the documents referenced in the Complaint for their true contents.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.     Deny the allegations in paragraph 81 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that on occasion Meridian's former Chief Financial Officer discussed his communications with Meridian's prospective lenders.

82.     Deny the allegations in paragraph 82 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, and refer to the refinancing documents for their terms and content.

83.     Deny the allegations in paragraph 83 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint insofar as they

purport to relate to persons or entities other than the Windward Defendants, except admit that the 2004 Refinancing involved several documents, and refer to such documents for their terms and content, and the identification of the parties to such agreements.

84.     Deny the allegations in paragraph 84 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

85.     Deny the allegations in paragraph 85 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that the 2004 Refinancing occurred in or about April 2004 and refer to the refinancing documents for their terms, content, true intent, meaning and import.

86.     Deny the allegations in paragraph 86 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

87.     Deny the allegations in paragraph 87 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that in or about April 2004, Meridian paid Windward/Park and WCA a portion of the debt held by them,

and refer to the refinancing and related documents for the terms, content, and amounts of such transactions.

88.    Deny the allegations in paragraph 88 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except deny that Meridian received little to no net value in return for its payment or that Meridian was harmed by any monies that it paid, and refer to the refinancing and related documents for the terms, content, and amounts of such transactions.

89.    Deny the allegations in paragraph 89 of the Complaint, except admit that in or about April 2004, Meridian paid WCP approximately $580,228.21, a portion of the amount owed by Meridian for management services.

90.    Deny the allegations in paragraph 90 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except deny that Meridian received little to no net value in return for its payment or that Meridian was harmed by any monies that it paid, and refer to the refinancing and related documents for the terms, content, and amounts of such transactions.

91.    Deny the allegations in paragraph 91 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants, except deny that

Meridian received little to no net value in return for its payment or that Meridian was harmed by any monies that it paid, and refer to the refinancing and related documents for the terms, content, and amounts of such transactions.

92.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.    The allegations contained in paragraph 94 of the Complaint consist of legal argument and conclusions to which the Windward Defendants need not respond.  To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.    The allegations contained in paragraph 95 of the Complaint consist of legal argument and conclusions to which the Windward Defendants need not respond.  To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.

96.    The allegations contained in paragraph 96 of the Complaint consist of legal argument and conclusions to which the Windward Defendants need not respond.  To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

<u>AS TO THE FIRST CLAIM FOR RELIEF</u>

97.    Repeat and incorporate their responses to paragraphs 1 through 96 of the Complaint herein as if set forth at length herein.

98.    Deny the allegations in paragraph 98 of the Complaint.

99.    Deny the allegations in paragraph 99 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.    Deny the allegations in paragraph 101 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint insofar as they purport to relate to persons or entities other than the Windward.

102.    Deny the allegations in paragraph 102 of the Complaint.

103.    Deny the allegations in paragraph 103 of the Complaint.

### AS TO THE SECOND CLAIM FOR RELIEF

104.    Repeat and incorporate their responses to paragraphs 1 through 103 of the Complaint herein as if set forth at length herein.

105.    The allegations contained in paragraph 105 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond.  To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.    The allegations contained in paragraph 106 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond.  To the extent that a response is required, the

Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107.    The allegations contained in paragraph 107 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond.  To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108.    The allegations contained in paragraph 108 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond.  To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.    The allegations contained in paragraph 109 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond.  To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

110.    The allegations contained in paragraph 110 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond.  To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint.

111.    The allegations contained in paragraph 111 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond. To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint.

112.    The allegations contained in paragraph 112 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond. To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.

113.    The allegations contained in paragraph 113 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond. To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.

114.    The allegations contained in paragraph 114 of the Complaint consist of legal argument and conclusions directed to persons or entities other than the Windward Defendants, to which the Windward Defendants need not respond. To the extent that a response is required, the Windward Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint.

<u>AS TO THE THIRD CLAIM FOR RELIEF</u>

115.    Repeat and incorporate their responses to paragraphs 1 through 114 of the Complaint herein as if set forth at length herein.

116.    The allegations contained in paragraph 116 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 116 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 insofar as they purport to relate to persons or entities other than the Windward Defendants.

117.    The allegations contained in paragraph 117 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 117 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 insofar as they purport to relate to persons or entities other than the Windward Defendants.

118.    The allegations contained in paragraph 118 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 118 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 insofar as they purport to relate to persons or entities other than the Windward Defendants.

119.    The allegations contained in paragraph 119 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 119 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 119 insofar as they purport to relate to persons or entities other than the Windward Defendants.

120.    The allegations contained in paragraph 120 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 120 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 insofar as they purport to relate to persons or entities other than the Windward Defendants.

121.    The allegations contained in paragraph 121 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 121 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 insofar as they purport to relate to persons or entities other than the Windward Defendants.

122.    The allegations contained in paragraph 122 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 122 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 insofar as they purport to relate to persons or entities other than the Windward Defendants.

123.    The allegations contained in paragraph 123 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 123 of the Complaint insofar as they

purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 insofar as they purport to relate to persons or entities other than the Windward Defendants.

AS TO THE FOURTH CLAIM FOR RELIEF

124.    Repeat and incorporate their responses to paragraphs 1 through 123 of the Complaint herein as if set forth at length herein.

125.    The allegations contained in paragraph 125 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 125 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 insofar as they purport to relate to persons or entities other than the Windward Defendants.

126.    The allegations contained in paragraph 126 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 126 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 insofar as they purport to relate to persons or entities other than the Windward Defendants.

127.    The allegations contained in paragraph 127 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 127 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 127 insofar as they purport to relate to persons or entities other than the Windward Defendants.

128.    The allegations contained in paragraph 128 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 128 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 insofar as they purport to relate to persons or entities other than the Windward Defendants.

129.    The allegations contained in paragraph 129 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 129 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 insofar as they purport to relate to persons or entities other than the Windward Defendants.

130.    The allegations contained in paragraph 130 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 130 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 insofar as they purport to relate to persons or entities other than the Windward Defendants.

131.    The allegations contained in paragraph 131 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 131 of the Complaint insofar as they

purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 insofar as they purport to relate to persons or entities other than the Windward Defendants.

AS TO THE FIFTH CLAIM FOR RELIEF

132.    Repeat and incorporate their responses to paragraphs 1 through 131 of the Complaint herein as if set forth at length herein.

133.    The allegations contained in paragraph 133 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond. To the extent that a response is required deny the allegations in paragraph 133 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 insofar as they purport to relate to persons or entities other than the Windward Defendants.

134.    The allegations contained in paragraph 134 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond. To the extent that a response is required deny the allegations in paragraph 134 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 insofar as they purport to relate to persons or entities other than the Windward Defendants.

135.    The allegations contained in paragraph 135 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond. To the extent that a response is required deny the allegations in paragraph 135 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 135 insofar as they purport to relate to persons or entities other than the Windward Defendants.

<u>AS TO THE SIXTH CLAIM FOR RELIEF</u>

136.    Repeat and incorporate their responses to paragraphs 1 through 135 of the Complaint herein as if set forth at length herein.

137.    The allegations contained in paragraph 137 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 137 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 insofar as they purport to relate to persons or entities other than the Windward Defendants.

138.    The allegations contained in paragraph 138 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 138 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 insofar as they purport to relate to persons or entities other than the Windward Defendants.

139.    The allegations contained in paragraph 139 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 139 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 insofar as they purport to relate to persons or entities other than the Windward Defendants.

140.    The allegations contained in paragraph 140 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 140 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 insofar as they purport to relate to persons or entities other than the Windward Defendants.

141.    The allegations contained in paragraph 141 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 141 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 insofar as they purport to relate to persons or entities other than the Windward Defendants, except admit that Meridian commenced bankruptcy proceedings on or about April 26, 2005.

142.    The allegations contained in paragraph 142 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 142 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 insofar as they purport to relate to persons or entities other than the Windward Defendants.

143.    Deny the allegations in paragraph 143 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint insofar as they purport to relate to persons or entities other than the Windward Defendants.

144.    The allegations contained in paragraph 144 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 144 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 insofar as they purport to relate to persons or entities other than the Windward Defendants.

145.    The allegations contained in paragraph 145 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 145 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 insofar as they purport to relate to persons or entities other than the Windward Defendants.

<u>AS TO THE SEVENTH CLAIM FOR RELIEF</u>

146.    Repeat and incorporate their responses to paragraphs 1 through 145 of the Complaint herein as if set forth at length herein.

147.    The allegations contained in paragraph 147 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 147 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 insofar as they purport to relate to persons or entities other than the Windward Defendants.

148.    The allegations contained in paragraph 148 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent

that a response is required deny the allegations in paragraph 148 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 insofar as they purport to relate to persons or entities other than the Windward Defendants.

149.    The allegations contained in paragraph 149 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 149 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 insofar as they purport to relate to persons or entities other than the Windward Defendants.

150.    The allegations contained in paragraph 150 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 150 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 insofar as they purport to relate to persons or entities other than the Windward Defendants.

151.    The allegations contained in paragraph 151 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 151 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 insofar as they purport to relate to persons or entities other than the Windward Defendants.

152.    The allegations contained in paragraph 152 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 152 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 insofar as they purport to relate to persons or entities other than the Windward Defendants.

153.    The allegations contained in paragraph 153 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 153 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 insofar as they purport to relate to persons or entities other than the Windward Defendants.

154.    The allegations contained in paragraph 154 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 154 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 insofar as they purport to relate to persons or entities other than the Windward Defendants.

155.    The allegations contained in paragraph 155 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 155 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 155 insofar as they purport to relate to persons or entities other than the Windward Defendants.

156.    The allegations contained in paragraph 156 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 156 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 insofar as they purport to relate to persons or entities other than the Windward Defendants.

<u>AS TO THE EIGHTH CLAIM FOR RELIEF</u>

157.    Repeat and incorporate their responses to paragraphs 1 through 156 of the Complaint herein as if set forth at length herein.

158.    The allegations contained in paragraph 158 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 158 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 insofar as they purport to relate to persons or entities other than the Windward Defendants.

159.    Deny the allegations in paragraph 159 of the Complaint insofar as they purport to relate to the Windward Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 insofar as they purport to relate to persons or entities other than the Windward Defendants, except state that in 2004, the Windward Defendants received from Meridian the amounts reflected on the schedule set forth as part of

paragraph 159, and refer to the 2004 Refinancing and related documents for their terms and content.

160.    The allegations contained in paragraph 160 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 160 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 insofar as they purport to relate to persons or entities other than the Windward Defendants.

161.    The allegations contained in paragraph 161 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 161 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 insofar as they purport to relate to persons or entities other than the Windward Defendants.

162.    The allegations contained in paragraph 162 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 162 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 insofar as they purport to relate to persons or entities other than the Windward Defendants.

163.    The allegations contained in paragraph 163 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 163 of the Complaint insofar as they

purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 insofar as they purport to relate to persons or entities other than the Windward Defendants.

164.    The allegations contained in paragraph 164 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 164 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 insofar as they purport to relate to persons or entities other than the Windward Defendants.

165.    The allegations contained in paragraph 165 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 165 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 insofar as they purport to relate to persons or entities other than the Windward Defendants.

166.    The allegations contained in paragraph 166 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 166 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 insofar as they purport to relate to persons or entities other than the Windward Defendants.

167.    The allegations contained in paragraph 167 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent

that a response is required deny the allegations in paragraph 167 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 insofar as they purport to relate to persons or entities other than the Windward Defendants.

168.    The allegations contained in paragraph 168 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 168 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 insofar as they purport to relate to persons or entities other than the Windward Defendants.

AS TO THE NINTH CLAIM FOR RELIEF

169.    Repeat and incorporate their responses to paragraphs 1 through 168 of the Complaint herein as if set forth at length herein.

170.    The allegations contained in paragraph 170 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 170 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 insofar as they purport to relate to persons or entities other than the Windward Defendants.

AS TO THE TENTH CLAIM FOR RELIEF

171.    Repeat and incorporate their responses to paragraphs 1 through 170 of the Complaint herein as if set forth at length herein.

172.    The allegations contained in paragraph 172 of the Complaint consist of legal argument and conclusions, to which the Windward Defendants need not respond.  To the extent that a response is required deny the allegations in paragraph 172 of the Complaint insofar as they purport to relate to the Windward Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 insofar as they purport to relate to persons or entities other than the Windward Defendants.

## GENERAL DENIAL

The Windward Defendants deny all allegations and inferences of the Complaint except those that are expressly admitted in this Answer.

## ADDITIONAL DEFENSES

Without assuming any burden of proof that they would not otherwise bear, the Windward Defendants also assert the following additional defenses:

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim against the Windward Defendants upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands, unjust enrichment, and/or ratification.

## AS AND FOR A THIRD DEFENSE

Plaintiff has failed to plead fraud with the requisite particularity required by applicable rules and law.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's action is barred, in whole or in part, by the doctrine of *in pari delicto*.

### AS AND FOR A FIFTH DEFENSE

Plaintiff's action is barred, in whole or in part, due to Plaintiff's lack of standing to assert the claims.

### AS AND FOR A SIXTH DEFENSE

Plaintiff's action is barred, in whole or in part, by applicable statutes or other limitation periods.

### AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Meridian retained the ability to pay its debts as such debts became due in the usual course of business after giving effect to the 2004 Refinancing.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Meridian's total assets exceeded the sum of its total liabilities plus the amount that would be needed if Meridian were dissolved at the time of the payments in connection with the 2004 Refinancing, to satisfy any preferential rights upon dissolution.

### AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Meridian was not insolvent when payments in connection with the 2004 Refinancing were authorized or made.

### AS AND FOR A TENTH DEFENSE

Any alleged losses for which Plaintiff seeks recovery were not proximately caused by any reasonable reliance on the Windward Defendants' work or conduct.

<u>AS AND FOR AN ELEVENTH DEFENSE</u>

Any alleged losses for which Plaintiff seeks recovery were caused in whole or in part by the negligence or culpable conduct of Meridian and/or persons or entities over which the Windward Defendants had and have no control.  Accordingly, Plaintiff may not recover those alleged losses from the Windward Defendants.  Alternatively, any recovery by Plaintiff from the Windward Defendants must be reduced in proportion to the negligence, or other culpable conduct, of Meridian and/or other persons or entities over which the Windward Defendants had and have no control.

<u>AS AND FOR A TWELFTH DEFENSE</u>

Plaintiff, or those on whose behalf it asserts its claims, failed to mitigate or otherwise act to lessen or reduce the losses alleged in the Complaint.

<u>AS AND FOR A THIRTEENTH DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, because the Windward Defendants did not owe any fiduciary duties to Meridian.

<u>AS AND FOR A FOURTEENTH DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, because the Windward Defendants did not knowingly induce, substantially assist, or participate in any breach of fiduciary duty.

<u>AS AND FOR A FIFTEENTH DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, because there was no underlying breach of fiduciary duty by Meridian's directors.

## AS AND FOR A SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because in exchange for the transfer to the Windward Defendants that is the subject of this action, Meridian received reasonably equivalent value.

## AS AND FOR A SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Windward Defendants were not "insiders" as defined in 11 U.S.C. § 101(A)(31), Mich. Comp. Law § 566.31, or New York case law.

## AS AND FOR AN EIGHTEENTH DEFENSE

The transfer of property that is the subject of this action is specifically excepted from avoidance, given that the Windward Defendants were not "insiders" within the meaning of 11 U.S.C. § 101(A)(31) and the subject transfer did not occur on or within 90 days prior to the date of the filing of the bankruptcy petition.

## AS AND FOR A NINETEENTH DEFENSE

The transfer of property that is the subject of this action is specifically excepted from avoidance, given that it was intended by the Windward Defendants and Meridian, the Debtor, to be a contemporaneous exchange for new value given to the Debtor, and in fact was a substantially contemporaneous exchange, pursuant to Title 11 USC § 547(c)(1).

## AS AND FOR A TWENTIETH DEFENSE

The transfer of property that is the subject of this action is specifically excepted from avoidance, given that it was for a debt incurred by Meridian, the Debtor, in the ordinary course of business between the Debtor and the Windward Defendants made in the ordinary course of business between the Debtor and the Windward Defendants and made according to ordinary

business terms, pursuant to Title 11 USC § 547(c) (2). Therefore, the transfer is not recoverable by Plaintiff as a voidable preference.

AS AND FOR A TWENTY-FIRST DEFENSE

The transfer of property that is the subject of this action is specifically excepted from avoidance, given that the Windward Defendants gave subsequent new value to or for Meridian, the Debtor's, benefit not secured by an otherwise unavoidable security interest, pursuant to Title 11 USC § 547(c)(4). Pleading further in the alternative, the new value the Windward Defendants gave to Meridian, the Debtor, was in amounts sufficient to diminish and/or eliminate any recovery that the Plaintiff alleges it is entitled to in the Complaint. Therefore, the transfer is not recoverable by the Plaintiff as a voidable preference.

AS AND FOR A TWENTY-SECOND DEFENSE

The transfer of property that is the subject of this action is specifically excepted from avoidance, given that the transfer did not enable the Windward Defendants to receive more than they would have received in a Chapter 7 proceeding, pursuant to the provisions of Title 11 USC § 101 et. seq.  The Plaintiff is therefore precluded from recovering the transfer as a voidable preference.

AS AND FOR A TWENTY-THIRD DEFENSE

The transfer of property to the Windward Defendants that is the subject of this action is specifically excepted from avoidance, because the alleged preferential transfers were not an interest of Meridian in property because such transfer originated from funds that were earmarked for the Windward Defendants under the terms of the 2004 Refinancing.

### AS AND FOR A TWENTY-FOURTH DEFENSE

If Plaintiff has suffered any loss, such loss was due to market conditions, lack of due diligence, or failure to exercise the duty of reasonable inquiry and the failure to exercise ordinary care to mitigate or minimize any losses that it may have suffered.

### AS AND FOR A TWENTY-FIFTH DEFENSE

At all relevant times, the Windward Defendants' conducted themselves in good faith and in conformity with applicable law.

### AS AND FOR A TWENTY-SIXTH DEFENSE

The Windward Defendants adopt by reference any applicable defense pleaded by any other defendant not expressly set forth herein.

### AS AND FOR A TWENTY-SEVENTH DEFENSE

The Windward Defendants reserve their right to assert additional defenses available at law or equity upon discovery of further information or upon the development of other relevant information, including information discovered during the course of the litigation and information discovered outside the discovery process of this litigation.

WHEREFORE, the Windward Defendants demand judgment as follows:

A.    dismissing the Complaint with prejudice;

B.    awarding the Windward Defendants their costs, disbursements and other expenses incurred in connection with this action, including reasonable attorneys' fees; and

C.    awarding the Windward Defendants such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 17, 2007

LEVIN & GLASSER, P.C.

By: _Rosemary B. Boller_____
    Steven I. Levin (SIL 0217)
    David J. Nathan (DN 7132)
    Rosemary B. Boller (RB6876)
    420 Lexington Avenue, Suite 805
    New York, New York 10170
    (212) 867-3636

    *Counsel for Windward/Park AB III, LLC,*
    *Windward Capital Partners, L.P., and*
    *Windward Capital Associates, L.P.*