UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OCEAN RIDGE CAPITAL ADVISORS, LLC, as
Litigation Trustee of THE MAS LITIGATION TRUST,

                                Plaintiff,

    -against-

METROPOLITAN LIFE INSURANCE COMPANY, THE
NORTH WESTERN MUTUAL LIFE INSURANCE
COMPANY, CAPITAL D'AMERIQUE CDPQ INC.,
CAISSE DE DEPOT ET PLACEMENT DU QUEBEC,
CSFB LP HOLDING. SKOOG FAMILY
INVESTMENTS, LLC, BANCAMERICA CAPITAL
INVESTORS II, L.P., WINDWARD/PARK AB III, L.L.C.,
WINDWARD CAPITAL PARTNERS L.P., WINDWARD
CAPITAL ASSOCIATES, L.P., SUEZ CAPITAL
PARTNERS II, L.P., INDOSUEZ CAPITAL CO-INVEST
PARTNERS, L.P., SCP II ASSOCIATES, CREDIT
SUISSE FIRST BOSTON (USA), INC., CREDIT SUISSE
FIRST BOSTON, GOLDMAN SACHS CREDIT
PARTNERS L.P., JEFFREY A. ANDERSON, JON F.
BAKER, JOSE R. GARCIA, ROBERT H. BARTON III,
H.H. WACASER, PETER S. MACDONALD, GARY
SWENSON, JOHN F. MAYPOLE, THOMAS GRAHAM,
DONALD A. MCKAY, HENRY A. NICKOL, JEFFREY
HODGMAN, A. KIPP KOESTER, CRAIG VAN ESS,
GURMINDER S. BEDI, THOMAS WALKER, JACK
SKOOG AND DEAN VANEK,

                                Defendants.

07 Civ. 3213 (SAS)

---

## CRAIG VAN ESS'
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant, Craig Van Ess ("Van Ess"), by and through his counsel of
record, and for his answer and affirmative defenses to Plaintiff's Complaint states as follows:

## **NATURE OF THE ACTION**

1.      Van Ess specifically denies that the Meridian Debtors[1] were insolvent "before and after [they] received the proceeds of" a financing package Meridian Automotive Systems, Inc. obtained in or around April, 2004 (the "2004 Refinancing").  Van Ess admits that on or about April 28, 2004, Meridian Automotive, Inc. replaced its previous bank debt facility from Bank of America, N.A. with approximately $337,000,000 of the proceeds of the 2004 Refinancing.  Van Ess is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and thus can neither admit nor deny the same.

2.      Van Ess admits that certain of the Meridian Debtors supplied components to the automotive industry which were installed in certain vehicles.  Van Ess further admits that certain of the Meridian Debtors were incorporated under the laws of Michigan and headquartered in Dearborn Michigan.  Van Ess is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and thus can neither admit nor deny the same.

3.      Van Ess admits there were transaction fees associated with the 2004 Refinancing.  To the extent Paragraph 3 contains additional allegations directed to Van Ess, they are denied.  To the extent that Paragraph 3 contains additional allegations that do not pertain to Van Ess, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can

---

[1] As used herein, "Meridian Debtors" include all of the bankruptcy debtors, including Meridian Automotive Systems – Composites Operations, Inc., Meridian Automotive Systems, Inc., Meridian Automotive Systems – Construction, Inc., Meridian Automotive Systems – Detroit Operations, Inc., Meridian Automotive Systems – Heavy Truck Operations, Inc., Meridian Automotive Systems – Shreveport Operations, Inc., and Meridian Automotive Systems – Mexico Operations, LLC.

neither admit nor deny the same.  By way of further response, Van Ess states that he did not attend the closing dinner referred to in Paragraph 3.

4.     Van Ess denies the allegations contained in Paragraph 4.

5.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and thus can neither admit nor deny the same. By way of further response, Van Ess states that he did not attend the closing dinner referred to in Paragraph 5.

6.     Van Ess admits that one or more of the Meridian Debtors filed a petition for bankruptcy protection on April 26, 2005.  Except as admitted, denied.

7.     Van Ess denies the allegations contained in Paragraph 7.

## JURISDICTION AND VENUE

8.     Paragraph 8 contains legal conclusions for which no answer is required.  To the extent that a response is required, Van Ess denies the allegations contained in Paragraph 8.

9.     Paragraph 9 contains legal conclusions for which no answer is required.  To the extent that a response is required, Van Ess denies the allegations contained in Paragraph 9.

## THE PARTIES

*The Plaintiff*

10.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and thus can neither admit nor deny the same.

11.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 11 and thus can neither admit nor deny the same, and refers to the Litigation Trust Agreement and the Plan for their content, true intent and

meaning.

12.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 12 and thus can neither admit nor deny the same, and refers to the Litigation Trust Agreement and the Plan for their content, true intent and meaning.

### The Institutional Insider Defendants

13.     Paragraph 13 contains legal conclusions for which no answer is required.  To the extent that the allegations state or imply factual matters requiring an answer, Van Ess denies that Skoog Family Investments LLC ("SFI") or Jack Skoog ("Skoog") were "insiders," denies that they controlled Meridian or Van Ess, denies that they received "preferences," denies that they caused Meridian to "transfer" money "in an effort to hinder, delay and defraud" the creditors of the Meridian Debtors.  To the extent that any further response is required, Van Ess denies the remaining allegations contained in Paragraph 13.

14.     Paragraph 14 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 14.

15.     Paragraph 15 contains legal conclusions for which no answer is required.  As to the averments regarding MetLife's right to make appointments to the board, appointment of board observers and stock ownership, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 15.

16.     Paragraph 16 contains legal conclusions for which no answer is required.  As to the averments regarding Northwestern Mutual's right to make appointments to the board,

appointment of board observers and stock ownership, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 16.

17.    Paragraph 17 contains legal conclusions for which no answer is required. As to the averments regarding Caisse's right to make appointments to the board, appointment of board observers and stock ownership, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 17.

18.    Paragraph 18 contains legal conclusions for which no answer is required. To the extent that further response is required, Van Ess admits that SFI is a Michigan limited liability company with its principal place of business at 111 Lyon Street, NW, Grand Rapids, Michigan 49503. Van Ess further admits that the Skoog Family Limited Partnership had the right to appoint a single director to Meridian Automotive System Inc.'s Board of Directors, and that the Skoog Family Limited Partnership appointed Van Ess to serve on Meridian Automotive System Inc.'s Board of Directors. Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegation that he was on the Board of Directors of Meridian Automotive Systems, Inc. at the actual time of the 2004 Refinancing. Except as admitted, denied.

19.    Paragraph 19 contains legal conclusions for which no answer is required. As to the averments regarding Windward/Park's right to make appointments to the board and appointment of board observers, Van Ess is without knowledge or information sufficient to form

a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 19.

20.    Paragraph 20 contains legal conclusions for which no answer is required. As to the averments regarding CSFB Holding's right to make appointments to the board, appointment of board observers and stock ownership, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 20.

21.    Paragraph 21 contains legal conclusions for which no answer is required. As to the averments regarding BACI's right to make appointments to the board and appointment of board observers, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 21.

22.    Paragraph 22 contains legal conclusions for which no answer is required. As to the averments regarding WCP's right to make appointments to the board and appointment of board observers, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 22.

23.    Paragraph 23 contains legal conclusions for which no answer is required. As to the averments regarding Suez Capital's right to make appointments to the board, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 23.

24.     Paragraph 24 contains legal conclusions for which no answer is required.  As to the averments regarding WCA's right to make appointments to the board and appointment of board observers, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 24.

25.     Paragraph 25 contains legal conclusions for which no answer is required.  As to the averments regarding Indosuez's right to make appointments to the board and appointment of board observers, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 25.

26.     Paragraph 26 contains legal conclusions for which no answer is required.  As to the averments regarding SCP II's right to make appointments to the board, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 26.

27.     Paragraph 27 contains no factual averments for which an answer is required.  To the extent that the allegations state or imply factual matters, Van Ess denies that SFI was an "Institutional Insider" as that term is used in relation to Skoog Family Investments LLC.

28.     Van Ess specifically denies that SFI or Skoog were "insiders" and refer to the Shareholder Agreement and amendments for their content, true intent, and meaning.  To the extent that any further response is required, Van Ess denies the remaining allegations contained in Paragraph 28.

29.     Van Ess specifically denies that SFI or Skoog were "insiders" and refer to the Shareholder Agreement and amendments for their content, true intent, and meaning.  To the extent that any further response is required, Van Ess denies the remaining allegations contained in Paragraph 29.

30.     Van Ess denies the allegations contained in Paragraph 30.

***The Director Defendants***

31.     Paragraph 31 contains legal conclusions for which no answer is required.  As to the averments regarding Maypole's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 31.

32.     Paragraph 32 contains legal conclusions for which no answer is required.  As to the averments regarding Hodgman's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 32.

33.     Paragraph 33 contains legal conclusions for which no answer is required.  As to the averments regarding Koester's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 33.

34.     Paragraph 34 contains legal conclusions for which no answer is required.  As to the averments regarding Swenson's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 34.

35.     Paragraph 35 contains legal conclusions for which no answer is required.  As to the averments regarding MacDonald's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 35.

36.     Paragraph 36 contains legal conclusions for which no answer is required.  As to the averments regarding Graham's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 36.

37.     Paragraph 37 contains legal conclusions for which no answer is required.  As to the averments regarding McKay's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 37.

38.     Paragraph 38 contains legal conclusions for which no answer is required.  As to the averments regarding Nickol's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit

nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 38.

39.    Paragraph 39 contains legal conclusions for which no answer is required.  As to the averment that Van Ess was a director at the time of the 2004 Refinancing, Van Ess is without knowledge or information sufficient to form a belief as to the truth and thus and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the remaining allegations contained in Paragraph 39.

40.    Paragraph 40 contains legal conclusions for which no answer is required.  As to the averments regarding Bedi's address and director status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 40.

41.    Paragraph 41 contains legal conclusions for which no answer is required.  As to the averments regarding Walker's address and director status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 41.

42.    Paragraph 42 contains legal conclusions for which no answer is required.  As to the averments regarding Barton's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 42.

43.      Paragraph 43 contains legal conclusions for which no answer is required.  As to the averments regarding Wacaser's address, director and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 43.

44.      Paragraph 44 contains no factual averments for which an answer is required.  To the extent that the allegations state or imply factual matters, Van Ess denies the allegations contained in Paragraph 44.

### *The Individual Insider Defendants*

45.      Paragraph 45 contains legal conclusions for which no answer is required.  As to the averments regarding Baker's address and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 45.

46.      Paragraph 46 contains legal conclusions for which no answer is required.  As to the averments regarding Garcia's address and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 46.

47.      Paragraph 47 contains legal conclusions for which no answer is required.  As to the averments regarding Anderson's address and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit

nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 47.

48.     Paragraph 48 contains legal conclusions for which no answer is required.  To the extent that the allegations state or imply factual matters, Van Ess admits that Jack Skoog resides at 326 Seabreeze Dr., Marco Island, Florida 34145.  Van Ess further admits he served on Meridian Automotive Systems, Inc.'s Board of Directors beginning in or around February 2003.  Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegation that he was a director of Meridian Automotive Systems, Inc. at the time of the 2004 Refinancing and thus can neither admit nor deny the same.  Except as admitted, denied.

49.     Paragraph 49 contains legal conclusions for which no answer is required.  As to the averments regarding Vanek's address and employment status, Van Ess is without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 49.

50.     Paragraph 50 contains no factual averments for which an answer is required.  To the extent that the allegations state or imply factual matters, Van Ess denies that Skoog was an "Individual Insider Defendant" as that term is used in relation to Skoog.

*Arranger Defendants*

51.     Van Ess denies the allegations contained in Paragraph 51.

52.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and thus can neither admit nor deny the same.

53.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and thus can neither admit nor deny the same.

54.    Paragraph 54 contains no factual averments for which an answer is required.  To the extent that the allegations state or imply factual matters, Van Ess denies the allegations contained in Paragraph 54.

55.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the formation of Meridian Automotive Systems Inc. and thus can neither admit nor deny the same.  To the extent that further response is required, Van Ess denies the remaining allegations contained in Paragraph 55.

56.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and thus can neither admit nor deny the same.

57.    Paragraph 57 contains legal conclusions for which no answer is required.  To the extent that Paragraph 57 contains allegations directed to Van Ess, Van Ess denies that SFI or Skoog were "insiders" or "controlled" Van Ess or any Meridian Debtor and denies the remaining allegations contained in Paragraph 57.   To the extent that any further response is required, Van Ess states the remaining allegations contained in Paragraph 57 do not pertain to Van Ess and, therefore, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

58.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and thus can neither admit nor deny the same.

59.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and thus can neither admit nor deny the same.

60.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and thus can neither admit nor deny the same.

61.     Van Ess denies the $15 M Note was "equity" and refers to the $15 M Note, the Series A Notes and Series B Notes for their content, true intent, and meaning.  Van Ess denies the allegation that all Defendants caused Meridian Debtors to characterize the Series A Notes and Series B Notes as "mezzanine debt."  To the extent that any further response is required, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and thus can neither admit nor deny the same.

62.     Paragraph 62 contains legal conclusions for which no answer is required.  To the extent that any further response is required, Van Ess denies that Meridian Automotive Systems, Inc. incurred any "prepayment penalty" whatsoever in connection with payment of the $15 M Note, and refers to the $15 M Note for its content, true intent, and meaning.  Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the 2004 Refinancing and thus can neither admit nor deny the same, and refers to the 2004 Refinancing transactional documents for their content, true intent, and meaning.

63.     Paragraph 63 contains legal conclusions for which no answer is required.  To the extent that Paragraph 63 contains allegations Van Ess is required to answer, Van Ess specifically denies that the $15 M Note is "equity" and refers to the $15 M Note for its content, true intent, and meaning.  Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the 2004 Refinancing and thus can neither admit nor deny the same, and refers to the 2004 Refinancing transactional documents for their content, true intent, and meaning.  By way of further response, Van Ess states that Van Ess did not attend the closing dinner referred to in Paragraph 63.

64.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the registration statement and thus can neither admit nor deny the same, and refers to the registration statement for its content, true intent, and meaning.  To the extent that further answer is required, Van Ess denies the remaining allegations contained in Paragraph 64.

65.     Van Ess denies the allegations contained in Paragraph 65.

66.     Van Ess admits that during a February 2003 meeting of the board of directors of Meridian Automotive Systems, Inc., the board discussed LDM.  Van Ess is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 and thus can neither admit nor deny the same.  By way of further response, Van Ess states that Van Ess did not attend the closing dinner referred to in Paragraph 66.

67.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the board minutes and thus can neither admit nor deny the same, and refers to the board minutes for their content, true intent, and meaning.  To the extent that further answer is required, Van Ess denies the remaining allegations contained in Paragraph 67.

68.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the McKinsey presentation and thus can neither admit nor deny the same, and refers to the McKinsey presentation for its content, true intent, and meaning.  To the extent that further answer is required, Van Ess denies the remaining allegations contained in Paragraph 68.

69.     Van Ess denies the allegations contained in Paragraph 69.

70. Van Ess admits that on or around February 18, 2004, Van Ess was presented with some analysis purportedly prepared by McKinsey at a meeting of the Board of Directors of Meridian Automotive Systems, Inc. Except as admitted, denied.

71. Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and thus can neither admit nor deny the same.

72. Van Ess denies the allegations contained in Paragraph 72.

73. Van Ess admits that he received a report from McKinsey along with a letter from Wacaser dated February 4, 2004 and refer to the letter and report for their content, true intent, and meaning. Van Ess is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73 and thus can neither admit nor deny the same.

74. Van Ess denies the allegations contained in Paragraph 74.

75. To the extent the allegations contained in Paragraph 75 are directed to Van Ess, SFI or Skoog, Van Ess denies the allegations contained in Paragraph 75. To the extent that any further response is required, Van Ess states the remaining allegations contained in Paragraph 75 do not pertain to Van Ess and, therefore, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

76. To the extent the allegations contained in Paragraph 76 are directed to Van Ess, Van Ess denies the allegations contained in Paragraph 76. To the extent that any further response is required, Van Ess states the remaining allegations contained in Paragraph 76 do not pertain to Van Ess and, therefore, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

77.    As to the allegations that a member of Meridian senior management described the 2004 Refinancing to Defendant Wacaser as the company being held captive, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegation and thus can neither admit nor deny the same.  To the extent that further response is required, Van Ess denies the remaining allegations contained in Paragraph 77.

78.    Van Ess denies the allegations contained in Paragraph 78.

79.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Authorization Letter and refers to the Authorization Letter for its content, true intent, and meaning.  To the extent that further answer is required, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 and thus can neither admit nor deny the same.

80.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and thus can neither admit nor deny the same.

81.    Van Ess admits that on or about April 15, 2004, he was informed by certain members of the management of Meridian Automotive Systems Inc. certain prospective lenders expressed concern about an $80 million funding proposal.  Van Ess is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and thus can neither admit nor deny the same.

82.    Van Ess denies the allegations contained in Paragraph 82.

83.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the 2004 Refinancing transactional documents and refers to the 2004 Refinancing transactional documents for their content, true intent, and meaning.  To the

extent that further answer is required, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and thus can neither admit nor deny the same.

84.     Van Ess denies that he attended the "closing presentation" referred to in Paragraph 84. To the extent that further answer is required, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and thus can neither admit nor deny the same.

85.     To the extent the allegations contained in Paragraph 85 are directed to Van Ess, Van Ess denies any knowledge that Meridian was insolvent, undercapitalized or unable to ultimately pay its debts. To the extent that any further response is required, Van Ess states the remaining allegations contained in Paragraph 85 do not pertain to Van Ess and, therefore, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

86.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and thus can neither admit nor deny the same.

87.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and thus can neither admit nor deny the same.

88.     Van Ess admits that on or about April 28, 2004, Meridian Automotive Systems Inc. paid $6.7 million to SFI and also paid Skoog $175,000 in exchange for, among other consideration: (1) surrender of the amended and restated $15 M Note (which as of April 28, 2004 had a value of $23,092,452.45); (2) forfeiture of the right to have a nominee serve on the board

of directors of Meridian Automotive Systems, Inc.; and (3) the execution of a General Release. Except as admitted, denied.

89.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and thus can neither admit nor deny the same.

90.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and thus can neither admit nor deny the same.

91.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and thus can neither admit nor deny the same.

92.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and thus can neither admit nor deny the same.

93.     Van Ess admits that he received $2,500 from Meridian Automotive Systems Inc. on or about April 28, 2004.  To the extent that Paragraph 93 contains additional allegations directed at Van Ess, they are denied.  To the extent that any further response is required, Van Ess states the remaining allegations contained in Paragraph 93 do not pertain to Van Ess and, therefore, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

94.     Van Ess admits that he received $2,500 from Meridian Automotive Systems, Inc. on or about April 28, 2004.  To the extent that Paragraph 94 contains additional allegations directed at Van Ess, they are denied.  To the extent that any further response is required, Van Ess states the remaining allegations contained in Paragraph 94 do not pertain to Van Ess and, therefore, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

95.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Pargraph 95 and thus can neither admit nor deny the same.

96.     Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and thus can neither admit nor deny the same.

## CAUSES OF ACTION

### First Claim for Relief
### Unlawful Distribution In Violation Of Mich. Comp. Law § 450.1345
(Against Defendants MetLife, Northwestern Mutual, Caisse, Skoog, Windward/Park. CSFB Holding, BACI, Suez Capital, WCA, Indosuez, SCP II, Baker, Wacaser, Garcia, Anderson and Barton)

97-103.  The allegations in these Paragraphs are not directed to Van Ess and, therefore, no response is required.

### Second Claim for Relief
Breach of Fiduciary Duty of Loyalty
(Against Director Defendants and Defendant Vanek)

104.     Van Ess realleges and incorporates by reference his answers to Paragraphs 1 through 103 as though fully set forth herein.

105.     Paragraph 105 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 105.

106.     Van Ess denies the allegations contained in Paragraph 106.

107.     Van Ess denies the allegations contained in Paragraph 107.

108.     Van Ess denies the allegations contained in Paragraph 108.

109.     Van Ess denies the allegations contained in Paragraph 109.

110.     Van Ess denies the allegations contained in Paragraph 110.

111.     Van Ess denies the allegations contained in Paragraph 111.

112.    Van Ess denies the allegations contained in Paragraph 112.

113.    Paragraph 113 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 113.

114.    Paragraph 114 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 114.

**Third Claim for Relief**
**Aiding and Abetting Breaches of Fiduciary Duties**
(Against the Institutional Insider Defendants and the Arranger Defendants)

115-123.  The allegations in these Paragraphs are not directed to Van Ess and, therefore, no response is required.

**Fourth Claim for Relief**
**Civil Conspiracy to Commit Breaches of Fiduciary Duties**
(Against all the Defendants)

124.    Van Ess realleges and incorporates by reference his answers to Paragraphs 1 through 123 as though fully set forth herein.

125.    Paragraph 125 contains legal conclusions for which no answer is required.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 125.

126.    Van Ess denies the allegations contained in Paragraph 126.

127.    Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning who entered into the referenced Shareholder Agreement and thus can neither admit nor deny the same.  Van Ess denies the remaining allegations contained in Paragraph 127.

128.    Van Ess denies the allegations contained in Paragraph 128.

129.    Van Ess denies the allegations contained in Paragraph 129.

130.    Paragraph 130 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 130.

131.    Paragraph 131 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 131.

**Fifth Claim for Relief**
**Gross Negligence**
(Against all the Defendants)

132.    Van Ess realleges and incorporates by reference his answers to Paragraphs 1 through 131 as though fully set forth herein.

133.    Paragraph 133 contains legal conclusions for which no answer is required.  To the extent that any further response is required, Van Ess denies the allegations contained in Paragraph 133.

134.    Paragraph 134 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 134.

135.    Paragraph 135 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 135.

**Sixth Claim for Relief**
**Preferential Transfers: 11 U.S.C. §§547 and §544**
(Against the Institutional Insider Defendants, Individual Insider Defendants, and Director Defendants)

136.    Van Ess realleges and incorporates by reference his answers to Paragraphs 1 through 135 as though fully set forth herein.

137.    Paragraph 137 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 137.

138.    Van Ess admits that he received $2,500 from Meridian Automotive Systems, Inc. on or around April 28, 2004.  Van Ess further admits that on or about April 28, 2004, Meridian Automotive Systems, Inc. paid $6.7 million to SFI and also paid Skoog $175,0000 in exchange for, among other consideration: (1) surrender of the amended and restated $15 M Note (which as of April 28, 2004 had a value of $23,092,452.45); (2) forfeiture of the right to have a nominee serve on the board of directors of Meridian Automotive Inc.; and (3) the execution of  a General Release.  To the extent Paragraph 141 contains additional allegations directed to Van Ess, they are denied.  To the extent Paragraph 138 contains additional allegations that do not pertain to Van Ess, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

139.    Paragraph 139 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 139.

140.    Paragraph 140 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 140.

141.    Paragraph 141 states a legal conclusion to which no answer is required.  To the extent an answer is required, Van Ess admits that the $2,500 payment made to him was made on or about April 28, 2004.  Van Ess further admits that on or about April 28, 2004, Meridian Automotive Systems, Inc. paid $6.7 million to SFI and also paid Skoog $175,0000 in exchange for, among other consideration: (1) surrender of the amended and restated $15 M Note (which as of April 28, 2004 had a value of $23,092,452.45); (2) forfeiture of the right to have a nominee serve on the board of directors of Meridian Automotive Systems, Inc.; and (3) the execution of  a

General Release.  To the extent Paragraph 141 contains additional allegations directed to Van

Ess, they are denied.  By way of further response, Van Ess states to the extent Paragraph 141

contains additional allegations that do not pertain to Van Ess, Van Ess is without knowledge or

information sufficient to form a belief as to the truth of the allegations and thus can neither admit

nor deny the same.

142.    Paragraph 142 contains legal conclusions for which no answer is required.  To the

extent that an answer is required, Van Ess denies the allegations contained in Paragraph 142.

143.    Van Ess denies the allegations contained in Paragraph 143.  By way of further

response, Van Ess states to the extent Paragraph 143 contains additional allegations that do not

pertain to Van Ess, Van Ess is without knowledge or information sufficient to form a belief as to

the truth of the allegations and thus can neither admit nor deny the same.

144.    Van Ess denies the allegations contained in Paragraph 144.

145.    Van Ess is without knowledge or information sufficient to form a belief as to the

truth of the allegations concerning the existence of secured or unsecured creditors.  Van Ess

denies the remaining allegations contained in Paragraph 145.

**Seventh Claim for Relief**
**Intentional Fraudulent Transfers: 11 U.S.C. §~ 548 and 544**
(Against Defendants MetLife, Northwestern Mutual, Caisse, Skoog, Windward/Park, CSFB
Holding, BACI, Suez Capital, WCA, Indosuez, SCP II, Baker, Wacaser, Garcia, Anderson,
Barton, CSFB and Goldman Sachs)

146-156.  The allegations in these Paragraphs are not directed to Van Ess and, therefore,
no response is required.

**Eighth Claim for Relief**
Constructive Fraudulent Transfers: 11 U.S.C. §~ 548 and 544
(Against All Defendants)

157.    Van Ess realleges and incorporates by reference his answers to Paragraphs 1 through 156 as though fully set forth herein.

158.    Paragraph 158 contains legal conclusions for which no answer is required. To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 158.

159.    Paragraph 159 contains legal conclusions to which no answer is required. To the extent an answer is required, Van Ess denies the allegations contained in Paragraph 159.

160.    Paragraph 160 contains legal conclusions for which no answer is required. To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 160.

161.    Paragraph 161 contains legal conclusions for which no answer is required. To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 161.

162.    Paragraph 162 contains legal conclusions for which no answer is required. To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 162. To the extent Paragraph 162 contains additional allegations that do not pertain to Van Ess, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

163.    Paragraph 163 contains legal conclusions to which no answer is required. To the extent answer is required, Van Ess denies the allegations contained in Paragraph 163. To the extent Paragraph 163 contains additional allegations that do not pertain to Van Ess, Van Ess is without knowledge or information sufficient to form a belief as to the truth of the allegations and thus can neither admit nor deny the same.

25

164.    Van Ess denies the allegations contained in Paragraph 164.

165.    Van Ess denies the allegations contained in Paragraph 165.

166.    Paragraph 166 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 166.

167.    Paragraph 167 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 167.

168.    Paragraph 168 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 168.

## Ninth Claim for Relief
### Turnover of Avoided Transfers: 11 U.S.C. * 550
(Against All Defendants)

169.    Defendant realleges and incorporates by reference his answers to paragraphs 1 through 168 as though fully set forth herein.

170.    Paragraph 170 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 170.

## Tenth Claim for Relief
### Attorney Fees
(Against All Defendants)

171.    Van Ess realleges and incorporates by reference his answers to Paragraphs 1 through 170 as though fully set forth herein.

172.    Paragraph 172 contains legal conclusions for which no answer is required.  To the extent that an answer is required, Van Ess denies the allegations contained in Paragraph 172.

WHEREFORE, Defendant, Craig Van Ess, respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, or alternatively, enter judgment of no cause of action in

favor of Defendant and against Plaintiff, and award all such other relief to which Defendant may be entitled.

## GENERAL DENIAL

Van Ess denies all allegations and inferences of the Complaint except those that are expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

The Affirmative Defenses of Van Ess to Plaintiff's Complaint are set forth below. By setting forth the following allegations and defenses, Van Ess does not assume the burden of proof on matters and issues other than those on which Van Ess has the burden of proof as a matter of law.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint does not plead fraud or conspiracy with the requisite particularity required by the rules of procedure applicable here.

## THIRD DEFENSE

This action is barred, in whole or in part, because Plaintiff lacks standing.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Wagoner* or "*in pari delicto*" doctrines.

## FIFTH DEFENSE

Plaintiff's claims may be barred by the statute of limitations or other limitations, including those contained in 11 U.S.C. § 547.

## SIXTH DEFENSE

Van Ess did not violate Mich. Comp. Law § 450.1345 because Meridian Automotive Systems, Inc. (MAS) retained the ability to pay its debts as debts became due in the usual course of business after giving effect to the 2004 Refinancing.

## SEVENTH DEFENSE

Van Ess did not violate Mich. Comp. Law § 450.1345 because the assets of MAS exceeded the sum of its total liabilities plus the amount that would be needed, if the company were dissolved at the time of the payments in connection with the 2004 Refinancing, to satisfy any preferential rights upon dissolution.

## EIGHTH DEFENSE

Van Ess did not violate Mich. Comp. Law § 450.1345 because the payment to Van Ess was not prohibited under Mich. Comp. Law § 450.1345(3) as provided in § 450.1345(4).

## NINTH DEFENSE

The Meridian Debtors released and/or waived the claims Plaintiff now purports to assert against Van Ess, and those claims are otherwise barred by the terms of the April 28, 2004 "General Release."

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

. Plaintiff's claims are barred because one or more of them were discharged in bankruptcy.

## TWELFTH DEFENSE

Van Ess did not knowingly induce, substantially assist, or participate in any breach of fiduciary duty.

## THIRTEENTH DEFENSE

MAS directors, including Van Ess, did not commit any breaches of fiduciary duty.

## FOURTEENTH DEFENSE

MAS's directors authorized MAS to enter into the 2004 Refinancing in accordance with their business judgment and, therefore, there was no breach of fiduciary duty.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## SIXTEENTH DEFENSE

Van Ess cannot be found to have committed conspiracy to commit breaches of fiduciary duties because there was no underlying breach of fiduciary duty by MAS's directors.

## SEVENTEENTH DEFENSE

MAS's transfer to Van Ess in connection with the 2004 Refinancing was in good faith and was fair and equitable.

## EIGHTEENTH DEFENSE

The payment to Van Ess in connection with the 2004 Refinancing was not property of Meridian pursuant to 11 U.S.C. § 550.

## NINETEENTH DEFENSE

Plaintiff has no valid claim for attorneys' fees.

## TWENTIETH DEFENSE

MAS's transfer to Van Ess occurred in the ordinary course of business, in order to pay debts incurred in the ordinary course of business, according to ordinary business terms.

### TWENTY-FIRST DEFENSE

MAS was not insolvent at the time of the alleged transfers or transactions.

### TWENTY-SECOND DEFENSE

Van Ess did not receive any preferential transfers pursuant to 11 U.S.C. § 547 because the alleged preferential transfers were not an interest of MAS in property because such transfers originated from funds that were earmarked for Van Ess under the 2004 Refinancing.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by MAS's corporate governance documents, including the Articles of Incorporation.

### TWENTY-FOURTH DEFENSE

Plaintiff has no valid claim for exemplary or punitive damages, nor for any damages that are disproportionate to the compensatory damages alleged.

### TWENTY-FIFTH DEFENSE

Van Ess did not receive fraudulent transfers pursuant to 11 U.S.C. § 548, Mich. Comp. Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because MAS was not insolvent either prior to or immediately after the 2004 Refinancing.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred for failure to join necessary parties.

### TWENTY-SEVENTH DEFENSE

Van Ess did not receive fraudulent transfers pursuant to 11 U.S.C. § 548, Mich. Comp. Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because MAS was not insolvent either prior to or immediately after the 2004 Refinancing.

### RESERVATION OF RIGHTS

Van Ess expressly reserves the right to assert additional defenses and/or counterclaims as they become known.

Dated: August 17, 2007
         New York, New York

LATHAM & WATKINS LLP

By:    /s/ Sheri Hametz
       Sheri Hametz (SH-4665)
       LATHAM & WATKINS LLP
       885 Third Avenue
       New York, NY 10022-4834
       Phone: 212-906-1200
       Fax: 212-751-4864

       VARNUM, RIDDERING, SCHMIDT &
       HOWLETT LLP
       Attorneys for Craig Van Ess

       Ronald G. DeWaard (P44117)
       Aaron M. Phelps (P64790)
       Business Address/Telephone:
       Bridgewater Place,  P.O. Box 352
       Grand Rapids, MI 49501-0352
       Phone: 616-336-6000
       Fax:  616-336-7000