LINKLATERS LLP
R. Paul Wickes
Paul Hessler
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903 9000
Facsimile: (212) 903 9100

*Attorneys for Defendants CSFB LP Holding, Credit Suisse First Boston (USA) Inc., and Credit Suisse Securities (USA) LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCEAN RIDGE CAPITAL ADVISORS, LLC, as Litigation Trustee of THE MAS LITIGATION TRUST,<br><br>               Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>               Defendants. | 07 CV 3213 (SAS)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CSFB HOLDING L.P., CREDIT SUISSE (USA), INC., AND CREDIT SUISSE SECURITIES (USA) LLC** |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANTS CSFB HOLDING L.P.,
CREDIT SUISSE (USA), INC.,
AND CREDIT SUISSE SECURITIES (USA) LLC**

For their answer and affirmative defenses to the complaint of plaintiff Ocean

Ridge Capital Advisors, LLC, defendants CSFB LP Holding, Credit Suisse (USA), Inc.

(formerly known as Credit Suisse First Boston (USA), Inc.), and Credit Suisse Securities (USA)

LLC[1] (together, "CS"[2]), by their attorneys, state as follows:

---

[1]    The plaintiff's complaint names "Credit Suisse First Boston" as a defendant. We assume the plaintiff intended to refer to Credit Suisse Securities (USA) LLC, formerly known as Credit Suisse First Boston LLC.

1.    CS denies the allegations in the first sentence of paragraph 1, except admits that investment bankers from CSFB[3] attended a closing dinner on or about June 22, 2004 and made a presentation to the attendees.  CS denies the allegations in the second sentence of paragraph 1, except admits that on April 28, 2004, Meridian replaced its previous bank debt facility from Bank of America, N.A. with $337 million of the proceeds of the 2004 Refinancing.  CS denies the allegations in the third sentence of paragraph 1.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the last sentence of paragraph 1.

2.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 2, except admits that Meridian supplied various products to the automotive industry, that Meridian was incorporated under the laws of Michigan and headquartered in Dearborn, Michigan, and that Meridian supplied its products to Ford, GM, Daimler-Chrysler, and other automobile manufacturers.

3.    CS admits that Meridian paid transaction fees in connection with the 2004 Refinancing and used a portion of the proceeds of the 2004 Refinancing to repay certain lenders. CS denies the remaining allegations in paragraph 3.

4.    CS denies the allegations in paragraph 4.

5.    CS denies the allegations in the first two sentences of paragraph 5.  CS denies the allegations in the third sentence of paragraph 5, except admits that a presentation was delivered

---

[2]    CSFB LP Holding, Credit Suisse (USA), Inc., and Credit Suisse Securities (USA) LLC are distinct entities.   The term "CS" is used for convenience only, and does not imply that the entities are or may be considered a single entity.

[3]    We use this term as defined by the plaintiff in paragraph 53 of the Complaint, and as clarified by footnote one, *supra*.   This term is used for convenience only.

at a closing dinner and refers the Court to the referenced document for a complete and accurate statement of its contents.

6.      CS denies the allegations in paragraph 6, except admits that on or about April 26, 2005, Meridian filed a voluntary petition under Title 11, Chapter 11, United States Code.

7.      CS admits that the Litigation Trustee has brought this action, but denies the remaining allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Paragraph 8 contains conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 8.

9.      Paragraph 9 contains conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 9.

10.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 10.

11.     CS denies the allegations in the first sentence of paragraph 11, and specifically denies that the Litigation Trustee has standing to pursue all of the claims asserted in the Complaint.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the second sentence of paragraph 12, and refers the Court to the Plan and the Litigation Trust Agreement for a complete and accurate statement of their terms.

12.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 12, and refers the Court to the Plan for a complete and accurate statement of its terms.

13.     CS denies the allegations in the first sentence of paragraph 13, except admits that certain defendants were institutional investors in Meridian.  CS denies the allegations in the second sentence of paragraph 13, and incorporates by reference its response to the allegations in

3

paragraph 27, below.  CS denies the allegations in the third sentence of paragraph 13, except admits Meridian used a portion of the proceeds of the 2004 Refinancing to repay approximately $60 million of its mezzanine debt.  The remaining allegations of paragraph 13 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in paragraph 13.

14.     Paragraph 14 contains conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 14.

15.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 15.  The allegations in the second sentence of paragraph 15 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 15.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the third sentence of paragraph 15.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the fourth and fifth sentences of paragraph 15, except admits that Jeffrey Hodgman and John F. Maypole served on Meridian's board of directors at the time of the 2004 Refinancing.  CS denies the remaining allegations in paragraph 15.

16.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 16.  The allegations in the second sentence of paragraph 16 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 16.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the third sentence of paragraph 16.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the fourth and fifth sentences of paragraph 16, except admits

4

that A. Kipp Koester served on Meridian's board of directors at the time of the 2004 Refinancing. CS denies the remaining allegations in paragraph 16.

17.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first through fifth sentences of paragraph 17. The allegations in the sixth sentence of paragraph 15 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the sixth sentence of paragraph 17. CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 17.

18.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 18. The allegations in the second sentence of paragraph 18 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 18. CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the third sentence of paragraph 18. CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the fourth and fifth sentences of paragraph 18, except admits that Craig Van Ess served on Meridian's board of directors at the time of the 2004 Refinancing. CS denies the remaining allegations in paragraph 18.

19.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 19. The allegations in the second sentence of paragraph 19 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 19. CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the third sentence of paragraph 19. CS lacks sufficient knowledge or information to answer, and on

that basis denies, the allegations in the fourth and fifth sentences of paragraph 19, except admits that Messrs. MacDonald and Swenson served on Meridian's board of directors at the time of the 2004 Refinancing.  CS denies the remaining allegations in paragraph 19.

20.     CS denies the allegations in the first sentence of paragraph 20, except admits that CSFB LP Holding is a Zug (Switzerland) corporation.  The allegations in the second sentence of paragraph 20 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 20.  CS denies the allegations in the third sentence of paragraph 20, except admits that CSFB LP Holding appointed Messrs. Freudenstein and Grimaldi as board observers.  CS denies the allegations in the fourth sentence of paragraph 20.  CS admits that CSFB LP Holding received approximately $2.3 million from Meridian in repayment of certain debt at the time of the 2004 Refinancing.  CS denies the remaining allegations in paragraph 20.

21.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 21.  The allegations in the second sentence of paragraph 21 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 21.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 21.

22.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 22.  The allegations in the second sentence of paragraph 22 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 22.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the

third sentence of paragraph 22.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the fourth and fifth sentences of paragraph 22, except admits that Messrs. MacDonald and Swenson served on Meridian's board of directors at the time of the 2004 Refinancing.  CS denies the remaining allegations in paragraph 22.

23.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 23.  The allegations in the second sentence of paragraph 23 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 23.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the third sentence of paragraph 23.  CS denies the remaining allegations in paragraph 23.

24.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 24.  The allegations in the second sentence of paragraph 24 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 24.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the third sentence of paragraph 24.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the fourth and fifth sentences of paragraph 24, except admits that Messrs. MacDonald and Swenson served on Meridian's board of directors at the time of the 2004 Refinancing.  CS denies the remaining allegations in paragraph 24.

25.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 25.  The allegations in the second sentence of paragraph 25 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 25.  CS lacks

sufficient knowledge or information to answer, and on that basis denies, the allegations in the third sentence of paragraph 25. CS denies the remaining allegations in paragraph 25.

26.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 26. The allegations in the second sentence of paragraph 26 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 26. CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the third sentence of paragraph 26. CS denies the remaining allegations in paragraph 26.

27.     The allegations in paragraph 27 do not require a response. CS denies that the collective term "Institutional Insider Defendants" is accurate and denies any factual or legal implications of the term. CS hereby incorporates this response in each and every response herein to any allegation containing the term "Institutional Insider Defendants."

28.     CS denies the allegations in the first sentence of paragraph 28, except admits that certain parties entered into a Shareholder Agreement and certain amendments and refers the Court to the Shareholder Agreement and amendments for a complete and accurate statement of their terms. CS denies the allegations in the second sentence of paragraph 28. The allegations in the third sentence of paragraph 28 constitute legal conclusions to which no response is required; to the extent any response is required, CS denies the allegations in the third sentence of paragraph 28. CS denies the remaining allegations in paragraph 28.

29.     CS denies the allegations in paragraph 29 and refers the Court to the Shareholder Agreement and amendments for a complete and accurate statement of their terms.

30.     CS denies the allegations in paragraph 30.

31.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 31.  CS admits that Mr. Maypole was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 31 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 31.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 31.

32.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 32.  CS admits that Mr. Hodgman was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 32 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 32.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 32.

33.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 33.  CS admits that Mr. Koester was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 33 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 33.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 33.

34.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 34.  CS admits that Mr. Swenson was a director

of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 34 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 34. CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 34.

35.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 35. CS admits that Mr. MacDonald was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 35 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 35. CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 35.

36.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 36. CS admits that Mr. Graham was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 36 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 36. CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 36.

37.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 37. CS admits that Mr. McKay was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 37 constitute conclusions of law to which no response is required;

to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 37.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 37.

38.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 38.  CS admits that Mr. Nickol was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 38 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 38.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 38.

39.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 39.  CS admits that Mr. Van Ess was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 39 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 39.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 39.

40.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 40.  CS admits that Mr. Bedi was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 40 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 40.

41.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 41. CS admits that Mr. Walker was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 41 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 41.

42.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 42. CS admits that Mr. Barton was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 42 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 42. CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 42.

43.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 43. CS admits that Mr. Wacaser was a director of Meridian at the time of the 2004 Refinancing and states that the remaining allegations of the second sentence of paragraph 43 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 43. CS admits the allegations in the third sentence of paragraph 43. CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 43.

44.     The allegations in paragraph 44 do not require a response.

45.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first and second sentences of paragraph 45. CS admits that Mr. Baker was an officer of Meridian at the time of the 2004 Refinancing and states the remaining allegations in the third sentence of paragraph 45 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the third sentence of paragraph 45. CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the last sentence of paragraph 45, except admits that Mr. Baker was an officer of Meridian at the time of the 2004 Refinancing.

46.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first and second sentences of paragraph 46. CS admits that Mr. Garcia was an officer of Meridian at the time of the 2004 Refinancing and states the remaining allegations in the third sentence of paragraph 46 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the third sentence of paragraph 46. CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the last sentence of paragraph 46, except admits that Mr. Garcia was an officer of Meridian at the time of the 2004 Refinancing.

47.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first and second sentences of paragraph 47. CS admits that Mr. Anderson was an officer of Meridian at the time of the 2004 Refinancing and states the remaining allegations in the third sentence of paragraph 47 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the third sentence of paragraph 47. CS lacks sufficient knowledge or information to answer,

and on that basis denies, the allegations in the last sentence of paragraph 47, except admits that Mr. Anderson was an officer of Meridian at the time of the 2004 Refinancing.

48.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 48.  The allegations in the second sentence of paragraph 48 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 48.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 48.

49.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 49.  CS admits that Mr. Vanek was an officer of Meridian at the time of the 2004 Refinancing and states the remaining allegations in the second sentence of paragraph 49 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the remaining allegations in the second sentence of paragraph 49.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 49.

50.     The allegations in paragraph 50 do not require a response.  CS denies that the collective term "Individual Insider Defendants" is accurate and denies any factual or legal implications of the term.  CS hereby incorporates this response in each and every response herein to any allegation containing the term "Individual Insider Defendants."

51.     CS admits that certain of the defendants are investment banks.  CS denies the remaining allegations in paragraph 51.

52.     CS admits the allegations in the first and second sentences of paragraph 52, as clarified by footnote one, *supra*.  The allegations of the third sentence of paragraph 52 do not require a response.  CS denies the remaining allegations in paragraph 52.

53.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 53.

54.     The allegations in paragraph 54 do not require a response.

55.     The first sentence in paragraph 55 constitutes argument to which no response is required; to the extent any response is required, CS denies the allegations in the first sentence of paragraph 55.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the second and third sentences of paragraph 55.

56.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 56.

57.     CS admits that certain of the defendants had the power to appoint, and did appoint, directors to Meridian's board of directors, and denies the remaining allegations in the first sentence of paragraph 57.  CS admits that certain of the defendants exercised observation rights at meetings of Meridian's board of directors, and denies the remaining allegations in the second sentence of paragraph 57.  CS denies the allegations in the third and fourth sentences of paragraph 57.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the fifth sentence of paragraph 57.  CS denies the remaining allegations in paragraph 57.

58.     CS denies the allegations in the first sentence of paragraph 58.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 58.

59.     CS admits the allegations in the first sentence of paragraph 59.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 59, and refers the Court to the referenced documents for a complete and accurate statement of their terms.

60.     CS denies the allegations in paragraph 60, and refers the Court to the referenced documents for a complete and accurate statement of their terms.

61.     The allegations in the first sentence of paragraph 61 do not require a response. CS denies the remaining allegations in paragraph 61, and refers the Court to the documents governing the referenced notes for a complete and accurate statement of their terms.

62.     CS denies the allegations in paragraph 62 and refers the Court to the documents governing the "mezzanine debt" for a complete and accurate statement of their terms.

63.     CS denies the allegations in the first sentence of paragraph 63.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 63.

64.     CS denies the allegations in paragraph 64, except admits that on August 20, 2002, Meridian filed a registration statement for an initial public offering and that it subsequently filed a registration withdrawal request, and refers the Court to the referenced documents for a complete and accurate statement of their terms.

65.     CS denies the allegations in paragraph 65.

66.     CS denies the allegations in the first sentence of paragraph 66, except admits that Meridian's board discussed a possible transaction with LDM Technologies.  CS denies the remaining allegations in paragraph 66.

67.    CS denies the allegations in the first sentence of paragraph 67.  CS denies the allegations in the second sentence of paragraph 67, except admits that in or around December 2003 Meridian retained McKinsey & Co ("McKinsey").  CS denies the remaining allegations in paragraph 67, except admits Meridian's board formed a committee to oversee McKinsey's engagement and that the committee included, among others, certain board observers.

68.    CS denies the allegations in paragraph 68.

69.    CS denies the allegations in paragraph 69.

70.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 70 concerning what Mr. Wacaser may have told Meridian's directors.  CS denies the remaining allegations in paragraph 70.

71.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 71.

72.    CS denies the allegations in paragraph 72.

73.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first sentence of paragraph 73.  CS denies the allegations in the second sentence of paragraph 73.

74.    CS denies the allegations in paragraph 74.

75.    CS denies the allegations in the first sentence of paragraph 75.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 75.

76.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 76.

77.     CS denies the allegations in the first sentence of paragraph 77.  CS lacks

sufficient knowledge or information to answer, and on that basis denies, the allegations in the

second sentence of paragraph 77.

78.     CS denies the allegations in the first sentence of paragraph 78.  CS lacks

sufficient knowledge or information to answer, and on that basis denies, the allegations in the

second and third sentences of paragraph 78 concerning the "Director Defendants'" state of mind,

and otherwise denies the allegations in the second sentence of paragraph 78.

79.     CS denies the allegations in the first sentence of paragraph 79, except admits that

Meridian, CSFB, and GS executed an Authorization Letter on or about March 10, 2004 and

refers the Court to the Authorization Letter for a complete and accurate statement of its terms.

CS admits that CSFB sent copies of a confidential information memorandum to prospective

lenders from its New York offices, and lacks sufficient knowledge or information to answer, and

on that basis denies, the remaining allegations in the second sentence of paragraph 79.  CS

admits the remaining allegations in paragraph 79.

80.     CS admits the allegations in paragraph 80.

81.     CS denies the allegations in the first sentence of paragraph 81, except admits that

some prospective lenders, who were fully apprised of the terms of the 2004 Refinancing,

commented on Meridian's contemplated repayment of $80 million to various lenders.  CS lacks

sufficient knowledge or information to answer, and on that basis denies, the allegations in the

second, third, and fourth sentences of paragraph 81.

82.     CS denies the allegations in paragraph 82.

83.     CS admits the 2004 Refinancing was implemented pursuant to a series of

agreements, and refers the Court to the First Lien Credit Agreement, the Second Lien Credit

Agreement, and the Fourth Amended and Restated Subordinated Note Agreement for a complete

and accurate statement of their terms.

84.     CS denies the allegations in paragraph 84.

85.     CS denies the allegations in the first sentence of paragraph 85.  CS admits the allegations in the second sentence of paragraph 85.  CS admits the allegations in the third sentence, except further states on information and belief that the first lien revolving loan was undrawn at closing.  CS admits the allegations in the last sentence of paragraph 85.

86.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 86.

87.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 87, except admits that on or about April 28, 2004, Meridian repaid to CSFB Holding approximately $2.34 million.

88.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 88.

89.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 89.

90.     CS denies the allegations in paragraph 90.

91.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 91.

92.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 92.

93.     CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 93.

94.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 94.

95.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 95.

96.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 96.

97.    CS incorporates by reference its responses set forth above to the allegations contained in paragraphs 1 through 96.

98.    CS denies the allegation in paragraph 98.

99.    CS denies the allegation in the first sentence of paragraph 99 that Meridian was insolvent.  CS lacks sufficient knowledge and information to answer, and on that basis denies, the remaining allegations in the first sentence of paragraph 99.  The allegations in the second sentence of paragraph 99 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the second sentence of paragraph 99.

100.    CS denies the allegations in paragraph 100, except CS lacks sufficient knowledge or information to answer, and in that basis denies, the allegations in paragraph 100 as they relate to other defendants.

101.    CS denies the allegations in paragraph 101.

102.    The allegations in paragraph 102 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 102.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its first claim for relief.

20

103.    The allegations in paragraph 103 constitute conclusions of law to which no response is required.  To the extent any response is required CS denies the allegations in paragraph 103.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its first claim for relief.

104.    CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 103.

105.    The allegations in paragraph 105 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 105.

106.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 106.

107.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 107 as to the state of mind of the "Director Defendants" and Mr. Vanek.  CS denies the remaining allegations in paragraph 107.

108.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 108.

109.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 109 as to the state of mind of the "Director Defendants" and Mr. Vanek.  CS denies the remaining allegations in paragraph 109.

110.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 110 as to the state of mind of the "Director Defendants" and Mr. Vanek.  CS denies the remaining allegations in paragraph 110.

111.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in the first and second sentences of paragraph 111.  CS denies that any of the individuals identified in the third sentence of paragraph 111 were employees, consultants, or paid advisors of CS, and otherwise lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in the third sentence of paragraph 111.  CS denies the remaining allegations in paragraph 111.

112.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 112.

113.    The allegations in paragraph 113 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 113.

114.    The allegations in paragraph 114 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 114.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its second claim for relief.

115.    CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 114.

116.    The allegations in the first sentence of paragraph 116 constitute conclusions of law to which no response is required; to the extent any response is required, CS denies the allegations in the first sentence of paragraph 116.  CS denies the allegations in the second sentence of paragraph 116.  CS denies the allegations in the third sentence of paragraph 116, except admits that CSFB LP Holding appointed a board observer to observe certain meetings of Meridian's board of directors.  CS denies the remaining allegations in paragraph 116.

117.    CS denies the allegations in paragraph 117, except admits that CSFB acted as joint lead arranger for the 2004 Refinancing and refers the Court to the contracts between Meridian and CSFB for a complete and accurate statement of the terms of Meridian's retention of CSFB.

118.    CS denies the allegations in paragraph 118.

119.    CS denies the allegations in paragraph 119.

120.    CS denies the allegations in paragraph 120.

121.    CS denies the allegations in paragraph 121.

122.    The allegations in paragraph 122 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 122.

123.    The allegations in paragraph 123 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 123.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its third claim for relief.

124.    CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 123.

125.    CS denies the allegations in paragraph 125.

126.    CS denies the allegations in paragraph 126.

127.    CS admits that certain of the defendants entered into a Shareholder Agreement, which was subsequently amended, and refers the Court to the Shareholder Agreement and its amendments for a complete and accurate statement of their terms.  CS denies the remaining allegations in paragraph 127.

128.    CS denies the allegations in paragraph 128.

129.    CS denies the allegations in paragraph 129.

130.    CS denies the allegations in paragraph 130.

131.    The allegations in paragraph 131 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 131.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its fourth claim for relief.

132.    CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 131.

133.    CS denies the allegations in paragraph 133.

134.    CS denies the allegations in paragraph 134.

135.    The allegations in paragraph 135 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 135.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its second claim for relief.

136.    CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 135.

137.    The allegations in paragraph 137 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 137.

138.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 138, except admits that on or about April 28, 2004, Meridian repaid to CSFB LP Holding approximately $2.34 million.

139     The allegations in paragraph 139 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 139.

140.     The allegations in paragraph 140 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 140.

141.     CS admits the allegations in paragraph 141 as they apply to CSFB LP Holding, and lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 141 as they apply to other defendants.

142.     The allegations in paragraph 142 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 142.

143.     CS denies the allegations in paragraph 143.

144.     The allegations in paragraph 144 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 144.

145.     CS denies the allegation in the first sentence of paragraph 145 that Meridian was insolvent.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 145.

146.     CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 145.

147.     CS denies the allegations in paragraph 147.

148.     CS denies the allegations in paragraph 148, except admits that on or about April 28, 2004, Meridian repaid to CSFB LP Holding approximately $2.34 million.

149.    The allegations in paragraph 149 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 149.

150.    The allegations in paragraph 150 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 150.

151.    CS denies the allegations in paragraph 151.

152.    CS denies the allegations in paragraph 152.

153.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 153.

154.    The allegations in paragraph 154 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 154.

155.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 155.

156.    CS denies the allegation in the first sentence of paragraph 156 that Meridian was insolvent.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 156.

157.    CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 156.

158.    The allegations in paragraph 158 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 158.

159.    CS lacks sufficient knowledge or information to answer, and on that basis denies, the allegations in paragraph 159, except admits that on or about April 28, 2004, Meridian repaid to CSFB LP Holding approximately $2.34 million.

160.    The allegations in paragraph 160 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 160.

161.    The allegations in paragraph 161 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 161.

162.    The allegations in paragraph 162 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 162.

163.    CS denies the allegations in paragraph 163.

164.    The allegations in paragraph 164 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 164.

165.    The allegations in paragraph 165 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 165.

166.    The allegations in paragraph 166 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 166.

167.    CS denies the allegation in the first sentence of paragraph 167 that Meridian was insolvent.  CS lacks sufficient knowledge or information to answer, and on that basis denies, the remaining allegations in paragraph 167.

168.    The allegations in paragraph 168 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 168.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its eighth claim for relief.

169.    CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 168.

170.    The allegations in paragraph 170 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 170.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its ninth claim for relief.

171.    CS incorporates by reference its responses set forth above to the allegations in paragraphs 1 through 170.

172.    The allegations in paragraph 172 constitute conclusions of law to which no response is required.  To the extent any response is required, CS denies the allegations in paragraph 172.  CS denies that the plaintiff is entitled to any of the relief that it seeks on its tenth claim for relief.

## AFFIRMATIVE DEFENSES

CS alleges the following affirmative defenses to the claims set forth in the complaint.  By designating the following defenses as affirmative defenses, CS does not admit or concede that any such defense is an affirmative defense or that it bears the burden of proof with respect to any such defense.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims, requests, and demands in its complaint are barred under the terms of the exculpatory clauses, disclaimers, waivers, releases, and/or covenants incorporated in the contracts between CS and Meridian.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and/or limited by Meridian's contributory negligence, breaches, and/or other misconduct and/or the negligence, breaches, or other misconduct of parties other than CS.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing to bring some or all of the claims asserted in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff fails to plead its allegations of fraud and conspiracy with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because neither Meridian nor others sustained damages as a result of any action or inaction by CS.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages is barred as a matter of law.

EIGHTH AFFIRMATIVE DEFENSE

The plaintiff or its predecessor knowingly and intelligently waived its right to a trial by jury.

NINTH AFFIRMATIVE DEFENSE

The action is barred, in whole or in part, by the statute of limitations.

TENTH AFFIRMATIVE DEFENSE

CS did not violate Mich. Comp. Law § 450.1345 because Meridian retained the ability to pay its debts as the debts became due in the usual course of business after giving effect to the 2004 Refinancing.

ELEVENTH AFFIRMATIVE DEFENSE

CS did not violate Mich. Comp. Law § 450.1345 because Meridian's total assets exceeded the sum of its total liabilities plus the amount that would be needed, if Meridian were dissolved at the time of the payments in connection with the 2004 Refinancing, to satisfy any preferential rights upon dissolution.

TWELFTH AFFIRMATIVE DEFENSE

CS did not violate Mich. Comp. Law § 450.1345 because the payments in connection with the 2004 Refinancing were not prohibited under Mich. Comp. Law § 450.1345(3) as provided in § 450.1345(4).

30

THIRTEENTH AFFIRMATIVE DEFENSE

CS did not violate Mich. Comp. Law § 450.1345 because Meridian was not insolvent when payments in connection with the 2004 Refinancing were authorized or made.

FOURTEENTH AFFIRMATIVE DEFENSE

CS did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because any transfer from Meridian to CS was intended by Meridian and CS to be, and was in fact, a contemporaneous exchange for new value given to Meridian.

FIFTEENTH AFFIRMATIVE DEFENSE

CS did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because any transfer from Meridian to CS did not enable CS to receive more than it would have received in a Chapter 7 proceeding, pursuant to the provisions of 11 U.S.C. § 101 *et seq.*

SIXTEENTH AFFIRMATIVE DEFENSE

CS did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian received reasonably equivalent value, whether measured by its satisfaction of debt, receipt of more favorable credit terms, and extension of maturities in exchange for any transfer to CS, or otherwise.

SEVENTEENTH AFFIRMATIVE DEFENSE

CS did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian was not insolvent either prior to, or immediately after, the 2004 Refinancing.

EIGHTEENTH AFFIRMATIVE DEFENSE

CS did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian was not left with an unreasonably small amount of capital immediately after the 2004 Refinancing.

NINETEENTH AFFIRMATIVE DEFENSE

CS did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian retained the ability to pay its debts as they became due immediately after the 2004 Refinancing.

TWENTIETH AFFIRMATIVE DEFENSE

Any transfer by Meridian to CS in connection with the 2004 Refinancing was in good faith and was fair and equitable.

WHEREFORE, CS denies that the plaintiff is entitled to any relief, as requested or at all, and prays that:

A.    The Court adjudge and decree that plaintiff take nothing by the complaint;

B.    The Court dismiss the complaint, in its entirety, with prejudice;

C.    Judgment be entered on the complaint in favor of CS;

D.    The Court grant CS such other, further, or different relief as it deems just, necessary, or proper under the circumstances and the law.

Dated:    New York, New York
          August 17, 2007

                              Linklaters LLP


                              By:    /s/ Paul S. Hessler
                              R. Paul Wickes
                              Paul S. Hessler
                              1345 Avenue of the Americas
                              New York, NY 10105
                              (212) 903-9000
                              (212) 903-9100 (fax)

                              *Attorneys for Defendants CSFB LP Holdings,
                              Credit Suisse (USA) Inc., and Credit Suisse
                              Securities (USA) LLC*