UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                                              :
OCEAN RIDGE CAPITAL ADVISORS, LLC, as         :
Litigation Trustee of THE MAS LITIGATION      :
TRUST,                                        :
                                              :
                          Plaintiff,          :          No. 07 CV 3213 (SAS)
                                              :
                                              :          **ANSWER OF DEFENDANTS**
                  -against-                   :          **GURMINDER S. BEDI,**
                                              :          **THOMAS GRAHAM,**
METROPOLITAN LIFE INSURANCE                   :          **JEFFREY HODGMAN, A.**
COMPANY, THE NORTHWESTERN MUTUAL              :          **KIPP KOESTER, JOHN F.**
LIFE INSURANCE COMPANY, CAPITAL               :          **MAYPOLE, PETER S.**
D'AMERIQUE CDPQ INC., CAISSE DE DEPOT         :          **MACDONALD, DONALD A.**
ET PLACEMENT DU QUEBEC, CSFB LP               :          **MCKAY, HENRY A. NICKOL,**
HOLDING, SKOOG FAMILY INVESTMENTS,            :          **GARY SWENSON AND**
LLC, BANCAMERICA CAPITAL INVESTORS            :          **THOMAS K. WALKER**
II, L.P., WINDWARD/PARK AB III, L.L.C.,       :
WINDWARD CAPITAL PARTNERS L.P.,               :
WINDWARD CAPITAL ASSOCIATES, L.P.,            :
SUEZ CAPITAL PARTNERS II, L.P., INDOSUEZ      :
CAPITAL CO-INVEST PARTNERS, L.P., SCP II      :
ASSOCIATES, CREDIT SUISSE FIRST               :
BOSTON (USA), INC., CREDIT SUISSE FIRST       :
BOSTON, GOLDMAN SACHS CREDIT                  :
PARTNERS L.P., JEFFREY A. ANDERSON, JON       :
F. BAKER, JOSE R. GARCIA, ROBERT H.           :
BARTON III, H.H. WACASER, PETER S.            :
MACDONALD, GARY SWENSON, JOHN F.              :
MAYPOLE, THOMAS GRAHAM, DONALD A.             :
MCKAY, HENRY A. NICKOL, JEFFREY               :
HODGMAN, A. KIPP KOESTER, CRAIG VAN           :
ESS, GURMINDER S. BEDI, THOMAS                :
WALKER, JACK SKOOG AND DEAN VANEK,            :
                                              :
                          Defendants.         :
                                              :
                                              :
———————————————————— x

KL3 2609903.1

Defendants Gurminder S. Bedi, Thomas Graham, Jeffrey Hodgman, A. Kipp Koester, John F. Maypole, Peter S. Macdonald, Donald A. McKay, Henry A. Nickol, Gary Swenson and Thomas K. Walker, by their attorneys, Kramer Levin Naftalis & Frankel LLP, for their answer to the Complaint (the "Complaint") of plaintiff Ocean Ridge Capital Advisors, LLC ("Ocean Ridge"), state as follows:

1.    Deny the allegations in the first and second sentences of paragraph 1, except admit that in or about April 2004, Meridian Automotive Systems ("Meridian") entered into a First Lien Credit Agreement and Second Lien Credit Agreement with certain lenders (together, the "2004 Credit Agreements") and also entered into certain other agreements that were related to the 2004 Credit Agreements (taken together, the 2004 Credit Agreements and the agreements that were related to them are referred to as the "April 2004 Transaction"), and admit that following the closing on the April 2004 Transaction, certain employees of Credit Suisse First Boston and certain other persons attended a dinner in New York City. Deny the allegations in the third sentence of paragraph 1. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 1.

2.    Deny the allegations in the first sentence of paragraph 2, except admit that at the time of the April 2004 Transaction, Meridian was a supplier to the automotive industry of certain automotive components. Admit the allegations in the second sentence of paragraph 2. Deny the allegations in the third, fourth, and fifth sentences of paragraph 2, except admit that (a) Meridian has manufacturing locations in the United States, Canada and Mexico, and (b) Meridian provides products to various automotive manufacturers.

3.    Deny the allegations in the first sentence of paragraph 3. Deny the allegations in the second and third sentences of paragraph 3, except admit that in connection with

KL3 2609903.1

the April 2004 Transaction, Meridian paid certain fees to Credit Suisse First Boston (USA), Inc. and Credit Suisse First Boston (together, "CSFB") and to Goldman Sachs Credit Partners L.P. ("Goldman Sachs") in exchange for certain services that CSFB and Goldman Sachs had provided to Meridian contemporaneously and in connection with the April 2004 Transaction. Deny the allegations in the fourth, fifth, and sixth sentences of paragraph 3, except admit that as part of the April 2004 Transaction, Meridian repaid a portion of certain debt instruments that were held by certain investors in Meridian.

4. Deny the allegations in paragraph 4.

5. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6. Deny the allegations in the second sentence of paragraph 6. Deny the allegations in the third sentence of paragraph 6, except admit that on or about April 26, 2005, Meridian filed a Chapter 11 Voluntary Petition (the "Meridian Bankruptcy Proceedings") in the United States Bankruptcy Court for the District of Delaware.

7. Deny the allegations in the first sentence of paragraph 7, except admit that plaintiff Ocean Ridge purports to be a Litigation Trustee and that Ocean Ridge purports to assert certain claims for damages. Deny the allegations in the second sentence of paragraph 7.

8. Deny the allegations in paragraph 8, except admit that Ocean Ridge purports to premise the subject matter jurisdiction of the Court on the statutory provisions cited in paragraph 8.

KL3 2609903.1

9.    Deny the allegations in paragraph 9, except admit that Ocean Ridge purports to premise venue for this action on the statutory provisions cited in paragraph 9.

10.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, except admit that a bankruptcy reorganization plan was confirmed on or about December 6, 2006, in connection with the Meridian Bankruptcy Proceedings.

11.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.    Deny the allegations in paragraph 13, except admit that (a) at the time of the April 2004 Transaction certain investors held certain subordinated debt instruments, issued by Meridian, (b) at various times, certain of those subordinated debt instruments were referred to by various persons associated with Meridian as "mezzanine debt," and (c) as part of the April 2004 Transaction, Meridian repaid a portion of the mezzanine debt which was then outstanding.

14.    Deny the allegations in paragraph 14.

15.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, fourth, and fifth sentences of paragraph 15, except admit that (a) at certain times Metropolitan Life Insurance Company ("MetLife") was an investor in Meridian, (b) MetLife was at certain times a party to a shareholders agreement, originally dated April 30, 1997, between American Bumper & Mfg., Co., Windward Capital Associates, L.P., Windward/Park AB, L.L.C., Windward/Merchant, L.P., Windward/Merban, L.P.,

Windward/Badger II, L.L.C., the Skoog Family Limited Partnership, and certain other shareholders (the "1997 Shareholders Agreement") and certain subsequent amendments to that agreement (collectively, the "Shareholders Agreements"), (c) MetLife had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of MetLife's rights, and (d) defendants Jeffrey Hodgman and John F. Maypole were directors of Meridian at the time of the April 2004 Transaction. Deny the allegations in the second, sixth, and seventh sentences of paragraph 15, except admit that (a) MetLife had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of MetLife's rights, and (b) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by MetLife.

16.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, fourth, and fifth sentences of paragraph 16, except admit that (a) at certain times the Northwestern Mutual Life Insurance Company ("Northwestern") was an investor in Meridian, (b) Northwestern was at certain times a party to the Shareholders Agreements, (c) Northwestern had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Northwestern's rights, and (d) defendant A. Kipp Koester was a director of Meridian at the time of the April 2004 Transaction. Deny the allegations in the second, sixth, and seventh sentences of paragraph 16, except admit that (a) Northwestern had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Northwestern's rights, and (b) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by Northwestern.

17.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, and seventh sentences of

paragraph 17, except admit that (a) at certain times Caisse De Depot Et Placement Du Quebec ("Caisse") was an investor in Meridian, (b) Caisse was at certain times a party to the Shareholders Agreements, and (c) Caisse had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Caisse's rights. Deny the allegations in the sixth, eighth, and ninth sentences of paragraph 17, except admit that (a) Caisse had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Caisse's rights, and (b) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by Caisse.

18.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 18, except admit that (a) at certain times Skoog Family Investments, LLC ("Skoog Investments") was an investor in Meridian, (b) Skoog Investments was at certain times a party to the Shareholders Agreements, (c) Skoog Investments had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Skoog Investment's rights, and (d) defendant Craig Van Ess was a director of Meridian at the time of the April 2004 Transaction. Deny the allegations in the second, fifth, and sixth sentences of paragraph 18, except admit that (a) Skoog Investments had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Skoog Investment's rights, and (b) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by Skoog Investments.

19.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 19, except admit that (a) Windward/Park AB III, L.L.C. ("Windward/Park") is a Delaware limited liability company with offices located at 5 Penn Plaza, New York, New York, (b) Windward/Park was an

investor in Meridian, (c) Windward/Park was at certain times a party to the Shareholders Agreements, (d) Windward/Park had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Windward/Park's rights, and (d) defendants Peter Macdonald ("Macdonald") and Gary Swenson ("Swenson") were directors of Meridian at the time of the April 2004 Transaction. Deny the allegations in the second, fifth, and sixth sentences except admit that (a) Windward/Park had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Windward/Park's rights, and (b) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by Windward/Park.

      20.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 20, except admit that (a) CSFB LP Holding ("CSFB Holding") was an investor in Meridian, (b) CSFB Holding was at certain times a party to the Shareholders Agreements, and (c) CSFB Holding had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of CSFB Holding's rights. Deny the allegations in the second, fourth, and fifth sentences of paragraph 20, except admit that (a) CSFB Holding had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of CSFB Holding's rights, and (b) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by CSFB Holding.

      21.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21. Deny the allegations in the second, third, and fourth sentences of paragraph 21, except admit that (a) at certain times Bancamerica Capital Investors II, L.P. ("Bancamerica") was an investor in Meridian, (b)

Bancamerica was at certain times a party to the Shareholders Agreements, (c) Bancamerica had

certain rights under the Shareholders Agreements and refer to those agreements for an accurate

description of Bancamerica's rights, and (d) as part of the April 2004 Transaction, Meridian

repaid a portion of the debt held by Bancamerica.

   22. Deny possessing knowledge or information sufficient to form a belief as to

the truth of the allegations in the first, second, third, and fourth sentences of paragraph 22, except

admit that Windward Capital Partners L.P. ("WCP") is a Delaware limited liability partnership

with offices located at 5 Penn Plaza, New York, New York, and that defendants Macdonald and

Swenson were directors of Meridian at the time of the April 2004 Transaction. Deny the

allegations in the fifth and sixth sentences of paragraph 22, except admit that as part of the April

2004 Transaction, Meridian paid certain fees owed to WCP.

   23. Deny possessing knowledge or information sufficient to form a belief as to

the truth of the allegations in the first sentence of paragraph 23. Deny the allegations in the

second, third, and fourth sentences of paragraph 23, except admit that (a) at certain times Suez

Capital Partners II, L.P ("Suez") was an investor in Meridian, (b) Suez was at certain times a

party to the Shareholders Agreements, (c) Suez had certain rights under the Shareholders

Agreements and refer to those agreements for an accurate description of Suez's rights, and (d) as

part of the April 2004 Transaction, Meridian repaid a portion of the debt held by Suez.

   24. Deny possessing knowledge or information sufficient to form a belief as to

the truth of the allegations in the first, second, third, and fourth sentences of paragraph 24, except

admit that (a) Windward Capital Associates, L.P. ("WCA") is a Delaware limited liability

partnership, (b) at certain times WCA was an investor in Meridian, (c) WCA was at certain times

a party to the Shareholders Agreements, (d) WCA had certain rights under the Shareholders

Agreements and refer to those agreements for an accurate description of WCA's rights, and (d) defendants Macdonald and Swenson were directors of Meridian at the time of the April 2004 Transaction. Deny the allegations in the fifth and sixth sentences of paragraph 24, except admit that as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by WCA.

25.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25. Deny the allegations in the second, third, and fourth sentences of paragraph 25, except admit that (a) at certain times Indosuez Capital Co-Invest Partners, L.P. ("Indosuez") was an investor in Meridian, (b) Indosuez was at certain times a party to the Shareholders Agreements, (c) Indosuez had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of Indosuez's rights, and (d) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by Indosuez.

26.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 26. Deny the allegations in the second, third, and fourth sentences of paragraph 26, except admit that (a) at certain times SCP II Associates ("SCP") was an investor in Meridian, (b) SCP was at certain times a party to the Shareholders Agreements, (c) SCP had certain rights under the Shareholders Agreements and refer to those agreements for an accurate description of SCP's rights, and (d) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by SCP.

27.     Deny the allegations contained in paragraph 27, except admit that Ocean Ridge purports to refer to MetLife, Northwestern, Caisse, Skoog Investments, Windward/Park, CSFB Holding, Bancamerica, WCP, Suez, WCA, Indosuez, and SCP as the "Institutional Insider Defendants."

28.    Deny the allegations in the first sentence of paragraph 28, except admit that before the date of the April 2004 Transaction, certain parties, including Jeffrey Anderson, Jon Baker, Robert Barton, Jose Garcia, H.H. Wacaser, MetLife, Northwestern, Caisse, Skoog Investments, Windward/Park, CSFB Holding, Bancamerica, Suez, WCA, Indosuez, and SCP entered into the Shareholders Agreements and that the Shareholders Agreements conferred certain rights on the parties to those agreements, and refer to the Shareholders Agreements for an accurate description of those rights.  Deny the allegations in the second and fourth sentences of paragraph 28.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the third sentence of paragraph 28.

29.    Deny the allegations in paragraph 29, except admit that the Shareholders Agreements conferred certain rights on the parties to those agreements, and refer to the Shareholders Agreements for an accurate description of those rights.

30.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.    Deny the allegations in paragraph 31, except admit that defendant John F. Maypole ("Maypole") (a) resides at 14 Sherwood Drive, Mountain Lakes, New Jersey 07046, (b) served on Meridian's board of directors at the time of the April 2004 Transaction, (c) at certain times until 2002, Maypole received certain consulting fees from MetLife, and (d) a portion of WCA's investment in Meridian's debt was allocated to Maypole.

32.    Deny the allegations in paragraph 32, except admit that defendant Jeffrey Hodgman ("Hodgman") (a) resides at 24 Hoyt Farm Drive, New Canaan, Connecticut 06840, (b) served on Meridian's board of directors at the time of the April 2004 Transaction, and (c) was an employee of MetLife at the time of the April 2004 Transaction.

KL3 2609903.1

33.    Deny the allegations in paragraph 33, except admit that defendant A. Kipp Koester ("Koester") (a) resided at 5842 N. Maitland Court, Milwaukee, Wisconsin 53217 at the time this action was filed, (b) served on Meridian's board of directors at the time of the April 2004 Transaction, and (c) was employed by Northwestern Mutual Life Insurance Company from 1966 until March 2003.

34.    Deny the allegations in paragraph 34, except admit that defendant Gary Swenson ("Swenson") (a) resides at 36 Game Cock Road, Greenwich, Connecticut 06830, (b) served on Meridian's board of directors at the time of the April 2004 Transaction, and (c) was affiliated with one or more of the defendants WCA, WCP, or Windward/Park (collectively, the "Windward Defendants") at the time of the April 2004 Transaction.

35.    Deny the allegations in paragraph 35, except admit that defendant Peter S. Macdonald ("Macdonald") (a) resides at 530 East 86th Street, New York, New York 10028, (b) served on Meridian's board of directors at the time of the April 2004 Transaction, and (c) was affiliated with one or more of the Windward Defendants at the time of the April 2004 Transaction.

36.    Deny the allegations in paragraph 36, except admit that defendant Thomas Graham ("Graham") (a) resides at 20 Trillium Lane, Pittsburgh, Pennsylvania 15238, (b) served on Meridian's board of directors at the time of the April 2004 Transaction, and (c) a portion of WCA's investment in Meridian's debt was allocated to Graham.

37.    Deny the allegations in paragraph 37, except admit that defendant Donald A. McKay ("McKay") (a) resided at 12011 Excelsior Way, Dallas, Texas 75230 at the time this action was filed, and (b) served on Meridian's board of directors at the time of the April 2004 Transaction.

38.     Deny the allegations in paragraph 38, except admit that defendant Henry A. Nickol ("Nickol") (a) resides at 1505 Ashford Lane, Birmingham, Michigan 48009, (b) served on Meridian's board of directors at the time of the April 2004 Transaction, and (c) a portion of WCA's investment in Meridian's debt was allocated to Nickol.

39.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, except admit that defendant Craig Van Ess ("Van Ess") served on Meridian's board of directors at the time of the April 2004 Transaction.

40.     Deny the allegations in paragraph 40, except admit that defendant Gurminder S. Bedi ("Bedi") served on Meridian's board of directors at the time of the April 2004 Transaction.

41.     Deny the allegations in paragraph 41, except admit that defendant Thomas K. Walker ("Walker") served on Meridian's board of directors at the time of the April 2004 Transaction.

42.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, except admit that Robert H. Barton III ("Barton") served on Meridian's board of directors at the time of the April 2004 Transaction.

43.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, except admit that at the time of the April 2004 Transaction, H.H. Wacaser ("Wacaser") was Meridian's President and Chief Executive Officer and a director of Meridian.

44.     Deny the allegations in paragraph 44, except admit that Ocean Ridge purports to refer to defendants Maypole, Hodgman, Koester, Swenson, Macdonald, Graham, McKay, Nickol, Van Ess, Bedi, Walker, Barton and Wacaser as "Director Defendants."

45.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, except admit that at certain times defendant Jon F. Baker ("Baker") was an officer of Meridian.

46.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, except admit that at certain times defendant Jose R. Garcia ("Garcia") was an officer of Meridian.

47.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, except admit that at certain times defendant Jeffrey A. Anderson ("Anderson") was an officer of Meridian.

48.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, except admit that at certain times defendant Van Ess was a director of Meridian.

49.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, except admit that at certain times defendant Dean Vanek ("Vanek") was an officer of Meridian.

50.     Deny the allegations in paragraph 50, except admit that Ocean Ridge purports to refer to defendants Baker, Garcia, Anderson, Skoog and Vanek as the "Individual Insider Defendants."

51.     Deny the allegations in paragraph 51, except admit that Ocean Ridge purports to name as defendants certain firms that are engaged in the investment banking business.

52.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, except admit that Meridian paid certain fees to CSFB for services that CSFB provided to Meridian in connection with the April 2004 Transaction.

53.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, except admit that Meridian paid certain fees to Goldman Sachs for services that Goldman Sachs provided to Meridian in connection with the April 2004 Transaction.

54.     Deny the allegations in paragraph 54, except admit that Ocean Ridge purports to refer to defendants CSFB and Goldman Sachs as the "Arranger Defendants."

55.     Deny the allegations in paragraph 55, except admit that (a) defendant Jack Skoog founded American Bumper & Mfg. Co. ("American Bumper"), (b) in or around 1997 investors acquired approximately 74 percent of the outstanding stock of American Bumper (the "1997 Transaction"), (c) in the 1997 Transaction, American Bumper issued a debt instrument to Skoog Investments, and (d) at some time after the completion of the 1997 Transaction the name of American Bumper was changed to Meridian.

56.     Deny the allegations in paragraph 56, except admit that (a) following the 1997 Transaction, Meridian made certain acquisitions of automotive component manufacturers, (b) at certain times Meridian borrowed funds under a credit facility with Bank of America, and

- 14 -

(c) at certain times Meridian issued certain unsecured subordinated notes and certain shares of stock to investors.

57.     Deny the allegations in paragraph 57, except admit that (a) certain investors in Meridian entered into the Shareholders Agreements, which conferred upon the parties to those agreements certain rights with respect to the board of directors of Meridian, and refer to the Shareholders Agreements for a complete and accurate description of those rights; and (b) certain investors in Meridian designated certain persons who observed portions of meetings of the board of directors of Meridian.

58.     Deny the allegations in the first sentence of paragraph 58.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 58, except admit that Meridian and Bank of America entered into certain amendments to the credit agreement that had been entered into between Meridian and Bank of America.

59.     Deny the allegations in paragraph 59, except admit that in or about 2001 Meridian exchanged certain debt instruments for certain other debt instruments.

60.     Deny the allegations in paragraph 60, except admit that at a certain time Meridian issued certain debt instruments that were denominated as Series B1 and Series B2 subordinated notes and refer to the notes for their amounts and terms.

61.     Deny the allegations in paragraph 61, except admit that Meridian issued to investors certain debt instruments that were subordinated in priority of payment to debt that Meridian had issued to Bank of America, and that at various times certain investors in Meridian

used the term, "mezzanine debt," to refer to certain of the Meridian debt obligations that were subordinated in priority of repayment to the debt obligations owed to Bank of America.

62.     Deny the allegations in paragraph 62, except admit that (a) at various times, certain Meridian debt instruments contained a maturity date in 2007, and (b) Meridian began bankruptcy proceedings on or about April 26, 2005.

63.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 63. Deny the allegations in the fourth, fifth, and sixth sentences of paragraph 63, except admit that (a) at various times, the holders of certain debt instruments issued by Meridian did not receive cash interest payments on those debt instruments, but did receive certain other benefits instead of cash interest payments, and (b) at various times, certain Meridian debt instruments contained a maturity date in 2007.

64.     Deny the allegations in paragraph 64, except admit that on or about August 20, 2002, Meridian filed a form of Registration of Securities Under the Securities Act of 1933 on Form S-1, and that on or about February 25, 2003, Meridian filed a form of Registration Withdrawal Request on Form RW, and refer to those documents for their true contents.

65.     Deny the allegations in paragraph 65, except admit that at various times the board of directors of Meridian considered different strategic options for Meridian.

66.     Deny the allegations in the first sentence of paragraph 66, except admit that the board of directors of Meridian gave consideration to a potential transaction with LDM Technologies. Deny possessing knowledge or information sufficient to form a belief as to the

allegations in the second and third sentences, and in the purported slide that is referred to in the third sentence, of paragraph 66.

67.    Deny the allegations in paragraph 67, except admit that (a) McKinsey & Co. ("McKinsey") is a consulting firm, (b) the board of directors of Meridian retained McKinsey to analyze the business of and strategic options for Meridian, (c) the board of directors of Meridian appointed a Steering Committee to oversee the work that McKinsey performed for Meridian, (d) this Steering Committee included both members of the Meridian board of directors and persons who observed the meetings of the Meridian board of directors, and (e) the Meridian board of directors kept minutes of the meeting at which it resolved to retain McKinsey, and refer to those minutes for their true contents.

68.    Deny the allegations in paragraph 68, except admit that (a) McKinsey made certain presentations to the Meridian board of directors, (b) in connection with those presentations, the representatives of McKinsey provided the Meridian board of directors with certain written materials, and (c) refer to those written materials for their true contents.

69.    Deny the allegations in paragraph 69.

70.    Deny the allegations in the first, second, fourth, and fifth sentences of paragraph 70. Deny the allegations in the third sentence of paragraph 70, except admit that on or about February 18, 2004, McKinsey made a presentation to the Meridian board of directors.

71.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.    Deny the allegations in paragraph 72.

KL3 2609903.1

73.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 73.  Deny the allegations in the second sentence of paragraph 73, except admit that defendant Wacaser addressed a letter, dated February 4, 2004, to the board of directors of Meridian, and refer to that letter for its true contents.

74.    Deny the allegations in paragraph 74.

75.    Deny the allegations in paragraph 75, except admit that, at certain times, defendants Swenson and Macdonald were affiliated with one or more of the Windward Defendants and were members of the board of directors of Meridian, and that WCP received certain fees for management services it provided to Meridian.

76.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.    Deny the allegations in the first sentence of paragraph 77.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 77.

78.    Deny the allegations in paragraph 78.

79.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, except admit that Meridian retained CSFB and Goldman Sachs to provide certain services to Meridian in connection with the April 2004 Transaction.

80.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

KL3 2609903.1

81.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, except admit that on occasion Meridian's former Chief Financial Officer discussed with members of the board of directors of Meridian certain aspects of his communications with Meridian's prospective lenders.

82.     Deny the allegations in paragraph 82.

83.     Deny the allegations in paragraph 83, except admit that (a) the April 2004 Transaction involved a number of agreements, including a First Lien Credit Agreement, a Second Lien Credit Agreement, and a Fourth Amended and Restated Subordinated Note Agreement, and refer to those agreements for their true contents, and (b) as part of the April 2004 Transaction, Meridian repaid a portion of the debt of Meridian that was held by certain of the defendants.

84.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85, except admit that (a) Meridian entered into the April 2004 Transaction, (b) as part of the April 2004 Transaction, Meridian repaid the sums that were owed to Bank of America under the then-existing credit facility with Bank of America, and (c) Meridian entered into certain new credit agreements.

86.     Deny the allegations in paragraph 86, except admit that (a) Meridian paid certain fees to CSFB and Goldman Sachs for services that CSFB and Goldman Sachs provided to Meridian in connection with the April 2004 Transaction, and (b) Meridian paid WCP for certain management services that WCP provided to Meridian.

KL3 2609903.1

87.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, except admit that as part of the April 2004 Transaction, Meridian repaid a portion of the debt of Meridian that was held by certain of the defendants.

88.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 88, except admit that as part of the April 2004 Transaction, Meridian repaid certain sums that were owed to defendant Skoog Investments.  Deny the allegations in the second and third sentences of paragraph 88.

89.    Deny the allegations in paragraph 89, except admit that Meridian paid $580,228.21 in fees to WCP for management services that WCP provided to Meridian.

90.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 90, except admit that Meridian paid certain fees to CSFB for services that CSFB provided to Meridian in connection with the April 2004 Transaction.  Deny the allegations in the second and third sentences of paragraph 90.

91.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 91, except admit that Meridian paid certain fees to Goldman Sachs for services that Goldman Sachs provided to Meridian in connection with the April 2004 Transaction.  Deny the allegations in the second and third sentences of paragraph 90.

92.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.    Deny the allegations in paragraph 93, except admit that at certain times Meridian paid certain director's fees to and/or reimbursed certain expenses for defendants McKay, Bedi, Walker, Maypole, Nichol, Graham, and Hodgman for services that those directors performed contemporaneously for Meridian.

94.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, except admit that at certain times Meridian paid certain director's fees to and/or reimbursed certain expenses for defendants McKay, Bedi, Walker, Maypole, Nichol, Graham, and Hodgman for services that those directors performed contemporaneously for Meridian.

95.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.    Repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 96.

98.    Deny the allegations in paragraph 98, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 98.

99.    Deny the allegations in paragraph 99, except admit that (a) the board of directors of Meridian voted on whether Meridian should proceed with the April 2004 Transaction, (b) the members of the board of directors who were present at that time voted in

KL3 2609903.1

favor of the April 2004 Transaction, and (c) that as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by certain of the defendants.

100.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 concerning the state of mind of the Institutional Investor Defendants and defendants Baker, Wacaser, Garcia, Anderson and Barton.

102.    Deny the allegations in paragraph 102.

103.    Deny the allegations in paragraph 103.

104.    Repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 103.

105.    Aver that the first sentence of paragraph 105 purports to state a legal conclusion as to which no responsive pleading is required.  Deny the allegations in the second sentence of paragraph 105.

106.    Deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 107.

108.    Deny the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109.

KL3 2609903.1

110.    Deny the allegations in paragraph 110.

111.    Deny the allegations in the first sentence of paragraph 111, except deny possessing knowledge or information sufficient to form a belief as to the allegations concerning defendant Vanek. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 111. Deny the allegations in the third, fourth, and fifth sentences of paragraph 111, except admit that at the time of the April 2004 Transaction defendants Swenson and Macdonald were affiliated with one or more of the Windward Defendants and were members of the board of directors of Meridian.

112.    Deny the allegations in paragraph 112, except admit that (a) as a result of the April 2004 Transaction, Meridian repaid a portion of the debt held by certain of the defendants.

113.    Deny the allegations in paragraph 113.

114.    Deny the allegations in paragraph 114.

115.    Repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 114.

116.    Deny the allegations in paragraph 116, except admit that (a) the Institutional Investor Defendants were at certain times parties to the Shareholders Agreements, and (b) the Institutional Investor Defendants had certain rights under the Agreements and refer to those agreements for an accurate description of those rights.

117.    Deny the allegations in the first sentence of paragraph 117, except admit that in connection with the April 2004 Transaction, CSFB and Goldman Sachs provided certain services to Meridian. Deny the allegations in the second sentence of paragraph 117, except deny

possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of knowledge of CSFB and Goldman Sachs. Deny the allegations in the third sentence of paragraph 117, except deny possessing knowledge or information sufficient to form a belief as to the allegations concerning the state of knowledge of the Institutional Investor Defendants and CSFB and Goldman Sachs.

118.    Deny the allegations in paragraph 118, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 concerning the state of knowledge of the Institutional Investor Defendants.

119.    Deny the allegations in paragraph 119, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 concerning the state of knowledge of the Institutional Investor Defendants and CSFB and Goldman Sachs.

120.    Deny the allegations in paragraph 120, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 concerning the state of knowledge of the Institutional Investor Defendants and CSFB and Goldman Sachs.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 123.

125.    Deny the allegations in paragraph 125.

126.    Deny the allegations in paragraph 126.

127.    Deny the allegations in the first sentence of paragraph 127, except admit that the Institutional Investor Defendants and defendants Anderson, Baker, Barton, Garcia and Wacaser entered into the Shareholders Agreements.  Deny the allegations in the second and third sentences of paragraph 127.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131.

132.    Repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 131.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134.

135.    Deny the allegations in paragraph 135.

136.    Repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 135.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138, except deny possessing knowledge or information sufficient to form a belief as to the allegations in paragraph 138 concerning defendants Vanek, Van Ess, and Skoog, and admit that (a) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by certain of the defendants, (b) Meridian paid certain

fees owed to WCP for management services that WCP provided to Meridian, and (c) Meridian paid certain director's fees to and/or reimbursed certain expenses for defendants McKay, Bedi, Walker, Maypole, Nickol, Graham, Hodgman for services they provided to Meridian.

139.   Deny the allegations in paragraph 139.

140.   Deny the allegations in paragraph 140, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 concerning persons and entities other than defendants Bedi, Graham, Hodgman, Maypole, McKay, Nickol, and Walker.

141.   Deny possessing knowledge or information sufficient to form a belief as to the allegations in paragraph 141, except admit that (a) Meridian commenced its Bankruptcy Proceedings on or about April 26, 2005, (b) at certain times Meridian paid certain director's fees to and/or reimbursed certain expenses for defendants McKay, Bedi, Walker, Maypole, Nickol, Graham, and Hodgman for services they provided to Meridian, (c) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by certain of the defendants, and (d) Meridian paid certain fees owed to WCP for management services that WCP provided to Meridian.

142.   Deny the allegations in paragraph 142, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 concerning persons and entities other than defendants Bedi, Graham, Hodgman, Maypole, McKay, Nickol and Walker.

143.   Deny the allegations in paragraph 143, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143

KL3 2609903.1

concerning persons and entities other than defendants Bedi, Graham, Hodgman, Maypole, McKay, Nickol and Walker.

144.    Deny the allegations in paragraph 144, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 concerning persons and entities other than defendants Bedi, Graham, Hodgman, Maypole, McKay, Nickol and Walker.

145.    Deny the allegations in paragraph 145, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 concerning "numerous secured and unsecured creditors."

146.    Repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 145.

147.    Deny the allegations in paragraph 147.

148.    Deny the allegations in paragraph 148, except admit that (a) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by certain of the defendants, and (b) Meridian paid certain fees owed to CSFB and Goldman Sachs for services that CSFB and Goldman Sachs provided to Meridian.

149.    Deny the allegations in paragraph 149.

150.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.    Deny the allegations in paragraph 151, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151

KL3 2609903 1

concerning the state of knowledge of the Institutional Investor Defendants and defendants

Goldman Sachs, Anderson, Baker, Barton, Garcia and Wacaser.

152.    Deny the allegations in paragraph 152.

153.    Deny the allegations in paragraph 153.

154.    Deny the allegations in paragraph 154.

155.    Deny the allegations in paragraph 155, except admit that as part of the

April 2004 Transaction, Meridian repaid a portion of the debt held by certain investors in

Meridian and that Meridian paid certain fees to CSFB and Goldman Sachs for services that

CSFB and Goldman Sachs provided to Meridian in connection with the April 2004 Transaction.

156.    Deny the allegations in paragraph 156, except deny possessing knowledge

or information sufficient to form a belief as to the truth of the allegations in paragraph 156

concerning "numerous unsecured creditors."

157.    Repeat and incorporate by reference their responses to the allegations in

paragraphs 1 through 156.

158.    Deny the allegations in paragraph 158.

159.    Deny the allegations in paragraph 159, except deny possessing knowledge

or information sufficient to form a belief as to the truth of the allegations in paragraph 159

concerning defendants Vanek, Van Ess, and Skoog, and admit that (a) as part of the April 2004

Transaction, Meridian repaid a portion of the debt held by certain of the defendants, (b) Meridian

paid certain fees owed to CSFB, Goldman Sachs and WCP for services that CSFB, Goldman

Sachs, and WCP provided to Meridian, and (c) Meridian paid certain director's fees to and/or

KL3 2609903.1

reimbursed certain expenses for defendants McKay, Bedi, Walker, Maypole, Nickol, Graham, and Hodgman for services they provided to Meridian.

      160.    Deny the allegations in paragraph 160.

      161.    Deny the allegations in paragraph 161.

      162.    Deny the allegations in paragraph 162, except deny possessing knowledge or information sufficient to form a belief as to the allegations in paragraph 162 concerning defendants Vanek, Van Ess, and Skoog, and admit that (a) as part of the April 2004 Transaction, Meridian repaid a portion of the debt held by certain of the defendants, (b) Meridian paid certain fees owed to CSFB for services that CSFB provided to Meridian, and (c) Meridian paid certain director's fees to and/or reimbursed certain expenses for defendants McKay, Bedi, Walker, Maypole, Nickol, Graham, and Hodgman for services they provided to Meridian.

      163.    Deny the allegations in paragraph 163, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 concerning persons and entities other than defendants Bedi, Graham, Hodgman, Maypole, McKay, Nickol, and Walker.

      164.    Deny the allegations in paragraph 164.

      165.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

      166.    Deny the allegations in paragraph 166, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 concerning persons and entities other than defendants Bedi, Graham, Hodgman, Maypole, McKay, Nickol, and Walker.

KL3 2609903.1

167.    Deny the allegations in paragraph 167, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 concerning "numerous unsecured creditors."

168.    Deny the allegations in paragraph 168.

169.    Repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 168.

170.    Deny the allegations in paragraph 170.

171.    Repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 170.

172.    Deny the allegations in paragraph 172.

<u>Additional Defenses</u>

As separate and distinct additional defenses to the Complaint, and to each of Ocean Ridge's claims for relief, defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker, without conceding that they bear the burden of proof as to any of the following issues and without in any way admitting any of the allegations of the Complaint, allege as follows:

<u>First Additional Defense</u>

173.    The Complaint fails to state a claim upon which relief can be granted.

<u>Second Additional Defense</u>

174.    Some or all of the claims asserted in the Complaint are barred by the statute of limitations.

KL3 2609903.1

Third Additional Defense

175.    Some or all of the claims asserted in the Complaint are barred because after giving effect to the April 2004 Transaction, Meridian retained the ability to pay its debts as the debts became due in the usual course of business.

Fourth Additional Defense

176.    Some or all of the claims asserted in the Complaint are barred because Meridian's total assets exceeded the sum of its total liabilities plus the amount that would be needed, if Meridian were dissolved at the time of the payments in connection with the April 2004 Transaction, to satisfy any preferential rights upon dissolution.

Fifth Additional Defense

177.    Some or all of the claims asserted in the Complaint are barred in whole or in part because the payments made in connection with the April 2004 Transaction were not prohibited by either federal or state law.

Sixth Additional Defense

178.    Some or all of the claims asserted in the Complaint are barred in whole or in part because Meridian was not insolvent when payments in connection with the April 2004 Transaction were authorized or made.

Seventh Additional Defense

179.    Some or all of the claims asserted in the Complaint are barred in whole or in part to the extent that some or all of the payments allegedly made by Meridian were not in satisfaction of antecedent debt.

KL3 2609903.1

<u>Eighth Additional Defense</u>

180.    Some or all of the claims asserted in the Complaint are barred in whole or in part because some or all of the payments made by Meridian (a) were intended by Meridian to be a contemporaneous exchange for a new value given to Meridian, and (b) were in fact a substantially contemporaneous exchange.

<u>Ninth Additional Defense</u>

181.    Some or all of the claims asserted in the Complaint are barred in whole or in part because Meridian received reasonably equivalent value in exchange for any payments made by Meridian to defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson, and Walker.

<u>Tenth Additional Defense</u>

182.    Some or all of the claims asserted in the Complaint are barred in whole or in part because some or all of the payments made by Meridian were made (a) in payment of a debt incurred by Meridian in the ordinary course of business or financial affairs of Meridian, (b) in the ordinary course of business or financial affairs of Meridian, and/or (c) according to ordinary business terms.

<u>Eleventh Additional Defense</u>

183.    Some or all of the claims asserted in the Complaint against defendant Hodgman are barred in whole or in part because (a) Meridian is a debtor whose debts are not primarily consumer debts, and (b) the aggregate value of certain of the payments made by Meridian to defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker were less than $5,000.

- 32 -

<u>Twelfth Additional Defense</u>

184.    Some or all of the claims asserted in the Complaint are barred because defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker are entitled to retain the payments they received to the extent of the value or consideration they gave, because they acted in good faith or, alternatively, acted without actual fraudulent intent.

<u>Thirteenth Additional Defense</u>

185.    Some or all of the claims asserted in the Complaint are barred because the alleged preferential transfers were not an interest in Meridian property because such transfers originated from funds that were earmarked for one or more of defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker under the April 2004 Transaction.

<u>Fourteenth Additional Defense</u>

186.    Some or all of the claims asserted in the Complaint are barred because some or all of the payments made to defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker in connection with the April 2004 Transaction were not property of Meridian.

<u>Fifteenth Additional Defense</u>

187.    Some or all of the claims asserted in the Complaint are barred because the transfers of property that are the subject of this action are specifically excepted from avoidance, since the transfers did not enable defendants Bedi, Graham, Hodgman, Koester, Maypole,

Macdonald, McKay, Nickol, Swenson and Walker to receive more than they would have received in a Chapter 7 proceeding.

### Sixteenth Additional Defense

188.    Some or all of the claims asserted in the Complaint are barred under the doctrines of waiver, estoppel, laches, *in pari delicto,* and unclean hands.

### Seventeenth Additional Defense

189.    Some or all of the claims asserted in the Complaint are barred because defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker properly relied upon information, opinions, reports or statements made or presented by (a) officers, directors or employees of Meridian; or (b) professionals, consultants or advisors; or (c) committee(s) of Meridian's board of directors of which some or all of these defendants were not members.

### Eighteenth Additional Defense

190.    Some or all of the claims asserted in the Complaint are barred because the April 2004 Transaction that forms the basis of the Complaint was authorized, approved or ratified by members of Meridian's board of directors who were properly informed of material facts concerning the transaction and who had no interest in the transaction.

### Nineteenth Additional Defense

191.    Some or all of the claims asserted in the Complaint are barred because the April 2004 Transaction was fair to Meridian at the time it was entered into.

KL3 2609903.1

### Twentieth Additional Defense

192.    Some or all of the claims asserted in the Complaint are barred by the exculpatory clause in Meridian's Articles of Incorporation.

### Twenty-First Additional Defense

193.    At all relevant times, defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker acted in good faith, reasonably and with due care, in the best interests of Meridian, and without any notice of improper conduct.

### Twenty-Second Additional Defense

194.    Some or all of the claims asserted in the Complaint are barred by reason of the business judgment rule and/or the business judgment doctrine.

### Twenty-Third Additional Defense

195.    Any injury allegedly sustained by Meridian was not directly or proximately caused by any conduct or act of defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker.

### Twenty-Fourth Additional Defense

196.    Some or all of the claims asserted in the Complaint are barred because Meridian failed to mitigate damages.

### Twenty-Fifth Additional Defense

197.    The Complaint fails to plead fraud-based claims with sufficient particularity.

### Twenty-Sixth Additional Defense

198.    Plaintiff Ocean Ridge lacks the authority or standing to prosecute some or all of the claims set forth in the Complaint.

### Twenty-Seventh Additional Defense

199.    Defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker adopt by reference any applicable defense pleaded by any other defendant not expressly set forth herein.

### Further Denial and Reservation of Rights

200.    Defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker deny all allegations not explicitly admitted in this Answer, except those allegations as to the truth of which they have denied possessing knowledge or information sufficient to form a belief.

201.    Defendants  Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker reserve the right to amend their pleadings, and to assert additional or different defenses, based upon information or evidence developed in discovery or otherwise.

WHEREFORE,  defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker demand judgment as follows:

A.    dismissing the Complaint with prejudice;

B.    awarding defendants Bedi, Graham, Hodgman, Koester, Maypole, Macdonald, McKay, Nickol, Swenson and Walker their costs, disbursements and

KL3 2609903.1

other expenses incurred in connection with this action, including reasonable

attorneys' fees; and

      C.    awarding defendants Bedi, Graham, Hodgman, Koester, Maypole,

Macdonald, McKay, Nickol, Swenson and Walker such other and further relief as

the Court deems just and proper.

Dated: New York, New York
      August 17, 2007

      Respectfully submitted,

      KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:_____
      Arthur H. Aufses III (AA-8590)
      Brendan M. Schulman (BS-5589)
      Erin E. Oshiro (EO-8878)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Defendants Gurminder S. Bedi,
Thomas Graham, Jeffrey Hodgman, A. Kipp
Koester, John F. Maypole, Peter S. Macdonald,
Donald A. McKay, Henry A. Nickol, Gary Swenson
and Thomas K. Walker

KL3 2609903.1