IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

OCEAN RIDGE CAPITAL ADVISORS,          Case No.:  07 CV 3213
LLC, as Litigation Trustee of THE MAS
LITIGATION TRUST'

              Plaintiff,

                            JUDGE SCHEINDLIN

    v.

METROPOLITAN LIFE INSURANCE
COMPANY, et al.,

              Defendants.          JURY TRIAL DEMANDED

## ANSWER AND AFFIRMATIVE DEFENSES

Robert H. Barton, III ("Barton") and H.H. Wacaser ("Wacaser") through counsel,

Metz Lewis LLC, file their Answer and Affirmative Defenses ("Answer") and state as

follows:

## NATURE OF THE ACTION

1.      Paragraph 1 of the Complaint is denied.

2.      Paragraph 2 of the Complaint is denied.

3.      Paragraph 3 of the Complaint is denied.

4.      Paragraph 4 of the Complaint is denied.

5.      Paragraph 5 of the Complaint is denied.

6.      Paragraph 6 of the Complaint is denied.

7.      Paragraph 7 of the Complaint is denied.

## JURISDICTION AND VENUE

8.      Paragraph 8 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is deemed required, all averments in Paragraph 8 of the Complaint are denied.

9.      Paragraph 9 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is deemed required, all averments in Paragraph 8 of the Complaint are denied.

## THE PARTIES

10.     In response to Paragraph 10 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein.  Accordingly, all averments of Paragraph 10 of the Complaint are denied.

11.     Paragraph 11 of the Complaint refers to a written document that speaks for itself.  Accordingly, no response is required to Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint refers to a written document that speaks for itself.  Accordingly, no response is required to Paragraph 11 of the Complaint.

13.     Paragraph 13 of the Complaint is denied.

14.     Paragraph 14 of the Complaint is denied.

15.     In response to Paragraph 15 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein.  Accordingly, all averments of Paragraph 15 of the Complaint are denied.

16.    In response to Paragraph 16 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 16 of the Complaint are denied.

17.    In response to Paragraph 17 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 17 of the Complaint are denied.

18.    In response to Paragraph 18 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 18 of the Complaint are denied.

19.    In response to Paragraph 19 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 19 of the Complaint are denied.

20.    In response to Paragraph 20 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 20 of the Complaint are denied.

21.    In response to Paragraph 21 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information

sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 21 of the Complaint are denied.

22.    In response to Paragraph 22 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 22 of the Complaint are denied.

23.    In response to Paragraph 23 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 23 of the Complaint are denied.

24.    In response to Paragraph 24 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 24 of the Complaint are denied.

25.    In response to Paragraph 25 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 25 of the Complaint are denied.

26.    In response to Paragraph 26 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 26 of the Complaint are denied.

27.   In response to Paragraph 27 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 27 of the Complaint are denied.

28.   Paragraph 28 of the Complaint is a conclusion of law to which no response is required.   To the extent a response is deemed required, all averments contained therein are denied.

29.   Paragraph 29 of the Complaint refers to a written document that speaks for itself.  Accordingly, no response is required to Paragraph 29 of the Complaint.  To the extent a response is deemed required, all averments contained therein are denied.

30.   Paragraph 30 of the Complaint is denied.

31.   In response to Paragraph 31 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 31 of the Complaint are denied.

32.   In response to Paragraph 32 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 32 of the Complaint are denied.

33.   In response to Paragraph 33 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 33 of the Complaint are denied.

34.    In response to Paragraph 34 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 34 of the Complaint are denied.

35.    In response to Paragraph 35 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 35 of the Complaint are denied.

36.    In response to Paragraph 36 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 36 of the Complaint are denied.

37.    In response to Paragraph 37 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 37 of the Complaint are denied.

38.    In response to Paragraph 38 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 38 of the Complaint are denied.

39.    In response to Paragraph 39 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information

sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 39 of the Complaint are denied.

40. In response to Paragraph 40 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 40 of the Complaint are denied.

41. In response to Paragraph 41 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 41 of the Complaint are denied.

42. Paragraph 42 of the Complaint is admitted solely to the extent that Barton is an individual residing at 711 Split Rail Drive, Brentwood, Tennessee 37027. With respect to the remaining averments contained in Paragraph 42 of the Complaint, those averments state conclusions of law to which no response is required. To the extent a response is deemed required, all averments contained therein are denied.

43. Paragraph 43 of the Complaint is admitted solely to the extent that Wacaser once had a residence located at 370 Lower Station Camp Creek Road, Gallatin, Tennessee 37066, although he now resides elsewhere. With respect to the remaining averments contained in Paragraph 43 of the Complaint, such averments constitute conclusions of law to which no response is required. To the extent a response is deemed required, all averments contained therein are denied.

44. In response to Paragraph 44 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information

sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 44 the Complaint are denied.

45.    In response to Paragraph 45 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 45 the Complaint are denied.

46.    In response to Paragraph 46 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 46 the Complaint are denied.

47.    In response to Paragraph 47 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 47 of the Complaint are denied.

48.    In response to Paragraph 48 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 48 of the Complaint are denied.

49.    In response to Paragraph 49 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 49 of the Complaint are denied.

50. In response to Paragraph 50 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 50 of the Complaint are denied.

51. In response to Paragraph 51 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 51 of the Complaint are denied.

52. In response to Paragraph 52 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 52 of the Complaint are denied.

53. In response to Paragraph 53 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 53 of the Complaint are denied.

54. In response to Paragraph 54 of the Complaint, after reasonable investigation, Defendants Barton and Wacaser are without knowledge or information sufficient to form a belief as to the truth of the accuracy of the averments contained therein. Accordingly, all averments of Paragraph 54 of the Complaint are denied.

## FACTUAL ALLEGATIONS

55.     Paragraph 55 of the Complaint is denied.

56.     Paragraph 56 of the Complaint is denied.

57.     Paragraph 57 of the Complaint is denied.

58.     Paragraph 58 of the Complaint is denied.

59.     Paragraph 59 of the Complaint is denied.

60.     Paragraph 60 of the Complaint is denied.

61.     Paragraph 61 of the Complaint is denied.

62.     Paragraph 62 of the Complaint is denied.

63.     Paragraph 63 of the Complaint is denied.

64.     Paragraph 64 of the Complaint is denied.

65.     Paragraph 65 of the Complaint is denied.

66.     Paragraph 66 of the Complaint is denied.

67.     Paragraph 67 of the Complaint is denied.

68.     Paragraph 68 of the Complaint is denied.

69.     Paragraph 69 of the Complaint is denied.

70.     Paragraph 70 of the Complaint is denied.

71.     Paragraph 71 of the Complaint is denied.

72.     Paragraph 72 of the Complaint is denied.

73.     Paragraph 73 of the Complaint is denied.

74.     Paragraph 74 of the Complaint is denied.

75.     Paragraph 75 of the Complaint is denied.

76.     Paragraph 76 of the Complaint is denied.

77.    Paragraph 77 of the Complaint is denied.

78.    Paragraph 78 of the Complaint is denied.

79.    Paragraph 79 of the Complaint refers to a written document that speaks for itself.  Accordingly, no response is required to Paragraph 79 of the Complaint.  To the extent a response is deemed required, all averments contained therein are denied.

80.    Paragraph 80 of the Complaint is denied.

81.    Paragraph 81 of the Complaint is denied.

82.    Paragraph 82 of the Complaint is denied.

83.    Paragraph 83 of the Complaint refers to written documents that speak for themselves.  Accordingly, no response is required to Paragraph 83 of the Complaint.  To the extent a response is deemed required, all averments contained in Paragraph 83 of the Complaint are denied.

84.    Paragraph 84 of the Complaint is denied.

85.    Paragraph 85 of the Complaint is denied.

86.    Paragraph 86 of the Complaint is denied.

87.    Paragraph 87 of the Complaint is denied.

88.    Paragraph 88 of the Complaint is denied.

89.    Paragraph 89 of the Complaint is denied.

90.    Paragraph 90 of the Complaint is denied.

91.    Paragraph 91 of the Complaint is denied.

92.    Paragraph 92 of the Complaint is denied.

93.    Paragraph 93 of the Complaint is denied.

94.    Paragraph 94 of the Complaint is denied.

95.    Paragraph 95 of the Complaint is denied.

96.    Paragraph 96 of the Complaint is denied.

## CAUSES OF ACTION

### Count I

### Unlawful Distribution In Violation Of Mich. Comp. Law § 450.1345

97.    In response to Paragraph 97 of the Complaint, Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 96 of this Answer.

98.    Paragraph 98 of the Complaint states conclusions of law to which no response is required.    To the extent a response is deemed required, all averments contained therein are denied.

99.    Paragraph 99 of the Complaint is denied.

100.    Paragraph 100 of the Complaint is denied.

101.    Paragraph 101 of the Complaint is denied.

102.    Paragraph 102 of the Complaint is denied.

103.    Paragraph 103 of the Complaint is denied.

### Count II

### Breach of Fiduciary Duty of Loyalty

104.    In response to Paragraph 104 of the Complaint, Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 103 of this Answer.

105.    Paragraph 105 of the Complaint is a conclusion of law to which no response is required.    To the extent a response is deemed required, all averments contained therein are denied.

106.    Paragraph 106 of the Complaint is denied.

107.    Paragraph 107 of the Complaint is denied.

108.    Paragraph 108 of the Complaint is denied.

109.    Paragraph 109 of the Complaint is denied.

110.    Paragraph 110 of the Complaint is denied.

111.    Paragraph 111 of the Complaint is denied.

112.    Paragraph 112 of the Complaint is denied.

113.    Paragraph 113 of the Complaint is a conclusion of law to which no response is required.    To the extent a response is deemed required, all averments contained therein are denied.

114.    Paragraph 114 of the Complaint is a request for legal relief to which no response is required.    To the extent a response is deemed required, all averments contained therein are denied.

## Count III

### Aiding and Abetting Breaches of Fiduciary Duties

115.    Paragraphs 115 through 123 of the Complaint are directed to Defendants other than Defendants Barton and Wacaser.    Accordingly, no response is required to Paragraphs 115 through 123.    To the extent a response is deemed required, all averments contained therein are denied.

## Count IV

### Civil Conspiracy to Commit Breaches of Fiduciary Duty

116.     In response to Paragraph 124 of the Complaint, Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 115 of this Answer.

117.     Paragraph 125 of the Complaint is denied.

118.     Paragraph 126 of the Complaint is denied.

119.     Paragraph 127 of the Complaint is denied.

120.     Paragraph 128 of the Complaint is denied.

121.     Paragraph 129 of the Complaint is denied.

122.     Paragraph 130 of the Complaint is denied.

123.     Paragraph 131 of the Complaint is denied.

## Count V

### Gross Negligence

124.     In response to Paragraph 132 of the Complaint, Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 123 of if this Answer.

125.     Paragraph 133 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is deemed required, all of the averments contained in Paragraph 133 of the Complaint are denied.

126.     Paragraph 134 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is deemed required, all of the averments contained in Paragraph 134 of the Complaint are denied.

127.    Paragraph 135 of the Complaint is a request for legal relief to which no response is required. To the extent a response is deemed required, all averments contained therein are denied.

## Count VI

## Preferential Transfers: 11 U.S.C. §§ 547 and 544

128.    In response to Paragraph 136 of the Complaint Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 127 of this Answer.

129.    Paragraph 137 of the Complaint is a conclusion of law to which no response is required. To the extent a response is deemed required, all averments contained therein are denied.

130.    Paragraph 138 of the Complaint is denied.

131.    Paragraph 139 of the Complaint is a conclusion of law to which no response is required. To the extent a response is deemed required, all averments contained therein are denied.

132.    Paragraph 140 of the Complaint is a conclusion of law to which no response is required. To the extent a response is deemed required, all averments contained therein are denied.

133.    Paragraph 141 of the Complaint is denied.

134.    Paragraph 142 of the Complaint is denied.

135.    Paragraph 143 of the Complaint is denied.

136.    Paragraph 144 of the Complaint is denied.

137.    Paragraph 145 of the Complaint is denied.

**Count VII**

**Intentional Fraudulent Transfers:  11 U.S.C. §§ 548 and 544**

138.    In response to Paragraph 146 of the Complaint, Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 137 of this Answer.

139.    Paragraph 147 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is deemed required, all averments contained therein are denied.

140.    Paragraph 148 of the Complaint is denied.

141.    Paragraph 149 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is deemed required, all averments contained therein are denied.

142.    Paragraph 150 of the Complaint is denied.

143.    Paragraph 151 of the Complaint is denied.

144.    Paragraph 152 of the Complaint is denied.

145.    Paragraph 153 of the Complaint is denied.

146.    Paragraph 154 of the Complaint is denied.

147.    Paragraph 155 of the Complaint is denied.

148.    Paragraph 156 of the Complaint is denied.

**Count VIII**

**Constructive Fraudulent Transfers:  11 U.S.C. §§ 548 and 544**

149.    In response to Paragraph 157 of the Complaint, Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 148 of this Answer.

150.    Paragraph 158 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is deemed required, all averments contained therein are denied.

151.    Paragraph 159 of the Complaint is denied.

152.    Paragraph 160 of the Complaint is denied.

153.    Paragraph 161 of the Complaint is denied.

154.    Paragraph 162 of the Complaint is denied.

155.    Paragraph 163 of the Complaint is denied.

156.    Paragraph 164 of the Complaint is denied.

157.    Paragraph 165 of the Complaint is denied.

158.    Paragraph 166 of the Complaint is denied.

159.    Paragraph 167 of the Complaint is denied.

160.    Paragraph 168 of the Complaint is a request for legal relief to which no response is required.  To the extent a response is deemed required, all averments contained therein are denied.

## Count IX

### Turnover of Avoided Transfers:  11 U.S.C. § 550

161.    In response to Paragraph 169 of the Complaint, Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 160 of this Answer.

162.    Paragraph 170 of the Complaint is a request for legal relief to which no response is required.  To the extent a response is deemed required, all averments contained therein are denied.

## Count X

## Attorney Fees

163.     In response to Paragraph 171 of the Complaint, Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 162 of this Answer.

164.     Paragraph 172 of the Complaint is a request for legal relief to which no response is required.  To the extent a response is deemed required, all averments contained therein are denied.

## Affirmative Defenses

165.     Defendants Barton and Wacaser incorporate by reference Paragraphs 1 through 164 of this Answer.

166.     The Complaint fails to state a claim upon which relief may be granted.

167.     The grounds for relief asserted in the Complaint are barred in whole or in part by agreement.

168.     The grounds for relief asserted in the Complaint are barred in whole or in part by consent.

169.     The grounds for relief asserted in the Complaint are barred in whole or in part by the doctrine of unclean hands.

170.     The grounds for relief set forth in the Complaint are barred in whole or in part by estoppel.

171.     The grounds for relief asserted in the Complaint are barred in whole or in part by the doctrine of in pari delicto.

172.     The grounds for relief set forth in the Complaint are barred in whole or in part by laches.

173.    The grounds for relief set forth in the Complaint are barred in whole or in part by the statute of frauds.

174.    The grounds for relief set forth in the Complaint are barred in whole or in part by waiver.

175.    The grounds for relief set forth in the Complaint are bared in whole or in part because Meridian was not insolvent during the time periods alleged in the Complaint.

176.    All of the elements of a prima facie case under 11 U.S.C. §§ 544, 547, 548 and 550 are not present.

177.    The grounds for relief set forth in the Complaint are bared in whole or in part because the transfers alleged in the Complaint are subject to the contemporaneous exchange defense of 11 U.S.C. § 547(c)(1).

178.    The grounds for relief set forth in the Complaint are bared in whole or in part because any transfers made by Meridian to Barton or Wacaser were made in the ordinary course of business, under ordinary business terms, and payment of the debt incurred by Meridian was in the ordinary course of business.  The ordinary course of business defense pursuant to 11 U.S.C. § 547(c)(2) precludes recovery of the relief requested in the Complaint.

179.    The grounds for relief set forth in the Complaint are bared in whole or in part because the transfers alleged in the Complaint are subject to the new value exception of 11 U.S.C. § 547(c)(4).

180.    The grounds for relief set forth in the Complaint are bared in whole or in part because some or all of the transfers made to Barton and Wacaser that form the subject of the Complaint were not the property of Meridian.

181.    The grounds for relief set forth in the Complaint are bared in whole or in part because the transfers made to Barton and Wacaser that form the subject of the Complaint were not made for a fraudulent intent but were instead made in the ordinary course of business.

182.    The grounds for relief set forth in the Complaint are barred in whole or in part pursuant to the business judgment rule.

WHEREFORE, Defendants Barton and Wacaser respectfully request this Court enter judgment in their favor and against Plaintiff, for costs and such further relief as the Court deems just and proper.

Respectfully submitted,

METZ LEWIS LLC

By: /s/ John R. O'Keefe, Jr.
John R. O'Keefe, Jr., Esquire
Pa I.D. No. 36633
11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
412-918-1100