UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCEAN RIDGE CAPITAL ADVISORS, LLC, as Litigation Trustee of THE MAS LITIGATION TRUST<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, CAPITAL D'AMERIQUE CDPQ INC., CAISSE DE DEPOT ET PLACEMENT DU QUEBEC, CSFB LP HOLDING, SKOOG FAMILY INVESTMENTS, LLC, BANCAMERICA CAPITAL INVESTORS II, L.P., WINDWARD/PARK AB III, L.L.C., WINDWARD CAPITAL PARTNERS L.P., WINDWARD CAPITAL ASSOCIATES, L.P., SUEZ CAPITAL PARTNERS II, L.P., INDOSUEZ CAPITAL CO-INVEST PARTNERS, L.P., SCP II ASSOCIATES, CREDIT SUISSE FIRST BOSTON (USA), INC., CREDIT SUISSE FIRST BOSTON, GOLDMAN SACHS CREDIT PARTNERS L.P., JEFFREY A. ANDERSON, JON F. BAKER, JOSE R. GARCIA, ROBERT H. BARTON III, H.H. WACASER, PETER S. MACDONALD, GARY SWENSON, JOHN F. MAYPOLE, THOMAS GRAHAM, DONALD A. MCKAY, HENRY A. NICKOL, JEFFREY HODGMAN, A. KIPP KOESTER, CRAIG VAN ESS, GURMINDER S. BEDI, THOMAS WALKER, JACK SKOOG AND DEAN VANEK<br><br>Defendants. | No.: 07-CV-3213 (SAS)<br><br>Honorable Shira A. Scheindlin<br><br>FILED ELECTRONICALLY |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BANCAMERICA CAPITAL INVESTORS II, L.P., SUEZ CAPITAL PARTNERS II, L.P., INDOSUEZ CAPITAL CO-INVEST PARTNERS, L.P., AND SCP II ASSOCIATES**

Defendants BancAmerica Capital Investors II, L.P. ("BACI"), Suez Capital Partners II, L.P. ("Suez"), Indosuez Capital Co-Invest Partners, L.P. ("IndoSuez") and SCP II Associates ("SCP II") (collectively, the "Answering Defendants"), by their counsel Reed Smith LLP, set

forth the following in full and complete factual and legal defense to Plaintiff's allegations and claims in this action:

1.  The Answering Defendants are without sufficient information or knowledge to admit or deny allegations concerning the alleged closing dinner, and therefore deny them with strict proof thereof demanded. The Answering Defendants admit only that they were aware that Bank of America, N.A. provided certain financing to certain Meridian entities, but the Answering Defendants are without sufficient information or knowledge to admit or deny the remaining averments as to this financing. The Answering Defendants deny the remaining averments set forth in paragraph 1 of the Complaint.

2.  The Answering Defendants are without sufficient information or knowledge to admit or deny averments set forth in paragraph 2, and therefore deny them with strict proof thereof demanded.

3.-7.  The Answering Defendants deny the averments set forth in paragraphs 3-7 of the Complaint, except admits that on April 26, 2005, Meridian declared bankruptcy.

8.-12.  The averments set forth in paragraphs 8-12 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied. Further, as to the averments in paragraphs 10-12 concerning the Plan and the Litigation Trust Agreement, those statements are denied. These documents are in writing and as such speak for themselves.

13.-20. The averments set forth in paragraphs 13-20 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

21. The Answering Defendants admit the first averment in paragraph 21 of the Complaint, except that BACI offices are located on the 12th Floor. The remaining averments set forth in paragraph 21 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

22. The averments set forth in paragraph 22 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

23. The Answering Defendants admit that Suez is a Delaware limited partnership but deny that its principal place of business is as stated in the Complaint. The remaining averments set forth in paragraph 23 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

24. The averments set forth in paragraph 24 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

25. The Answering Defendants admit that Indosuez is a Delaware limited partnership but deny that its principal place of business is as stated in the Complaint. The remaining averments set forth in paragraph 25 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

26. The Answering Defendants admit that SCP is a Delaware general partnership but deny that its principal place of business is as stated in the Complaint. The remaining averments

set forth in paragraph 26 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

27.    Paragraphs 27, 44, 50, and 54 of the Complaint do not set forth allegations to which a responsive pleading is required. To the extent a response may be deemed necessary, the averments are denied.

28.-43.    The averments set forth in paragraphs 28-43 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

44.    See response to paragraph 27.

45.-49.    The averments set forth in paragraphs 45-49 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

50.    See response to paragraph 27.

51.    The Answering Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52.-53.    The averments set forth in paragraphs 52-53 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

54.    See response to paragraph 27.

55.    The Answering Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. The Answering Defendants admit that Meridian did participate in several acquisitions. The remaining averments are denied.

57. The averments set forth in paragraph 57 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

58. The Answering Defendants are without sufficient information or knowledge to admit or deny the averments as to Bank of America, N.A.'s classification of Meridian and the purpose for the alleged amendments, and therefore deny them with strict proof thereof demanded. The remaining averments are denied.

59. The averments in paragraph 59 refer to documents in writing and as such speak for themselves. To the extent a responsive pleading may be deemed necessary, the averments are denied.

60. The averments in paragraph 60 refer to documents in writing and as such speak for themselves. To the extent a responsive pleading may be deemed necessary, the averments are denied.

61. The Answering Defendants deny the averments set forth in paragraph 61 of the Complaint.

62. The averments in paragraph 62 refer to documents in writing and as such speak for themselves. To the extent a responsive pleading may be deemed necessary, the averments are denied.

63. The Answering Defendants are without sufficient information or knowledge to admit or deny the allegations as to the closing dinner, and therefore deny them with strict proof thereof demanded. The remaining averments set forth in paragraph 63 of the Complaint

constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

64. The averments in paragraph 64 refer to documents in writing and as such speak for themselves. To the extent a responsive pleading may be deemed necessary, the averments are denied.

65. The Answering Defendants deny the averments set forth in paragraph 65 of the Complaint.

66. The Answering Defendants are without sufficient information or knowledge to admit or deny the allegations as to the closing dinner, and therefore deny them with strict proof thereof demanded. The remaining averments are denied.

67.-96. The Answering Defendants deny the averments set forth in paragraphs 67-96. Further, the Authorization Letter referenced in paragraph 79 and agreements referenced in paragraphs 83 and 88 are documents in writing and as such speak for themselves.

**First Claim**

97. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-96 of the Complaint as if the same were set forth at length herein.

98.-101. The Answering Defendants deny the averments set forth in paragraphs 98-101.

102.-103. The averments set forth in paragraphs 102-103 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

**Second Claim**

104. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-103 of the Complaint as if the same were set forth at length herein.

105.-114.  The averments set forth in paragraphs 105-114 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading may be deemed necessary, the averments are denied.

### Third Claim

115.    The Answering Defendants incorporate herein by reference their responses to paragraphs 1-114 of the Complaint as if the same were set forth at length herein.

116.    The averments set forth in paragraph 116 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading may be deemed necessary, the averments are denied.

117.    The Answering Defendants deny the allegations set forth in paragraph 117 of the Complaint, except Answering Defendants are without sufficient knowledge or information to admit or deny the allegations as they relate to the knowledge or actions of Defendants other than Answering Defendants, and therefore deny them.

118.    The Answering Defendants deny the allegations set forth in paragraph 118 of the Complaint, except Answering Defendants are without sufficient knowledge or information to admit or deny the allegations as they relate to the knowledge or actions of Defendants other than Answering Defendants, and therefore deny them.

119.    The Answering Defendants deny the allegations set forth in paragraph 119 of the Complaint, except Answering Defendants are without sufficient knowledge or information to admit or deny the allegations as they relate to the knowledge or actions of Defendants other than Answering Defendants, and therefore deny them.

120.    The Answering Defendants deny the allegations set forth in paragraph 120 of the Complaint, except Answering Defendants are without sufficient knowledge or information to

admit or deny the allegations as they relate to the knowledge or actions of Defendants other than Answering Defendants, and therefore deny them.

121.-123. The averments set forth in paragraphs 121-123 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

### Fourth Claim

124. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-123 of the Complaint as if the same were set forth at length herein.

125.-131. The averments set forth in paragraphs 125-131 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied. Further, the Shareholders Agreement and the amendments thereto referenced in paragraph 127 are documents in writing and as such speak for themselves.

### Fifth Claim

132. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-131 of the Complaint as if the same were set forth at length herein.

133.-135. The averments set forth in paragraphs 133-135 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

### Sixth Claim

136. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-135 of the Complaint as if the same were set forth at length herein.

137.-145. The averments set forth in paragraphs 137-145 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied. With respect to the averments concerning the "2004 Refinancing," the terms of that transaction were set forth in writings which speak for themselves.

### Seventh Claim

146. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-145 of the Complaint as if the same were set forth at length herein.

147.-156. The averments set forth in paragraphs 147-156 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

### Eighth Claim

157. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-156 of the Complaint as if the same were set forth at length herein.

158.-168. The averments set forth in paragraphs 158-168 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

### Ninth Claim

169. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-168 of the Complaint as if the same were set forth at length herein.

170. The averments set forth in paragraph 170 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

### Tenth Claim

171. The Answering Defendants incorporate herein by reference their responses to paragraphs 1-170 of the Complaint as if the same were set forth at length herein.

172. The averments set forth in paragraph 172 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed necessary, the averments are denied.

### General Denial

Answering Defendants deny all allegations and inferences of the Complaint except those that are expressly admitted in this Answer.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

173. Plaintiff's Complaint fails to state a claim as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

174. Plaintiff's claims are barred in whole or in part because of waiver, acquiescence, ratification and/or consent to the conduct challenged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

175. Because Plaintiff failed to take any action or press any objection to the conduct challenged in the Complaint, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

176. Plaintiff's claims are barred in whole or in part due to their failure to mitigate its alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

177. Plaintiff's claims are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

178. Plaintiff has failed to join indispensable parties.

**SEVENTH AFFIRMATIVE DEFENSE**

179. Plaintiff does not have standing to bring the claims asserted in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

180. Plaintiff has suffered no damage.

**NINTH AFFIRMATIVE DEFENSE**

181. Plaintiff's claims are barred by statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

182. The alleged transfers in the Complaint are not avoidable because of Answering Defendants' "contemporaneous exchange for new value" defense under Section 547(c)(1) of the Bankruptcy Code.

**ELEVENTH AFFIRMATIVE DEFENSE**

183. The alleged transfers in the Complaint are not avoidable because of Answering Defendants' "ordinary course of business" defense under Section 547(c)(2).

**TWELFTH AFFIRMATIVE DEFENSE**

184. The alleged transfers are not avoidable because of Answering Defendants' "subsequent new value" defense under Section 547(c)(4) of the Bankruptcy Code.

**THIRTEENTH AFFIRMATIVE DEFENSE**

185. The Answering Defendants reserve all rights of setoff for which payment has not been made.

## FOURTEENTH AFFIRMATIVE DEFENSE

186. To the extent not adequately reserved in the Plan and Litigation Trust Agreement referenced in the Complaint, the claims set forth in the Complaint are barred by the doctrines of *res judicata* and/or *judicial estoppel*.

## FIFTEENTH AFFIRMATIVE DEFENSE

187. To the extent that the Plaintiff is successful in recovering any of the alleged avoidable transfers, Answering Defendants shall have a lien on such recovery to the extent provided in Section 548(c) of the Bankruptcy Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

188. Any alleged payments made to Answering Defendants were lawful under state and federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

189. The Answering Defendants did not attend the closing dinner referenced in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

190. The Answering Defendants were not insiders with respect to the Meridian transactions.

## NINETEENTH AFFIRMATIVE DEFENSE

191. The recovery of Plaintiff is barred in whole or in part by the negligence of Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

192. Answering Defendants were not negligent in any manner.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

193. Plaintiff is not entitled to recover counsel fees in this action pursuant to any rule, statute, or other substantive law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

194. Answering Defendants did not breach any legal duty owed and otherwise discharged each and every obligation that may have been owed to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

195. The Complaint does not plead fraud with the requisite particularity required by the rules of procedure applicable here.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

196. This action is barred, in whole or in part, by the doctrine of *in pari delicto*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

197. This action is barred, in whole or in part, because the Plaintiff lacks standing.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

198. This action is barred, in whole or in part, by the statute of limitations.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

199. Answering Defendants did not violate Mich. Comp. Law § 450.1345 because Meridian retained the ability to pay its debts as the debts became due in the usual course of business after giving effect to the 2004 Refinancing.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

200. Answering Defendants did not violate Mich. Comp. Law § 450.1345 because Meridian's total assets exceeded the sum of its total liabilities plus the amount that would be needed, if Meridian were dissolved at the time of the payments in connection with the 2004

Refinancing, to satisfy the preferential rights upon dissolution of shareholders whose preferential rights were superior to Answering Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

201. Answering Defendants did not violate Mich. Comp. Law § 450.1345 because the payments in connection with the 2004 Refinancing were not prohibited under Mich. Comp. Law § 450.1345(3) as provided in § 450.1345(4).

### THIRTIETH AFFIRMATIVE DEFENSE

202. Answering Defendants did not violate Mich. Comp. Law § 450.1345 because Meridian was not insolvent when payments in connection with the 2004 Refinancing were authorized or made.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

203. Answering Defendants were creditors of Meridian and therefore did not owe any fiduciary duties to Meridian.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

204. Answering Defendants did not knowingly induce, substantially assist, or participate in any breach of fiduciary duty.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

205. Answering Defendants cannot be found to have aided and abetted breach of fiduciary duty because there was no underlying breach of fiduciary duty by Meridian's directors.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

206. Answering Defendants cannot be found to have aided and abetted breach of fiduciary duty because Meridian's directors authorized Meridian to enter into the 2004 Refinance

in accordance with their business judgment and therefore, there was no underlying breach of fiduciary duty.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

207. Answering Defendants cannot be found to have committed conspiracy to commit breaches of fiduciary duty because there was no underlying breach of fiduciary duty by Meridian's directors.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

208. Answering Defendants did not intend to participate in a conspiracy, and did not conspire to commit breaches of fiduciary duty.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

209. Plaintiff has no claim for gross negligence because Answering Defendants owed no duty to Plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

210. Answering Defendants were not an insider as defined in 11 U.S.C. § 101(A)(31), Mich. Comp. Law § 566.31, or New York case law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

211. Answering Defendants did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because they are not insiders pursuant to 11 U.S.C. § 101(A)(31) and the transfer by Meridian to Answering Defendants did not occur on or within 90 days before the date of the filing of the petition.

### FORTIETH AFFIRMATIVE DEFENSE

212. Answering Defendants did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because the transfer from Meridian to Answering Defendants did not enable

Answering Defendants to receive more than it would have received in a Chapter 7 proceeding, pursuant to the provisions of 11 U.S.C. § 101 *et seq*.

### FORTY-FIRST AFFIRMATIVE DEFENSE

213. Answering Defendants did not receive any preferential transfer pursuant to 11 U.S.C. § 547 because the alleged preferential transfers were not an interest of Meridian in property because such transfer originated from funds that were earmarked for Answering Defendants under the 2004 Refinancing.

### FORTY-SECOND AFFIRMATIVE DEFENSE

214. Answering Defendants did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian received reasonably equivalent value, whether measured by its satisfaction of debt, receipt of more favorable credit terms, and extension of maturities in exchange for the transfers to Answering Defendants, or otherwise.

### FORTY-THIRD AFFIRMATIVE DEFENSE

215. Answering Defendants did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian was not insolvent either prior to, or immediately after, the 2004 Refinancing.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

216. Answering Defendants did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) & 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian was not left with an unreasonably small amount of capital immediately after the 2004 Refinancing.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

217. Answering Defendants did not receive a fraudulent transfer pursuant to 11 U.S.C. § 548, Mich. Comp Laws § 566.34(1)(a) and 2, and/or New York Debtor and Creditor Law, Article 10, Section 276, because Meridian retained the ability to pay its debts as they became due immediately after the 2004 Refinancing.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

218. Meridian's transfers to Answering Defendants in connection with the 2004 Refinancing were in good faith and were fair and equitable.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

219. The payments to Answering Defendants in connection with the 2004 Refinancing were not property of Meridian pursuant to 11 U.S.C. § 550.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

220. The Plaintiff has no valid claim for exemplary or punitive damages, nor for any damages that are disproportionate to the compensatory damages alleged.

### FORTY-NINTH AFFIRMATIVE DEFENSE

221. The Plaintiff's demand for a trial by jury is improper and should be stricken because the parties in interest waived their right to a trial by jury in their agreements.

### FIFTIETH AFFIRMATIVE DEFENSE

222. Answering Defendants give notice that they intend to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff and award the Answering Defendants such other and further relief as this Court deems appropriate.

Dated:   New York, New York
         September 7, 2007

REED SMITH LLP

By: /s/ Scott S. McKessy
Scott S. McKessy (SBN 5479)
Email: smckessy@reedsmith.com
599 Lexington Avenue
New York, NY  10022
Telephone:  +1 212-521-5421

*Counsel for Defendants BancAmerica Capital Investors II, L.P., Suez Capital Partners II, L.P., Indosuez Capital Co-Invest Partners, L.P., and SCP II Associates*