UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OCEAN RIDGE CAPITAL ADVISORS,
LLC, as Litigation Trustee of THE
MAS LITIGATION TRUST

                Plaintiff,

                v.

METROPOLITAN LIFE INSURANCE
COMPANY, et al.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 07-CV-3213 (SAS)

<hr>

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT GOLDMAN SACHS CREDIT PARTNERS L.P.'S MOTION TO DISMISS

<hr>

BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, 3rd Floor
Chicago, Illinois 60610
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

HALPERIN BATTAGLIA RAICHT, LLP
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone: (212) 765-9100
Facsimile: (212) 765-0964

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES .......................................................................................ii

PRELIMINARY STATEMENT ..................................................................................1

STANDARD OF REVIEW FOR A MOTION TO DISMISS ......................................3

ARGUMENT ..............................................................................................................3

I.    THE COMPLAINT STATES A CLAIM FOR CONSTRUCTIVE FRAUDULENT
      TRANSFER UNDER SECTION 548 OF THE BANKRUPTCY CODE............................3

      A.  Applicable Law:  Section 548 of the Bankruptcy Code ...................................3

      B.  The Complaint Adequately Pleads that Goldman Sachs Received a
          Constructively Fraudulent Transfer under Section 548 ...................................5

          1.  The Complaint adequately pleads a transfer of an interest in property of
              Meridian to Goldman Sachs within one year of Meridian's bankruptcy
              petition ...........................................................................................5

          2.  The Complaint adequately pleads that Meridian received less than
              reasonably equivalent value for the transfer to Goldman Sachs.................5

          3.  The Complaint adequately pleads that Meridian was insolvent, had
              unreasonably small capital and intended to or believed it had incurred debts
              beyond its ability to pay after it made the transfer to Goldman Sachs .....6

II.   THE COMPLAINT STATES A CLAIM FOR CONSTRUCTIVE FRAUDULENT
      TRANSFER UNDER NEW YORK DEBTOR AND CREDITOR LAW THROUGH
      SECTION 544 OF THE BANKRUPTCY CODE...............................................7

      A.  Applicable Law:  New York Debtor and Creditor Law...................................7

      B.  The Complaint Adequately Pleads that Goldman Sachs Received a
          Constructively Fraudulent Transfer under the DCL .......................................9

      C.  *HBE Leasing* and *In re Sharp* Are Inapposite Because They Do Not Apply To
          Obligations Incurred without Fair Consideration ...........................................9

CONCLUSION..........................................................................................................11

## TABLE OF AUTHORITIES

### Cases

*Bell Atlantic Corp. v. Twombly,*
    127 S. Ct. 1955 (2007) .................................................................................. 3

*HBE Leasing Corp. v. Frank,*
    48 F.3d 623 (2d Cir. 1995) ...................................................................... 9, 10

*In re Sharp Int'l Corp.,*
    403 F.3d 43 (2d Cir. 2005) ...................................................................... 9, 10

*Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs., Ltd.),*
    337 B.R. 791 (Bankr. S.D.N.Y. 2005) ....................................................... 4, 9

### Other Authorities

11 U.S.C. § 544 ................................................................................................ 7

11 U.S.C. § 548(a)(1) .............................................................................. 3, 4, 7, 8

11 U.S.C. § 548(a)(1)(B)(i)(ii)(I) ...................................................................... 7

11 U.S.C. § 548(a)(1)(B)(i)(ii)(II) ..................................................................... 8

11 U.S.C. § 548(a)(1)(B)(i)(ii)(III) .................................................................... 8

Fed. R. Civ. P. 9(b) ................................................................................... 2, 4, 7

N.Y. Debt. & Cred. Law § 273 ..................................................................... 7, 8, 9

N.Y. Debt. & Cred. Law § 274 ......................................................................... 8, 9

N.Y. Debt. & Cred. Law § 275 ......................................................................... 8, 9

## PRELIMINARY STATEMENT

This lawsuit arises from a transaction that generated tens of millions of dollars in illegal payments to insiders of and financial advisors to Meridian Automotive Systems, Inc. ("Meridian"). The transaction occurred on April 28, 2004; Meridian filed for bankruptcy protection on April 26, 2005, approximately one year later. The moving defendant, Goldman Sachs Credit Partners L.P. ("Goldman Sachs"), was one of Meridian's financial advisors, and received more than $3 million in fees for which it did not provide reasonably equivalent value.

In the present motion, Goldman Sachs seeks dismissal of five (5) substantive counts. These are: the Third Claim for Relief for aiding and abetting breach of fiduciary duties ("Count Three"); the Fourth Claim for Relief for civil conspiracy to commit breaches of fiduciary duty ("Count Four"); the Fifth Claim for Relief for gross negligence ("Count Five"); the Seventh Claim for Relief for intentional fraudulent transfer ("Count Seven"); and the Eighth Claim for Relief for constructive fraudulent transfer ("Count Eight").

At a scheduling conference before this Court on July 17, 2007, the Court reminded all of the defendants, including Goldman Sachs, that the Court's rules require that any defendant intending to bring a motion to dismiss must first communicate the basis for that motion by letter to the plaintiff. This procedure eliminates unnecessary motions and reduces the scope of motions that parties must bring to the Court.[1]

Goldman Sachs waited until August 15, 2007, just two days before its motion to dismiss was due for filing, to send a two-page letter to Plaintiff outlining its arguments for dismissal. This gave Plaintiff no time to work with Goldman Sachs to limit the scope of this

---

[1] *See* Section III.B, Individual Rules and Procedures, Judge Shira A. Scheindlin.

motion before it was filed.[2]    Nevertheless, on September 21, 2007, Plaintiff sent a letter to

Goldman Sachs offering to withdraw all claims against Goldman Sachs except for claims for

constructive fraudulent transfer, on the condition that Goldman Sachs withdraw its motion to

dismiss the constructive fraudulent transfer claims.  Goldman Sachs refused.

To narrow the scope of Plaintiff's dispute with Goldman Sachs, however, Plaintiff

will consent to the dismissal of four claims against Defendant – Count Three for aiding and

abetting breach of fiduciary duty; Count Four for civil conspiracy to commit breaches of

fiduciary duty; Count Five for gross negligence; and Count Seven for intentional fraudulent

transfer.[3]  This memorandum of law is submitted in opposition to Goldman Sachs's motion to

dismiss Count Eight for constructive fraudulent transfer and Count Nine, an associated count for

the turnover of any transfers avoided under Count Eight.

---

[2]    Notably, Goldman Sachs was unable to certify to this Court "that pre-motion letters were
exchanged" as required by Section III.B, Individual Rules and Procedures, Judge Shira A.
Scheindlin. Rather, Goldman Sachs certified only that it sent a pre-motion letter to Plaintiff's
counsel on August 15, 2007, two days before the filing of the instant motion.  See Declaration of
Paul S. Hessler, August 17, 2007 ("Hessler Decl.").

[3]    Goldman Sachs is the only one of twenty-nine (29) defendants who moved to dismiss; all
other defendants answered Plaintiff's Complaint.  Plaintiff agrees that Goldman Sachs raised
reasonable questions as to whether the Complaint met the requirements of Fed. R. Civ. P. 9(b)
with respect to Counts Three, Four, and Seven as those Counts relate to Goldman Sachs.  In
addition, Goldman Sachs raised reasonable issues as to whether the Complaint stated a claim for
gross negligence (Count Five) against Goldman Sachs.

## STANDARD OF REVIEW FOR A MOTION TO DISMISS

A motion to dismiss a complaint under Rule 12(b)(6) must be evaluated to determine whether the "[f]actual allegations … raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007).

As demonstrated below, the Complaint easily satisfies the foregoing standard with respect to Plaintiff's constructive fraudulent transfer claims. Therefore, Goldman Sachs's motion should be denied as to those claims.

## ARGUMENT

In Count Eight, Plaintiff claims that Goldman Sachs was the recipient of constructive fraudulent transfers under the federal Bankruptcy Code and the New York Debtor and Creditor Law ("DCL"). Goldman Sachs cannot prevail on its motion to dismiss Count Eight if the Complaint states fraudulent transfer claims under either the Bankruptcy Code or the DCL. Count Nine is an associated claim for the turnover of property avoided under Count Eight.

As set forth below, the Complaint adequately pleads causes of action under both the Bankruptcy Code and the DCL.

## I.     THE COMPLAINT STATES A CLAIM FOR CONSTRUCTIVE FRAUDULENT TRANSFER UNDER SECTION 548 OF THE BANKRUPTCY CODE

### A.     Applicable Law:  Section 548 of the Bankruptcy Code

At the time of Meridian's bankruptcy filing, 11 U.S.C. § 548(a)(1) set out the elements of a constructive fraudulent transfer claim as follows:[4]

---

[4]     The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 109 Pub. L. No. 109-8; 119 Stat. 23 (2005) amended 11 U.S.C. § 548(a)(1) in ways not relevant here.

§ 548.  Fraudulent transfers and obligations

(a) (1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

***

(B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a)(1)(2004).

The heightened pleading requirement of Fed. R. Civ. P. 9(b) does not apply to constructive fraudulent transfer claims because constructive fraudulent transfer claims do not require proof of fraud or wrongdoing.  *See Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs., Ltd.)*, 337 B.R. 791, 801-802 (Bankr. S.D.N.Y. 2005).

Whether a transfer is for "reasonably equivalent value" is a question of fact that depends on all the circumstances surrounding the transaction.  *See id.* at 803.

**B.    The Complaint Adequately Pleads that Goldman Sachs Received a Constructively Fraudulent Transfer under Section 548**

      **1.    The Complaint adequately pleads a transfer of an interest in property of Meridian to Goldman Sachs within one year of Meridian's bankruptcy petition**

The Complaint alleges that Meridian filed for bankruptcy protection on April 26, 2005.  (Cmplt. at ¶ 6, attached as Exhibit A to Hessler Decl.)  The Complaint alleges that Meridian paid Goldman Sachs $3,813,122.52 on or about April 28, 2004:

> 91.    On or about April 28, 2004, upon information and belief, Meridian paid Defendant Goldman Sachs $3,813,122.52 in connection with Defendant Goldman Sachs' actions in arranging the 2004 Refinancing.  Upon information and belief, Meridian was severely harmed

(Cmplt. at ¶ 91)

      **2.    The Complaint adequately pleads that Meridian received less than reasonably equivalent value for the transfer to Goldman Sachs**

The Complaint alleges that Meridian did not receive "reasonably equivalent value" in exchange for the $3.8 million payment to Defendant:

> 91.    On or about April 28, 2004, upon information and belief, Meridian paid Defendant Goldman Sachs $3,813,122.52 in connection with Defendant Goldman Sachs' actions in arranging the 2004 Refinancing.  Upon information and belief, Meridian was severely harmed by the actions of Goldman Sachs that cost Meridian much more than it received in exchange for the work performed by Goldman Sachs.  Meridian received little to no net value in return for the payment of $3,813,122.52 on or about April 28, 2004.

5

> 160    Meridian received less than a reasonably equivalent value and/or fair consideration in exchange for each such transfer. Reasonable equivalent value was not provided by the Director Defendants, the Individual Insider Defendants, or the Arranger Defendants because any value provided by such Defendants to Meridian was far outweighed by the damage their actions caused to Meridian.

(Cmplt. at ¶¶ 91 and 160)

> **3.    The Complaint adequately pleads that Meridian was insolvent, had unreasonably small capital and intended to or believed it had incurred debts beyond its ability to pay after it made the transfer to Goldman Sachs**

The Complaint alleges that Meridian was insolvent at the time it made the transfer to Goldman Sachs:

> 161.    Meridian was insolvent as defined by 11 U.S.C. § 101(32) on each date that such transfer was made or became insolvent as a result of such transfer or obligation.

(Cmplt. at ¶ 161)

The Complaint contains numerous allegations in support of the allegation that Meridian was insolvent after the transaction. (Cmplt. at ¶ 68 (McKinsey & Co. valuation showing Meridian is insolvent); ¶ 71 (reproducing handwriting of Meridian's General Counsel on a draft solvency certificate stating that the certification was "not true")).

The Complaint also alleges that the transaction left Meridian with unreasonably small capital and that Meridian intended to incur debts beyond its ability to pay such debts as they matured:

> 164.   At the time of each transfer, Meridian was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Meridian was an unreasonably small capital.
>
> 165.   Meridian intended to incur or believed that it had incurred, debts that would be beyond the debtor's ability to pay as such debts matured.

(Cmplt. at ¶¶ 164 and 165)

***

Because the Complaint plainly alleges all of the elements of a constructive fraudulent transfer under 11 U.S.C. § 548(a)(1), and because the heightened pleading requirement of Fed. R. Civ. P. 9(b) does not apply to constructive fraudulent transfer claims, the Complaint states a claim against Goldman Sachs. Therefore, the Court should deny Goldman Sachs's motion to dismiss Count Eight and the associated claim for the turnover of avoided transfers, Count Nine.

## II. THE COMPLAINT STATES A CLAIM FOR CONSTRUCTIVE FRAUDULENT TRANSFER UNDER NEW YORK DEBTOR AND CREDITOR LAW THROUGH SECTION 544 OF THE BANKRUPTCY CODE

### A.   Applicable Law:  New York Debtor and Creditor Law

Under 11 U.S.C. § 544, the Plaintiff may bring claims under state fraudulent transfer law. The DCL has three applicable provisions, each of which is analogous to a provision of the federal Bankruptcy Code's constructive fraudulent transfer law. Analogous to the federal statute's combination of a lack of reasonably equivalent value and insolvency, 11 U.S.C. § 548(a)(1)(B)(i)(ii)(I), DCL § 273 provides that transfers without "fair consideration" that leave the debtor insolvent are fraudulent:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

N.Y. Debt. & Cred. Law § 273.

Analogous to the federal statute's combination of a lack of reasonably equivalent value and unreasonably small capital, 11 U.S.C. § 548(a)(1)(B)(i)(ii)(II), DCL § 274 provides that transfers without fair consideration that leave the debtor with unreasonably small capital are fraudulent:

> Conveyances by persons in business: Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

N.Y. Debt. & Cred. Law § 274.

Analogous to the federal statute's combination of a lack of reasonably equivalent value and unreasonably small capital, 11 U.S.C. § 548(a)(1)(B)(i)(ii)(III), DCL § 275 provides that transfers without fair consideration that the debtor intends or believes will leave the debtor unable to pay debts as they come due is fraudulent:

> Conveyances by a person about to incur debts: Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.

N.Y. Debt. & Cred. Law § 275.

Under the DCL, whether "fair consideration" has been given in any circumstance is a question of fact.  *See In re Actrade Fin. Techs., Ltd.*, 337 B.R. at 803.

> **B.    The Complaint Adequately Pleads that Goldman Sachs Received a Constructively Fraudulent Transfer under the DCL**

The Complaint alleges that Meridian did not receive "fair consideration" in exchange for the $3.8 million payment to Defendant.  (Cmplt. at ¶¶ 91-92 and 160)  As set forth in detail above, the Complaint alleges that Meridian was insolvent when the transfer occurred, (Cmplt. at ¶¶ 68, 71, 72 and 161); engaged in a transfer for which its remaining property constituted "unreasonable small capital" (Cmplt. at ¶¶ 164-65); and intended to incur or believed it had incurred debts beyond its ability to pay (*Id.*).

The Complaint adequately pleads all of the elements of a claim for constructive fraudulent transfer under the DCL §§ 273-275.   Therefore the Court should deny Goldman Sachs's motion to dismiss Count Eight and the associated claim for the turnover of avoided transfers, Count Nine.

> **C.    *HBE Leasing* and *In re Sharp* Are Inapposite Because They Do Not Apply To Obligations Incurred without Fair Consideration**

Goldman Sachs relies heavily on two cases, *HBE Leasing Corp. v. Frank*, 48 F.3d 623 (2d Cir. 1995) and *In re Sharp Int'l Corp.*, 403 F.3d 43 (2d Cir. 2005), that stand, in part, for the unremarkable proposition that, under the DCL, a transfer cannot be invalidated when a debtor receives "fair consideration" for that transfer.  Goldman Sachs tries to stretch these cases over its very different situation by claiming that Meridian must have received fair consideration because it paid fees to Goldman Sachs.

Goldman Sachs's argument assumes the conclusion. The question at issue here is whether Meridian received value for the obligation it incurred to Goldman Sachs.  If Goldman

9

Sachs did not provide fair consideration for that obligation, then the payment of that obligation obviously did not give Meridian fair consideration either.

For example, Goldman Sachs cites *HBE Leasing* to argue that "[e]ven if a transfer is preferential as between creditors, it is not fraudulent if the transfer is made to an existing creditor." *See* Mot. at 14 *citing HBE Leasing*, 48 F.3d. at 633. Goldman Sachs ignores the crucial sentence which states "[t]hus, the UFCA [the DCL] does not bestow a broad power to reorder creditor claims or to invalidate transfers *that were made for fair consideration*, at least where no actual intent to hinder, delay, or defraud creditors has been shown." *Id.* at 634 (emphasis added). The portions of *HBE Leasing* that Defendant cites merely state that transfers made for "fair consideration" to a non-insider creditor cannot be invalidated under a theory of equitable subordination under the DCL. Here, the Complaint plainly alleges that Meridian did not receive fair consideration for the obligation it incurred to pay fees to Goldman Sachs. (Cmplt. at ¶¶ 91 and 160)

Similarly, the constructive fraudulent transfer claim failed in *Sharp* because there was no basis to allege lack of fair consideration in debtor's repayment of a loan. Indeed, the plaintiff in *Sharp* conceded that the loan payment was made for a "fair equivalent." *See In re Sharp*, 403 F.3d at 54. Unlike the plaintiff in *Sharp,* the Plaintiff in this case alleges that Meridian did not receive services that were fair consideration for the $3,813,122.52 fee that Meridian paid to Goldman Sachs. (Cmplt. at ¶¶ 91 and 160)[5]

---

[5]    Goldman Sachs's theory eviscerates the protections of the DCL. Under the Goldman Sachs's view, a transferee could avoid any liability under the DCL by first entering into an "obligation" with the debtor in the amount of the transfer, and then, once the debtor paid off the obligation, could claim that the debtor must have received fair consideration because it did nothing more than discharge an obligation. This absurd result demonstrates the invalidity of Goldman Sach's argument.

## <u>CONCLUSION</u>

For the reasons stated above, the Court should deny Goldman Sachs's motion to dismiss Count Eight and the associated Count Nine for turnover of avoided transfers.

DATED:  September 28, 2007                    Respectfully submitted,


                                             By:    /s/Neal W. Cohen
                                             Attorneys for Plaintiffs

                                             HALPERIN BATTAGLIA RAICHT, LLP
                                             Alan D. Halperin (AH-8432)
                                             Neal W. Cohen (NC-3573)
                                             555 Madison Avenue, 9th Floor
                                             New York, New York 10022
                                             Telephone:  (212) 765-9100
                                             Facsimile:  (212) 765-0964

                                             James B. Heaton, III
                                             Steven J. Nachtwey
                                             John D. Byars
                                             BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                             54 West Hubbard Street, 3rd Floor
                                             Chicago, IL  60610
                                             Telephone: (312) 494-4400
                                             Facsimile:  (312) 494-4440

11