IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

OCEAN RIDGE CAPITAL ADVISORS, LLC, as
Litigation Trustee of THE MAS LITIGATION TRUST

                              Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE COMPANY, THE
NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY, CAPITAL D'AMERIQUE CDPQ INC.,
CAISSE DE DEPOT ET PLACEMENT DU QUEBEC,
CSFB LP HOLDING, SKOOG FAMILY
INVESTMENTS, LLC, BANCAMERICA CAPITAL
INVESTORS II, L.P., WINDWARD/PARK AB III, L.L.C.,:
WINDWARD CAPITAL PARTNERS L.P., WINDWARD
CAPITAL ASSOCIATES, L.P., SUEZ CAPITAL
PARTNERS II, L.P., INDOSUEZ CAPITAL CO-INVEST
PARTNERS, L.P., SCP II ASSOCIATES, CREDIT
SUISSE FIRST BOSTON (USA), INC., CREDIT SUISSE
FIRST BOSTON, GOLDMAN SACHS CREDIT
PARTNERS L.P., JEFFREY A. ANDERSON, JON F.
BAKER, JOSE R. GARCIA,  ROBERT H. BARTON III,
H.H. WACASER, PETER S. MACDONALD, GARY
SWENSON, JOHN F. MAYPOLE, THOMAS GRAHAM,
DONALD A. McKAY, HENRY A. NICKOL, JEFFREY
HODGMAN, A. KIPP KOESTER, CRAIG VAN ESS,
GURMINDER S. BEDI, THOMAS WALKER, JACK
SKOOG AND DEAN VANEK

                             Defendants.

Case No. 07 CV 3213

Judge Scheindlin

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in this action may involve the disclosure of certain documents,

things and information in the possession, custody or control of the plaintiff, Ocean Ridge Capital

Advisors, LLC, as the duly appointed bankruptcy litigation trustee (the "Litigation Trustee") for

The MAS Litigation Trust (the "Litigation Trust"), the defendants, Metropolitan Life Insurance

Company, The Northwestern Mutual Life Insurance Company, Capital D'Amerique CDPQ Inc.,

Caisse De Depot Et Placement Du Quebec, CSFB LP Holding, Skoog Family Investments, LLC, Bancamerica Capital Investors II, L.P., Windward/Park AB III, L.L.C., Windward Capital Partners L.P., Windward Capital Associates, L.P., Suez Capital Partners II, L.P., Indosuez Capital Co-Invest Partners, L.P., SCP II Associates, Credit Suisse First Boston (USA), Inc., Credit Suisse First Boston, Goldman Sachs Credit Partners L.P., Jose R. Garcia,  Robert H. Barton III, H.H. Wacaser, Peter S. Macdonald, Gary Swenson, John F. Maypole, Thomas Graham, Donald A. Mckay, Henry A. Nickol, Jeffrey Hodgman, A. Kipp Koester, Craig Van Ess, Gurminder S. Bedi, Thomas Walker, and Jack Skoog (collectively, "Defendants"), and third party Meridian Automotive Systems, Inc. and its related entities[1] (collectively, "Meridian") that constitute or contain trade secrets or other confidential research, development, manufacturing, financial or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.");

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of Plaintiff, Defendants and Meridian;

WHEREAS Plaintiff, Defendants and Meridian have, through counsel, stipulated to the entry of this Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS Plaintiff, Defendants and Meridian have established good cause for entry of this Order;

---

[1] The related entities are:  Meridian Automotive Systems - Composites Operations, Inc. (Tax ID No. xx-xxx4575), Meridian Automotive Systems, Inc. (Tax ID No. xx-xxx2037), Meridian Automotive Systems - Angola Operations, Inc. (Tax ID No. xx-xxx1330), Meridian Automotive Systems - Construction, Inc. (Tax ID No. xx-xxx8056), Meridian Automotive Systems - Detroit Operations, Inc. (Tax ID No. xx-xxx2825), Meridian Automotive Systems - Grand Rapids Operations, Inc. (Tax ID No. xx-xxx0780), Meridian Automotive Systems - Heavy Truck Operations, Inc. (Tax ID No. xx-xxx3247), Meridian Automotive Systems - Shreveport Operations, Inc. (Tax ID No. xx-xxx0613), and Meridian Automotive Systems - Mexico Operations, LLC (Tax ID No. xx-xxx2291), each with a mailing address of 999 Republic Drive, Allen Park, MI 48101 (hereinafter "Meridian").

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

1.    Applicability of Order.  This Order shall govern the handling, use, and disclosure of documents (as that term is most broadly construed under Fed. R. Civ. P. 26 and 34), depositions and deposition exhibits, interrogatory answers, responses to requests for admissions, electronically stored information (such as imaged computer hard drives, server backup tapes and e-mail files) and other written, recorded, graphic, electronic or other information and data, produced (whether pursuant to Court Order, Fed. R. Civ. P. 26, Fed. R. Civ. P. 33, Fed. R. Civ. P. 34, subpoena, agreement, or otherwise) in connection with these proceedings by Plaintiff, Defendants, Meridian or any third party who has expressly agreed in writing to be bound by the terms of this Order (collectively "Discovery Material").  Discovery Material also includes each and every copy, compilation, abstract, summary, digest, and by-product of any of the foregoing created by any recipient thereof.

2.    Non-disclosure of CONFIDENTIAL Discovery Material.  Except with the prior written consent of the producing party[2] or as expressly permitted by this Order or by separate Court Order, any Discovery Material that the producing party designates, or is otherwise deemed by the terms of this Order, as CONFIDENTIAL shall not be disclosed to any person or used for any purpose.

3.    Designation of CONFIDENTIAL Discovery Material.

a.    A designation of CONFIDENTIAL Discovery Material shall be made by stamping (or affixing) "CONFIDENTIAL" on each page of the Discovery Material to be treated

---

[2] As used herein, the term "party" may refer to any of Defendants, Plaintiff, and Meridian, even though Meridian is not a party to this action.

as confidential pursuant to the terms of this Order. If the Discovery Material is non-documentary in nature (for example, a diskette, tape, CD, DVD, physical exhibit, or thing), the designation shall be placed either on the physical exhibit or thing itself or on the case, container or envelope containing the Discovery Material.

        b.    If the Discovery Material is being produced at the producing party's designated location for on-site inspection and related activities pursuant to Fed. R. Civ. P. 34 (or, in the case of Meridian, pursuant to Fed. R. Civ. P. 45), no marking need be made by the producing party in advance of the inspection, but any such Discovery Material shall be regarded as CONFIDENTIAL, thereby making it subject to this Order, and the inspection of Discovery Material shall be conducted only by persons permitted access to CONFIDENTIAL Discovery Material under Paragraph 7 below ("Qualified Persons"). After the receiving party inspects and selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents, in accordance with Paragraph 3.a above, before they are provided to the receiving party. Production of Discovery Materials by making them available for on-site inspection and related activities shall not constitute a waiver in whole or in part of confidentiality, attorney-client privilege or work product immunity.

        4.    Designation of Deposition Testimony. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, or agents may be designated as CONFIDENTIAL Discovery Material by that party either (a) on the record at the deposition or (b) by serving a written notification on each other party within twenty-five (25) days of receipt of the transcript by counsel for the designating party. Such written notification shall identify the specific pages and lines of the transcript that contain CONFIDENTIAL Discovery Material. A copy of such written notification shall be attached to the face of the transcript and each copy of

the transcript in the possession, custody, or control of any Qualified Persons. All information
disclosed during a deposition shall be treated as CONFIDENTIAL Discovery Material until at
least thirty (30) days after a transcript of the deposition is received by counsel for each of the
parties.

     5.    Discovery Material Designated CONFIDENTIAL.

     a.    CONFIDENTIAL material is Discovery Material that, in the good faith
opinion of the producing party (a) constitutes or contains a trade secret or other confidential
research, development, manufacturing, proprietary, commercial, or financial information; (b)
constitutes personal medical information, private personal information, protected health
information, tax returns, and other personal information reasonably sought to be kept
confidential; or (c) would violate an obligation of confidentiality to a third party, including a
court. A producing party that exercises its rights to designate Discovery Material it has produced
as CONFIDENTIAL is herein known as a "Designating Party".

     b.    Notwithstanding the foregoing paragraph or anything else to the contrary
set forth in this Order, all Discovery Material produced by Meridian shall be initially designated
and regarded as CONFIDENTIAL whether or not marked or designated as such by Meridian,
provided that Meridian will, nonetheless, be treated as the Designating Party with respect to all
Discovery Material produced by Meridian.

     6.    Use of CONFIDENTIAL Discovery Material Generally. Persons obtaining access
to CONFIDENTIAL Discovery Material under this Order shall use the information only for
preparation and trial of this litigation and related state litigation[3] (including appeals) and shall not

---

[3] The related state litigation is Stanfield Offshore Leveraged Assets, Ltd., *et. al.* v. Metropolitan Life Insurance
Company, *et. al.* (Index No. 601410/07), pending in the Supreme Court of the State of New York, County of New
York.

use or disclose such information for any other purpose whatsoever, including business, governmental or commercial purposes, or in connection with any administrative or other judicial proceedings.

7.     Permissible Disclosure.  CONFIDENTIAL Discovery Material may be disclosed only by prior written consent of the Designating Party or as described below.  Persons with access to CONFIDENTIAL Discovery Material shall not further disclose or communicate the CONFIDENTIAL Discovery Material except in accordance with the restrictions of this Order. CONFIDENTIAL Discovery Material shall not be disclosed to anyone other than:

a.     outside counsel retained by any party for the purposes of this litigation and such outside counsel's paralegals, legal assistants, secretaries, project assistants and office personnel regularly employed by such outside counsel and assigned to assist such outside counsel in this litigation; outside copying, language translation, jury consultants and mock jurors retained by such consultants; outside persons assisting in document storage, production and coding; and outside graphics services personnel, all as reasonably necessary to perform such services under the supervision of outside counsel of record;

b.     retained experts and consultants, including persons directly employed by such experts and consultants (collectively "Experts"), but only to the extent necessary to perform their work in connection with this litigation, provided, however, that:

i.     Prior to the disclosure of CONFIDENTIAL Discovery Material to any Expert who is or has been an employee, officer, director, contractor, subcontractor or consultant at any time since January 1, 2007, of any entity that is engaged in the development, production, marketing or sale of automotive or heavy truck parts or parts for consumer or industrial products manufactured with

– 6 –

composite plastics or the production of automobiles or heavy trucks or consumer
or industrial products manufactured with composite plastics, counsel for the party
that wishes to disclose such information shall promptly notify the Designating
Party, including with such notification a copy of the Expert's curriculum vitae.
Within ten (10) business days of receipt of such notification and curriculum vitae,
the Designating Party shall notify counsel for the requesting party whether the
Designating Party objects to the proposed disclosure of CONFIDENTIAL
Discovery Material. Any such objection shall be made in good faith and on
reasonable grounds. If an objection is made and not resolved by the parties, the
Designating Party shall file a motion or letter to the Court in support of its
objection within ten (10) business days of the parties' failure to resolve the matter.
Under no circumstances shall CONFIDENTIAL Discovery Material be disclosed
to such an Expert unless and until the parties resolve the matter, the objection is
withdrawn, the Court permits disclosure, or the Designating Party fails to object
to such disclosure or file a motion in support of its objection within the timeframe
specified herein (or other schedule agreed to by the party requesting disclosure
and the Designating Party objecting to such disclosure).

     c.     in-house counsel for the non-designating party, and such in-house
counsel's paralegals, legal assistants, secretaries, project assistants and office personnel
regularly employed by such in-house counsel and assigned to assist such in-house
counsel in this litigation;

     d.     an individual named as a party in this action;

      e.      up to ten (10) employees and/or former employees of the non-designating party who may use their knowledge and expertise to assist legal counsel, but only as reasonably necessary in support of this litigation, and upon a request made and consent received from the Designating Party (such consent not to be unreasonably withheld), additional employees and/or former employees, provided, however, that:

            i.      Prior to the disclosure of CONFIDENTIAL Discovery Material to any such employee or former employee who is or has been an employee, officer, director, contractor, subcontractor or consultant at any time since January 1, 2007, of any entity that is engaged in the development, production, marketing or sale of automotive or heavy truck parts or parts for consumer or industrial products manufactured with composite plastics or the production of automobiles or heavy trucks or consumer or industrial products manufactured with composite plastics, counsel for the party that wishes to disclose such information shall promptly notify the Designating Party, including with such notification the employee or former employee's name and a description of his work for the entity in question. Within ten (10) business days of receipt of such notification, the Designating Party shall notify counsel for the requesting party whether the Designating Party objects to the proposed disclosure of CONFIDENTIAL Discovery Material. Any such objection shall be made in good faith and on reasonable grounds. If an objection is made and not resolved by the parties, the Designating Party shall file a motion or letter to the Court in support of its objection within ten (10) business days of the parties' failure to resolve the matter. Under no circumstances shall CONFIDENTIAL Discovery Material be disclosed to such employee or former employee unless and until the parties resolve the matter, the objection is withdrawn, the Court permits disclosure, or

the Designating Party fails to object to such disclosure or file a motion in support of its objection within the timeframe specified herein (or other schedule agreed to by the party requesting disclosure and the Designating Party objecting to such disclosure).

      f.     the Court and court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

      g.     representatives or employees of any insurance company who a non-designating party believes, in good faith, may have an obligation to reimburse, indemnify or repay to that non-designating defendant any fees, expenses, settlement proceeds, judgment proceeds or other financial obligations resulting from this litigation;

      h.     other persons not provided for herein upon a request made and consent received from the Designating Party (such consent not to be unreasonably withheld); and

      i.     members of the Oversight Committee of the Litigation Trustee set forth in the "MAS Litigation Trust Agreement" dated as of December 29, 2006 among Meridian and certain of its subsidiaries and the Litigation Trustee.

      8.     <u>Failure to Comply</u>. Disclosure of CONFIDENTIAL Discovery Material other than in accordance with the terms of this Order may subject the disclosing person or party to such sanctions and remedies as the Court may deem appropriate, including without limitation contempt, injunctive relief and damages.

      9.     <u>Signed Acknowledgement</u>. Before CONFIDENTIAL Discovery Material may be disclosed as permitted in Paragraphs 7 (b), (e), (g), (h) and (i), the person to whom the CONFIDENTIAL Discovery Material is to be disclosed must first agree to be bound by this Order by reading the Order and signing the acknowledgement form attached hereto as <u>Exhibit A</u>.

A copy of the signed acknowledgement shall be retained by counsel for the party making the disclosure. Said counsel shall, upon request, make the signed acknowledgement available for inspection by the Court. For testifying experts, a copy of the signed acknowledgement executed by the testifying expert shall be provided to counsel for the Designating Party, either at the time the CONFIDENTIAL Discovery Material is provided to the testifying expert or at the time the expert's designation is served, whichever is later.

10.    Exceptions to Confidentiality Status.  Information will not be deemed protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

a.    is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise;

b.    is already legitimately in the possession of the receiving party at the time of production;

c.    is disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party; or

d.    is developed independently by a party as reflected in written documents prepared prior to disclosure by the producing party.

11.    Third Party Production.  A party may designate in writing within five (5) days after production of documents or information by a third party through compulsory process or with the authorization of a party that some or all of the produced documents or information be treated as CONFIDENTIAL Discovery Material. The designation shall contain a list identifying the information so designated and specifying the appropriate confidentiality designation. Upon

− 10 −

receiving a designation in accordance with this paragraph, any party in possession of such information will label and treat it according to the designation. Any party receiving documents from a third party through compulsory process or with the authorization of a party shall treat said documents as CONFIDENTIAL for five (5) days following their receipt.

12.     Disclosure in Certain Circumstances.  Nothing in this Order shall preclude a party or its attorneys from:

        a.     showing a document designated as CONFIDENTIAL Discovery Material to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received it;

        b.     disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as CONFIDENTIAL Discovery Material; or

        c.     examining at deposition or trial any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as CONFIDENTIAL Discovery Materials.  The showing to a deponent of CONFIDENTIAL Discovery Material pursuant to any provision of this paragraph shall not otherwise affect the status and treatment of such CONFIDENTIAL Discovery Material.

13.     Use of CONFIDENTIAL Discovery Material in Depositions.  CONFIDENTIAL Discovery Material may be used during the deposition of any witness who otherwise is permitted access to such material pursuant to the terms of this Order.  With respect to all other deponents, such material may be used to examine a witness in any deposition, but the CONFIDENTIAL Discovery Material must be collected from those deponents and their respective counsel, if any,

upon completion of the deposition unless the deponents and their respective counsel agree to be bound by this Protective Order as provided in Paragraph Ten (10). The party whose CONFIDENTIAL Discovery Material is used in a deposition shall have the right to designate the deposition transcript CONFIDENTIAL pursuant to Paragraph Four (4).

14.    Use of CONFIDENTIAL Discovery Material in Court Proceedings.
CONFIDENTIAL Discovery Material may be offered into evidence at trial or any court hearing for preparation and trial of this litigation and related state litigation (including appeals).

15.    Use of CONFIDENTIAL Discovery Material in Filings with the Court. In the event a party wishes to use any CONFIDENTIAL Discovery Material, or any papers containing or making reference to the contents of such CONFIDENTIAL Discovery Material, in any pleading or document filed with the Court in this litigation, such pleading or document and CONFIDENTIAL Discovery Material shall be filed under seal, until such time as the Court orders otherwise or denies permission to file under seal, and such CONFIDENTIAL Discovery Material, information or papers shall plainly state on the first page of any bound or stapled document "Confidential – Filed Under Seal" and shall be filed only in sealed envelopes (or other sealed containers) on which shall be endorsed the caption of this action, the title of each such pleading or document being filed, and a statement substantially in the following form:

CONFIDENTIAL

This envelope contains documents that are subject to a Stipulation and Protective Order Governing Discovery Material entered by the Court in this action. This envelope shall neither be opened nor the contents revealed except by Order of the Court.

16.    Inadvertent Failure to Designate. The inadvertent failure of a party to designate Discovery Material as CONFIDENTIAL Discovery Material shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated

– 12 –

as CONFIDENTIAL Discovery Material. Good faith disclosure of such material by any party
prior to such later designation, however, shall not be deemed a violation of the provisions of this
Order.

17. Inadvertent Production. Inadvertent production of any document that a party later
claims should not have been produced because of a privilege, including but not limited to the
attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged
Document"), will not be deemed to waive any privilege, provided that the producing party shall
promptly notify the receiving party in writing of such inadvertent production. The producing
party may request the return of any Inadvertently Produced Privileged Document. A request for
the return of an Inadvertently Produced Privileged Document shall identify the document
inadvertently produced and the basis for withholding such document from production. If a party
or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced
Privileged Document then in the custody of another party or nonparty, such other party shall
within five (5) business days to (a) return to the requesting party or nonparty the Inadvertently
Produced Privileged Document and all copies thereof; (b) destroy all notes or other work product
reflecting the content of such Inadvertently Produced Privileged Documents; and (c) delete any
such Inadvertently Produced Privileged Documents from any litigation-support or other
database. The party returning such material may then move the Court for an order compelling
production of the material, but that party shall not assert as a ground for entering such an Order
the fact or circumstances of the inadvertent production.

18. Objections to Designation. Any party may object to the designation of any
material or testimony as CONFIDENTIAL Discovery Material by giving written notice to the
producing party that it objects to the designation, specifying by exact document numbers the

CONFIDENTIAL Discovery Material in dispute and the precise nature of the dispute with regard to each such CONFIDENTIAL Discovery Material. Such objection must be made in good faith, and no less than fifteen (15) business days prior to the date upon which the objecting party intends to disclose the challenged Discovery Material (unless emergent circumstances do not permit such time, and under such circumstances within a reasonable time prior to the date upon which the objecting party intends to disclose the challenged Discovery Material). The parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Designating Party may seek appropriate relief from the Court after good faith efforts to resolve the dispute have failed. Until the Court rules on the motion, the documents shall be treated as CONFIDENTIAL Discovery Material, as originally designated. The burden of proving that the information has been properly designated as protected is on the party making such designation.

19.     No Waiver of Right or Obligation to Object to Production. Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any party of its obligation to respond properly to discovery requests. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto. Further, the use of the term CONFIDENTIAL herein or by virtue of documents being designated as such pursuant to this Order shall not raise any inference as to the confidentiality or legal status of such information or constitute a finding or admission that such documents are, in fact, confidential and/or proprietary in nature. In

– 14 –

addition, disclosure of CONFIDENTIAL Discovery Material pursuant to discovery or the procedures set forth in this Order does not constitute a waiver of any trade secret, intellectual property, proprietary right, or other right or claim to, in, or with respect to such CONFIDENTIAL Discovery Material.

20.     Client Consultation.  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with this litigation and, in the course thereof, relying generally on examination of CONFIDENTIAL Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with clients regarding this litigation, counsel shall not make specific disclosure of any item so designated except pursuant to Paragraph Seven (7) of this Order.

21.     Non-Termination.  After the final termination of this litigation, this Order shall continue to be binding upon the parties hereto (including any nonparties who have agreed to be bound hereby) and upon all persons to whom CONFIDENTIAL Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for enforcement of its provisions.

22.     Subpoenas by Other Courts or Agencies.  If another court or an administrative agency subpoenas or orders production of CONFIDENTIAL Discovery Material that a party has obtained in discovery in this action, the party that has received the subpoena or order shall notify the Designating Party of the pendency of such subpoena or order within ten (10) business days of receiving the subpoena or order or within ten (10) business days before the date of production set forth in the subpoena or order, whichever comes first.  The Designating Party shall then have five (5) business days to notify the person receiving the subpoena of the Designating Party's intent to intervene to resist the subpoena.  Should the Designating Party give notice of such an

intent, the party receiving the subpoena shall cooperate with the Designating Party and take reasonable measures to protect the interests of the Designating Party, including objecting to the subpoena on the basis of this Order and taking steps necessary to withhold production while the intervening party's motion is pending.

23.    Return or Destruction of CONFIDENTIAL Discovery Material. Within sixty (60) days after the final conclusion of all aspects of this litigation (including all appeals), all CONFIDENTIAL Discovery Material and all copies of same (other than exhibits of record with the Court) shall be, at the option of the receiving party, either returned to the party or person which produced such material, or shall be destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than one hundred and twenty (120) days after final termination of this litigation. The outside attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, discovery responses (other than the other Parties' produced documents containing CONFIDENTIAL information), deposition transcripts, legal memoranda, correspondence, and attorney work product. Any outside attorney of record who provides access to CONFIDENTIAL Discovery Material to any person described above at Paragraphs 8(a) through (d) is responsible for the retrieval from any such person to whom disclosure is made of all documents designated as CONFIDENTIAL Discovery Material as well as all work product materials derived from or reflecting any information designated as CONFIDENTIAL Discovery Material. Any such non-outside attorney work product shall be destroyed within sixty (60) days after the final conclusion of all aspects of this litigation (including all appeals).

24.    Modification Permitted. Nothing in this Order shall prevent any party or other person from seeking modification of this Order. Further, this Order is without prejudice to the

– 16 –

right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided herein or to impose additional restrictions on the disclosure of any information or material produced. Further, this Order is without prejudice to the right of any party to present a motion to the Court for a separate protective order under the Federal Rules of Civil Procedure as to any particular document, evidence or information.

     25.   <u>Designations Not Evidence</u>. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as CONFIDENTIAL Discovery Materials, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

     26.   <u>Responsibility of Attorneys</u>.   The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of documents stamped confidential. Parties shall duplicate documents stamped confidential only for working copies in connection with this litigation and for copies to be filed in court under seal.

By: _____
Meridian Automotive Systems, Inc.
999 Republic Drive
Allen Park, Michigan 48101
*Chief Legal Officer for Meridian Automotive Systems, Inc.*

By: _____
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020
*Attorneys for Metropolitan Life Insurance Company
and The Northwestern Mutual Life Insurance Company*

By: _____
Levin & Glasser, P.C.
420 Lexington Avenue, Suite 805
New York, NY 10170
*Attorneys for Windward/Park AB III, LLC*
*Windward Capital Partners, L.P. and*
*Windward Capital Associates, L.P.*


By:_____
Varnum, Riddering, Schmidt &
Howlett LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
*Attorneys for Skoog Family Investments, LLC,*
*Jack Skoog and Craig Van Ess*


By:_____
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
*Attorneys for Bancamerica Capital Investors II, L.P.,*
*Suez Capital Partners II, L.P., Indosuez Capital*
*Co-Invest Partners, L.P. and SCP II Associates*


By:_____
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
*Attorneys for CSFB LP Holding,*
*Credit Suisse First Boston (USA), Inc.,*
*Credit Suisse First Boston and*
*Goldman Sachs Credit Partners L.P.*

– 18 –

By:_____
Levin & Glasser, P.C.
420 Lexington Avenue, Suite 805
New York, NY 10170
*Attorneys for Windward/Park AB III, LLC*
*Windward Capital Partners, L.P. and*
*Windward Capital Associates, L.P.*


By:_____
Varnum, Riddering, Schmidt &
Howlett LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
*Attorneys for Skoog Family Investments, LLC,*
*Jock Skoog and Craig Van Ess*


By:_____
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
*Attorneys for Bancamerica Capital Investors II, L.P.,*
*Suez Capital Partners II, L.P., Indosuez Capital*
*Co-Invest Partners, L.P. and SCP II Associates*


By:_____
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
*Attorneys for CSFB LP Holding,*
*Credit Suisse First Boston (USA), Inc.,*
*Credit Suisse First Boston and*
*Goldman Sachs Credit Partners L.P.*

— 18 —

By:_____
Levin & Glasser, P.C.
420 Lexington Avenue, Suite 805
New York, NY 10170
*Attorneys for Windward/Park AB III, LLC*
*Windward Capital Partners, L.P. and*
*Windward Capital Associates, L.P.*


By:_____
Varnum, Riddering, Schmidt &
Howlett LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
*Attorneys for Skoog Family Investments, LLC,*
*Jack Skoog and Craig Van Ess*


By:_____
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
*Attorneys for Bancamerica Capital Investors II, L.P.,*
*Suez Capital Partners II, L.P., Indosuez Capital*
*Co-Invest Partners, L.P. and SCP II Associates*


By:_____
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
*Attorneys for CSFB LP Holding,*
*Credit Suisse First Boston (USA), Inc.,*
*Credit Suisse First Boston and*
*Goldman Sachs Credit Partners L.P.*

— 18 —

By:_____
Levin & Glasser, P.C.
420 Lexington Avenue, Suite 805
New York, NY 10170
*Attorneys for Windward/Park AB III, LLC*
*Windward Capital Partners, L.P. and*
*Windward Capital Associates, L.P.*


By:_____
Varnum, Riddering, Schmidt &
Howlett LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
*Attorneys for Skoog Family Investments, LLC,*
*Jack Skoog and Craig Van Ess*


By:_____
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
*Attorneys for Bancamerica Capital Investors II, L.P.,*
*Suez Capital Partners II, L.P., Indosuez Capital*
*Co-Invest Partners, L.P. and SCP II Associates*


By:_____
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
*Attorneys for CSFB LP Holding,*
*Credit Suisse First Boston (USA), Inc.,*
*Credit Suisse First Boston and*

– 18 –

By: _(signature)_
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
*Attorneys for Peter S. MacDonald,*
*Gary L. Swenson, John F. Maypole,*
*Thomas Graham, Henry A. Nickol,*
*Jeffrey Hodgman, Kipp Koester, Donald McKay, Gurminder S. Bedi, Thomas K. Walker*


By:_____
Metz Lewis LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
*Attorneys for H.H. Wacaser and Robert Barton*


By:_____
Kirkland & Ellis LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
*Attorneys for Capital D'Amerique CDPQ Inc.*
*and Caisse de Depot et Placement du Quebec*


By:_____
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, 3rd Floor
Chicago, IL 60610
*Attorneys for Ocean Ridge Capital Advisors, LLC*


By:_____
Jose R. Garcia


**SO ORDERED:**


_____
Shira A. Scheindlin, U.S.D.J.


– 19 –

By:_____
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
*Attorneys for Peter S. MacDonald,*
*Gary L. Swenson, John F. Maypole,*
*Thomas Graham, Henry A. Nickol,*
*Jeffrey Hodgman, Kipp Koester, Donald McKay, Gurminder S. Bedi, Thomas K. Walker*


By:_____
Metz Lewis LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
*Attorneys for H.H. Wacaser and Robert Barton*


By:_____
Kirkland & Ellis LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
*Attorneys for Capital D'Amerique CDPQ Inc.*
*and Caisse de Depot et Placement du Quebec*


By:_____
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, 3rd Floor
Chicago, IL 60610
*Attorneys for Ocean Ridge Capital Advisors, LLC*


By:_____
Jose R. Garcia

**SO ORDERED:**


_____
Shira A. Scheindlin, U.S.D.J.

By:_____
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
*Attorneys for Peter S. MacDonald,*
*Gary L. Swenson, John F. Maypole,*
*Thomas Graham, Henry A. Nickol,*
*Jeffrey Hodgman, Kipp Koester, Donald McKay, Gurminder S. Bedi, Thomas K. Walker*


By:_____
Metz Lewis LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
*Attorneys for H.H. Wacaser and Robert Barton*


By:_____
Kirkland & Ellis LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
*Attorneys for Capital D'Amerique CDPQ Inc.*
*and Caisse de Depot et Placement du Quebec*


By:_____
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, 3rd Floor
Chicago, IL 60610
*Attorneys for Ocean Ridge Capital Advisors, LLC*


By:_____
Jose R. Garcia

**SO ORDERED:**


_____
Shira A. Scheindlin, U.S.D.J.

– 19 –

By:_____

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
*Attorneys for Peter S. MacDonald,*
*Gary L. Swenson, John F. Maypole,*
*Thomas Graham, Henry A. Nickol,*
*Jeffrey Hodgman, Kipp Koester, Donald McKay, Gurminder S. Bedi, Thomas K. Walker*


By:_____

Metz Lewis LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
*Attorneys for H.H. Wacaser and Robert Barton*


By:_____

Kirkland & Ellis LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
*Attorneys for Capital D'Amerique CDPQ Inc.*
*and Caisse de Depot et Placement du Quebec*


By:_____

Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, 3rd Floor
Chicago, IL 60610
*Attorneys for Ocean Ridge Capital Advisors, LLC,* as Litigation Trustee, for the MAS Litigation Trust


By:_____

Jose R. Garcia


SO ORDERED:

_____                    Date: Oct. 18, 2007

Shira A. Scheindlin, U.S.D.J.


– 19 –

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

OCEAN RIDGE CAPITAL ADVISORS,
LLC, as Litigation Trustee of THE
MAS LITIGATION TRUST,

        Plaintiff,                    Case No. 07-CV-3213 (SAS)

        v.                        Honorable Shira A. Scheindlin

METROPOLITAN LIFE INSURANCE
COMPANY, et al.

        Defendants.

_____

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

        1.    I, _____, have read the foregoing
STIPULATED PROTECTIVE ORDER and agree to be bound by its terms with respect to any
documents marked CONFIDENTIAL that are furnished to me as set forth in the STIPULATED
PROTECTIVE.

        2.    I further agree (a) not to disclose to anyone any document marked
CONFIDENTIAL other than as set forth in the STIPULATED PROTECTIVE ORDER and (b)
not to make any copies of any documents marked CONFIDENTIAL furnished to me except in
accordance with the STIPULATED PROTECTIVE ORDER.

        3.    I hereby consent to the jurisdiction of the District Court for the Southern District
of New York with regard to any proceedings to enforce the terms of the STIPULATED
PROTECTIVE ORDER.

        4.    I hereby agree that any documents, material, or information marked
CONFIDENTIAL which are furnished to me will be used by me only for the purposes of this
litigation and for no other purpose, and will not be imparted by me to any other person except in
accordance with the STIPULATED PROTECTIVE ORDER.

Dated:_____        Signature

                                      _____

17575107                                _____

                          – 20 –