UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| OCEAN RIDGE CAPITAL ADVISORS, LLC, as Litigation Trustee of THE MAS LITIGATION TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>Case No. 07-CV-3213 (SAS)<br><br>**JURY TRIAL DEMANDED** |
| Plaintiff, | | |
| v. | | |
| METROPOLITAN LIFE INSURANCE COMPANY, *et al.* | | |
| Defendants. | | |

### INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Fed.R.Civ.P. 26(a)(1), the Defendants, Robert H. Barton III and H.H. Wacaser (collectively "the Disclosing Defendants"), by their counsel, make the following mandatory initial disclosures:

**A.   WITNESSES**

1. Gurminder S. Bedi, Thomas Graham, Jeffrey Hodgman, A. Kipp Koester, John F. Maypole, Peter S. Macdonald, Donald A. McKay, Henry A. Nickol, Gary Swenson, and Thomas K. Walker.

    a.  All of these persons are defendants in this action. They can be contacted through their counsel of record: Arthur H. Aufses III, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, (212) 715-9100.

    b.  These persons are likely to have discoverable information on one or more of the following subjects:

    The sale of shares of Meridian Automotive Systems ("Meridian") in 1997; transactions between Meridian and its shareholders and creditors in the years between 1997 and 2005; the financial condition and business prospects of Meridian in the years between 1997 and 2005; communications between and among the directors of Meridian and the persons who acted as observers of meetings of the board of directors of Meridian (the "Meridian Board") and of meetings of the committees of the Meridian Board (the "Board Committees"); communications between and among the directors of Meridian and the shareholders and creditors of

   Meridian (including without limitation the holders of senior debt and/or subordinated debt of Meridian); the meetings and other deliberations of the Meridian Board and the Board Committees in the years between 1997 and 2005; the consideration that the Meridian Board and the Board Committees gave to the transaction in April 2004 that is the subject of this action (the "April 2004 Transaction"); the information, opinions, reports or Statements made or presented by professionals, consultants or advisors to the Meridian Board and Board Committees; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian; the nature of the payments that were made to some of the Disclosing Defendants and to other defendants in this action; the reasons why such payments were made to some of the Disclosing Defendants and to other defendants in this action; the services and value that the Disclosing Defendants and other defendants in this action provided to Meridian in return for the payments that Meridian made to them.

2.  Jeffrey A. Anderson

  a.  The Disclosing Defendants do not possess current contact information for Mr. Anderson.

  b.  The Disclosing Defendants believe that Mr. Anderson is likely to have discoverable information on one or more of the following subjects:

   The financial condition and business prospects of Meridian in the years between 1997 and 2005; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; and the benefits that the April 2004 Transaction provided to Meridian.

3.  Jon F. Baker

  a.  Mr. Baker is or was a defendant in this action. He can be contacted through his counsel of record: Abdu H. Murray, Miller Canfield Paddock & Stone, 840 West Long Lake Road, Suite 200, Troy, Michigan 48098, (248) 879-2000.

  b.  The Disclosing Defendants believe that Mr. Baker is likely to have discoverable information on one or more of the following subjects:

   The financial condition and business prospects of Meridian in the years between 1997 and 2005; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; and the benefits that the April 2004 Transaction provided to Meridian.

4. Robert H. Barton III

   a. Mr. Barton is a defendant in this action. He can be contacted though his counsel of record: John R. O'Keefe, Jr., Metz Lewis LLC, 11 Stanwix Street, 18th Floor, Pittsburgh, Pennsylvania 15222, (412) 918-1133.

   b. Mr. Barton is likely to have discoverable information on one or more of the subjects described in paragraph A.1.b, above.

5. Jose R. Garcia

   a. The Disclosing Defendants do not possess current contact information for Mr. Garcia.

   b. The Disclosing Defendants believe that Mr. Garcia is likely to have discoverable in connation on one or more of the following subjects:

   The financial condition and business prospects of Meridian in the years between 1997 and 2005; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; and the benefits that the April 2004 Transaction provided to Meridian.

6. Jack Skoog

   a. Mr. Skoog is a defendant in this action. He can be contacted through his counsel of record: Sheri Ellyn Hametz, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022, (212) 906-1358.

   b. The Disclosing Defendants believe that Mr. Skoog is likely to have discoverable information on one or more of the subjects described in paragraph A.1.b, above.

7. Dean Vanek

   a. Mr. Vanek is or was a defendant in this action. He can be contacted through counsel of record: Lewis D. Prutzman, Jr., Tannenbaum Helpem Syracuse & Hirschtritt LLP, 900 Third Avenue, New York, New York 10022, (212) 508-6700.

   b. The Disclosing Defendants believe that Mr. Vanek is likely to have discoverable information on one or more of the subjects described in paragraph A.1.b, above.

8. Craig Van Ess

   a. Mr. Van Ess is a defendant in this action. He can be contacted through counsel of record: Sheri Ellyn Hametz, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022, (212)906-1358.

      b.      The Disclosing Defendants believe that Mr. Van Ess is likely to have discoverable information on one or more of the subjects described in paragraph A.1.b, above.

9.      H.H. Wacaser

      a.      Mr. Wacaser is a defendant in this action. He can be contacted through counsel of record: John R. O'Keefe, Jr., Metz Lewis LLC, 11 Stanwix Street, 18th Floor, Pittsburgh, Pennsylvania 15222, (412)918-1133.

      b.      Mr. Wacaser is likely to have discoverable information on one or more of the subjects described in paragraph A.1.b, above.

10.    Present and/or former employees of Meridian Automotive Systems, Inc. ("Meridian"), including without limitation Thomas Divird, Francis LeVeque, Timothy J. Knutson, J. Steve McKenzie, Michael J. Moriarty, Richard E. Newsted, Richard C. Quist, Craig S. Shatzer, Randal S. Wacaser, and David B. White.

      a.      The Disclosing Defendants believe that all of these persons are or were employees of Meridian. The address of Meridian is 999 Republic Drive, Allen Park, Michigan, 48101. The telephone number of Meridian is (313) 336-4182. Some of the above-referenced persons may no longer be employed by Meridian. If that is the case, the Disclosing Defendants believe that Meridian is likely to possess information regarding their last known address and other contact information.

      b.      The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the subjects described in paragraph A.1.b, above.

11.    Representatives of McKinsey & Company, including without limitation Parmeet Grover, Matt Jauchius, Stefan Knupfer, and Glen Mercer.

      a.      The Disclosing Defendants believe that all of these persons are or were employees of McKinsey. The Disclosing Defendants do not possess current contact information for any of these persons, but the Disclosing Defendants believe that these persons can most likely be reached through the office of McKinsey in Detroit, Michigan. The address and telephone number of that office are 150 West Jefferson, Suite 1600, Detroit, MI 48226-4449, (313) 202-5200.

      b.      The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

            The financial condition and business prospects of Meridian in the years between 2003 and 2005; communications between and among the

directors of Meridian and the persons who acted as observers of meetings of the Meridian Board and of meetings of the Board Committees; communications between and among the directors of Meridian and the shareholders and creditors of Meridian (including without limitation the holders of senior debt and/or subordinated debt of Meridian); the meetings and other deliberations of the Meridian Board and Board Committees in the years between 2003 and 2005; the consideration that the Meridian Board and Board Committees gave to the April 2004 Transaction; the information, opinions, reports or Statements made or presented by professionals, consultants or advisors to the Meridian Board and Board Committees; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; and the benefits that the April 2004 Transaction provided to Meridian.

12. Representatives of Credit Suisse First Boston ("CSFB"), including without limitation Christopher Cunningham, Doug Cruikshank, Joe Friedman, David Herman, Robert Hetu. Jae Kim, Andrew Mahder, Ian Naiitt, Vik Nataranjan, Grant Pothast, Michael Safko, Andy Stock, Matthew Tuck, Nancy Unrath, William Wiltshire, and Edward Witz.

   a. The Disclosing Defendants believe that all of these persons were or are employees of CSFB, which is a defendant in this action, and thus that they can be contacted through the counsel of record for CSFB: Paul Wickes, Linklaters, 1345 Avenue of the Americas, New York, New York 10105, (212) 903-9000.

   b. The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

   The financial condition and business prospects of Meridian in the years between 1997 and 2005; communications between and among the directors of Meridian and the persons who acted as observers of meetings of the Meridian Board and of meetings of the Board Committees; communications between and among the directors of Meridian and the shareholders and creditors of Meridian (including without limitation the holders of senior debt and/or subordinated debt of Meridian); the meetings and other deliberations of the Meridian Board and Board Committees in the years between 1997 and 2005: the consideration that the Meridian Board and Board Committees gave to the April 2004 Transaction; the information, opinions. reports or Statements made or presented by Professionals, consultants or advisors to the Meridian Board and Board Committees; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian; the nature of the payments that were made to the Disclosing Defendants and to the other defendants in this action; the reasons why such payments were made to the Disclosing Defendants and to the other defendants in this action; the Services and value that the Disclosing Defendants and the other defendants in this

action provided to Meridian in return for the payments that Meridian made to them.

13. Representatives of Goldman Sachs, including without limitation Denis Coleman, David Eisman, Paul Fossati, Bill Jacob, Serkan Kizil, Matthew Kupersmith, Amyn Pesnami, Rick Van Zijl. Christopher Villar, and Bob Wagner.

   a. The Disclosing Defendants believe that all of these persons are or were employees of Goldman Sachs, which is a defendant in this action, and thus that they can be contacted through the counsel of record for Goldman Sachs: Paul Wickes, Linklaters, 1345 Avenue of the Americas, New York, New York 10105, (212) 903-9000.

   b. The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

   The financial condition and business prospects of Meridian in the years between 1997 and 2005; communications between and among the directors of Meridian and the persons who acted as observers of meetings of the Meridian Board and of meetings of the Board Committees; communications between and among the directors of Meridian and the shareholders and creditors of Meridian (including without limitation the holders of senior debt and/or subordinated debt of Meridian); the meetings and other deliberations of the Meridian Board and Board Committees in the years between 1997 and 2005; the consideration that the Meridian Board and Board Committees gave to the April 2004 Transaction; the information, opinions, reports or Statements made or presented by professionals, consultants or advisors to the Meridian Board and Board Committees; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian; the nature of the payments that were made to the Disclosing Defendants and to the other defendants in this action; the reasons why such payments were made to the Disclosing Defendants and to the other defendants in this action; the Services and value that the Disclosing Defendants and the other defendants in this action provided to Meridian in return for the payments that Meridian made to them.

14. Persons who observed one or more meetings of the Meridian Board and/or meetings of the Board Committees, including without limitation Thierry de Vergeness, Alan Fraudenstein, Susan Garrett, Greg Grimaldi, Adam Gruber, Luc Houle, Jackie Jenkins. Jeff Lukan. Jason Mehring, Jigisha Patel, Scott Spielvogel, Kathleen Sweeney, and Timothy Wegener.

   a. The Disclosing Defendants do not possess current contact information for these persons, except as set forth below:

6

       i.     Thierry de Vergeness
c/o Credit Agricole Indosuez, 666 Third Avenue
New York. New York 10017.

       ii.    Susan Garrett is an employee of Metropolitan Life Insurance Company ("MetLife"), which is a defendant in this action. She can be contracted through counsel of record for MetLife: Reid Ashinoff, Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, New York 10020.

       iii.   Adam Gruber
c/o EOS Management, Inc., 320 Park Avenue, 9th Floor, New York, New York 10022, (212) 832-5818.

       iv.   Luce Hule is an employee of Capital d'Amerique CDPQ, which is a defendant in this action. He can be contacted through counsel of record for Capital d'Amerique CDPQ: Matthew Solum, Kirkland & Ellis; Citigroup Center. 153 E. 53rd Street, New York, New York 10022, (212) 446-4800.

       .v.    Jason Mehring
c/o Black Rock Kelso Capital, 40 E. 52nd Street, New York, New York 10022, (212) 810-5868.

       vi.   Scott Spielvogel
c/o Ripplewood Holdings LLC, One Rockefeiler Plaza, 32nd Floor, New York, New York 10020, (212) 218-8735.

       vii.  Kathleen Sweeney
c/o Calyon Corporate & Investment Bank, 1301 Avenue of the Americas, New York, New York 10019, (212) 261-7648.

       viii  Timothy Wegener
c/o Thrivent, 625 Fourth Avenue. South, Minneapolis, Minnesota 55415, (612) 340-5755.

  b.    The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the subjects described in paragraph A.1.b, above.

15.  Representatives of the financial institutions that held senior debt and/or subordinated debt of Meridian before or after the April 2004 Transaction. Such persons include without limitation Cheryl Bartol of Bank of America.

  a.    The Disclosing Defendants believe Cheryl Bartol is an employee of Bank of America. She can be reached c/o Bank of America, 231 South La Salle Street, Chicago, Illinois 60604, (312) 828-4247.

    b.    CSFB is a defendant in this action, and thus the Disclosing Defendants believe that representatives of CSFB can be contacted through the counsel of record of CSFB: Paul Wickes, Linklaters, 1345 Avenue of the Americas, New York, New York 10105, (212) 903-9000.

    c.    The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

Transactions between Meridian and its shareholders and creditors in the years between 1997 and 2005; the financial condition and business prospects of Meridian in the years between 1997 and 2005; communications between and among the directors of Meridian and the shareholders and creditors of Meridian (including without limitation the holders of senior debt and/or subordinated debt of Meridian); the meetings and other deliberations of the Meridian Board and Board Committees in the years between 1997 and 2005; the consideration that the Meridian Board and Board Committees gave to the April 2004 Transaction; the role and/or use of professionals, consultants or advisors in decisions made by the Meridian Board and Board Committees; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian; the nature of the payments that were made to some of the Disclosing Defendants and to other defendants in this action; the reasons why such payments were made to some of the Disclosing Defendants and to other defendants in this action; the Services and value that the Disclosing Defendants and the other defendants in this action provided to Meridian in return for the payments that Meridian made to them.

16.    Outside counsel for Meridian, including:

    a.    Sidley Austin Brown & Wood LLP. The Disclosing Defendants do not currently possess more specific information concerning the individual lawyers who advised Meridian. The New York office of Sidley Austin is at 787 Seventh Avenue, New York, New York 10019. The telephone number is (212) 839-5300.

    b.    Seyfarth Shaw LLP. The Disclosing Defendants do not currently possess more specific information concerning the individual lawyers who advised Meridian. The New York office of Seyfarth Shaw is at 620 Eighth Avenue, New York, New York 10018. The telephone number is (212) 218-5500.

    c.    The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

Transactions between Meridian and its shareholders and creditors in the years between 1997 and 2005; the financial condition and business prospects of Meridian in the years between 1997 and 2005; the

consideration that the Meridian Board and Board Committees gave to the April 2004 Transaction; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian.

17. Representatives of FTI Consulting, which acted as a financial advisor to Meridian, including in or about January 2005. The Disclosing Defendants do not currently possess specific information concerning the identity of the individual representatives of FTI who advised Meridian nor do the Disclosing Defendants possess specific contact information for those individuals. The New York office of FTI Consulting is at 3 Times Square, 11th Floor, New York, New York 10036. The telephone number is (212) 247-1010.

   a    The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

   Transactions between Meridian and its shareholders and creditors in the years between 1997 and 2005; the financial condition and business prospects of Meridian in the years between 1997 and 2005; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian.

18. Representatives of Price Waterhouse Coopers ("PWC"), who served as auditors for Meridian at the time of the April 2004 Transaction. The Disclosing Defendants do not currently possess specific information concerning the identity of the individual representatives of PWC who performed audit work for Meridian. Nor do the Disclosing Defendants possess specific contact information for those individuals. The New York office of PWC is at 300 Madison Avenue, New^ York, New York 10017. The telephone number is (646) 471-3000.

   a.   The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

   Transactions between Meridian and its shareholders and creditors in the years between 1997 and 2005; the financial condition and business prospects of Meridian in the years between 1997 and 2005; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian.

19. Representatives of entities that purchased Meridian's bank debt at the time of the April 2004 Transaction or afterwards. Such entities include: Stanfield Offshore Leveraged Assets, Ltd., Stanfield Ultra, Ltd., Camulos Master Fund LP, DK Acquisition Partners, L.P., and Quadrangle Master Funding, Ltd. (together, the "State Litigation Plaintiffs").

   a.   The Disclosing Defendants do not possess current contact information for any of the representatives of the above-named entities. but believe that such persons can be contacted through counsel of record in the New York

      State court litigation for the State Litigation Plaintiffs: David Parker, 551 Fifth Avenue, 18th Floor, New York, New York 10176, (212) 986-6000.

   b.   The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

      Transactions between Meridian and its shareholders and creditors in the years between 1997 and 2005; the financial condition and business prospects of Meridian in the years between 1997 and 2005; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian.

20.   Representatives of Lazard Ltd., which provided valuation analysis for Meridian in connection with Meridian's bankruptcy proceedings. The Disclosing Defendants do not currently possess specific information concerning the identity of the individual representatives of Lazard who advised Meridian nor do the Disclosing Defendants possess specific contact information for those individuals. The New York office of Lazard is at 30 Rockefeller Plaza, New York, New York 10020. The telephone number is (212) 632-6000.

   a.   The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

      The financial condition and future business prospects of Meridian in 2005; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian.

21.   Representatives of certain automobile manufacturers that purchased Meridian's products. Such automobile manufacturers include without limitation: Chrysler, Ford Motor Company, General Motors, Honda, and Toyota Motor Corporation.

   a.   The Disclosing Defendants do not possess current contact information for any of the representatives of the above-named entities; but the Disclosing Defendants believe that such representatives can be contacted through the following offices:

      i.   Chrysler's Michigan office is at 1 Chrysler Drive, Auburn Hills, Michigan 48326.

      ii.   Ford Motor Company's Michigan office is at One American Road, Dearborn, Michigan 48126.

      iii.   General Motors' Michigan office is at 300 Renaissance Center, Detroit, Michigan 48265.

      iv.    Honda's New York office is at 540 Madison Avenue, 32nd Floor, New York, New York 10022. The telephone number is (212) 355-9191.

      v.    Toyota Motor Corporation's New York office is at 9 W. 57lh Street, Suite 4900, New York, New York 10019. The telephone number is (212) 223-0303.

    b.    The Disclosing Defendants believe that these persons are likely to have discoverable information on one or more of the following subjects:

        The financial condition and business prospects of Meridian at the time of the April 2004 Transaction; the reasons for the decision by the Meridian Board to approve the April 2004 Transaction; the benefits that the April 2004 Transaction provided to Meridian.

22.    The Disclosing Defendants incorporate all individuals listed by any other party in their witness lists.

## DESCRIPTION BY CATEGORY OF DOCUMENTS

1.    To support their defenses in this action, the Disclosing Defendants may use one or more of the following categories of documents. In listing these materials, the Disclosing Defendants make no representation that any one or more of these categories of documents is in the possession, custody, or control of any one or more of the Disclosing Defendants.

    a.    Materials reflecting and/or relating to meetings and/or deliberations of the Board of Directors of Meridian (the "Meridian Board") and/or to meetings and/or deliberations of committees of the Meridian Board (together, "Board Committees."). These materials include without limitation agendas, minutes, and memoranda submitted to the Meridian Board and/or to Board Committees; documents generated by the Meridian Board and/or by Board Committees; and presentations made to the Meridian Board and/or to Board Committees by management of Meridian and/or by advisors retained by Meridian and/or by the Meridian Board and/or Board Committees.

    b.    Materials prepared by McKinsey in the course of its work concerning Meridian in 2003 and/or 2004. These materials include without limitation notes, memoranda. presentations, PowerPoint slides, and other documents.

    c.    Materials prepared by CSFB and/or by Goldman Sachs in the course of their work as underwriters and/or financial advisors in connection with the April 2004 Transaction. These materials include without limitation notes, memoranda. presentations, PowerPoint slides, and other documents.

      d.      Materials prepared by Meridian Management concerning the financial condition and/or business prospects of Meridian. These materials include without limitation notes, memoranda, analyses, projections, spreadsheets, presentations, PowerPoint slides, and other documents.

      e.      Materials that reflect or refer to the April 2004 Transaction, including without limitation contracts, opinions, representations, and all other documents that were prepared in connection with the April 2004 Transaction.

      f.      Materials establishing the Services and value that some of the Disclosing Defendants and the other defendants in this action provided to Meridian in return for the payments that Meridian made to some of them.

The Disclosing Defendants believe that the documents described above are in the possession, custody, or control of Meridian. In addition, the Disclosing Defendants believe that the documents described in paragraph B.1.b, above, also are in the possession, custody or control of McKinsey; that the documents described in paragraph B.1.c, above, also are in the possession, custody, or control of CSFB and/or Goldman Sachs; and that the documents described in paragraph B.1.e. above, also are in the possession, custody, or control of Bank of America and CSFB. Some of the documents described in paragraph B may be in the possession, custody, or control of one or more of the Disclosing Defendants. To the extent any of the documents described above are in the possession, custody, or control of one or more of the Disclosing Defendants, the Disclosing Defendants will produce such documents, subject to the entry of a stipulated protective order. The Disclosing Defendants also believe that some of the documents described in paragraph B are in the possession, custody or control of Metropolitan Life Insurance Company, Northwestern Mutual Life Insurance Company, Windward/Park AB III, L.L.C., Windward Capital Partners L.P., and/or Windward Capital Associates, L.P.

The Disclosing Defendants reserve the right to object to the production of documents which are privileged materials or materials otherwise protected from disclosure in accordance

with the Federal Rules of Civil Procedure. Further, the Disclosing Defendants reserve the right to supplement this list up to and including the time of trial.

C.  **COMPUTATION OF DAMAGES**

To date, the Disclosing Defendants have not presently asserted any claims seeking damages.

D.  **INSURANCE POLICIES**

The Disclosing Defendants are insured under one or more insurance agreements under which entities carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action against the Disclosing Defendants or to indemnify or reimburse the Disclosing Defendants for payments made to satisfy such a judgment. In addition, certain of the Disclosing Defendants are parties to one or more other indemnification agreements that may indemnify or reimburse those Disclosing Defendants for payments made to satisfy a judgment against them in this action. The Disclosing Defendants will produce copies of all such insurance or indemnification agreements that are in the possession, custody, or control of the Disclosing Defendants.

E.  **RESERVATION TO SUPPLEMENT PURSUANT TO Fed.R.Civ.P. 26(e)**

The Disclosing Defendants hereby reserve the right to supplement their disclosures and responses pursuant to Fed.R.Civ.P. 26 (e). The Disclosing Defendants make this statement without waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

The Disclosing Defendants reserve the right to supplement or to amend this statement, if necessary or appropriate, based on facts developed through discovery m this action, through ongoing investigation of the underlying transaction, or otherwise. The Disclosing Defendants' factual investigation, discovery, and trial preparation are continuing, and the Disclosing

13

Defendants reserve all rights to rely on additional information as it becomes available. Further, the Disclosing Defendants reserve the right to call any witness or to present any document or tangible thing at trial that is identified through further investigation or discovery.

                                      Respectfully submitted,

By: _____
    John R. O'Keefe, Esquire
    Pro Hac Vice
    Pa. I.D. No.: 36633

METZ LEWIS LLC
11 Stanwix Street
18th Floor
Pittsburgh, PA 15219
Phone: (412) 918-1100
Fax: (412) 918-1199

Attorneys for Defendants:
Robert H. Barton III and H.H. Wacaser