# EXHIBIT C



BRIDGEWATER PLACE • POST OFFICE BOX 352
GRAND RAPIDS, MICHIGAN 49501-0352

TELEPHONE 616/336-6000 • FAX 616/336-7000 • WWW.VARNUMLAW.COM

AARON M. PHELPS

DIRECT DIAL 616/336-6257
E-MAIL amphelps@varnumlaw.com

January 24, 2008

<u>Via Facsimile - 312-494-4440</u>

John Byars
Bartlit Beck Herman Palenchar & Scott
54 West Hubbard Street
Chicago, IL 60610

Re:   *Ocean Ridge Capital Advisors, LLC, etc. v Metropolitan Life Insurance Company, et al.*;
      Case No.: 07-cv-3213

Dear Mr. Byars:

As you know, the deadline for the parties to amend pleadings is January 31, 2008. We intend to file a counterclaim against Plaintiff alleging that it has breached the covenant not to sue contained in the General Release. When the parties submitted the proposed scheduling order to the Court, it was our understanding that we were agreeing that the date to "amend pleadings" was the date by which the parties could amend as of right, rather than the deadline by which a party could seek leave to amend (as parties always have the right to seek leave to amend). Subsequently, Judge Scheindlin informed us that she viewed the January 31 deadline as the deadline by which the parties must seek leave to amend pleadings. Given the Court's position regarding the Scheduling Order, we intend to file a motion to amend next week.

In addition, our clients, along with Northwestern Mutual and MetLife, intend to file a third-party summons and complaint against Richard Newsted. Since it is unclear from the Court's Order whether such action (which is a new pleading, as opposed to the amendment of an existing pleading) requires leave of court, in an abundance of caution we will be including a request for leave to file the third party action in our motion next week.

Pursuant to Judge Scheindlin's rules, and given the parties' intent when the proposed scheduling order was submitted, we ask that you stipulate to us amending our answer to add the counterclaim described above and to the joining of Mr. Newsted to this action. I look forward to hearing from you.

Very truly yours,

Varnum Riddering Schmidt & Howlett LLP

Aaron M. Phelps

AMP:rmdl

cc:   Gary Meyerhoff
      Via Facsimile - 212-768-6800

1664847_1.DOC

GRAND HAVEN • GRAND RAPIDS • KALAMAZOO • LANSING • NOVI

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60610
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

January 25, 2008

DENVER OFFICE
1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

**VIA E-MAIL & U.S. MAIL**

WRITER'S DIRECT DIAL:
(312) 494-4443
john.byars@bartlit-beck.com

Aaron M. Phelps
Varnum Riddering Schmidt Howlett LLP
Bridgewater Place
Post Office Box 352
Grand Rapids, Michigan 49501-0352

Re:    *Ocean Ridge Capital Advisors, LLC, et. al. v. Metropolitan Life Insurance Company, et. al.;* **Case No. 07-cv-3213**

Dear Mr. Phelps,

In response to your letter of January 24, we write to inform you that our client, Ocean Ridge Capital Advisors LLC, as trustee of The MAS Litigation Trust ("Plaintiff"), will not stipulate to impleading Rich Newsted or to Jack Skoog, Skoog Family Investments, LLC, and Craig Van Ess (your "Clients") adding a counterclaim to their answer.

Your Clients, Metropolitan Life, and Northwestern Mutual are not required to obtain a stipulation from Plaintiff to implead Rich Newsted. Nor is Plaintiff required to grant such a stipulation.

Your letter also stated that your Clients intend to amend their answer to add a counterclaim against Plaintiff. Your theory is that Plaintiff breached a covenant not to sue contained in the General Release, made as of April 28, 2004, by your Clients and Meridian Automotive Systems, Inc (the "General Release"). Judge Scheindlin's rules and orders are clear. Your Clients must seek leave to amend their answer by January 31, 2008. But Plaintiff is not required to and will not stipulate to adding such a counterclaim because it is without merit for the following reasons:

1.     Plaintiff is not and never was a party to the General Release. A company that no longer exists, the pre-bankruptcy Meridian Automotive Systems, Inc., signed the General Release. The General Release, and the covenant not to sue contained therein, does not bind Plaintiff.

2.     It is well recognized that claims and rights that exist in a bankruptcy proceeding cannot be waived by a pre-bankruptcy release. Such claims and rights include avoidance powers for preferential transfers and fraudulent conveyances. Plaintiff has asserted exactly these claims against your Clients. By its terms, the covenant not to sue in the General Release applies only to claims that were not released.

> The Company Releasors covenant and agree that the Company Releasors will refrain from commencing any action or suit or prosecuting any pending action or suit, in law or in equity, against any Skoog Releasee on account of any action or cause of action which now exists or which may hereafter accrue in the Company Releasors' favor which is released hereunder. In

3. The General Release did not release your Clients from liabilities and obligations arising out of the Note and Warrant Agreement dated as of March 24, 2004 and the Consulting Agreement dated April 30, 1997 (the "Agreements").

> Company, in each case arising from actions, inactions or events occurring on or before the date hereof; excepting only the liabilities and obligations arising out of the Agreements.

It was through these Agreements that your Clients stripped assets out of Meridian. Therefore, Plaintiff's causes of action against your Clients fall squarely within the foregoing exception in the General Release. As noted above, the covenant not to sue in the General Release applies only to claims that were not released.

In light of the foregoing and because you did not provide any support for your position in your January 24 letter, at this time we can only conclude that an improper purpose is behind your proposed counterclaim, such as increasing the cost of litigation or harassing our client. Therefore, if your Clients insist upon bringing a counterclaim based upon the General Release, Plaintiff will oppose leave to file and will seek a declaratory judgment that the General Release does not apply to Plaintiff and Plaintiff's claims. Plaintiff will also seek to recover the costs it incurs as a result of your Clients' meritless claims and will consider any other available remedies and sanctions.

Pursuant to Section III.B of Judge Scheindlin's Individual Rules and Procedures, we look forward to receiving your substantive response to this letter.

Sincerely,

/John D. Byars

cc:   Gary Meyerhoff
      Via e-mail and U.S. mail.