IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCEAN RIDGE CAPITAL ADVISORS, LLC, as Litigation Trustee of THE MAS LITIGATION TRUST,<br><br>         Plaintiff,<br><br>     -against-<br><br>METROPOLITAN LIFE INSURANCE COMPANY, THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, CAPITAL D'AMERIQUE CDPQ INC., CAISSE DE DEPOT ET PLACEMENT DU QUEBEC, CSFB LP HOLDING, SKOOG FAMILY INVESTMENTS, LLC, BANCAMERICA CAPITAL INVESTORS II, L.P., WINDWARD/PARK AB III, L.L.C., WINDWARD CAPITAL PARTNERS L.P., WINDWARD CAPITAL ASSOCIATES, L.P., SUEZ CAPITAL PARTNERS II, L.P., INDOSUEZ CAPITAL CO-INVEST PARTNERS, L.P., SCP II ASSOCIATES, CREDIT SUISSE FIRST BOSTON (USA), INC., CREDIT SUISSE FIRST BOSTON, GOLDMAN SACHS CREDIT PARTNERS L.P., JEFFREY A. ANDERSON, JON F. BAKER, JOSE R. GARCIA, ROBERT H. BARTON III, H.H. WACASER, PETER S. MACDONALD, GARY SWENSON, JOHN F. MAYPOLE, THOMAS GRAHAM, DONALD A. MCKAY, HENRY A. NICKOL, JEFFREY HODGMAN, A. KIPP KOESTER, CRAIG VAN ESS, GURMINDER S. BEDI, THOMAS WALKER, JACK SKOOG AND DEAN VANEK<br><br>         Defendants. | Case No. 07 CV 3213 (SAS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Defendants Metropolitan Life Insurance Company ("MetLife") and The Northwestern Mutual Life Insurance Company ("NM"), by their counsel Sonnenschein Nath & Rosenthal LLP, respectfully submit this memorandum of law in support of their motion for leave to file a third-party complaint in this action against Richard Newsted.

This action arises out of recently concluded Chapter 11 bankruptcy proceedings of Meridian Automotive Systems, Inc. ("Meridian"), a Michigan corporation in the business of manufacturing car and truck components. Under Meridian's plan of reorganization, the bankruptcy court preserved certain avoidance actions and related claims in a litigation trust, appointing Plaintiff as litigation trustee. In this action, Plaintiff seeks to recover payments Meridian made to various entities in connection with Meridian's debt refinancing in April 2004 (the "2004 Refinancing").

Plaintiff alleges that Meridian's mezzanine debt holders, all of its directors, its founder, its former officers, and its investment bankers all engaged in a conspiracy to "loot" Meridian through the 2004 Refinancing. Central to its claims are allegations that the defendants, knowing that Meridian was insolvent, used their alleged control over Meridian to force it into the 2004 Refinancing to extract cash. Conspicuously absent from the long list of defendants, however, is Meridian's Chief Financial Officer at the time of the 2004 Refinancing, Richard Newsted.

As set forth in detail in the attached "Third-Party Complaint" (Ex. A to the Declaration of Gary Meyerhoff dated January 31, 2008 (the "Meyerhoff Dec.") at ¶¶ 27 to 37), Mr. Newsted was at the center of the 2004 Refinancing, providing information on Meridian's solvency that was not only relied on by Meridian's new lenders, but also by MetLife and NM. Mr. Newsted apparently was spared from this lawsuit. More interesting, the owners of reorganized Meridian -- who also control the litigation trustee -- have made Mr. Newsted the CEO and President of reorganized Meridian, notwithstanding that it was Mr. Newsted himself who made Meridian's solvency representation to them in the 2004 Refinancing!

MetLife and NM believe that Plaintiff's claims are without merit -- that Meridian was solvent at the time of the 2004 Refinancing, that they did not "control" Meridian by virtue of shareholdings or board appointment rights, and that the repayment of funds loaned to Meridian

were for equivalent value. However, to the extent Plaintiff prevails on its claim against MetLife and NM, in the alternative, Mr. Newsted should be held liable under contribution theory as a joint or independent tortfeasor. To the extent Plaintiff prevails on its claims and on the allegation that Meridian was insolvent, and known to be insolvent, at the time of the 2004 Refinancing, as the provider of the financial information in question to the new lenders and to MetLife and NM, Mr. Newsted should be held liable under fraud and/or negligent misrepresentation theories.

The Court's July 26, 2007 Amended Scheduling Order (the "Scheduling Order," Meyerhoff Dec., Ex. B) sets January 31, 2008 as the deadline for "joining parties," but is unclear as to whether a motion for leave is required, or whether failure to obtain a third party summons by the deadline would render a third-party complaint untimely. To ensure compliance with the deadline, MetLife and NM have initiated a third-party action against Mr. Newsted today.

To the extent the Court intended that a motion for leave to join additional parties was required, for the reasons stated herein, that motion should be granted.[1] While discovery recently has begun in this action, at this point only documents have been exchanged -- no depositions have yet been taken. The joinder of Mr. Newsted is made in good faith, is timely, and will not cause Plaintiff or Mr. Newsted undue prejudice.

---

[1] Defendants sent a pre-motion letter to Plaintiff pursuant to the Court's Individual Rules and Procedures with respect to the Third-Party Complaint (and a motion to amend from co-defendant Jack Skoog, who we understand will seek leave to add a counterclaim by separate motion). (Meyerhoff Dec., Ex. C.) Defendants indicated that, while not sure a motion was required for joining Mr. Newsted, we would be filing one unless Plaintiff would stipulate to that relief. In response, counsel wrote, "Your Clients . . . are not required to obtain a stipulation from Plaintiff to implead Rich Newsted. Nor is Plaintiff required to grant such a stipulation." (*Id.*) Thus, while Plaintiff refused to stipulate to the relief requested herein, it did not dispute that a motion for leave was unnecessary, nor express any basis upon which a motion for leave should be denied.

## ARGUMENT

### MetLife And NM Should Be Granted Leave To File Their Third-Party Complaint

"The underlying principle behind impleader is to promote judicial efficiency by permitting the adjudication of several claims in a single action, and thus to eliminate 'circuitous duplicative actions.'" *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (quoting *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 458-59) (S.D.N.Y. 1984)).

The Third-Party Complaint proposed by MetLife and NM is premised entirely on the facts and claims alleged in Plaintiff's action. "Impleader is appropriate when the third-party defendant's liability to the third-party plaintiff is 'dependent upon the outcome of the main claim' or the third-party defendant is 'potentially secondarily liable as a contributor to the defendant.'" *Too, Inc. v. Kohl's Department Stores, Inc.*, 213 F.R.D 138, (S.D.N.Y. 2003) (quoting *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)).

This Court has recognized that "[t]imely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Shafarman*, 100 F.R.D. at 459. In addition to considering the judicial economy fostered by granting leave to file a third-party complaint, a court may also take into account: "(i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted." *Too, Inc.*, 213 F.R.D. at 140.

MetLife and NM followed the Court's Scheduling Order and have sought to implead Mr. Newsted within the time period set by the Court. Given the stage of the proceedings, joinder of

Mr. Newsted at this stage would cause no undue delay or prejudice. While discovery has commenced in accordance with the Court's Scheduling Order, only document discovery and preliminary interrogatories have been exchanged. The parties have not yet scheduled any depositions, and no trial date has been set in this matter. And the Third-Party Complaint sufficiently pleads its claims against Mr. Newsted. All of the necessary elements of claims for contribution, fraud, and negligent misrepresentation have been pleaded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for leave to file the Third-Party Complaint against Richard Newsted.

Dated: New York, New York
       January 31, 2008

Respectfully submitted,

_/s/_

Reid L. Ashinoff (RA-0281)
Gary Meyerhoff (GM-8267)
D. Farrington Yates (DY-8383)
Benito Delfin, Jr. (BD-1216)

Sonnenschein Nath & Rosenthal, LLP
1221 Avenue of the Americas
New York, New York  10020
(Tel).: (212) 768-6700
(Fax).: (212) 768-6800

*Attorneys for Defendants Metropolitan Life Ins. Co. and The Northwestern Mutual Life Ins. Co.*

17586937