UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCEAN RIDGE CAPITAL ADVISORS, LLC, as Litigation Trustee of THE MAS LITIGATION TRUST<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>Defendants,<br><br>and<br><br>SKOOG FAMILY INVESTMENTS, LLC and JACK SKOOG<br><br>Counter-Plaintiffs,<br><br>v.<br><br>OCEAN RIDGE CAPITAL ADVISORS, LLC, as Litigation Trustee of THE MAS LITIGATION TRUST,<br><br>Counter-Defendant | Honorable Shira A. Scheindlin<br><br>Case No. 07-CV-3213 (SAS) |

**SKOOG FAMILY INVESTMENTS, LLC'S
AND JACK SKOOG'S AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Skoog Family Investments, LLC and Jack Skoog, by and through their attorneys, incorporate by reference their Answer and Affirmative Defenses (Docket No. 49), pursuant to Fed. R. Civ. P. 10(c).

Skoog Family Investments, LLC and Jack Skoog state as their Counterclaim against Ocean Ridge Capital Advisors, LLC, as Litigation Trustee of The MAS Litigation Trust, as follows:

## PARTIES AND JURISDICTION

1. Jack Skoog ("Skoog") is a citizen of the State of Florida and resides in Marco Island, Florida.

2. Skoog Family Investments, LLC ("SFI") is a Michigan limited liability company. SFI's sole members are three trusts, for which Fifth Third Bank - Western Michigan is the trustee. Therefore, SFI is a citizen of the State of Michigan.

3. Plaintiff/Counter-Defendant, Ocean Ridge Capital Advisors, LLC ("Ocean Ridge" or "Trustee"), upon information and belief, is a New York limited liability company, with its principal place of business at 56 Harrison Street, Suite 203A, New Rochell, New York. Upon information and belief, Ocean Ridge's sole member is Bradley E. Scher, who is a citizen of the State of New York and resides in New Rochelle, New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## GENERAL ALLEGATIONS

5. As of March 24, 2004, SFI was the owner of $23,092,542.45 in promissory notes made by Meridian Automotive Systems, Inc. ("Meridian"). These notes included a March 29, 2001 Amended and Restated Installment Note in the principal sum of $16,200,000 and certain additional promissory notes dated March 29, 2002, March 29, 2003, and March 29, 2004 in the aggregate amount of $6,892,542.00 (collectively, the "Notes").

6. Also as of March 2004, SFI was also the owner of a Common Stock Purchase Warrant, entitling SFI to purchase 1,377.6495 shares of Class A Common Stock of Meridian.

7. In the spring of 2004, Meridian was pursuing refinancing of its credit facilities. In connection with that refinancing, Richard Newsted, Meridian's CFO, approached Skoog and sought to purchase the Notes from SFI and cancel the Common Stock Purchase Warrant.

8. Negotiations between Meridian and SFI ensued, following which the parties executed a March 24, 2004 Note and Warrant Agreement. Pursuant to that Agreement, SFI agreed to sell the Notes and cancel the Warrant in exchange for a cash payment from Meridian of $6,700,000. *See* **Exhibit A**. This transaction closed pursuant to its terms.

9. Elimination of the Notes was critically necessary to Meridian's efforts to complete the 2004 refinancing.

10. Pursuant to the Note and Warrant Agreement, SFI, Skoog and Meridian also executed a General Release. *See* **Exhibit B**. The General Release included a covenant not to sue, which provided that Meridian would:

> … refrain from commencing any action or suit or prosecuting any pending action or suit, in law or in equity, against any Skoog Releasee on account of any action or cause of action which now exists or which may hereafter accrue in the Company Releasors' favor which is released hereunder. In addition to any other liability which shall accrue upon the breach of this covenant, the Company Releasors shall be liable, jointly and severally, to pay all reasonable attorneys' fees and costs incurred by any Skoog Releasee in the defense of such action or suit.

*Id*.

11. The General Release further provided that it bound not only Meridian itself, but also "any person or entity claiming through or under … [Meridian], whether derivatively or otherwise…." *Id.*

12. The General Release also states that it "shall be governed by and construed in accordance with the internal laws, and not the law of conflict, of the State of Michigan." *Id*.

3

## **MERIDIAN FILES FOR BANKRUPTCY**

13. On April 26, 2005, Meridian and its affiliated entities filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware.

14. On October 25, 2006, Meridian filed its Fourth Amended Joint Plan of Reorganization ("Plan"), which was modified prior to confirmation. Section 7.13 of the Plan provided that all Avoidance Actions and Reserved Actions belonging to Meridian would be contributed to a trust established for the benefit of holders of certain trust interests ("Litigation Trust"). *See* **Exhibit C**. The Plan further provided that the Litigation Trust would "be the representative of the Estates for the enforcement of the Avoidance Actions and Reserved Actions."

15. Pursuant to section 1123(b)(3) of the Bankruptcy Code, section 7.13 of the Plan also provided for the appointment of the Litigation Trustee, who would be responsible for the prosecution, valuation and distribution of Litigation Trust assets.

16. On December 6, 2006, the Delaware bankruptcy court entered an order confirming the Plan.

17. Effective December 29, 2006, and pursuant to section 7.13 of the Plan, Meridian and Ocean Ridge executed a Litigation Trust Agreement. *See* **Exhibit D**. Section 2.1 of the Litigation Trust Agreement provided for the creation of "The MAS Litigation Trust." *Id.*

18. According to the Litigation Trust Agreement, the litigation trust was established "for the purposes of liquidating and distributing the Litigation Trust Assets for the benefit of the Beneficiaries in accordance with the Plan and this Agreement and no other." *Id.*

19. Section 8.1 of the Litigation Trust Agreement designated Ocean Ridge as the initial Litigation Trustee. *Id.*

**OCEAN RIDGE BREACHES THE GENERAL RELEASE**

20. On April 20, 2007, Ocean Ridge, as Litigation Trustee of the MAS Litigation Trust, filed this lawsuit against, among others, SFI and Skoog.

21. The Complaint alleges, among other things, causes of action for aiding and abetting breach of fiduciary duty, civil conspiracy to commit breach of fiduciary duty and gross negligence related to the 2004 refinancing. Despite the fact that Newsted was the architect and promoter of the 2004 refinancing, Ocean Ridge did not sue Newsted.

22. Ocean Ridge, as representative of the Estates, is bound by the General Release (and covenant not to sue) executed by Meridian.

23. The General Release is a binding and enforceable contract, and by its express terms, prohibits the filing of any lawsuit against SFI or Skoog that arises in any way out of Craig Van Ess' service as a Director of Meridian.

24. The claims asserted by Ocean Ridge in its Complaint are within the scope of the General Release and therefore, Ocean Ridge is barred from asserting those claims.

25. Ocean Ridge breached the General Release by filing its Complaint against SFI and Skoog and its breach has caused SFI and Skoog substantial damages including, but not limited to, attorneys' fees incurred in the defense of the Complaint.

WHEREFORE, SFI and Skoog respectfully request that this Court enter judgment in their favor, and against Ocean Ridge Capital Advisors, LLC, awarding them all relief to which they are entitled, including, but not limited to, all attorneys' fees incurred in the defense of the Complaint and the prosecution of this Counterclaim.

|  |  |
|---|---|
|  | VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP<br>Attorneys for Skoog Family Investments, LLC and Jack Skoog |
| Dated: February 1, 2008 | By: /s/Ronald G. DeWaard<br>Ronald G. DeWaard (RD-1173)<br>Admitted *Pro Hac Vice* (MI P-44117)<br>Aaron M. Phelps (AP-9166)<br>Admitted *Pro Hac Vice* (MI P-64790)<br>Business Address/Telephone:<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>Phone: 616-336-6000<br>Fax: 616-336-7000<br>rgdewaard@varnumlaw.com<br>amphelps@varnumlaw.com<br><br>            - And -<br><br>LATHAM & WATKINS LLP<br>Livia M. Kiser<br>Admitted *Pro Hace Vice*<br>Sears Tower - Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Phone: 312-876-6568<br>Fax: 312-993-9767<br>Livia.Kiser@LW.Com |

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 1, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Alan Halperin, Esq.
Neal W. Cohen, Esq.
Halperin Battaglia Raicht, LLP
555 Madison Avenue, 9th Floor
New York, NY  10022

James B. Heaton, III, Esq.
Steven J. Nachtwey, Esq.
John Byars, Esq.
Bartlit Beck Herman Palenchar & Scott
Courthouse Place
54 West Hubbard Street
Chicago, IL  60610

Steven I. Levin, Esq.
David J. Nathan, Esq.
Rosemary B. Boller, Esq.
Levin & Glasser, P.C.
420 Lexington Avenue, Suite 805
New York, NY  10170

John R. O'Keefe, Jr., Esq.
Metz Lewis LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA  15222

Thomas J. Verticchio, Esq.
Timothy G. Nickels, Esq.
Swanson Martin & Bell LLP
330 N. Wabash, Suite 3300
Chicago, IL  60611

Lewis D. Prutzman, Jr., Esq.
Tannenbaum Helpern Syracuse
  & Hirschtritt LLP
900 Third Avenue
New York, NY  10022

Scott McKessy, Esq.
Casey D. Laffey, Esq.
Reed Smith LLP
599 Lexington Avenue - 29th FL.
New York, NY  10022

Arthur H. Aufses, III, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

R. Paul Wickes, Esq.
Paul Hessler, Esq.
Martin S. Bloor, Esq.
Linklaters LLP
1345 Avenue of the Americas
New York, NY  10105

Reid L. Ashinoff, Esq.
Gary Meyerhoff, Esq.
David Farrington Yates, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY  10020

Yosef J. Reimer, Esq.
Matthew A. Cantor, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022


/s/Ronald G. DeWaard
Ronald G. DeWaard

1684247_1.DOC