# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MERIDIAN AUTOMOTIVE SYSTEMS -<br>COMPOSITES OPERATIONS, INC., et al.,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 05-11168 (MFW)<br><br>Jointly Administered |

**FOURTH AMENDED JOINT PLAN OF REORGANIZATION PROPOSED BY THE DEBTORS**

SIDLEY AUSTIN LLP
James F. Conlan
Larry J. Nyhan
Janet E. Henderson
Paul S. Caruso
Bojan Guzina
One South Dearborn
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Robert S. Brady (No. 2847)
Edward J. Kosmowski (No. 3849)
Edmon L. Morton (No. 3856)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

Counsel for the Debtors and Debtors in Possession

Dated:  October 25, 2006

---

[1] The Debtors are: Meridian Automotive Systems - Composites Operations, Inc., Meridian Automotive Systems, Inc., Meridian Automotive Systems - Angola Operations, Inc., Meridian Automotive Systems - Construction, Inc., Meridian Automotive Systems - Detroit Operations, Inc., Meridian Automotive Systems - Grand Rapids Operations, Inc., Meridian Automotive Systems - Heavy Truck Operations, Inc., Meridian Automotive Systems - Shreveport Operations, Inc., and Meridian Automotive Systems - Mexico Operations, LLC.

**EXHIBITS**

Exhibit A -- Meridian Covered Persons
Exhibit B -- Terms of New Warrants
Exhibit C -- Excluded Parties

# TABLE OF CONTENTS

Page

ARTICLE I
DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME AND
GOVERNING LAW

Section 1.1.  Rules of Interpretation, Computation of Time and Governing Law. .......................................1
Section 1.2.  Defined Terms. ..............................................................................................................................2

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

Section 2.1.  Classes of Claims. ........................................................................................................................15
Section 2.2.  Class of Prepetition Meridian Interests. ....................................................................................16

ARTICLE III
TREATMENT OF CLAIMS AND INTERESTS

Section 3.1.  Class 1 -- Priority Non-Tax Claims. ...........................................................................................16
Section 3.2.  Class 2 – Other Secured Claims. ................................................................................................16
Section 3.3.  Class 3 -- Prepetition First Lien Claims. ...................................................................................17
Section 3.4.  Class 4 – Prepetition Second Lien Claims. ................................................................................18
Section 3.5.  Class 5 – General Unsecured Claims. ........................................................................................19
Section 3.6.  Class 6 – Prepetition Subordinated Claims. ..............................................................................19
Section 3.7.  Class 7 – Prepetition Meridian Interests. ..................................................................................19

ARTICLE IV
TREATMENT OF UNCLASSIFIED CLAIMS

Section 4.1.  Summary. .......................................................................................................................................20
Section 4.2.  Administrative Expense Claims. ..................................................................................................20
Section 4.3.  DIP Claims. ...................................................................................................................................20
Section 4.4.  Priority Tax Claims. .....................................................................................................................21
Section 4.5.  Professional Compensation Claims. ...........................................................................................21
Section 4.6.  Cancellation of Intercompany Claims. .......................................................................................21

ARTICLE V
ACCEPTANCE OR REJECTION OF THE PLAN

Section 5.1.  Impaired Classes of Claims Entitled to Vote. ............................................................................21
Section 5.2.  Acceptance by an Impaired Class. ..............................................................................................22
Section 5.3.  Presumed Acceptances by Unimpaired Classes. ........................................................................22
Section 5.4.  Presumed Rejection by Impaired Class. .....................................................................................22
Section 5.5.  Summary of Classes Voting on the Plan. ....................................................................................22
Section 5.6.  Cram-Down. ..................................................................................................................................22

ARTICLE VI
EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Section 6.1. Assumption of Executory Contracts and Unexpired Leases. ............................................. 22
Section 6.2. Cure of Defaults of Assumed Executory Contracts and Unexpired Leases. ........................... 23
Section 6.3. Employment, Compensation and Benefit Matters. ................................................................. 23
Section 6.4. Retiree Benefits. .................................................................................................................... 24
Section 6.5. Post-Petition Contracts and Leases. ...................................................................................... 24

ARTICLE VII
MEANS FOR IMPLEMENTATION OF THE PLAN

Section 7.1. Pooling of Assets ................................................................................................................... 24
Section 7.2. Determination of Issuance Value. .......................................................................................... 25
Section 7.3. Reincorporation of Meridian in Delaware; Continued Corporate Existence and
            Vesting of Assets in the Reorganized Debtors. ..................................................................... 25
Section 7.4. Certificate of Incorporation and By-Laws. ............................................................................ 26
Section 7.5. Directors and Officers of the Reorganized Debtors. .............................................................. 26
Section 7.6. Means of Funding the Plan. ................................................................................................... 26
Section 7.7. New Meridian Common Stock and Other Equity Interests. .................................................. 27
Section 7.8. Additional Transactions Authorized Under the Plan. ............................................................ 27
Section 7.9. Cancellation of Notes, Instruments, and Interests. ................................................................ 27
Section 7.10. Effectuating Documents; Further Transactions. ................................................................... 28
Section 7.11. Preservation of Retained Actions. ....................................................................................... 29
Section 7.12. Certain Avoidance Actions. ................................................................................................. 29
Section 7.13. Preservation of Avoidance Actions and Reserved Actions in the Litigation Trust .............. 30
Section 7.14. Intentionally Omitted. .......................................................................................................... 31
Section 7.15. Intentionally Omitted. .......................................................................................................... 31
Section 7.16. Exemption From Certain Transfer Taxes. ............................................................................ 31

ARTICLE VIII
PROVISIONS GOVERNING DISTRIBUTIONS AND CLAIMS RECONCILIATION

Section 8.1. Payment of Claims Allowed as of the Effective Date. ........................................................... 31
Section 8.2. Distributions to Holders of Prepetition First Lien Claims. .................................................... 31
Section 8.3. Distribution to Holders of Prepetition Second Lien Claims. ................................................. 31
Section 8.4. Distributions to Holders of General Unsecured Claims. ........................................................ 32
Section 8.5. [Intentionally Omitted] .......................................................................................................... 32
Section 8.6. No Interest on Allowed Claims. ............................................................................................ 32
Section 8.7. Claims Administration Responsibility. .................................................................................. 32
Section 8.8. Delivery of Distributions. ...................................................................................................... 33
Section 8.9. Bar Date for Certain Administrative Expense Claims. .......................................................... 34
Section 8.10. Procedures for Treating and Resolving Disputed and Contingent Claims. .......................... 35
Section 8.11. Compromises and Settlements. ............................................................................................ 36
Section 8.12. Disbursing Agents. .............................................................................................................. 36
Section 8.13. De Minimis or Fractional Distributions. .............................................................................. 36
Section 8.14. Setoffs and Recoupment. ..................................................................................................... 37
Section 8.15. Compliance with Tax Requirements. ................................................................................... 37

ARTICLE IX
CONFIRMATION AND CONSUMMATION OF THE PLAN

Section 9.1. Conditions to Confirmation. ................................................................................. 37
Section 9.2. Conditions to Effective Date. .............................................................................. 37
Section 9.3. Consequences of Non-Occurrence of Effective Date. ......................................... 38

ARTICLE X
EFFECT OF PLAN CONFIRMATION

Section 10.1. Revesting of Assets. ........................................................................................... 38
Section 10.2. Discharge of Claims and Termination of Meridian Interests. ............................ 39
Section 10.3. Releases. ............................................................................................................. 39
Section 10.4. Survival of Indemnification Obligations. ........................................................... 41
Section 10.5. Exculpation and Limitation of Liability. ............................................................ 42
Section 10.6. Injunction. .......................................................................................................... 42
Section 10.7. Contractual Subordination Rights. ..................................................................... 43
Section 10.8. Term of Bankruptcy Injunction or Stays. ........................................................... 43
Section 10.9. Dissolution of the Committee. ........................................................................... 43
Section 10.10. [Intentionally Omitted]. .................................................................................... 43
Section 10.11. Formation of Oversight Committee. ................................................................. 43
Section 10.12. Post-Confirmation Date Retention of Professionals. ........................................ 44

ARTICLE XI
RETENTION AND SCOPE OF JURISDICTION OF THE BANKRUPTCY COURT

Section 11.1. Retention of Jurisdiction. ................................................................................... 44
Section 11.2. Alternative Jurisdiction. ..................................................................................... 47

ARTICLE XII
MISCELLANEOUS PROVISIONS

Section 12.1. Surrender of Instruments. ................................................................................... 47
Section 12.2. Payment of Statutory Fees and Other Fees. ....................................................... 47
Section 12.3. Amendment or Modification of the Plan. ........................................................... 47
Section 12.4. Severability of Plan Provisions. ......................................................................... 47
Section 12.5. Successors and Assigns. ..................................................................................... 48
Section 12.6. Revocation, Withdrawal or Non-Consummation. .............................................. 48
Section 12.7. Notices. .............................................................................................................. 48
Section 12.8. Governing Law. .................................................................................................. 49
Section 12.9. Tax Reporting and Compliance. ......................................................................... 49
Section 12.10. Filing of Additional Documents. ...................................................................... 50
Section 12.11. Terms Binding. ................................................................................................. 50
Section 12.12. Confirmation Order and Plan Control. ............................................................. 50
Section 12.13. Incorporation by Reference. ............................................................................. 50
Section 12.14. Reservation of Rights. ...................................................................................... 50

Section 7.13.  Preservation of Avoidance Actions and Reserved Actions in the
Litigation Trust.

On the Effective Date, all Avoidance Actions (other than any Avoidance Actions released pursuant to the terms of this Plan) and the Reserved Actions will be contributed to a trust established for the benefit of Holders of Prepetition First Lien Claim Trust Interests, Prepetition Second Lien Claim Trust Interests, and General Unsecured Claim Trust Interests.  Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Avoidance Actions and Reserved Actions shall be retained by, and may be enforced by, the Litigation Trust in accordance with the terms and conditions of the Litigation Trust Agreement.  The Litigation Trust shall be the representative of the Estates for the enforcement of the Avoidance Actions and Reserved Actions.  The Oversight Committee will appoint and oversee the Litigation Trustee who shall supervise the prosecution, valuation and distribution of the Litigation Trust assets.  Reorganized Meridian will provide a limited recourse loan of $2 million to fund the prosecution of the Avoidance Actions and Reserved Actions by the Litigation Trust, which loan will be secured by a first priority lien on proceeds of the Avoidance Actions and Reserved Actions and repaid from the proceeds realized by such trust in accordance with the Litigation Trust Agreement.  Additional funding from Reorganized Meridian, if any, for the Litigation Trust may be requested by the Oversight Committee and approved by a majority of the Board of the Reorganized Meridian.  In addition, under the Litigation Trust Agreement, the Litigation Trust will be permitted to obtain funding from sources other than Reorganized Meridian.

The Litigation Trust shall provide for the distribution of any recoveries obtained by the Litigation Trust as follows:

(a)    Amounts paid to prosecute the Avoidance Actions and the Reserved Actions (including the limited recourse loan to be provided by Reorganized Meridian described above) shall be repaid from the first proceeds realized by the Litigation Trust, except as may otherwise be provided in the Litigation Trust Agreement or any other applicable funding documents.

(b)    (i) Prepetition First Lien Claim Trust Interests shall be paid Pro Rata from the trust assets consisting of 30% of the proceeds (after satisfaction of the amounts required to be paid pursuant to section 7.13(a) realized by the Litigation Trust, (ii) Prepetition Second Lien Claim Trust Interests shall be paid Pro Rata from the trust assets consisting of 60% of the proceeds (after satisfaction of the amounts required to be paid pursuant to section 7.13(a) realized by the Litigation Trust, and (iii) the General Unsecured Claim Trust Interests shall be paid Pro Rata from the trust assets consisting of 10% of the proceeds (after satisfaction of the amounts required to be paid pursuant to section 7.13(a) realized by the Litigation Trust; provided that the General Unsecured Claim Trust Interests shall be entitled to a maximum aggregate distribution of $2 million from the trust assets, and thereafter the Prepetition First Lien Claim Trust Interests shall be paid Pro Rata from the trust assets consisting of 30% of the proceeds realized by the Litigation Trust and Prepetition Second Lien Interests shall be paid Pro

30

Rata from the trust assets consisting of 70% of the proceeds realized by the Litigation Trust.

Section 7.14. <u>Intentionally Omitted</u>.

Section 7.15. <u>Intentionally Omitted</u>.

Section 7.16. <u>Exemption From Certain Transfer Taxes</u>.

Pursuant to Section 1146 of the Bankruptcy Code, (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any Lien, mortgage, deed of trust or other security interest, (c) the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of, or in connection with this Plan, including, without limitation, any deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under this Plan (including the Fowlerville Sale/Leaseback referenced in Section 7.6(b) above) or the reinvesting, transfer or sale of any real or personal property of the Debtors pursuant to, in implementation of, or as contemplated in this Plan and (d) the issuance, renewal, modification or securing of indebtedness by such means, and the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, including, without limitation, the Confirmation Order, shall not be subject to any document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument without requiring the payment of any filing fees, documentary stamp tax, deed stamps, stamp tax, transfer tax, intangible tax or similar tax.

## ARTICLE VIII
## PROVISIONS GOVERNING DISTRIBUTIONS AND CLAIMS RECONCILIATION

Section 8.1. <u>Payment of Claims Allowed as of the Effective Date</u>.

Unless otherwise specified herein, the Reorganized Debtors shall make the Distributions required under this Plan, on account of all Claims that are Allowed as of the Effective Date, on the Initial Distribution Date (or as soon as practicable thereafter) and on each Distribution Date thereafter, from all available funds in accordance with the provisions of <u>Articles III</u> and <u>IV</u> of this Plan.

Section 8.2. <u>Distributions to Holders of Prepetition First Lien Claims</u>.

On the Effective Date, Reorganized Meridian shall deliver to the Prepetition First Lien Agent, for Distribution on behalf of the Debtors to the Holders of Allowed Prepetition First Lien Claims, cash (if any), the New Notes, shares of New Common Stock, and the Prepetition First Lien Claims Trust Interests, in accordance with the provisions of Sections 3.3 and 7.13, as applicable, and pursuant to the procedures set forth in Section 8.8.

Section 8.3. <u>Distribution to Holders of Prepetition Second Lien Claims</u>.