# EXHIBIT D

*EXECUTION VERSION*

**MAS LITIGATION TRUST AGREEMENT**

dated as of

December 29, 2006

among

**MERIDIAN AUTOMOTIVE SYSTEMS, INC.
AND
CERTAIN OF ITS SUBSIDIARIES**

and

**OCEAN RIDGE CAPITAL ADVISORS, LLC,**

as Litigation Trustee

## TABLE OF CONTENTS

<u>Page</u>

| | | | |
|---|---|---|---|
| ARTICLE I | DEFINITIONS AND INTERPRETATIONS | | 2 |
| | 1.1 | Definitions | 2 |
| | 1.2 | Interpretation | 6 |
| | | 1.2.1 Certain References | 6 |
| | | 1.2.2 Titles and Headings | 6 |
| | | 1.2.3 Inconsistencies with the Plan | 6 |
| ARTICLE II | ESTABLISHMENT OF THE LITIGATION TRUST | | 6 |
| | 2.1 | Creation and Purposes of the Litigation Trust | 6 |
| | 2.2 | Identification of Prepetition General Unsecured Claim Beneficiaries | 6 |
| | 2.3 | Transfer of Initial Litigation Trust Assets | 7 |
| | 2.4 | Tax Treatment re Transfer of Initial Litigation Trust Assets | 7 |
| | 2.5 | Litigation Trustee's Acceptance | 7 |
| | 2.6 | Funding | 7 |
| | | 2.6.1 Initial Funding | 7 |
| | | 2.6.2 Additional Funding | 7 |
| ARTICLE III | TRUST ACCOUNTS | | 8 |
| | 3.1 | Creation of the Trust Accounts | 8 |
| | 3.2 | Trust Accounts/Use and Funding | 8 |
| | | 3.2.1 Funding | 8 |
| | | 3.2.2 Use of Funds in General Trust Accounts and Additional Funding Trust Accounts | 8 |
| | | 3.2.3 Claims Reserves | 9 |
| | 3.3 | Undeliverable Cash Trust Account | 9 |
| | 3.4 | Tax Treatment | 9 |
| ARTICLE IV | ADMINISTRATION OF THE LITIGATION TRUST | | 10 |
| | 4.1 | Rights, Powers and Privileges | 10 |
| | | 4.1.1 General | 10 |
| | | 4.1.2 Certain Actions Requiring Consent of Oversight Committee | 12 |
| | | 4.1.3 Certain Actions Requiring Consultation with Oversight Committee | 12 |
| | 4.2 | Investigations; Delivery of Documents and Related Matters | 13 |
| | 4.3 | No Personal Liability | 13 |

# TABLE OF CONTENTS
## (cont.)

| | | | Page |
|---|---|---|---|
| | 4.4 | Agents and Professionals | 13 |
| | 4.5 | Authentication of Documents | 13 |
| | 4.6 | Investment Guidelines | 14 |
| | 4.7 | Prohibited Distributions – Disputed Claims | 14 |
| | 4.8 | Trade or Business | 14 |
| | 4.9 | Court Approval of Litigation Trustee Actions | 14 |
| | | 4.9.1 Court Approval Generally Not Required | 14 |
| | | 4.9.2 Right to Seek Court Approval | 15 |
| | | 4.9.3 Court Direction Absent Express Procedures | 15 |
| | | 4.9.4 No Liability | 15 |
| ARTICLE V | DISTRIBUTIONS FROM THE LITIGATION TRUST | | 15 |
| | 5.1 | Method of Distributions | 15 |
| | 5.2 | Delivery of Distributions | 15 |
| | | 5.2.1 General | 15 |
| | | 5.2.2 Undeliverable Distributions | 16 |
| | | 5.2.3 Annual Distributions of Net Income | 17 |
| | 5.3 | Means of Cash Payments | 17 |
| | 5.4 | Order of Distributions | 17 |
| | 5.5 | Compliance with Tax Requirements | 18 |
| | 5.6 | Compensation and Reimbursement for Services Related to Distributions | 18 |
| | 5.7 | Payments Limited to Trust Accounts | 18 |
| | 5.8 | De Minimis Distributions to Prepetition General Unsecured Claim Beneficiaries | 18 |
| ARTICLE VI | BENEFICIARIES | | 19 |
| | 6.1 | Beneficial Interest | 19 |
| | 6.2 | Exemption From Registration | 19 |
| ARTICLE VII | THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY | | 19 |
| | 7.1 | Parties Dealing With the Litigation Trustee | 19 |
| | 7.2 | Limitation of Liability | 19 |
| | 7.3 | Indemnification | 20 |

# TABLE OF CONTENTS
(cont.)

**Page**

| | | |
|---|---|---:|
| ARTICLE VIII | SELECTION, REMOVAL AND COMPENSATION OF THE LITIGATION TRUSTEE | 21 |
| 8.1 | Initial Litigation Trustee | 21 |
| 8.2 | Term of Service | 21 |
| 8.3 | Resignation of the Litigation Trustee | 21 |
| 8.4 | Removal of the Litigation Trustee | 21 |
| 8.5 | Appointment of Successor Litigation Trustee | 22 |
| 8.6 | Powers and Duties of Successor Litigation Trustee | 22 |
| 8.7 | Trust Continuance | 22 |
| 8.8 | Compensation and Costs of Administration | 22 |
| ARTICLE IX | OVERSIGHT COMMITTEE | 22 |
| 9.1 | Establishment of Oversight Committee | 22 |
| 9.1.1 | Membership | 22 |
| 9.1.2 | Term of Members | 23 |
| 9.1.3 | Resignation of Members | 23 |
| 9.1.4 | Removal of Members | 23 |
| 9.1.5 | Filling of Vacancies | 24 |
| 9.2 | Action by Oversight Committee | 24 |
| 9.3 | Access to Professionals | 25 |
| 9.4 | Expenses of Members | 25 |
| 9.5 | Procedures for Consultation with and Obtaining the Consent of the Oversight Committees | 25 |
| 9.5.1 | Consultation Process | 25 |
| 9.5.2 | Consent Process | 26 |
| 9.6 | Joint Interest | 26 |
| ARTICLE X | MAINTENANCE OF RECORDS; REPORTING | 26 |
| 10.1 | Books and Records | 26 |
| 10.2 | Reports to be Filed with the Bankruptcy Court | 27 |
| 10.2.1 | Quarterly Reports | 27 |
| 10.2.2 | Annual Reports | 27 |
| 10.2.3 | Current Reports | 27 |
| 10.2.4 | Reports Available on Request | 27 |

# TABLE OF CONTENTS
## (cont.)

**Page**

| | | | |
|---|---|---|---|
| | 10.3 | Compliance with Federal Securities Laws | 27 |
| | 10.4 | Tax Returns and Payments | 28 |
| | | 10.4.1 General | 28 |
| | | 10.4.2 Pending Payments | 28 |
| | | 10.4.3 Trust Accounts Exclusive of Pending Payments | 28 |
| ARTICLE XI | | DURATION OF THE LITIGATION TRUST | 28 |
| | 11.1 | Duration | 28 |
| | 11.2 | Termination Upon Distribution of All Litigation Trust Assets | 28 |
| | 11.3 | Termination After Five Years | 29 |
| | 11.4 | Other Termination Procedures | 29 |
| | 11.5 | No Reversions | 29 |
| ARTICLE XII | | MISCELLANEOUS | 29 |
| | 12.1 | Limitation on Transferability | 29 |
| | | 12.1.1 No Transfer of Beneficial Interests | 29 |
| | | 12.1.2 No Assignment | 30 |
| | 12.2 | Notices | 30 |
| | 12.3 | No Bond | 31 |
| | 12.4 | Governing Law; Submission to Jurisdiction; Service of Process | 31 |
| | 12.5 | Successors and Assigns | 31 |
| | 12.6 | No Execution | 31 |
| | 12.7 | Amendment | 31 |
| | 12.8 | Severability | 32 |

Capitalized terms used but not defined in this Agreement will have the meanings ascribed to them in the Plan.

      1.2     Interpretation.

         1.2.1    Certain References. Unless the context otherwise requires, (a) all references in this Agreement to Sections, Articles or Exhibits are to Sections, Articles or Exhibits of or to this Agreement, (b) words in the singular include the plural and vice versa, and (c) the verb "will" will have a mandatory connotation, indicating the parties' respective obligations hereunder. Whenever the words "include," "includes" or "including" are used in this Agreement, they will be deemed to be followed by the words "without limitation." All references to "$" or dollar amounts are to lawful currency of the United States.

         1.2.2    Titles and Headings. Titles and headings to Sections, Articles and Schedules in or to this Agreement are inserted for convenience of reference only, and are not intended to be a part of or to affect the meaning or interpretation of this Agreement.

         1.2.3    Inconsistencies with the Plan. In the event of any inconsistency between any provision of this Agreement, on the one hand, and any provision of the Plan, on the other hand, the provisions of the Plan will govern and control.

## ARTICLE II

## ESTABLISHMENT OF THE LITIGATION TRUST

      2.1     Creation and Purposes of the Litigation Trust. The MAS Companies and the Litigation Trustee, pursuant to Section 7.13 of the Plan and in accordance with the Bankruptcy Code, hereby create a trust as of the Effective Date, which is the Litigation Trust contemplated by the Plan and which shall be known as "The MAS Litigation Trust." The Litigation Trust is established for the purposes of liquidating and distributing the Litigation Trust Assets for the benefit of the Beneficiaries in accordance with the Plan and this Agreement and no other. The Litigation Trust has no objective to, and will not, engage in the conduct of a trade or business and, subject to Section 11.3, will terminate upon the completion of its liquidation and distribution duties hereunder. The Litigation Trust will be a "representative of the estate" under section 1123(b)(3)(B) of the Bankruptcy Code.

      2.2     Identification of Prepetition General Unsecured Claim Beneficiaries. Within 10 Business Days after the Effective Date, the MAS Companies will deliver to the Litigation Trustee a Claims Report as of the Distribution Record Date. From time to time following the Effective Date (but not more often than six times in each period of 12 consecutive months following the Effective Date), upon the written request of the Litigation Trustee, the MAS Companies will deliver to the Litigation Trustee a Claims Report with respect to the MAS Companies' Estates as of the date requested by Litigation Trustee. The Litigation Trustee will be entitled to rely (without independent verification, investigation, audit or other action) on Claims Reports delivered to it by the MAS Companies pursuant to this Section 2.2 for purposes of making distributions to Prepetition General Unsecured Claim Beneficiaries in accordance with Article V, and the Indemnified Parties will be held harmless and fully indemnified by the MAS

entry of a Final Order finding that such Indemnified Party was not entitled to indemnity under the provisions of this Section 7.3.

## ARTICLE VIII

### SELECTION, REMOVAL AND COMPENSATION OF THE LITIGATION TRUSTEE

8.1   Initial Litigation Trustee. The initial Litigation Trustee will be Ocean Ridge Capital Advisors, LLC.

8.2   Term of Service. The Litigation Trustee will serve until the earliest of the Litigation Trustee's resignation or removal or the termination of the Litigation Trust in accordance with this Agreement.

8.3   Resignation of the Litigation Trustee. The Litigation Trustee may resign at any time by giving the Oversight Committee at least 30 days' written notice of the Litigation Trustee's intention to do so and filing such notice with the Bankruptcy Court. In the event of a resignation, the resigning Litigation Trustee (or the successor Litigation Trustee) will render to the Bankruptcy Court and the Oversight Committee a full and complete accounting of monies and assets received, disbursed and held during the term of office of the resigning Litigation Trustee. The resignation will be effective on the latest of (a) the date specified in the notice; (b) the date that is 30 days after the date the notice is delivered to the Oversight Committee; (c) the date the accounting described in the preceding sentence is delivered; (d) the date the successor Litigation Trustee accepts its appointment as such; and (e) the date that is 60 days after the date the notice is filed with the Bankruptcy Court. Notwithstanding the resignation of the Litigation Trustee pursuant to this Section 8.3, the rights of the resigning Litigation Trustee under Sections 7.2 and 7.3 with respect to acts or omissions occurring prior to the effectiveness of such resignation will continue for the benefit of such resigning Litigation Trustee following the effectiveness of such resignation.

8.4   Removal of the Litigation Trustee. The Litigation Trustee may be removed at any time by the Oversight Committee by giving written notice to the Litigation Trustee and filing such notice with the Bankruptcy Court, in which case the removal will be effective on the date specified in such notice. In addition, the Litigation Trustee may be removed by order of the Bankruptcy Court for good cause, which will mean any act or omission by the Litigation Trustee in connection with the performance of its rights or duties hereunder constituting bad faith, fraud, willful misconduct or gross negligence. The contingency compensation provisions of the Engagement Letter shall survive a termination without good cause, and, in the event that the Litigation Trustee is an individual, an inability to discharge his or her duties hereunder due to accident or physical or mental deterioration, upon motion of at least one member of the Oversight Committee. Notwithstanding the removal of the Litigation Trustee pursuant to this Section 8.4, (i) the rights of the removed Litigation Trustee under Section 7.2 and Section 7.3 with regard to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such removed Litigation Trustee following such removal, and (ii) any other amounts that may be or may become due and payable shall be determined in accordance with Engagement Letter.