# EXHIBIT 3

## TO THE AFFIDAVIT OF JOHN BYARS IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MERIDIAN AUTOMOTIVE SYSTEMS - COMPOSITES OPERATIONS, INC., et al.,[1] | Case No. 05-11168 (MFW) Jointly Administered |
| Debtors. | Ref. Docket Nos. 1587, 1743 & 1745 |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION PROPOSED BY THE DEBTORS

Meridian Automotive Systems, Inc. and certain of its direct and indirect subsidiaries, each a debtor and debtor-in-possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), having each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 26, 2005 (the "Petition Date"); and the Debtors having filed the Fourth Amended Joint Plan of Reorganization Proposed by the Debtors (as subsequently amended or modified, the "Plan")[2] on October 25, 2006; and the Debtors having filed the Disclosure Statement for the Fourth Amended Joint Plan of Reorganization Proposed by the Debtors (the "Disclosure Statement") on October 25, 2006; and following a hearing on the adequacy of the Disclosure Statement held on October 25, 2006 (the "Disclosure Statement Hearing"), the Court having entered the Order Approving the Disclosure Statement and (I) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept

---

[1] The Debtors are: Meridian Automotive Systems - Composites Operations, Inc. (Tax ID No. XX-XXX4575); Meridian Automotive Systems, Inc. (Tax ID No. XX-XXX2037); Meridian Automotive Systems - Angola Operations, Inc. (Tax ID No. XX-XXX1330); Meridian Automotive Systems - Construction, Inc. (Tax ID No. XX-XXX8056); Meridian Automotive Systems - Detroit Operations, Inc. (Tax ID No. XX-XXX2825); Meridian Automotive Systems - Grand Rapids Operations, Inc. (Tax ID No. XX-XXX0780); Meridian Automotive Systems - Heavy Truck Operations, Inc. (Tax ID No. XX-XXX3247); Meridian Automotive Systems - Shreveport Operations, Inc. (Tax ID No. XX-XXX0613); and Meridian Automotive Systems - Mexico Operations, LLC (Tax ID No. XX-XXX2291) each with a mailing address of 999 Republic Drive, Allen Park, MI 48101.

[2] Capitalized terms not defined herein have the meanings assigned to such terms in the Plan.

or Reject the Debtors' Fourth Amended Joint Plan of Reorganization, Including (A) Fixing the Voting Record Date, (B) Approving Solicitation Packages and Procedures for Distribution Thereof, (C) Approving Forms of Ballots and Establishing Procedures for Voting on the Debtors' Fourth Amended Joint Plan of Reorganization; (II) Scheduling a Hearing and Establishing Notice and Objection Procedures in Connection with Confirmation of the Debtors' Fourth Amended Joint Plan of Reorganization and (III) Granting Related Relief (the "Voting Procedures Order"), dated October 25, 2006; and pursuant to the Voting Procedures Order the Court having established (i) November 22, 2006 at 4:00 p.m. (ET) as the deadline for submitting Ballots accepting or rejecting the Plan (the "Voting Deadline") and for filing objections to confirmation of the Plan (the "Objection Deadline"), and (ii) November 29, 2006 at 10:30 a.m. (ET) as the date and time of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and the Debtors having transmitted the Plan, the Disclosure Statement, the Ballots, and the Court-approved notice of the Confirmation Hearing (the "Confirmation Hearing Notice") on or before October 28, 2006 in accordance with the terms of the Voting Procedures Order; and the Debtors having filed the Affidavit by The Trumbull Group LLC Regarding Service of Solicitation Materials with Respect to Disclosure Statement for the Fourth Amended Joint Plan of Reorganization Proposed by the Debtors (the "Solicitation Affidavit") on November 2, 2006; and the Debtors having filed a Notice of Filing of Plan Supplement, which included certain documents comprising the Plan Supplement, on November 10, 2006; and the Debtors having previously filed the Motion of the Debtors and Debtors-in-Possession to (I) Assume Certain Executory Contracts and Unexpired Leases and Set Cure Amounts and (II) Reject Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code on October 6, 2006, which the Debtors supplemented on November 13, 2006 to assume or reject additional executory contracts and unexpired leases (as

2

supplemented, the "Assumption/Rejection Motion"); and the Debtors having filed the Affidavit Regarding Publication of the Notice of Hearing to Consider Confirmation of the Debtors' Joint Plan of Reorganization (the "Publication Affidavit") on November 13, 2006, certifying that the Confirmation Hearing Notice was published in each of the Detroit Free Press and the national editions of USA Today and The Wall Street Journal on November 1, 2006; and the Debtors having filed a Notice of Filing of Amended Plan Supplement on November 22, 2006, which included Exhibits F, G, H, I and J to the Plan Supplement; and the Debtors having filed the Notice of Adjournment of Hearing to Consider Debtors' Fourth Amended Joint Plan of Reorganization and Related Dates on November 27, 2006, pursuant to which the Debtors (i) adjourned the Confirmation Hearing to December 6, 2006 at 4:00 p.m. (ET) and (ii) extended the Voting Deadline and the Objection Deadline to December 1, 2006 at 4:00 p.m. (ET); and the Debtors having filed the Notice of (I) Preservation of Certain Causes of Action Pursuant to the Fourth Amended Joint Plan of Reorganization and (II) Extension of Voting Deadline and Objection Deadline for Certain Parties with Respect to the Fourth Amended Joint Plan of Reorganization (the "Preservation Notice"), which the Debtors served on or before November 21, 2006, together with a draft of the Litigation Trust Agreement (including Exhibit D thereto) on all parties listed in Exhibit C to the Plan and in Exhibit D to the Litigation Trust Agreement; and the Debtors having filed the Declaration of Daniel P. McSwigan Certifying Tabulation of Ballots Regarding the Debtors' Joint Plan of Reorganization (the "Voting Certification") on December 4, 2006, certifying that all Impaired Classes of Claims entitled to vote on the Plan have voted to accept the Plan; and objections to confirmation of the Plan (collectively, the "Objections") having been filed by the following parties: (i) JSP Mold, LLC, (ii) The Dow Chemical Company ("Dow"), (iii) Visteon Corporation, and (iv) the Internal Revenue Service (the "IRS"); and the Debtors having

3

the Court having determined that (i) notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan was adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby, and (ii) the legal and factual bases presented at the Confirmation Hearing establish just cause to confirm the Plan; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Order (the "<u>Confirmation Order</u>").

## I.
## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

### A. <u>Jurisdiction and Venue</u>

On the Petition Date, the Debtors commenced these Chapter 11 Cases in good faith by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are and were qualified to be debtors under section 109 of the Bankruptcy Code. The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court has subject matter jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue was proper as of the Petition Date and continues to be proper before this Court as of the date hereof pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. <u>Technical Modifications to the Plan</u>

The technical modifications included in the December 4, 2006 version of the Plan,

---

[3] This Confirmation Order constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

GG. **Authorization to Consummate the Plan**

The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order, subject to satisfaction or waiver of the conditions precedent to occurrence of the Effective Date as set forth in and in accordance with Section 9.2 of the Plan.

HH. **Notice of Entry of the Confirmation Order**

Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors are hereby authorized and directed to serve a notice of entry of this Confirmation Order, substantially in the form attached hereto as Exhibit B (the "Confirmation Notice") no later than ten (10) Business Days after the entry of this Confirmation Order, on all Holders of Claims against or Interests in the Debtors and all other persons on whom the Confirmation Hearing Notice was served. In addition, pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish a shortened version of the Confirmation Notice, substantially in the form attached hereto as Exhibit C (the "Publication Notice"), in the national editions of USA Today and The Wall Street Journal and in the Detroit Free Press not later than ten (10) Business Days after the occurrence of the Effective Date. The forms of the Confirmation Notice and the Publication Notice are hereby approved in all respects. The Confirmation Notice and the Publication Notice shall constitute good and sufficient notice of the entry of this Confirmation Order and of the relief granted herein, and no other or further notice of entry of this Confirmation Order or the occurrence of the Effective Date need be given.

Dated: Wilmington, Delaware
       Dec. 6, 2006

_____
HONORABLE MARY F. WALRATH
CHIEF UNITED STATES BANKRUPTCY JUDGE