# EXHIBIT 4

## TO THE AFFIDAVIT OF JOHN BYARS IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM

*EXECUTION VERSION*

MAS LITIGATION TRUST AGREEMENT

dated as of

December 29, 2006

among

**MERIDIAN AUTOMOTIVE SYSTEMS, INC.
AND
CERTAIN OF ITS SUBSIDIARIES**

and

**OCEAN RIDGE CAPITAL ADVISORS, LLC,**

as Litigation Trustee

## ARTICLE I

### DEFINITIONS AND INTERPRETATIONS

1.1 <u>Definitions</u>. The following capitalized terms used in this Agreement will have the respective meanings ascribed to them in this Section 1.1:

(a) "<u>Actions</u>" has the meaning set forth in Recital B.

(b) "<u>Additional Funding Trust Accounts</u>" means one or more segregated trust accounts which may be established and maintained solely for the purpose of depositing the proceeds of additional funding, if any, obtained for the Litigation Trust from any source other than MASI.

(c) "<u>Agreement</u>" has the meaning set forth in the introductory paragraph to this Agreement.

(d) "<u>Annual Receipts/Disbursements Report</u>" means, with respect to each calendar year, an unaudited report reflecting: (i) all Litigation Trust Assets received by the Litigation Trust during such calendar year; (ii) all Litigation Trust Assets held by the Litigation Trust at the end of such calendar year; and (iii) all Litigation Trust Assets disbursed during such calendar year, in each case itemized for the individual Trust Accounts.

(e) "<u>Beneficiaries</u>" means collectively the Prepetition First Lien Claim Beneficiaries, the Prepetition Second Lien Claim Beneficiaries and the Prepetition General Unsecured Claim Beneficiaries.

(f) "<u>Claims Report</u>" means a report of the MAS Companies setting forth: (i) a listing, as of the requested date, of: (A) all General Unsecured Claims, indicating which are Allowed Claims and which are Disputed Claims and (ii) for each Claim so listed (a) the name, address and federal taxpayer identification number or social security number (if known) of the Holder thereof as of the Distribution Record Date and (b) the amount thereof.

(g) "<u>Claims Reserves</u>" means cash retained in the General Trust Accounts or the Additional Funding Trust Accounts and designated as "Claims Reserves" in accordance with Section 3.2.3.

(h) "<u>Current Report</u>" means a report filed with the Bankruptcy Court by the Litigation Trustee, on behalf of the Litigation Trust, describing developments affecting the Litigation Trust in any material respect (as determined by the Litigation Trustee in its reasonable discretion) in reasonable detail.

(i) "<u>Engagement Letter</u>" means that certain Engagement Letter, dated as of December 29, 2006 by and among the MAS Companies and the Litigation Trustee, attached hereto as <u>Exhibit A</u>.

Companies for any losses, claims, damages, liabilities or expenses, including reasonable attorneys' fees, disbursements and related expenses, that the Indemnified Parties may incur or to which the Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against one or more of the Indemnified Parties on account of such reliance on a Claims Report.

2.3     Transfer of Initial Litigation Trust Assets. On the Effective Date, in accordance with the Plan the MAS Companies will transfer to the Litigation Trust the Actions, whereupon title to all Actions, whether known or unknown, will irrevocably vest in the Litigation Trust, free and clear of Claims, Liens and Interests. To the MAS Companies' knowledge, Exhibit D constitutes a complete and accurate listing of all Actions owned by the Estates immediately prior to the Effective Date.

2.4     Tax Treatment re Transfer of Initial Litigation Trust Assets. For all U.S. federal income Tax purposes, the MAS Companies, the Litigation Trustee and the Beneficiaries will treat the transfer of Litigation Trust Assets to the Litigation Trust pursuant to Section 2.3 as: (a) to the extent of Pending Payments, (i) a transfer of the Pending Payments directly from the MAS Companies to the Beneficiaries followed by (ii) the transfer of such Pending Payments by the Beneficiaries to the Litigation Trust in exchange for beneficial interests in the Litigation Trust; and (b) to the extent of amounts that are not Pending Payments, as a transfer to one or more disputed ownership funds, as described in Section 3.5. Accordingly, the Beneficiaries entitled to distribution of Pending Payments will be treated for federal income Tax purposes as the grantors and deemed owners of their respective shares of the Litigation Trust Assets in the amounts of the Pending Payments and any earnings thereon.

2.5     Litigation Trustee's Acceptance. The Litigation Trustee hereby accepts the duties as trustee imposed on it by this Agreement and agrees to observe and perform such duties, on and subject to the terms and conditions set forth in this Agreement. In connection with and in furtherance of the purposes of the Litigation Trust, the Litigation Trustee hereby expressly accepts the transfer of the Actions to the Litigation Trust pursuant to Section 2.3, subject to the provisions of the Plan, and the Litigation Trustee hereby further expressly agrees to establish and maintain the Trust Accounts and to liquidate and distribute the Litigation Trust Assets in accordance with the Plan and this Agreement.

2.6     Funding.

2.6.1    Initial Funding. On the Effective Date, contemporaneously with the execution and delivery hereof, MASI will deliver to the Litigation Trust $2,000,000 in cash pursuant to the Secured Credit Agreement. The Initial Funding Loan shall be secured by a first priority lien against all proceeds derived from the Actions and the General Trust Accounts and any and all cash held in the General Trust Accounts, in accordance with the terms of the Secured Credit Agreement until the loan under the Secured Credit Agreement is repaid in full in accordance with the terms thereof.

2.6.2    Additional Funding. From and after the Effective Date, the Litigation Trustee may request from MASI additional funding as directed or approved by the Oversight Committee and, conditioned upon approval by its Board of Directors, MASI may

Exhibit D

# LIST OF LITIGATION TRUST ASSETS

Capitalized terms used in this Exhibit D but not otherwise defined shall have the meaning given to such terms in the Plan.

Pursuant to Section 7.13 of the Plan, potential Avoidance Actions (other than any Avoidance Actions released pursuant to the terms of the Plan) and Reserved Actions have been identified and are to be contributed to the Litigation Trust for possible prosecution thereby. Upon information and belief, and without limitation, the entities (the "Entities") listed in this Exhibit D below may be subject to Avoidance Actions under Chapter 5 of the Bankruptcy Code, as well as various Causes of Action arising under state law. Without limitation, all Reserved Actions and Avoidance Actions (other than Avoidance Actions that are released pursuant to the terms of the Plan) are preserved for the Litigation Trust. Such potential Avoidance Actions and Reserved Actions include, without limitation: voidable preferences; intentional and constructive fraudulent conveyances; unlawful distributions; unjust enrichment; civil conspiracy; breach of fiduciary duty; aiding and abetting breach of fiduciary duty; fraud; aiding and abetting fraud; deepening insolvency; gross negligence; negligent misrepresentation; fraud; waste; aiding and abetting waste; professional negligence; malpractice; and breach of contract. Certain of the potential Causes of Action are generally related to, *inter alia,* the solicitation, negotiation, closing, and use of funds in connection with the Debtors' April 2004 secured credit facilities, and payments on debt and other transfers made within one year of the Petition Date, although in some instances any such payments or transfers may have been made more than one year prior to the Petition Date.[1]

The Entities that are the potential defendants of any such Causes of Action include:

Bank of America (and affiliated entities)

Metropolitan Life Insurance Company (and affiliated entities)

The Northwestern Mutual Life Insurance Company (and affiliated entities)

Capital D'Amerique CDPQ Inc. (Caisse) (and affiliated entities)

Credit Suisse First Boston LP Holding, Credit Suisse First Boston USA (Inc.) (and affiliated entities)

Bancamerica Capital Investors II, L.P. (and affiliated entities)

Skoog Family Limited Partnership (and affiliated entities)

Suez Capital Partners II, L.P. (and affiliated entities)

---

[1] To the extent any of the Entities listed on this Exhibit or other Persons receive(d) releases under the Plan, no Causes of Action shall be brought by the Litigation Trust in respect of any Cause of Action released under the Plan.

SCP II Associates (and affiliated entities)

Indosuez Capital Co-Invest Partners, L.P. (and affiliated entities)

Windward Capital Associates, Windward Capital Partners, L.P., Windward/Park AB III, L.L.C. (and affiliated entities)

PriceWaterhouseCoopers LLP

Goldman Sachs (and affiliated entities)

The Following Former Directors and Executive Officers of Meridian:

    Robert H. Barton III (Chairman and Director);
    H.H. ("Buddy") Wacaser (President, Chief Executive Officer and Director);
    Jon F. Baker (Executive Vice President of Engineering and Product Development);
    Dean P. Vanek (Senior Vice President, General Counsel and Secretary);
    Tony P. Baumgartner (Vice President of FEM/REM);
    Jeff Anderson (Senior Vice President of Product Engineering)
    Randall S. Wacaser (President of FEM/REM and Interior Group);
    David B. White (Vice President of Sales);
    Gurminder S. Bedi (Director);
    Thomas C. Graham (Director);
    Jeffrey J. Hodgman (Director);
    A. Kipp Koester (Director);
    Peter S. Macdonald (Director);
    John F. Maypole (Director);
    Donald A. McKay (Director);
    Henry A. Nickol (Director);
    Gary L. Swenson (Director);
    Craig K. VanEss (Director);
    Thomas K. Walker (Director)

Other Entities, including:

    Peter N. Bakalis
    Jose R. Garcia
    Jack Skoog
    Any "Meridian Covered Person" (as such term is defined in the Plan) listed on Exhibit A to the Plan, and each of Richard Quist, John Atkinson, and Jerry W. O'Millian, to the extent the Litigation Trust has a potential Cause of Action against any such Persons for fraud (including aiding and abetting fraud), willful misconduct (including willful breach of fiduciary duty) or gross negligence.

    Milbank, Tweed, Hadley & McCloy LLP

 Additionally, consistent with Section 7.12 of the Plan, whether named above or not, all rights and Avoidance Actions are also retained against (i) any Professional who performed accounting or auditing services for any of the Debtors prior to the Petition Date, (ii) the "Excluded Parties" listed on Exhibit C to the Plan and (iii) any Holder of a General Unsecured Claim that is, or at any time, was an "insider" within the meaning of Section 101(31) of the Bankruptcy Code.

 The release under Section 10.3(a) of the Plan, solely with respect to the Meridian Covered Persons listed on Exhibit A thereto, is conditioned upon the execution of a reasonable cooperation agreement, the terms of which are subject to agreement by the Litigation Trustee; provided, that any such cooperation agreement shall not require any Meridian Covered Person to take any action which, in such Person's reasonable judgment, may be inconsistent with any obligation imposed pursuant to any directors' and officers' insurance policies under which such Person is an insured party.