# EXHIBIT 5

## TO THE AFFIDAVIT OF JOHN BYARS IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OCEAN RIDGE CAPITAL ADVISORS, LLC, as
Litigation Trustee of THE MAS LITIGATION TRUST,

                                  Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE COMPANY, THE
NORTH WESTERN MUTUAL LIFE INSURANCE
COMPANY, CAPITAL D'AMERIQUE CDPQ INC.,
CAISSE DE DEPOT ET PLACEMENT DU QUEBEC,
CSFB LP HOLDING. SKOOG FAMILY
INVESTMENTS, LLC, BANCAMERICA CAPITAL
INVESTORS II, L.P., WINDWARD/PARK AB III, L.L.C.,
WINDWARD CAPITAL PARTNERS L.P., WINDWARD
CAPITAL ASSOCIATES, L.P., SUEZ CAPITAL
PARTNERS II, L.P., INDOSUEZ CAPITAL CO-INVEST
PARTNERS, L.P., SCP II ASSOCIATES, CREDIT
SUISSE FIRST BOSTON (USA), INC., CREDIT SUISSE
FIRST BOSTON, GOLDMAN SACHS CREDIT
PARTNERS L.P., JEFFREY A. ANDERSON, JON F.
BAKER, JOSE R. GARCIA, ROBERT H. BARTON III,
H.H. WACASER, PETER S. MACDONALD, GARY
SWENSON, JOHN F. MAYPOLE, THOMAS GRAHAM,
DONALD A. MCKAY, HENRY A. NICKOL, JEFFREY
HODGMAN, A. KIPP KOESTER, CRAIG VAN ESS,
GURMINDER S. BEDI, THOMAS WALKER, JACK
SKOOG AND DEAN VANEK,

                                  Defendants.

07 Civ. 3213 (SAS)

---

**SKOOG FAMILY INVESTMENTS, LLC'S
AND JACK SKOOG'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COME Defendants, Skoog Family Investments, LLC ("SFI") and Jack Skoog ("Skoog"), by and through their counsel of record, and for their answer and affirmative defenses to Plaintiffs' Complaint state as follows:

16. Paragraph 16 contains legal conclusions for which no answer is required. As to the averments regarding Northwestern Mutual's right to make appointments to the board, appointment of board observers and stock ownership, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations in contained in Paragraph 16.

17. Paragraph 17 contains legal conclusions for which no answer is required. As to the averments regarding Caisse's right to make appointments to the board, appointment of board observers and stock ownership, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 17.

18. SFI and Skoog admit that SFI is a Michigan limited liability company with its principal place of business at 111 Lyon Street, NW, Grand Rapids, Michigan 49503. SFI and Skoog further admit that the Skoog Family Limited Partnership had the right to appoint a single director to Meridian Automotive System Inc.'s Board of Directors, and that the Skoog Family Limited Partnership appointed Mr. Craig Van Ess to serve on Meridian Automotive System Inc.'s Board of Directors. SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegation that Van Ess was on the Board of Directors of Meridian Automotive Systems, Inc. at the actual time of the 2004 Refinancing. Except as admitted, denied.

19. Paragraph 19 contains legal conclusions for which no answer is required. As to the averments regarding Windward/Park's right to make appointments to the board and appointment of board observers, SFI and Skoog are without knowledge or information sufficient

admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 38.

39. Paragraph 39 contains legal conclusions for which no answer is required. To the extent that the allegations state or imply factual matters, SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegation that Van Ess was a director of Meridian Automotive Systems, Inc. at the time of the 2004 Refinancing and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 39.

40. Paragraph 40 contains legal conclusions for which no answer is required. As to the averments regarding Bedi's address and director status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 40.

41. Paragraph 41 contains legal conclusions for which no answer is required. As to the averments regarding Walker's address and director status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 41.

42. Paragraph 42 contains legal conclusions for which no answer is required. As to the averments regarding Barton's address, director and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 42.

nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 47.

48. Paragraph 48 contains legal conclusions for which no answer is required. To the extent that the allegations state or imply factual matters, SFI and Skoog admit that Jack Skoog resides at 326 Seabreeze Dr., Marco Island, Florida 34145. SFI and Skoog further admit that Van Ess served on Meridian Automotive Inc.'s Board of Directors beginning in or around February 2003. SFI and Skoog are without knowledge or information sufficient to form a belief as to the truth of the allegation that Van Ess was a director of Meridian Automotive Systems, Inc. at the time of the 2004 Refinancing and thus can neither admit nor deny the same. Except as admitted, denied.

49. Paragraph 49 contains legal conclusions for which no answer is required. As to the averments regarding Vanek's address and employment status, SFI and Skoog are without knowledge or information sufficient to form a belief as to their truth and thus can neither admit nor deny the same. To the extent that any further response is required, SFI and Skoog deny the allegations contained in Paragraph 49.

50. Paragraph 50 contains no factual averments for which an answer is required. To the extent that the allegations state or imply factual matters, SFI and Skoog deny that Skoog was an "Individual Insider Defendant" as that term is used in relation to Skoog.

*Arranger Defendants*

51. SFI and Skoog deny the allegations contained in Paragraph 51.